## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARY R. SCOTT, Individually and as )
Personal Representative of the Estate of )
JONATHAN MAGBIE, Deceased, )
           )
      Plaintiffs )
           )
v. )     Case Number: 1:-05cv01853 (RWR)
           )
GREATER SOUTHEAST COMMUNITY )
HOSPITAL CORPORATION, d/b/a Greater )
Southeast Community Hospital, et al. )
           )
      Defendants )
           )

### ANSWER TO COMPLAINT

The Defendant, Greater Southeast Community Hospital Corporation I (incorrectly sued as "Greater Southeast Community Hospital Corporation"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, respectfully submits the following Answer to Plaintiffs' Complaint:

### PRELIMINARY STATEMENT – MOTION TO STRIKE

The Preliminary Statement set forth by Plaintiffs in their Complaint is not in conformance with Fed. R. Civ. P. 8, which dictates that a claim shall contain a short and plain statement of the Court's jurisdiction, a short and plain statement of the claim, and a demand for judgment. There is no provision for a "Preliminary Statement" as set forth by the Plaintiffs. Accordingly, pursuant to Fed. R. Civ. P. 12(f), the Court should strike the "Preliminary Statement". Further, the allegations set forth in the Preliminary Statement as to this Defendant are denied.

216636.1

### FIRST DEFENSE

In answering the separately numbered paragraphs of the Complaint, Defendant states as follows:

### JURISDICTION

1.    The allegations set forth in paragraph 1 of the Complaint are jurisdictional in nature to which no response is required.

### VENUE

2.    The allegations set forth in paragraph 2 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, it is admitted that the District of Columbia has venue over this matter.

### PARTIES

3.    Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 3 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

4.    Defendant admits that the District of Columbia operates the Central Detention Facility.  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 4 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

5-13.    Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 5-13 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

14-16.    Defendant admits the allegations set forth in paragraphs 14-16 of the Complaint.

17.    Defendant denies the allegations set forth in paragraph 17 of the Complaint.

2

18.    Paragraph 18 of the Complaint sets forth a legal contention that requires no averment from this defendant.  To the extent a response is required, Defendant denies the allegations contained in paragraph 18 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

19.    Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 19 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

20.    Defendant admits that Mr. Magbie was 27 years-old quadriplegic, who had a tracheotomy tube to facilitate breathing and a diaphragm pacemaker.  It is also admitted that the medical records identify he may use a ventilator at night.  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 20 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

21.    Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 21 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

### A.  Magbie's First Confinement in the Jail

22-24.  Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 22-24 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

### B.  The First Hospitalization

25.    Defendant admits that Mr. Magbie was taken to Greater Southeast Community Hospital on September 20, 2004 with shortness of breath being a complaint.  Defendant further

admits that Mr. Magbie was noted to be a tracheotomy dependent patient. It is also admitted that the medical records identify he may use a ventilator at night. It is also admitted that an exam was done, but the characterization of the medical findings, equipment, and medical diagnoses are denied as phrased.

26.    Defendant admits that Mr. Magbie was scheduled for admission to Greater Southeast and admits that Mr. Magbie was discharged. It is also admitted that instructions were given to provide Mr. Magbie with oxygen via canula if needed. The remaining allegations set forth in paragraph 26 are denied as phrased.

27.    Defendant admits that Mr. Magbie was treated in the emergency room and given dextrose via IV. Defendant denies the remaining allegations contained in paragraph 27 of the Complaint.

### C. Confinement In The Infirmary At CTF

28-41. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 28-41 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

42.    Defendant admits Mr. Magbie was transferred to the hospital. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 42 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

### D. The Second Hospitalization

43.    Defendant admits that Mr. Magbie was unresponsive and in respiratory distress when taken to Greater Southeast Community Hospital on September 24, 2004. It is also

4

admitted that the medical records reflect the pulse oxygenations, in part, as set forth herein. The remaining allegations of paragraph 43 are denied as phrased.

44.    Defendant admits that Mr. Magbie's tracheotomy tube was noted to be protruding at 5:40 p.m. and that Dr. Iluyomade pushed the tube back in. Defendant denies the remaining allegations set forth in paragraph 44 of the Complaint.

45.    Defendant admits that Mr. Magbie expired at 6:40 p.m.  Defendant denies the remaining allegations of paragraph 45 of the Complaint.

### E. **Jonathan Magbie's Disabilities**

46.    Defendant admits that Mr. Magbie was paralyzed and had associated problems. Defendant denies the remaining allegations of paragraph 46 of the Complaint.

47-48.  Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 47-48 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

49-50.  Defendant denies the allegations set forth in paragraphs 49-50 of the Complaint.

### F. **Other**

51-54.  Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 51-54 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

55.    The allegations contained in paragraph 55 are vague, ambiguous, and overbroad. To the extent paragraph 55 alleges that all staff members at the hospital were agents, servants, or employees of this Defendant acting within the scope of their agency, servantship or employment, this allegation is denied.

56.    Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57-58. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 57-58 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

## CLAIMS FOR RELIEF

### COUNT ONE

### (42 U.S.C. § 1983 Eighth Amendment)

59.    Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-58 of this Answer.

60-62. Defendant denies the allegations set forth in paragraphs 60-62 of the Complaint.

### COUNT TWO

### (Americans With Disabilities Act)

63.    Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-62 of this Answer.

64.    Defendant need not respond to the allegations set forth in paragraph 64 of the Complaint since they are not directed against this Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 64 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

65.    Defendant denies the allegations set forth in paragraph 65 of the Complaint.

### COUNT THREE

### (Medical Negligence)

66.    Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-65 of this Answer.

216636.1

67.    Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 67 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

68.    The "allegation" set forth in paragraph 68 of the Complaint is a statement of law to which no response is required.  It is admitted, nonetheless, that a defendant health care provider owes a duty as described.

69.    Defendant denies the allegations set forth in paragraph 69 of the Complaint.

## COUNT FOUR

### (District Of Columbia Human Rights Law)

70.    Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-69 of this Answer.

71.    Defendant need not respond to the allegations set forth in paragraph 64 of the Complaint since they are not directed against this Defendant.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 64 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

72.    Defendant denies the allegations set forth in paragraph 72 of the Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The injuries, losses, and damages sustained by Plaintiffs and/or decedent may be barred by the principles of negligence and/or contributory negligence.

216636.1

## FOURTH DEFENSE

The injuries, losses, and damages sustained by Plaintiffs and/or decedent may be the result of the intentional or negligent acts of others, including the parties in this case, over whom this defendant had no control and no right of control.

## FIFTH DEFENSE

The Plaintiffs' damages may be due to a naturally occurring disease process over which this Defendant had no control or right to control.

## SIXTH DEFENSE

Defendant reserves the right to supplement and/or amend its defenses throughout the litigation.

WHEREFORE, Plaintiff's Complaint having been fully answered, Defendant respectfully requests that the Complaint be dismissed with prejudice, that costs be awarded to this Defendant, and for other such relief as this Court deems appropriate.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:   /s/ Catherine A. Hanrahan
Catherine A. Hanrahan, Esq. #441775
Alan J. Rumsey, Esq. #468047
1341 G Street, N.W., Suite 500
Washington, DC 20005
Tel: (202) 626-7660
Fax: (202) 628-3606

Attorneys for Greater Southeast
Community Hospital Corporation

8

216636.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing **Answer to Complaint** was

mailed, first class and postage prepaid, this 10th day of November, 2005 to:

Donald M. Temple
Temple Law Office
1229 15th Street, NW
Washington, DC  20005

Arthur B. Spitzer
American Civil Liberties Union
1400 20th Street, NW
Suite 119
Washington, DC  20036

Edward J. Connor
5210 Auth Road
Suite 304
Camp Springs, MD  20746-4341

Elizabeth Alexander
National Prison Project of the ACLU Foundation
733 15th Street, NW
Washington, DC  20005-2112

District of Columbia
Serve:
Mayor Anthony Williams
441 4th Street, N.W.
Washington, DC 20032

Odie Washington
1923 Vermont Avenue, NW
Washington, DC  20001

Joseph Bastien, MD
1923 Vermont Avenue, NW
Washington, DC  20001

T. Wilkins Davis, MD
1923 Vermont Avenue, NW
Washington, DC  20001

216636.1

Center for Correctional Health & Policy Studies, Inc.
Serve:
CT Corporation System
1015 15th Street, Suite 1000
Washington, DC 20005

Corrections Corporation of America
Serve:
CT Corporation System
1015 15th Street, Suite 1000
Washington, DC 20005

Malek Malekghasemi, MD
1923 Vermont Avenue, NW
Washington, DC 20001

Sunday Nwosu, MD
1923 Vermont Avenue, NW
Washington, DC 20001

Pauline Ojelfo, LPN
1923 Vermont Avenue, NW
Washington, DC 20001

Gbenga Ogundipe, LPN
1923 Vermont Avenue, NW
Washington, DC 20001

Officer Singley
1923 Vermont Avenue, NW
Washington, DC 20001

William S. Vaughn, MD
1310 Southern Avenue, SE
Washington, DC 20032

Rotimi A. Iluyomade, MD
1310 Southern Avenue, SE
Washington, DC 20032

*/s/ Catherine A. Hanrahan*
Catherine A. Hanrahan