IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, Individually an as )<br>Personal Representative of the Estate of )<br>JONATHAN MAGBIE, Deceased, )<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　v. 　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>DISTRICT OF COLUMBIA 　　　　　　　　)<br>ODIE WASHINGTON 　　　　　　　　　　 )<br>JOSEPH BASTIEN, M.D. 　　　　　　　　　)<br>T. WILKINS DAVIS, M.D. 　　　　　　　　)<br>CENTER FOR CORRECTIONAL HEALTH )<br>　AND POLICY STUDIES, INC. 　　　　　　)<br>CORRECTIONS CORPORATION OF AMERICA )<br>MALEK MALEKGHASEMI, M.D. 　　　　　)<br>SUNDAY NWOSU, M.D. 　　　　　　　　　)<br>PAULINE OJELFO, L.P.N. 　　　　　　　　)<br>GBENGA OGUNDIPE, L.P.N. 　　　　　　　)<br>OFFICER SINGLEY 　　　　　　　　　　　)<br>GREATER SOUTHEAST COMMUNITY 　　)<br>　HOSPITAL CORPORATION, d/b/a/ GREATER )<br>　SOUTHEASTER COMMUNITY HOSPITAL )<br>WILLIAM S. VAUGHN, M.D. 　　　　　　　)<br>ROTIMI A. ILUYOMADE, M.D. 　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendants. 　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　) | Civil Action 1:05-cv-01853-RWR<br><br>ANSWER OF CORRECTIONS<br>CORPORATION OF AMERICA<br>TO PLAINTIFF'S COMPLAINT |

**ANSWER OF CORRECTIONS CORPORATION OF AMERICA
TO PLAINTIFF'S COMPLAINT**

Defendant CORRECTIONS CORPORATION OF AMERICA ("CCA"), through counsel, hereby responds to Plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

The allegations contained in the preliminary statement are characterizations of plaintiff's claims to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

## JURISDICTION

1. The allegations contained in Paragraph 1 are conclusions of law to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

## VENUE

2. The allegations contained in Paragraph 2 are conclusions of law to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

## PARTIES

3. CCA is without sufficient knowledge or information to admit or deny whether plaintiff, Mary Scott, is the mother of Jonathan Magbie, and therefore denies the same. The remaining allegations contained in Paragraph 3 are conclusions of law to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

4. The allegations of paragraph 4 are asserted solely against the District of Columbia and do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations.

5. The allegations of paragraph 5 are asserted solely against Odie Washington, who is not and was not an employee of CCA, and such allegations do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations.

6. CCA admits the allegations of paragraph 6.

7. The allegations of paragraph 7 are asserted solely against Joseph Bastien, M.D., who is not and was not an employee of CCA, and do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations.

8. The allegations of paragraph 8 are asserted solely against T. Wilkins Davis, M.D., who is not and was not an employee of CCA, and such allegations do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations.

9. Responding to the allegations of paragraph 9, CCA admits that it is a corporation and that it operates a facility known as the "Correctional Treatment Facility" in Washington, D.C. pursuant to a contract with the District of Columbia.

10. The allegations of paragraph 10 are asserted solely against Malek Malekghasemi, M.D., who is not and was not an employee of CCA, and such allegations do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations.

11. The allegations of paragraph 11 are asserted solely against Sunday Nwosu, M.D., who is not and was not an employee of CCA, and such allegations do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations.

12. The allegations of paragraph 12 are asserted solely against Pauline Ojelfo and Gbenga Ogundipe, who are not and were not employees of CCA, and such allegations do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations.

13. Responding to the allegations of paragraph 13, CCA avers that Officer Singley was a Corrections Officer at the Correctional Treatment Facility ("CTF"), and denies the remaining allegations.

14. The allegations of paragraph 14 are asserted solely against Greater Southeast Community Hospital Corporation, and do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations.

15. The allegations of paragraph 15 are asserted solely against William S. Vaughn, M.D., who is not and was not an employee of CCA, and such allegations do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations.

16. The allegations of paragraph 16 are asserted solely against Rotimi A. Iluyomade, M.D., who is not and was not an employee of CCA, and such allegations do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations

17. The allegations of Paragraph 17 are conclusions of law to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

18. The allegations of Paragraph 18 are conclusions of law to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

**FACTS COMMON TO ALL CLAIMS**

19. CCA admits that Jonathan Magbie was ordered to serve a ten (10) day sentence of imprisonment for possession of a marijuana cigarette and that such sentence commenced on September 20, 2004. As to the remaining allegations of Paragraph 19, CCA is without sufficient knowledge or information to admit or deny those allegations and therefore, denies the same.

20. CCA admits that Mr. Magbie was 27 years old, paralyzed from the neck down, had a tracheotomy tube and an indwelling catheter. As to the remaining allegations of Paragraph 20, CCA is without sufficient knowledge or information to admit or deny the allegations contained therein and therefore, denies the same.

21. CCA is without sufficient knowledge or information to admit or deny allegations contained in Paragraph 21 and therefore, denies the same.

### A. Magbie's first confinement in the jail.

22. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 and therefore, denies the same.

23. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 and therefore, denies the same.

24. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 and therefore, denies the same.

### B. The first hospitalization.

25. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 and therefore, denies the same.

26. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 and therefore, denies the same.

27. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 and therefore, denies the same.

### C. Confinement in the infirmary at CTF

28. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28 and therefore, denies the same.

29. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 and therefore, denies the same.

30. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 and therefore, denies the same.

31. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 and therefore, denies the same.

32. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 and therefore, denies the same.

33. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 and therefore, denies the same.

34. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 and therefore, denies the same.

35. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 35 and therefore, denies the same.

36. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 and therefore, denies the same.

37. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37 and therefore, denies the same.

38. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 and therefore, denies the same.

39. CCA admits only that the rooms in the CTF infirmary could be locked. CCA affirmatively asserts, however, that at no time was Mr. Magbie's door shut and/or locked, therefore Mr. Magbie could, at all times, communicate with the staff. CCA is without sufficient knowledge or information to admit or deny the allegations regarding whether the room had a

panic button. CCA denies all remaining allegations of Paragraph 39.

40. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 and therefore, denies the same.

41. CCA denies the allegations of Paragraph 41.

42. Responding to the allegations of paragraph 42, CCA admits only that on the morning of September 24, 2004, Mr. Magbie was noted as having respiratory issues and was subsequently transferred back to the Hospital, and denies the remaining allegations.

### D. The second hospitalization.

43. The allegations of paragraph 43 are asserted solely against the Hospital and do not pertain to CCA. To the extent that a response is deemed necessary, CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 and therefore, denies the same.

44. The allegations of paragraph 44 are asserted solely against the Hospital and do not pertain to CCA. To the extent that a response is deemed necessary, CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 44 and therefore, denies the same.

45. CCA, upon information and belief, admits that Mr. Magbie passed away at approximately 6:40 a.m. on September 24, 2004. The remaining allegations of paragraph 45 are not directed to CCA. To the extent that a response is deemed necessary, CCA is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 45 and therefore, denies the same.

### E.  Jonathan Magbie's disabilities.

46. CCA admits that Mr. Magbie was paralyzed from the neck down.  CCA denies the remaining allegations contained in Paragraph 46.

47. The allegations contained in Paragraph 47 are asserted against the District of Columbia and defendant Odie Washington and they do not pertain to CCA.  To the extent a response is deemed necessary, CCA denies the allegations.

48. The allegations contained in Paragraph 48 are asserted against the District of Columbia and defendant Odie Washington and they do not pertain to CCA.  To the extent a response is deemed necessary, CCA denies the allegations.

49. The allegations contained in Paragraph 49 are asserted solely against the Hospital and do not pertain to CCA.  To the extent a response is deemed necessary, CCA denies the allegations.

50. The allegations contained in Paragraph 50 are asserted solely against the Hospital and do not pertain to CCA.  To the extent a response is deemed necessary, CCA denies the allegations.

### F.  Other.

51. CCA denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. CCA denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. CCA denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. The allegations contained in Paragraph 54 are conclusions of law to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

55. The allegations contained in Paragraph 55 are asserted solely against the defendant Hospital and do not pertain to CCA. To the extent that a response is required, CCA denies the allegations contained therein.

56. CCA denies the allegations of paragraph 56.

57. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57 and therefore, denies the same.

58. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 58 and therefore, denies the same.

## CLAIMS FOR RELIEF

### COUNT I
( 42 U.S.C. §1983 8th Amendment)

59. CCA incorporates its answer to Paragraphs 1 thru 58 as if fully set forth herein.

60. CCA denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. CCA denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. CCA denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

### COUNT II
(American with Disabilities Act)

63. CCA incorporates its answers to Paragraphs 1 thru 62 as is fully set forth herein.

64. The allegations contained in Paragraph 64 are asserted solely against defendant District of Columbia and do not pertain to CCA. To the extent a response is deemed necessary,

CCA denies the allegations contained therein.

65. The allegations contained in Paragraph 65 are asserted solely against defendant Hospital and do not pertain to CCA. To the extent a response is deemed necessary, CCA denies the allegations contained therein.

## COUNT III
(Medical Negligence)

66. CCA incorporates its answers to Paragraph 1 thru 65 as is fully set forth herein.

67. CCA affirmatively asserts that the allegations contained in Paragraph 67 go to the medical care received by Mr. Magbie and as such should be directed to defendant District of Columbia. To the extent a response is necessary from CCA, CCA denies the allegations of Paragraph 67.

68. CCA affirmatively asserts that the allegations contained in Paragraph 68 go to the medical care received by Mr. Magbie and as such should be directed to defendant District of Columbia. To the extent a response is necessary from CCA, CCA denies the allegations of Paragraph 68.

69. CCA affirmatively asserts that the allegations contained in Paragraph 69 go to the medical care received by Mr. Magbie and as such should be directed to defendant District of Columbia. To the extent a response is necessary from CCA, CCA denies the allegations of Paragraph 69.

## COUNT IV
(District of Columbia Human Rights)

70. CCA incorporates its answers to Paragraph 1 thru 69 as is fully set forth herein.

71.   The allegations of Paragraph 71 are directed solely to defendant District of Columbia and do not pertain to CCA. To the extent a response is deemed necessary, CCA denies the allegations contained therein.

72.   The allegations of Paragraph 72 are directed solely to defendant Hospital and do not pertain to CCA. To the extent a response is deemed necessary, CCA denies the allegations contained therein.

### RELIEF REQUESTED

CCA denies that plaintiff is entitled to any of the relief he seeks.

### DENIAL OF MATTERS NOT SPECIFICALLY ADMITTED

CCA denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein. CCA further denies that it is not liable to plaintiff under any theory of law or fact.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

73.   As a separate defense or in the alternative, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

74.   As a separate defense or in the alternative, CCA states that it violated no duties owed to Plaintiff's decedent.

75.   As a separate defense or in the alternative, CCA states that it neither caused nor contributed to the death of Plaintiff's decedent.

76. As a separate defense or in the alternative, CCA states that plaintiff's losses and damages, if any, were the result of the negligence of someone other than CCA, thereby reducing or eliminating any damages owed by CCA.

77. As a separate defense, or in the alternative, CCA alleges that it and its employees acted in good faith and without malice at all times and their actions were objectively reasonable under all the circumstances.

78. As a separate defense, or in the alternative, CCA alleges that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this claim.

79. As a separate defense, or in the alternative, CCA alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding punitive damages.

80. As a separate defense, or in the alternative, CCA alleges that pursuant to its contract with the District of Columbia, it is not responsible for medical treatment of inmates housed at CTF and has assumed no duty with respect to medical treatment of inmates at CTF and therefore cannot be held liable for such.

81. To the extent supported by the evidence, CCA will rely on the following affirmative defenses should subsequent discovery reveal these defenses are appropriate. Specifically, CCA asserts the following affirmative defenses set forth in Rule 8(c), Fed.R.Civ.P. and Rule 12, including but not limited to: assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, release, *res judicata*, waiver, collateral estoppel, claim preclusion and/or issue preclusion, insufficiency of process and insufficiency or service of process.

82. CCA reserves the right to amend its Answer to Plaintiff's Complaint, to assert additional defenses, or delete or withdraw defenses, and to add counterclaims as may become necessary after reasonable opportunity for discovery has occurred, up through and including the trial in this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, CCA requests that the claims against it be dismissed, that judgment be entered in favor of CCA, that it be awarded its reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, and for such other and further relief as the Court deems just and proper.

CCA demands a jury trial as to all triable issues.

Respectfully submitted,

s/ Rebecca E. Kuehn

Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811

Kevin L. Newsome (D.C. Bar No. 439206)
Rebecca E. Kuehn (D.C. Bar No. 447481)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Filed Electronically this 14th day of November, 2005.