IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, Individually and as ) | |
| Personal Representative of the Estate of ) | |
| JONATHAN MAGBIE, Deceased ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01853 (RWR) |
| ) | |
| SUNDAY NWOSU, M.D., et al. ) | |
| 1717 K Street, NW, #600 ) | |
| Washington, DC 20036 ) | |
| ) | |
| Defendants,    . ) | |

## ANSWER TO COMPLAINT OF DEFENDANT SUNDAY NWOSU, M.D.

The Defendant, Sunday Nwosu, M.D., through his attorneys, Hamilton Altman Canale & Dillon, LLC, respectfully serves the following the Answer To Complaint:

## FIRST DEFENSE

The Complaint fails to state a cause of action against this Defendant and should, therefore, be dismissed.

## SECOND DEFENSE

Responding to the allegations specifically these Defendants state as follows:

## PRELIMINARY STATEMENT

This Defendant admits that this is a civil action related to the death of Jonathan Magbie. This Defendant admits that Mr. Magbie was a 27 year old in September 2004; however, he is without sufficient information to form a belief as to the truth of the allegation that he had never been previously convicted of criminal offense and therefore denies same while demanding strict proof thereof. This Defendant understands that Mr. Magbie received a sentence for a

criminal offense, but he is without sufficient information based upon the investigation which has been conducted through this time to admit or deny that it was a ten (10) day sentence for the possession of a marijuana cigarette and therefore denies that specific allegation while demanding strict proof thereof.  This Defendant admits that Mr. Magbie was paralyzed as a result of a childhood injury though he denies that Mr. Magbie required a ventilator to breathe at night and at other times based upon the investigation conducted through this time.  It is admitted that he was sent to the Central Detention Facility of the District of Columbia on September 20, 2004.  This Defendant admits that over the next four (4) days he was transferred between the Central Detention Facility, Greater Southeast Community Hospital, and the Correctional Treatment Facility.  This Defendant denies the sentence reading "over an agonizing four-day period the staff at all three locations failed to provide him with necessary medical care and the services he needed because of his disabilities."  He also denies the sentence reading "these failures included a failure to provide him with a ventilator that he needed to assist with his breathing, a failure to address his pneumonia, and a failure to provide him with enough food and water."  Furthermore, this Defendant denies the assertion that on September 24, 2004, Jonathan Magbie died as a result of these and other failures."  While this Defendant admits that Mary R. Scott, who on information and belief is Jonathan Magbie's mother, is seeking monetary damages in this lawsuit, they deny liability for those monetary damages and they deny the failures referred to.

## **JURISDICTION**

1.      This Defendant is currently without sufficient information based upon the investigation conducted through this date to admit that this court has subject matter jurisdiction

over this civil action, and therefore, the allegations contained in Paragraph 1 are denied at this time.

## VENUE

2.    Although this Defendant admits that the events or alleged omissions which give rise to the Plaintiff's claim occurred within the District of Columbia, he can neither admit nor deny at this time that venue is appropriate and therefore denies same.

## PARTIES

3.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 3 and therefore denies same with the qualification that this Defendant acknowledges that the Plaintiff has brought her lawsuit under the District of Columbia Survival Act and the District of Columbia Wrongful Death Act.

4.    The allegations contained in Paragraph 4 of the Complaint are admitted.

5.    This Defendant admits that Defendant Odie Washington was on information and belief the Director of the District of Columbia Department of Corrections at all times relevant to this Complaint.  However, this Defendant is without sufficient information to either admit or deny the responsibilities of Defendant Washington and therefore denies the remainder of the allegations contained in Paragraph 5 based up the information currently available.

6.    The allegations contained in Paragraph 6 are admitted.

7.    The allegations contained in Paragraph 7 are denied.

8.    The allegations contained in Paragraph 8 are admitted.

9.    The allegations contained in Paragraph 9 are admitted.

10.    The allegations contained in Paragraph 10 are admitted.

11.     The allegations contained in Paragraph 11 are denied as phrased. Dr. Nwosu denies that he was "in charge" of the infirmary, and although he acknowledges working at the infirmary, he was not working there at all times relevant to the Plaintiff's Complaint.

12.     The allegations contained in Paragraph 12 are admitted.

13.     The allegations contained in Paragraph 13 are admitted.

14.     The allegations contained in Paragraph 14 are admitted.

15.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 15 and therefore denies same while demanding strict proof thereof.

16.     This Defendant is without sufficient information to either admit or deny the allegations contained Paragraph 16 and therefore denies same while demanding strict proof thereof.

17.     This Defendant denies that he was acting under the color of law of the District of Columbia and pursuant to their authority as an official or agent of the District of Columbia though he acknowledges that CCHPS had a contract with the District of Columbia.  This Defendant neither admits nor denies the remaining allegations contained in Paragraph 17 of the Complaint as they pertain to other Defendants.

18.     This Defendant acknowledges that all Defendants except the District of Columbia have been sued in their individual and official capacities without either admitting or denying their status in that regard.

## FACTS COMMON TO ALL CLAIMS

19.    This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 19 of the Complaint and therefore denies same while demanding strict proof thereof.

20.    The allegations contained in Paragraph 20 of the Complaint are essentially admitted with the qualifications that this Defendant denies that Mr. Magbie used a mechanical ventilator at night and at other times.

21.    For purposes of Paragraph 21 it is admitted that the intake medical history discloses that in January 2004 Mr. Magbie experienced pneumonia and had a history of osteomyelitis in the past.  The sentence reading "by all accounts, Mr. Magbie was ill and helpless when he began his sentence" is denied as phrased.

### A.    Magbie's First Confinement in the Jail

22.    The allegations contained in Paragraph 22 of the Complaint are denied as phrased with the qualification that this Defendant admits that Mr. Magbie had a chest x-ray performed as part of the admission process, that the chest x-ray disclosed various abnormalities, and that Mr. Magbie had an in-dwelling tracheostomy tube.  All other allegations contained in Paragraph 22 are denied as phrased.

23.    The allegations contained in Paragraph 23 are denied as phrased with the qualification that this Defendant based upon the investigation conducted thus far is without sufficient information to either admit or deny that after his death Mr. Magbie was determined to have suffered acute pneumonia as claimed in Paragraph 23 and, therefore, the Defendant denies that particular allegation and demands strict proof thereof.

24.    The allegations contained in Paragraph 24 are essentially admitted.

### B.    The First Hospitalization

25.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 25 and therefore denies same while demanding strict proof with the qualification that this Defendant admits that on September 20, 2004 Mr. Magbie was taken to Greater Southeast Community Hospital with the complaint of shortness of breath.

26.    This Defendant is without sufficient information to either admit or deny the allegations contained Paragraph 26 based upon the investigation which has been conducted through this date and therefore denies same while demanding strict proof.

27.    This Defendant is without sufficient information to either admit or deny the allegations contained Paragraph 27 based upon the investigation which has been conducted through this date and therefore denies same while demanding strict proof.

### C.    Confinement In The Infirmary at CTF

28.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 28 of the Complaint and therefore denies same while demanding strict proof thereof.

29.    The allegations contained in Paragraph 29 are denied as phrased with the qualification that Defendant Malekghasemi was advised by an attorney that Mr. Magbie used some form of assistance with breathing, that Defendant Malekghasemi was involved in asking the sentencing court for an order to have Mr. Magbie re-admitted, and that given the circumstances he did not contact the hospital to arrange for a re-admission.

30.     The allegation in Paragraph 30 that Dr. Nwosu was in charge of the CTF infirmary is denied. The remaining allegations contained in paragraph 30 are denied as phrased although it is admitted that he performed the admitting examination.

31.     The allegation contained in Paragraph 31 asserting that Dr. Nwosu failed to examine the lungs is denied. The remaining allegations in Paragraph 31 are denied as phrased.

32.     This Defendant denies that Defendant Nwosu knew that the hospital had treated Mr. Magbie for dehydration and low blood sugar for purposes of Paragraph 32.  This Defendant denies the remaining allegations in Paragraph 32 as phrased.

33.     The allegations contained in Paragraph 33 are denied as phrased although this Defendant admits that Dr. Nwosu's admission note dated September 21, 2004 was not signed until three (3) days later.

34.     The allegations contained in Paragraph 34 are denied as phrased.

35.     The allegations contained in Paragraph 35 are denied as phrased.

36.     The allegations contained in Paragraph 36 are denied.

37.     The allegations contained in Paragraph 37 are denied.

38.     The allegations contained in Paragraph 38 are admitted.

39.     The allegations contained in Paragraph 39 are denied as phrased.

40.     The allegations contained in Paragraph 40 are denied.

41.     The allegations contained in Paragraph 41 are denied.

42.     The allegations contained in Paragraph 42 are denied as phrased although it is admitted that Mr. Magbie developed an acute respiratory crisis, that the level of oxygen in his blood dropped, and that he was unable to speak intelligently at the time of transfer.

**D.**    **The Second Hospitalization**

43.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 43 and therefore denies same while demanding strict proof.

44.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 44 and therefore denies same while demanding strict proof.

45.    The allegations contained in Paragraph 45 are denied.

**E.**    **Jonathan Magbie's Disabilities**

46.    The allegations contained in Paragraph 46 are denied although this Defendant admits that Jonathan Magbie suffered from a disability by reason of his paralysis and associated problems.

47-50.  This Defendant is without sufficient information based upon the investigation conducted thus far to either admit or deny the allegations contained in Paragraphs 47 through 50 of the Complaint and therefore denies same while demanding strict proof.

**F.**    **Other**

51.    This Defendant denies, to the extent that the allegations contained in Paragraph 51 apply to him, having acted pursuant to a policy or custom of accepting custody of persons, who, because of disabilities and medical needs could not be safely confined at the jail or CTF. This Defendant states that he is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 51 and therefore denies same while demanding strict proof.

52.    The allegations contained in Paragraph 52 are denied as phrased.

53.    The allegations contained in Paragraph 53 are denied as phrased.

54.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 54 based on the investigation which has been conducted to date and therefore denies same while demanding strict proof.

55.    This Defendant is without sufficient information to form a belief regarding the allegations contained in Paragraph 55 and therefore denies same while demanding strict proof.

56.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 56 based upon the investigation conducted through this date and therefore denies same while demanding strict proof.

57.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 57 based upon the investigation conducted through this date and therefore denies same while demanding strict proof.

58.    This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 58 based upon the investigation conducted through this date and therefore denies same while demanding strict proof.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**(42 U.S.C. §1983 Eighth Amendment)**

59.    This Defendant repeats, realleges and incorporates by reference each and every response to Paragraphs 1-58 above and incorporates them as if fully set forth herein.

60.    The allegations contained in Paragraph 60 are denied.

61.    The allegations contained in Paragraph 61 are denied.

62.    The allegations contained in Paragraph 62 are denied.

## COUNT TWO

### (Americans With Disabilities Act)

63.    This Defendant repeats, realleges, and incorporates by reference their responses to Paragraphs 1-62 above and incorporates them by reference as if fully set forth herein..

64.    The allegations contained in Paragraph 64 apply to other Defendants and therefore this Defendant need not either admit or deny same.

65.    The allegations contained in Paragraph 65 apply to other Defendants and therefore this Defendant is not required to either admit or deny same.

## COUNT THREE

### (Medical Negligence)

66.    This Defendant adopts and incorporates by reference each and every response to Paragraphs 1-65 above as if set forth fully herein.

67.    The allegations contained in Paragraph 67 are denied as phrased.

68.    The allegations contained in Paragraph 68 are denied as phrased by Plaintiff's counsel.  This Defendant acknowledges that his duties to Mr. Magbie will be the subject of expert testimony at trial of this case.

69.    The allegations contained in Paragraph 69 are denied.

## COUNT FOUR

### (District of Columbia Human Rights Law)

70.    This Defendant adopts and incorporates by reference his responses to the allegations contained in Paragraphs 1-69 above and incorporates them by reference as if fully set forth herein.

10

71.    The allegations contained in Paragraph 71 apply to another Defendant and therefore this Defendant need not either admit or deny the allegations contained in Paragraph 71.

72.    The allegations contained in Paragraph 72 apply to another Defendant and therefore this Defendant need not either admit or deny the allegations contained in Paragraph 72.

## FOURTH DEFENSE

The medical care furnished by this Defendant complied with the applicable standard of care at all times.

## FIFTH DEFENSE

No act or omission on the part of this Defendant proximately caused any injury or death to the Plaintiff or her decedent.

## SIXTH DEFENSE

Defendant, Sunday Nwosu, M.D., raises Qualified Immunity as an affirmative defense to Plaintiff's Complaint.

WHERFORE, have fully answered, this Defendants moves this Honorable Court to dismiss Plaintiff's Complaint and for an award of costs on their behalf expended.

Respectfully submitted,

SUNDAY NWOSU, M.D.
By Counsel

HAMILTON ALTMAN CANALE & DILLON, LLC


_____/s/ Andrew J. Spence_____
Stephen L. Altman, Esquire                    #954057
Andrew J. Spence, Esquire                     #421341
10306 Eaton Place, Suite 200
Fairfax, Virginia 22030
(703) 591-9700-Phone
(703) 591-0023-Facsimile
*Counsel for Center For Correctional Health And*
*Policy Studies, Inc., T. Wilkins Davis, M.D., Malek*
*Malekghasemi, M.D., and Sunday Nwosu, M.D.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer To Complaint of Defendants Sunday Nwosu, M.D.was electronically filed with the Court this 18th day of November, 2005 copies to:

Donald M. Temple, Esquire
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
*Counsel For Plaintiff*

Arthur B. Spitzer, Esquire
American Civil Liberties Union
1400 20th Street, NW
Suite 119
Washington, DC 20036

Edward J. Connor, Esquire
5210 Auth Road
Suite 304
Camp Springs, MD 20746-4341

Elizabeth Alexander, Esquire
National Prison Project of the ACLU Foundation
915 15th Street, NW
7th Floor
Washington, DC 20005

Catherine A. Hanrahan, Esquire
Alan J. Rumsey, Esquire
1341 G Street, N.W.
Suite 500
Washington, DC 20005
*Counsel for Greater Southeast Community*
 *Hospital Corporation*

Kevin L. Newsome, Esquire
Rebecca E. Kuehn, Esquire
LeClair Ryan, A Professional Corporation
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
*Counsel for Corrections Corporation of America*

Daniel P. Struck, Esquire
Jones, Skelton & Hochuli, PLC
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
*Counsel for Corrections Corporation of America*

District of Columbia
Serve:  Mayor Anthony Williams
441 4th Street, NW
Washington, DC 20032

Odie Washington
1923 Vermont Avenue, NW
Washington, DC 20001

Joseph Bastien, M.D.
1923 Vermont Avenue, NW
Washington, DC 20001

Pauline Ojelfo, LPN
1923 Vermont Avenue, NW
Washington, DC 20001

Gbenga Ogundipe, LPN
1923 Vermont Avenue, NW
Washington, DC 20001

Officer Singley
1923 Vermont Avenue, NW
Washington, DC 20001

William S. Vaughn, MD
1310 Southern Avenue, SE
Washington, DC 20032

Rotmi A. Illuyomade, MD
1310 Southern Avenue, SE
Washington, DC 20032


       /s/Andrew J. Spence  
       Andrew J. Spence