IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, Individually and as Personal Representative of the Estate of JONATHAN MAGBIE, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>Hon. Anthony Williams, Mayor; and<br><br><br>ODIE WASHINGTON<br>1923 Vermont Avenue, NW<br>Washington, DC 20001; and<br><br>JOSEPH BASTIEN, MD<br>1923 Vermont Avenue, NW<br>Washington, DC 20001; and<br><br>T. WILKINS DAVIS, MD<br>1923 Vermont Avenue, NW<br>Washington, DC 20001; and<br><br>CENTER FOR CORRECTIONAL HEALTH AND POLICY STUDIES, INC.<br>CT Corporation System<br>1015 15th Street, Suite 1000<br>Washington, DC 20005; and<br><br>CORRECTIONS CORPORATION OF AMERICA<br>102 Woodmont Boulevard, Suite 800<br>Nashville, TN 37205; and<br>SERVE:<br>CT Corporation System<br>1015 15th Street, Suite 1000<br>Washington, DC 20005; and<br><br>MALEK MALEKGHASEMI, MD<br>1923 Vermont Avenue, NW<br>Washington, DC 20001; and | CASE No.: 1:05CV01853<br><br>JUDGE: Richard W. Roberts<br><br>DECK TYPE:  Civil Rights<br>   (non-employment)<br><br>DATE STAMP:    08/20/2005 |

```
SUNDAY NWOSU, MD                            )
1923 Vermont Avenue, NW                     )
Washington, DC  20001; and                  )
                                            )
PAULINE OIELFO, LPN                         )
1923 Vermont Avenue, NW                     )
Washington, DC  20001; and                  )
                                            )
GBENGA OGUNIPE, LPN                         )
1923 Vermont Avenue, NW                     )
Washington, DC  20001; and                  )
                                            )
OFFICER SINGLEY                             )
1923 Vermont Avenue, NW                     )
Washington, DC  20001; and                  )
                                            )
GREATER SOUTHEAST COMMUNITY                 )
HOSPITAL CORPORATION,                       )
D/b/a GREATER SOUTHEAST COMMUNITY           )
HOSPITAL                                    )
SERVE:                                      )
CT Corporation System                       )
1015 15th Street, NW, Suite 1000            )
Washington, DC  20005; and                  )
                                            )
WILLIAM S. VAUGHN, MD                       )
1310 Southern Avenue, SE                    )
Washington, DC  20032; and                  )
                                            )
ROTIMI A. ILUYOMADE, MD                     )
1310 Southern Avenue, SE                    )
Washington, DC  20032,                      )
                                            )
       Defendants.                          )
                                            )
```

## ANSWER OF DEFENDANT WILLIAM VAUGHN, MD
## TO THE COMPLAINT

### FIRST DEFENSE

The Complaint fails to state a cause of action as to this Defendant upon which relief can may be based.

## SECOND DEFENSE

This Defendant denies any and all allegations of any fact set forth in the Preliminary Statement contending that he was negligent in the care, treatment, or health services that were provided to the Decedent Jonathan Magbie.

1. This Defendant expressly reserves upon the question pending the development of relevant facts through discovery. This Defendant further denies that jurisdiction is conferred upon him under any of the provisions as set forth in paragraph 1 of the Complaint.

2. The allegations of venue are denied as stated.

3. The allegations of paragraph 3 are denied as stated.

4. The allegations of paragraph 4 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

5. The allegations of paragraph 5 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

6. The allegations of paragraph 6 neither relate to nor otherwise concern this Defendant, and therefor, proof thereof is demanded.

7. The allegations of paragraph 7 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

8. The allegations of paragraph 8 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

9. The allegations of paragraph 9 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

10. The allegations of paragraph 10 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

11. The allegations of paragraph 11 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

12. The allegations of paragraph 12 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

13. The allegations of paragraph 13 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

14. The allegations of paragraph 14 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

15. The allegations of paragraph 15 are admitted.

16. The allegations of paragraph 16 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

17. The allegations of paragraph 17 are denied and insofar as they relate to otherwise concern this Defendant.

18. The allegations of paragraph 18 are statements of law which are neither admitted nor denied but proof thereof is demanded.

19. The allegations of paragraph 19 are neither admitted nor denied but proof thereof is demanded.

20. The allegations of paragraph 20 are neither admitted nor denied but proof thereof is demanded.

21. The allegations of paragraph 21 are neither admitted nor denied but proof thereof is demanded.

22. The allegations of paragraph 22 are neither admitted nor denied but proof thereof is demanded.

140225-1

23. The allegations of paragraph 23 are neither admitted nor denied but proof thereof is demanded.

24. The allegations of paragraph 24 are neither admitted nor denied but proof thereof is demanded.

25. The allegations of paragraph 25 are neither admitted nor denied but proof thereof is demanded.

26. The allegations of paragraph 26 are denied as stated.

27. The allegations of paragraph 27 are neither admitted nor denied but proof thereof is demanded.

28. The allegations of paragraph 28 are neither admitted nor denied but proof thereof is demanded.

29. The allegations of paragraph 29 are neither admitted nor denied but proof thereof is demanded.

30. The allegations of paragraph 30 are neither admitted nor denied but proof thereof is demanded.

31. The allegations of paragraph 31 are neither admitted nor denied but proof thereof is demanded.

32. The allegations of paragraph 32 are neither admitted nor denied but proof thereof is demanded.

33. The allegations of paragraph 33 are neither admitted nor denied but proof thereof is demanded.

34. The allegations of paragraph 34 are neither admitted nor denied but proof thereof is demanded.

140225-1

35. The allegations of paragraph 35 are neither admitted nor denied but proof thereof is demanded

36. The allegations of paragraph 36 are neither admitted nor denied but proof thereof is demanded.

37. The allegations of paragraph 37 are neither admitted nor denied but proof thereof is demanded.

38. The allegations of paragraph 38 are neither admitted nor denied but proof thereof is demanded.

39. The allegations of paragraph 39 are neither admitted nor denied but proof thereof is demanded.

40. The allegations of paragraph 40 are neither admitted nor denied but proof thereof is demanded.

41. The allegations of paragraph 41 are neither admitted nor denied but proof thereof is demanded.

42. The allegations of paragraph 42 are neither admitted nor denied but proof thereof is demanded.

43. The allegations of paragraph 43 are neither admitted nor denied but proof thereof is demanded.

44. The allegations of paragraph 44 are neither admitted nor denied but proof thereof is demanded

45. The allegations of paragraph 45 are neither admitted nor denied but proof thereof is demanded.

140225-1

46. The allegations of paragraph 46 are denied insofar as they relate to or otherwise concern this Defendant.

47. The allegations of paragraph 47 neither relate to nor otherwise concern this Defendant and proof thereof is demanded.

48. The allegations of paragraph 48 neither relate to nor otherwise concern this Defendant and proof thereof is demanded.

49. The allegations of paragraph 49 neither relate to nor otherwise concern this Defendant and proof thereof is demanded.

50. The allegations of paragraph 50 neither relate to nor otherwise concern this Defendant and proof thereof is demanded.

51. The allegations of paragraph 51 neither relate to nor otherwise concern this Defendant and proof thereof is demanded.

52. The allegations of paragraph 52 neither relate to nor otherwise concern this Defendant and proof thereof is demanded

53. The allegations of paragraph 53 neither relate to nor otherwise concern this Defendant and proof thereof is demanded..

54. The allegations of paragraph 54 are denied insofar as they relate to or otherwise concern this Defendant.

55. The allegations of paragraph 55 contain statements of legal opinion and conclusion which are neither admitted nor denied but proof thereof is demanded.

56. The allegations of paragraph 56 are denied insofar as they relate to or otherwise concern this Defendant.

140225-1

57. This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 57 and, therefore, proof thereof is demanded.

58. This Defendant lacks sufficient information to form a belief as to the truth of the allegations contained paragraph 58 and proof thereof is demanded.

59. This Defendant adopts and incorporates by reference hereto all his admissions, denials, defenses, and responses heretofore set forth.

60. The allegations of paragraph 60 are denied insofar as they relate to or otherwise concern this Defendant.

61. The allegations of paragraph 61 are denied insofar as they relate to or otherwise concern this Defendant.

62. The allegations of paragraph 62 are denied insofar as they relate or otherwise concern this Defendant.

## COUNT TWO

63. This Defendant adopts and incorporates by reference hereto all his admissions, denials, defenses, and responses heretofore set forth.

64. The allegations of paragraph 64 neither relate to nor otherwise concern this Defendant and are, therefore, denied.

65. The allegations of paragraph 65 neither relate to nor otherwise concern this Defendant and are, therefore, denied.

## COUNT THREE

66. This Defendant adopts and incorporates by reference hereto all his admissions, denials, defenses, and responses heretofore set forth.

67. The allegations of paragraph 67 are denied.

140225-1

68. The allegations of paragraph 68 contain statements of legal opinion and conclusions which are neither admitted nor denied but proof thereof is demanded.

69. The allegations of paragraph 69 are denied.

## COUNT FOUR

70. This Defendant adopts and incorporates by reference hereto all his admissions, denials, defenses, and responses heretofore set forth.

71. The allegations of paragraph 71 neither relate to nor otherwise concern this Defendant and are therefore denied.

72. The allegations of paragraph 72 neither relate to nor otherwise concern this Defendant and therefore are denied.0

## THIRD DEFENSE

Plaintiff's injuries or damages, if any, are the result of the acts, omissions, negligence, or violations of statutory provisions of another party, person, or entity over whom this Defendant had no control nor right of control.

WHEREFORE the Defendant William S. Vaughn, MD, prays that the Complaint shall stand dismissed.

This 28th day of November, 2005.

Respectfully submitted.

BONNER, KIERNAN, TREBACH & CROCIATTA, LLP

/s/ D'Ana E. Johnson
D'Ana E. Johnson, Esquire #927913
Juan M. Anderson, Esquire  #465404
1250 Eye Street, NW, Suite 600
Washington, DC 20005
(202) 712-7000

140225-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of November, 2005, a true and correct copy of the foregoing *Answer Of Defendant William Vaughn, MD To The Complaint* was served, via United States mail, first-class mail, postage prepaid, upon:

Donald M. Temple, #408749
1229 15th Street, N.W.
Washington, DC 20005

Elizabeth Alexander, #412904
National Prison Project of the ACLU
915 15th Street, N.W.
7th Floor
Washington, DC 20005

Edward J. Connor #321505
5210 Auth Road, Suite 304
Camp Springs, MD 20746

Arthur B. Spitzer, #235960
American Civil Liberties Union of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, DC 20036

ODIE WASHINGTON
1923 Vermont Avenue, NW
Washington, DC 20001

JOSEPH BASTIEN, MD
1923 Vermont Avenue, NW
Washington, DC 20001

T. WILKINS DAVIS, MD
1923 Vermont Avenue, NW
Washington, DC 20001

CENTER FOR CORRECTIONAL HEALTH
AND POLICY STUDIES, INC.
CT Corporation System
1015 15th Street, Suite 1000
Washington, DC 20005

CORRECTIONS CORPORATION OF AMERICA
102 Woodmont Boulevard, Suite 800
Nashville, TN 37205

CT Corporation System
1015 15th Street, Suite 1000
Washington, DC 20005

MALEK MALEKGHASEMI, MD
1923 Vermont Avenue, NW
Washington, DC 20001

SUNDAY NWOSU, MD
1923 Vermont Avenue, NW
Washington, DC 20001

PAULINE OIELFO, LPN
1923 Vermont Avenue, NW
Washington, DC 20001

GBENGA OGUNIPE, LPN
1923 Vermont Avenue, NW
Washington, DC 20001

OFFICER SINGLEY
1923 Vermont Avenue, NW
Washington, DC 20001

GREATER SOUTHEAST COMMUNITY HOSPITAL CORPORATION
CT Corporation System
1015 15th Street, NW, Suite 1000
Washington, DC 20005

WILLIAM S. VAUGHN, MD
1310 Southern Avenue, SE
Washington, DC 20032

ROTIMI A. ILUYOMADE, MD
1310 Southern Avenue, SE
Washington, DC 20032

/s/ D'Ana E. Johnson
D'Ana E. Johnson

140225-1