UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

MARY R. SCOTT,

      Plaintiff,

v.                                                                      No. 05-cv-1853 (RWR)

DISTRICT OF COLUMBIA, et al.,

      Defendants.

_____

**PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT
OF COLUMBIA'S MOTION FOR AN ENLARGEMENT
OF TIME IN WHICH TO RESPOND TO THE COMPLAINT**

    Comes now Plaintiff and respectfully opposes the District's motion for an extension of time, which given the seriousness of this case, is inherently unreasonable and unjustifiable.

    The summons and complaint in this action were served upon the District of Columbia on October 26, 2005. Its answer was accordingly due on November 15, 2005. On November 16, the District filed a motion [R. Doc. 7] asking for an additional 60 days "from the date that an order [granting an extension] is approved." Mot. of Def. District of Columbia for Additional Time Within Which to Resp. to Pl.'s Complaint ("Mot.") at 1. Accordingly, because the request for additional time was not filed until after the time for filed had expired, the District is required to make a showing of "excusable neglect" in seeking an extension of

time of indeterminate length. *See* Fed. R .Civ. P. 12(a)(1)(A); Fed. R. Civ. P. 6(b).

    The District has not shown excusable neglect, or good cause, for this requested enlargement. The principal reason given is that the lawyer who will handle the case was not assigned by the District of Columbia until November 16, and that he will also be on vacation from November 23

until December 6. The District of Columbia has not attempted to suggest any reason why this case was not assigned to a lawyer until the day after its answer was due. For all that is apparent in this case, such assignments are the routine practice of the Office of the Attorney General. Indeed, the Office of the Attorney General also represents Defendant Odie Washington, and the same Assistant Attorney General, representing Mr. Washington, has filed a motion for extension of time on behalf of him; in that document he states that he was assigned to the defense "this week." R. Doc. 11 at 3. In other respects, the two motions are essentially identical.[1]

The District has failed to even attempt a showing of "excusable neglect." In particular, the District has failed to suggest any reason why a case that was assigned at such a remarkably late date had to be assigned to an attorney who would be unable to turn his attention to it because of immediate holiday plans. Surely there are dozens of other Assistant Attorneys General who do not have vacation plans in late November and early December. Surely the District is aware that it can even assign *two* attorneys when that is necessary to comply with its obligations in a case that it acknowledges is "very serious." Mem. in Support of Mot. at 2.

Allowing this sort of routine practice from the District of Columbia creates an expectation that the rules do not apply to the District and encourages even more unjustified requests for extensions. There is no reason for the District to heed its responsibilities under the rules when it can count on routine extensions. Indeed, it is presumably because the District believes it is immune to the Federal Rules that it apparently practices last minute case assignments and does not even attempt to demonstrate that it meets the standard required by the Federal Rules for an extension when the

---

[1] The only apparent difference is that, in the current motion for extension of time, the Assistant Attorney General indicates that his vacation will occur between November 23 and December 6, 2005, while in the Washington request for an extension of time, he says that his vacation will last from November 23 to December 7, 2005.

request is not timely made.

Defendants' second argument is that the United States and the District of Columbia are both allowed 60 days to respond to complaints in Superior Court, while in federal court, the United States has 60 days, but the District only 20. Of course, the short answer to that argument is that the Federal Rules provide for extra time for the United States, but not for other governmental entities. Fed. R. Civ. P. 12(a)(1)(A) & (3)A). While this Court obviously can grant an extension to the District in light of the circumstances of an individual case, it would be contrary to the command of the Federal Rules to provide the prolonged automatic extension for which the District appears to argue.

Nor is there any reason to allow an extension calculated from the time that the Court signs an order allowing an extension. The District is in fact asking, not to be treated as if it were an agency of the federal government, but more favorably than the federal government, since the total amount of time it seeks to answer the complaint is approximately 100 days or more from the time that the complaint was served, depending on when the Court acts on the motion for an extension. This requested extension, if it were granted, is so great–and so unwarranted–that it would make it difficult for the Court to comply with Fed. R. Civ. P. 16(b), which requires that the Court issue a scheduling order within 120 days after the complaint has been served on a defendant.

Finally, the District also failed in its obligation to consult with opposing counsel before filing its extraordinary motion. The District's motion recites that its attorney "called plaintiff's counsel's office to seek consent to the relief requested in the instant motion [and] was informed that plaintiff's counsel was involved in a trial." Mot. at 2. But the complaint in this case was signed by *four* counsel for Plaintiff, three of whom were *not* in trial on the day the District's lawyer was supposedly seeking consent. Yet apparently he made only one telephone call.

Plaintiff's counsel would have consented to a reasonable enlargement of time in this case. Certainly, however, they would not have consented to the enlargement sought by the District. Had the District's lawyer contacted one of Plaintiff's counsel, Plaintiff's reasonable position could have been reflected in the District's motion.

At this point, an enlargement is a *fait accompli*. But the District's tactics should not be rewarded with the extraordinary enlargement it seeks. An enlargement should be granted for no later than December 27, 2005.

A proposed order is filed herewith.

                                        Respectfully submitted,

                                        *s/ Donald M. Temple*
Donald M. Temple, D.C. Bar No. 408749
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
202-628-1101

Edward J. Connor, D.C. Bar No. 321505
5210 Auth Road, Suite 304
Camp Springs, MD 20746
301-899-7801

Elizabeth Alexander, D.C. Bar No. 412904
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005
202-393-4930

Arthur B. Spitzer, D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
202-457-0800

Counsel for Plaintiff

November 29, 2005