IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, Individually and as Personal Representative of the Estate of JONATHAN MAGBIE, Deceased | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:05CV01853 (RWR) ) |
| PAULINE OJELFO, LPN 1717 K Street, N.W. #600 Washington, DC 20036 | ) ) ) ) |
| And | ) ) |
| GBENGA OGUNDIPE, LPN 1717 K Street, N.W. #600 Washington, DC 20036 | ) ) ) ) ) |
| Defendants, et al. | ) |

**ANSWER TO COMPLAINT OF DEFENDANTS PAULINE OJELFO, LPN AND GBENGA OGUNDIPE, LPN**

The Defendants, Pauline Ojelfo, LPN and Gbenga Ogundipe, LPN, through their attorneys, Hamilton Altman Canale & Dillon, LLC, respectfully serve the following the Answer To Complaint:

**FIRST DEFENSE**

The Complaint fails to state a cause of action against these Defendants and should, therefore, be dismissed.

**SECOND DEFENSE**

Responding to the allegations specifically these Defendants state as follows:

**PRELIMINARY STATEMENT**

      These Defendants admit that this is a civil action related to the death of Jonathan Magbie. These Defendants admit that Mr. Magbie was a 27 year old in September 2004; however, they are without sufficient information to form a belief as to the truth of the allegation that he had never been previously convicted of criminal offense and therefore deny same while demanding strict proof thereof. These Defendants understand that Mr. Magbie received a sentence for a criminal offense, but they are without sufficient information based upon the investigation which has been conducted through this time to admit or deny that it was a ten (10) day sentence for the possession of a marijuana cigarette and therefore deny that specific allegation while demanding strict proof thereof. These Defendants admit that Mr. Magbie was paralyzed as a result of a childhood injury though they deny that Mr. Magbie required a ventilator to breathe at night and at other times based upon the investigation conducted through this time. It is admitted that he was sent to the Central Detention Facility of the District of Columbia on September 20, 2004. These Defendants admit that over the next four (4) days he was transferred between the Central Detention Facility, Greater Southeast Community Hospital, and the Correctional Treatment Facility. These Defendants deny the sentence reading "over an agonizing four-day period the staff at all three locations failed to provide him with necessary medical care and the services he needed because of his disabilities." They also deny the sentence reading "these failures included a failure to provide him with a ventilator that he needed to assist with his breathing, a failure to address his pneumonia, and a failure to provide him with enough food and water." Furthermore, these Defendants deny the assertion that on September 24, 2004, Jonathan Magbie died as a result of these and other failures." While these Defendants admit that Mary R. Scott, who on information and belief is Jonathan Magbie's

mother, is seeking monetary damages in this lawsuit, they deny liability for those monetary damages and they deny the failures referred to.

## JURISDICTION

1. These Defendants are currently without sufficient information based upon the investigation conducted through this date to admit that this court has subject matter jurisdiction over this civil action, and therefore, the allegations contained in Paragraph 1 are denied at this time.

## VENUE

2. Although these Defendants admit that the events or alleged omissions which give rise to the Plaintiff's claim occurred within the District of Columbia, they can neither admit nor deny at this time that venue is appropriate and therefore deny same.

## PARTIES

3. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 3 and therefore deny same with the qualification that these Defendants acknowledge that the Plaintiff has brought her lawsuit under the District of Columbia Survival Act and the District of Columbia Wrongful Death Act.

4. The allegations contained in Paragraph 4 of the Complaint are admitted.

5. These Defendants admit that Defendant Odie Washington was on information and belief the Director of the District of Columbia Department of Corrections at all times relevant to this Complaint. However, these Defendants are without sufficient information to either admit or deny the responsibilities of Defendant Washington and therefore deny the remainder of the allegations contained in Paragraph 5 based up the information currently available.

6. The allegations contained in Paragraph 6 are admitted.

7. The allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 are admitted.

9. The allegations contained in Paragraph 9 are admitted.

10. The allegations contained in Paragraph 10 are admitted.

11. The allegations contained in Paragraph 11 are admitted.

12. The allegations contained in Paragraph 12 are admitted.

13. The allegations contained in Paragraph 13 are admitted.

14. The allegations contained in Paragraph 14 are admitted.

15. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 15 and therefore deny same while demanding strict proof thereof.

16. These Defendants are without sufficient information to either admit or deny the allegations contained Paragraph 16 and therefore deny same while demanding strict proof thereof.

17. These Defendants deny that they were acting under the color of law of the District of Columbia and pursuant to their authority as officials or agents of the District of Columbia though they acknowledge that CCHPS had a contract with the District of Columbia. These Defendants neither admit nor deny the allegations contained in Paragraph 17 of the Complaint as they pertain to other Defendants.

18. These Defendants acknowledge that all Defendants except the District of Columbia have been sued in their individual and official capacities without either admitting or denying their status in that regard.

**FACTS COMMON TO ALL CLAIMS**

19.     These Defendants are without sufficient information to either admit or deny the allegations in Paragraph 19 of the Complaint and therefore deny same while demanding strict proof thereof.

20.     The allegations contained in Paragraph 20 of the Complaint are essentially admitted with the qualifications that these Defendants deny that Mr. Magbie used a mechanical ventilator at night and at other times.

21.     For purposes of Paragraph 21 it is admitted that the intake medical history discloses that in January 2004 Mr. Magbie experienced pneumonia and had a history of osteomyelitis in the past.  The sentence reading "by all accounts, Mr. Magbie was ill and helpless when he began his sentence" is denied as phrased.

A.     **Magbie's First Confinement in the Jail**

22.     The allegations contained in Paragraph 22 of the Complaint are denied as phrased with the qualification that these Defendants admit that Mr. Magbie had a chest x-ray performed as part of the admission process, that the chest x-ray disclosed various abnormalities, and that Mr. Magbie had an in-dwelling tracheostomy tube.  All other allegations contained in Paragraph 22 are denied as phrased.

23.     The allegations contained in Paragraph are denied as phrased with the qualification that these Defendants based upon the investigation conducted thus far are without sufficient information to either admit or deny that after his death Mr. Magbie was determined to have suffered acute pneumonia as claimed in Paragraph 23 and, therefore, the Defendants deny that particular allegation and demand strict proof thereof.

24.     The allegations contained in Paragraph 24 are essentially admitted.

### B.     The First Hospitalization

25.     These Defendants are without sufficient to either admit or deny the allegations contained in Paragraph 25 and therefore deny same while demanding strict proof with the qualification that these Defendants admit that on September 20, 2004 Mr. Magbie was taken to Greater Southeast Community Hospital with the complaint of shortness of breath.

26.     These Defendants are without sufficient information to either admit or deny the allegations contained Paragraph 26 based upon the investigation which has been conducted through this date and therefore deny same while demanding strict proof.

27.     These Defendants are without sufficient information to either admit or deny the allegations contained Paragraph 27 based upon the investigation which has been conducted through this date and therefore deny same while demanding strict proof.

### C.     Confinement In The Infirmary at CTF

28.     These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 28 of the Complaint and therefore deny same while demanding strict proof thereof.

29.     The allegations contained in Paragraph 29 are denied as phrased with the qualification that Defendant Malekghasemi was advised by an attorney that Mr. Magbie used some form of assistance with breathing, that Defendant Malekghasemi was involved in asking the sentencing court for an order to have Mr. Magbie re-admitted, and that given the circumstances he did not contact the hospital to arrange for a re-admission.

30. The allegations in Paragraph 30 are denied as phrased with the qualification that Defendant Sunday Nwosu was in charge of the CTF infirmary and performed the admitting examination for Mr. Magbie.

31. The allegations contained in Paragraph 31 are denied as phrased.

32. These Defendants deny that Defendant Nwosu knew that the hospital had treated Mr. Magbie for dehydration and low blood sugar. These Defendants are without sufficient information to either admit or deny the remaining allegations in Paragraph 32 and therefore deny same while demanding strict proof.

33. The allegations contained in Paragraph 33 are denied as phrased although these Defendants admit that Dr. Nwosu's admission note dated September 21, 2004 was not signed until three (3) days later.

34. The allegations contained in Paragraph 34 are denied as phrased.

35. The allegations contained in Paragraph 35 are denied as phrased.

36. The allegations contained in Paragraph 36 are denied.

37. The allegations contained in Paragraph 37 are denied.

38. The allegations contained in Paragraph 38 are admitted.

39. The allegations contained in Paragraph 39 are denied as phrased.

40. The allegations contained in Paragraph 40 are denied.

41. The allegations contained in Paragraph 41 are denied.

42. The allegations contained in Paragraph 42 are denied as phrased although it is admitted that Mr. Magbie developed an acute respiratory crisis, that the level of oxygen in his blood dropped, and that he was unable to speak intelligently at the time of transfer.

### D. The Second Hospitalization

43. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 43 and therefore deny same while demanding strict proof.

44. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 44 and therefore deny same while demanding strict proof.

45. The allegations contained in Paragraph 45 are denied.

### E. Jonathan Magbie's Disabilities

46. The allegations contained in Paragraph 46 are denied although these Defendants admit that Jonathan Magbie suffered from a disability by reason of his paralysis and associated problems.

47-50. These Defendants are without sufficient information based upon the investigation conducted thus far to either admit or deny the allegations contained in Paragraphs 47 through 50 of the Complaint and therefore deny same while demanding strict proof.

### F. Other

51. These Defendants deny, to the extent that the allegations contained in Paragraph 51 apply to them, having acted pursuant to a policy or custom of accepting custody of persons, who, because of disabilities and medical needs could not be safely confined at the jail or CTF. These Defendants state that they are without sufficient information to either admit or deny the remaining allegations contained in Paragraph 51 and therefore deny same while demanding strict proof.

52. The allegations contained in Paragraph 52 are denied as phrased.

53. The allegations contained in Paragraph 53 are denied as phrased.

54. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 54 based on the investigation which has been conducted to date and therefore deny same while demanding strict proof.

55. These Defendants are without sufficient information to form a belief regarding the allegations contained in Paragraph 55 and therefore deny same while demanding strict proof.

56. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 56 based upon the investigation conducted through this date and therefore deny same while demanding strict proof.

57. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 57 based upon the investigation conducted through this date and therefore deny same while demanding strict proof.

58. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 58 based upon the investigation conducted through this date and therefore deny same while demanding strict proof.

## CLAIMS FOR RELIEF

### COUNT ONE

**(42 U.S.C. §1983 Eighth Amendment)**

59. These Defendants repeat, reallege and incorporate by reference each and every response to Paragraphs 1-58 above and incorporate them as if fully set forth herein.

60. The allegations contained in Paragraph 60 are denied.

61. The allegations contained in Paragraph 61 are denied.

62. The allegations contained in Paragraph 62 are denied.

## COUNT TWO

### (**Americans With Disabilities Act**)

63. These Defendants repeat, reallege, and incorporate by reference their responses to Paragraphs 1-62 above and incorporate them by reference as if fully set forth herein..

64. The allegations contained in Paragraph 64 apply to other Defendants and therefore these Defendants need not either admit or deny same.

65. The allegations contained in Paragraph 65 apply to other Defendants and therefore these Defendants are not required to either admit or deny same.

## COUNT THREE

### (**Medical Negligence**)

66. These Defendants adopt and incorporate by reference each and every response to Paragraphs 1-65 above as if set forth fully herein.

67. The allegations contained in Paragraph 67 are denied as phrased.

68. The allegations contained in Paragraph 68 are denied as phrased by Plaintiff's counsel.  These Defendants acknowledge that their respective duties to Mr. Magbie will be the subject of expert testimony at trial of this case.

69. The allegations contained in Paragraph 69 are denied.

## COUNT FOUR

### (**District of Columbia Human Rights Law**)

70. These Defendants adopt and incorporate by reference their responses to the allegations contained in Paragraphs 1-69 above and incorporate them by reference as if fully set forth herein.

71. The allegations contained in Paragraph 71 apply to another Defendant and therefore these Defendants need not either admit or deny the allegations contained in Paragraph 71.

72. The allegations contained in Paragraph 72 apply to another Defendant and therefore these Defendants need not either admit or deny the allegations contained in Paragraph 72.

## FOURTH DEFENSE

The medical care furnished by these Defendants, including their agents and employees, complied with the applicable standard of care at all times.

## FIFTH DEFENSE

No act or omission on the part of these Defendants proximately caused any injury or death to the Plaintiff or her decedent.

WHERFORE, have fully answered, these Defendants move this Honorable Court to dismiss Plaintiff's Complaint and for an award of costs on their behalf expended.

Respectfully submitted,

PAULINE OJELFO, LPN AND
GBENGA OGUNDIPE, LPN.

HAMILTON ALTMAN CANALE & DILLON, LLC


   /s/ Andrew J. Spence
Stephen L. Altman, Esquire              #954057
Andrew J. Spence, Esquire               #421341
10306 Eaton Place, Suite 200
Fairfax, Virginia 22030
(703) 591-9700-Phone
(703) 591-0023-Facsimile
*Counsel for Pauline Ojelfo, LPN and*
*Gbenga Ogundipe, LPN*

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true copy of the foregoing Answer To Complaint of Defendants Pauline Ojelfo, LPN and Gbenga Ogundipe, LPN was electronically filed with the Court this 12<u>th</u> day of December 2005 copies to:

Donald M. Temple, Esquire
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
*Counsel For Plaintiff*

Arthur B. Spitzer, Esquire
American Civil Liberties Union
1400 20th Street, NW
Suite 119
Washington, DC 20036

Edward J. Connor, Esquire
5210 Auth Road
Suite 304
Camp Springs, MD 20746

Elizabeth Alexander, Esquire
National Prison Project of the ACLU Foundation
915 15th Street, NW
7th Floor
Washington, DC 20005

Catherine A. Hanrahan, Esquire
Alan J. Rumsey, Esquire
1341 G. Street, NW
Suite 500
Washington, DC 20005
*Counsel for Greater Southeast*
*Community Hospital Corporation*

Kevin L. Newsome, Esquire
Rebecca E. Kuehn, Esquire
LeClair Ryan, A Professional Corporation
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
*Counsel for Corrections Corporation of America*

Daniel P. Struck, Esquire
Jones, Skelton & Hochulli, PLC
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone:  (602) 263-7323
Facsimile:  (602) 200-7811
*Counsel for Defendant, Corrections of America*

Robert J. Spagnoletti, Attorney General
Shana L. Frost, Assistant Attorney General
George C. Valentine, Deputy Attorney General
Nicole L. Lynch, Chief, Section II
441 4th Street, NW, 6th Floor South
Washington, DC 20001
Phone:  202-724-6534
Fax:  202-727-3625
*Counsel for District of Columbia and Odie Washington*

D'Ana E. Johnson, Esquire
Juan M. Anderson, Esquire
1250 Eye Street, NW
Suite 600
Washington, DC 20005
*Counsel for Rotmi A. Illuyomade, MD*

Joseph Bastien, M.D.
1923 Vermont Avenue, NW
Washington, DC 20001

Officer Singley
1923 Vermont Avenue, NW
Washington, DC 20001

William S. Vaughn, M.D.
1310 Southern Avenue, SE
Washington, DC 20031

                                                /s/Andrew J. Spence
                                                 Andrew J. Spence