IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, Individually and as Personal Representative of the Estate of JONATHAN MAGBIE, Deceased | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:05CV01853 (RWR) ) |
| JOSEPH BASTIEN, M.D.<br>1717 K Street, N.W. #600<br>Washington, DC 20036 | ) ) ) ) ) ) |
| Defendants, et al. | ) |

**ANSWER TO COMPLAINT OF DEFENDANT JOSEPH BASTIEN, M.D.**

The Defendant, Joseph Bastien, M.D., through his attorneys, Hamilton Altman Canale & Dillon, LLC, respectfully serve the following the Answer To Complaint:

**FIRST DEFENSE**

The Complaint fails to state a cause of action against these Defendants and should, therefore, be dismissed.

**SECOND DEFENSE**

Responding to the allegations specifically this Defendant states as follows:

**PRELIMINARY STATEMENT**

This Defendant admits that this is a civil action related to the death of Jonathan Magbie. This Defendant admits that Mr. Magbie was a 27 year old in September 2004; however, he is without sufficient information to form a belief as to the truth of the allegation that he had never been previously convicted of criminal offense and therefore denies same while demanding

strict proof thereof.  This Defendant understands that Mr. Magbie received a sentence for a criminal offense, but he is without sufficient information based upon the investigation which has been conducted through this time to admit or deny that it was a ten (10) day sentence for the possession of a marijuana cigarette and therefore denies that specific allegation while demanding strict proof thereof.  This Defendant does not have enough information to admit or deny the allegation concerning the nature of Mr. Magbie's injury and his need for a ventilator and therefore denies same while demanding strict proof thereof.  It is admitted that he was sent to the Central Detention Facility of the District of Columbia on September 20, 2004.  This Defendant does not have sufficient information at this time to admit or deny the allegation concerning Mr. Magbie's transfer between the various facilities over a four day period referred to in the Preliminary Statement and therefore denies same. This Defendant denies the sentence reading "over an agonizing four-day period the staff at all three locations failed to provide him with necessary medical care and the services he needed because of his disabilities."  He also denies the sentence reading "these failures included a failure to provide him with a ventilator that he needed to assist with his breathing, a failure to address his pneumonia, and a failure to provide him with enough food and water."  Furthermore, this Defendant denies the assertion that on September 24, 2004, Jonathan Magbie died as a result of these and other failures."  While this Defendant admits that Mary R. Scott, who on information and belief is Jonathan Magbie's mother, is seeking monetary damages in this lawsuit, he denies liability for those monetary damages and he denies the failures referred to.

## JURISDICTION

1.	This Defendant is currently without sufficient information based upon the investigation conducted through this date to admit that this court has subject matter jurisdiction

over this civil action, and therefore, the allegations contained in Paragraph 1 are denied at this time.

## VENUE

2. Although this Defendants admits that the events or alleged omissions which give rise to the Plaintiff's claim occurred within the District of Columbia, he can neither admit nor deny at this time that venue is appropriate and therefore denies same.

## PARTIES

3. This Defendants is without sufficient information to either admit or deny the allegations contained in Paragraph 3 and therefore denies same with the qualification that this Defendant acknowledges that the Plaintiff has brought her lawsuit under the District of Columbia Survival Act and the District of Columbia Wrongful Death Act.

4. The allegations contained in Paragraph 4 of the Complaint are admitted.

5. This Defendants admits that Defendant Odie Washington was on information and belief the Director of the District of Columbia Department of Corrections at all times relevant to this Complaint. However, this Defendant is without sufficient information to either admit or deny the responsibilities of Defendant Washington and therefore denies the remainder of the allegations contained in Paragraph 5 based up the information currently available.

6. The allegations contained in Paragraph 6 are admitted.

7. The allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 are admitted.

9. The allegations contained in Paragraph 9 are admitted.

10. The allegations contained in Paragraph 10 are admitted.

11. This Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 11 and therefore those allegations are denied and strict proof demanded.

12. This Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 12 and therefore those allegations are denied and strict proof demanded.

13. This Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 13 and therefore those allegations are denied and strict proof demanded.

14. This Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 14 and therefore those allegations are denied and strict proof demanded.

15. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 15 and therefore denies same while demanding strict proof thereof.

16. This Defendants is without sufficient information to either admit or deny the allegations contained Paragraph 16 and therefore denies same while demanding strict proof thereof.

17. This Defendant denies that he was acting under the color of law of the District of Columbia and pursuant to their authority as officials or agents of the District of Columbia though he acknowledges that CCHPS had a contract with the District of Columbia. This Defendant neither admits nor denies the allegations contained in Paragraph 17 of the Complaint as they pertain to other Defendants.

18.     This Defendant acknowledges that all Defendants except the District of Columbia have been sued in their individual and official capacities without either admitting or denying their status in that regard.

## FACTS COMMON TO ALL CLAIMS

19.     This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 19 of the Complaint and therefore denies same while demanding strict proof thereof.

20.     This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies same while demanding strict proof thereof.

21.     This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies same while demanding strict proof thereof.

A.     **Magbie's First Confinement in the Jail**

22.     This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies same while demanding strict proof thereof.

23.     This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies same while demanding strict proof thereof.

24.     This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies same while demanding strict proof thereof.

### B.    The First Hospitalization

25.    This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies same while demanding strict proof thereof.

26.    This Defendants is without sufficient information to either admit or deny the allegations contained Paragraph 26 based upon the investigation which has been conducted through this date and therefore denies same while demanding strict proof. This Defendant denies any recollection of speaking with Defendant Vaughn though please refer to Defendant's response to paragraph 28 below.

27.    This Defendant is without sufficient information to either admit or deny the allegations contained Paragraph 27 based upon the investigation which has been conducted through this date and therefore denies same while demanding strict proof.

### C.    Confinement In The Infirmary at CTF

28.    This Defendant denies the allegations contained in Paragraph 28 as phrased with the qualification that he recalls having a conversation with an unknown caller from the hospital shortly after midnight on what is believed to have been September 21, 2004 during which he advised that the Central Detention Facility did not have the capacity to care for a patient with ventilatory or critical care needs, that the Jail did in general have a supply of oxygen and that it was recommended that the caller speak with Defendant Malekghasemi for further information about the availability of a higher level of care at the CTF.  This Defendant specifically denies the insinuation that he authorized or approved the discharge of Mr. Magbie from the hospital.

29. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 29 of the Complaint and therefore denies same while demanding strict proof thereof.

30. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 30 of the Complaint and therefore denies same while demanding strict proof thereof.

31. The allegations contained in Paragraph 31 are denied as phrased.

32. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies same while demanding strict proof thereof.

33. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 33 of the Complaint and therefore denies same while demanding strict proof thereof.

34. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 34 of the Complaint and therefore denies same while demanding strict proof thereof.

35. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 35 of the Complaint and therefore denies same while demanding strict proof thereof.

36. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 36 of the Complaint and therefore denies same while demanding strict proof thereof.

37. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 37 of the Complaint and therefore denies same while demanding strict proof thereof.

38. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 38 of the Complaint and therefore denies same while demanding strict proof thereof.

39. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 39 of the Complaint and therefore denies same while demanding strict proof thereof.

40. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 40 of the Complaint and therefore denies same while demanding strict proof thereof.

41. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 41 of the Complaint and therefore denies same while demanding strict proof thereof.

42. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 42 of the Complaint and therefore denies same while demanding strict proof thereof.

**D.     The Second Hospitalization**

43. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 43 of the Complaint and therefore denies same while demanding strict proof thereof.

44. This Defendant is without sufficient information to either admit or deny the allegations in Paragraph 44 of the Complaint and therefore denies same while demanding strict proof thereof.

45. The allegations contained in Paragraph 45 are denied.

### E. Jonathan Magbie's Disabilities

46. The allegations contained in Paragraph 46 are denied. This Defendant does not have sufficient information about the nature of Mr. Magbie's condition to either admit or deny that particular allegation and therefore denies same while demanding strict proof thereof.

47-50. This Defendant is without sufficient information based upon the investigation conducted thus far to either admit or deny the allegations contained in Paragraphs 47 through 50 of the Complaint and therefore denies same while demanding strict proof.

### F. Other

51. This Defendants denies, to the extent that the allegations contained in Paragraph 51 apply to him, having acted pursuant to a policy or custom of accepting custody of persons, who, because of disabilities and medical needs could not be safely confined at the jail or CTF. This Defendant states that he is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 51 and therefore denies same while demanding strict proof.

52. The allegations contained in Paragraph 52 are denied.

53. The allegations contained in Paragraph 53 are denied.

54. This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 54 based on the investigation which has been conducted to date and therefore denies same while demanding strict proof.

55.     This Defendant is without sufficient information to form a belief regarding the allegations contained in Paragraph 55 and therefore denies same while demanding strict proof.

56.     This Defendants is without sufficient information to either admit or deny the allegations contained in Paragraph 56 based upon the investigation conducted through this date and therefore denies same while demanding strict proof.

57.     This Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 57 based upon the investigation conducted through this date and therefore denies same while demanding strict proof.

58.     This Defendants is without sufficient information to either admit or deny the allegations contained in Paragraph 58 based upon the investigation conducted through this date and therefore denies same while demanding strict proof.

## CLAIMS FOR RELIEF

### COUNT ONE

### (42 U.S.C. §1983 Eighth Amendment)

59.     This Defendant repeats, realleges and incorporates by reference each and every response to Paragraphs 1-58 above and incorporates them as if fully set forth herein.

60.     The allegations contained in Paragraph 60 are denied.

61.     The allegations contained in Paragraph 61 are denied.

62.     The allegations contained in Paragraph 62 are denied.

### COUNT TWO

### (Americans With Disabilities Act)

63.     This Defendants repeats, realleges, and incorporates by reference their responses to Paragraphs 1-62 above and incorporates them by reference as if fully set forth herein.

64. The allegations contained in Paragraph 64 apply to other Defendants and therefore this Defendant need not either admit or deny same.

65. The allegations contained in Paragraph 65 apply to other Defendants and therefore this Defendant is not required to either admit or deny same.

## COUNT THREE

### (Medical Negligence)

66. This Defendant adopts and incorporates by reference each and every response to Paragraphs 1-65 above as if set forth fully herein.

67. The allegations contained in Paragraph 67 are denied as phrased.

68. The allegations contained in Paragraph 68 are denied as phrased by Plaintiff's counsel.

69. The allegations contained in Paragraph 69 are denied.

## COUNT FOUR

### (District of Columbia Human Rights Law)

70. This Defendant adopts and incorporates by reference their responses to the allegations contained in Paragraphs 1-69 above and incorporates them by reference as if fully set forth herein.

71. The allegations contained in Paragraph 71 apply to another Defendant and therefore this Defendant need not either admit or deny the allegations contained in Paragraph 71.

72. The allegations contained in Paragraph 72 apply to another Defendant and therefore this Defendant need not either admit or deny the allegations contained in Paragraph 72.

## FOURTH DEFENSE

The medical care furnished by these Defendants, including their agents and employees, complied with the applicable standard of care at all times.

## FIFTH DEFENSE

No act or omission on the part of these Defendants proximately caused any injury or death to the Plaintiff or her decedent.

## SIXTH DEFENSE

Defendant raises Qualified Immunity as an affirmative defense to Plaintiff's Complaint.

WHERFORE, have fully answered, this Defendant moves this Honorable Court to dismiss Plaintiff's Complaint and for an award of costs on their behalf expended.

Respectfully submitted,

JOSEPH BASTIEN, M.D.
By Counsel

HAMILTON ALTMAN CANALE & DILLON, LLC

  /s/ Andrew J. Spence
Stephen L. Altman, Esquire          #954057
Andrew J. Spence, Esquire           #421341
10306 Eaton Place, Suite 200
Fairfax, Virginia 22030
(703) 591-9700-Phone
(703) 591-0023-Facsimile
*Counsel for Joseph Bastien, M.D.*

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true copy of the foregoing Answer To Complaint of Joseph Bastien, M.D. was electronically filed with the Court this 21st day of December 2005 copies to:

Donald M. Temple, Esquire
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
*Counsel For Plaintiff*

Arthur B. Spitzer, Esquire
American Civil Liberties Union
1400 20th Street, NW
Suite 119
Washington, DC 20036

Edward J. Connor, Esquire
5210 Auth Road
Suite 304
Camp Springs, MD 20746

Elizabeth Alexander, Esquire
National Prison Project of the ACLU Foundation
915 15th Street, NW
7th Floor
Washington, DC 20005

Catherine A. Hanrahan, Esquire
Alan J. Rumsey, Esquire
1341 G. Street, NW
Suite 500
Washington, DC 20005
*Counsel for Greater Southeast*
*Community Hospital Corporation*

Kevin L. Newsome, Esquire
Rebecca E. Kuehn, Esquire
LeClair Ryan, A Professional Corporation
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
*Counsel for Corrections Corporation of America*

Daniel P. Struck, Esquire
Jones, Skelton & Hochulli, PLC
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone:  (602) 263-7323
Facsimile:  (602) 200-7811
*Counsel for Defendant, Corrections of America*

Robert J. Spagnoletti, Attorney General
Shana L. Frost, Assistant Attorney General
George C. Valentine, Deputy Attorney General
Nicole L. Lynch, Chief, Section II
441 4th Street, NW, 6th Floor South
Washington, DC 20001
Phone:  202-724-6534
Fax:  202-727-3625
*Counsel for District of Columbia and Odie Washington*

D'Ana E. Johnson, Esquire
Juan M. Anderson, Esquire
1250 Eye Street, NW
Suite 600
Washington, DC 20005
*Counsel for Rotmi A. Illuyomade, MD*
202-712-7000

Officer Singley
1923 Vermont Avenue, NW
Washington, DC 20001

William S. Vaughn, M.D.
1310 Southern Avenue, SE
Washington, DC 20031

                                                              /s/Andrew J. Spence
                                                                Andrew J. Spence