UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARY R. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-cv-1853 (RWR) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S MOTION FOR ADDITIONAL TIME WITHIN WHICH TO EFFECT
SERVICE ON DEFENDANT ODIE WASHINGTON**

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff moves for an additional 45 days within which to effect service on Defendant Odie Washington.  Because the Complaint was filed on September 20, 2005, service of the summons and Complaint on defendant Washington were due January 18, 2006. *See* Fed. R. Civ. P. 4(m).  On January 25, 2006, Plaintiff's counsel spoke with Steven J. Anderson, counsel for defendant Odie Washington, to obtain his consent to this motion.  Mr. Anderson consulted with his client, and subsequently informed Plaintiff's counsel that Mr. Washington does not consent to this request.  In accordance with LCvR 7(m), Plaintiff's counsel hereby certifies that the required discussion occurred, and that this motion is opposed.

The grounds for this motion are set forth in the attached memorandum of points and authorities.

Respectfully submitted,

_____
*s/ Donald M. Temple*
Donald M. Temple, D.C. Bar No. 408749

1

Temple Law Office
1229 15th Street, NW
Washington, DC 20005
202-628-1101

Edward J. Connor, D.C. Bar No. 321505
5210 Auth Road, Suite 304
Camp Springs, MD 20746
301-899-7801

Elizabeth Alexander, D.C. Bar No. 412904
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005
202-393-4930

Arthur B. Spitzer, D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
202-457-0800

Counsel for Plaintiff

February 2, 2006

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MARY R. SCOTT,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )       No. 05-cv-1853 (RWR)
                                        )
DISTRICT OF COLUMBIA, *et al.*,         )
                                        )
            Defendants.                 )
_____    )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR ADDITIONAL TIME WITHIN WHICH TO EFFECT
SERVICE ON DEFENDANT ODIE WASHINGTON**

**I.  INTRODUCTION**

On September 20, 2005, Plaintiff filed her Complaint.  On that date, Plaintiff also

obtained a Summons for Defendant Odie Washington, who is alleged to have been the Director

of the District of Columbia Department of Corrections at all times relevant to the Complaint.

Complaint, Sept. 20, 2005, ¶ 5.  The Summons and Complaint were delivered to the General

Counsel's Office for the D.C. Department of Corrections on October 21, 2005.  *See* Return of

Service for Odie Washington, Oct. 21, 2005, Exh. 1.[1]  One month later, counsel for Mr.

Washington moved for an extension of time of indeterminate length to respond to the Complaint,

without challenging service.  [R. Doc. 11].  On December 1, the Court denied all but part of the

_____

[1] Mr. Washington's counsel erroneously asserts that the Summons and Complaint were
delivered to the General Counsel's Office in "November 2005," but the Declaration of Server
demonstrates that the delivery took place on October 21, 2005.  *Compare* Def. Odie
Washington's Resp. to the Court's Dec. 1, 2005, Order, Dec. 20, 2005 [R. Doc. 17] at 1, *with*
Return of Service for Odie Washington.

motion for an extension, and ordered Mr. Washington to respond to the Complaint by December 20.

Rather than file a response to the Complaint on December 20, Mr. Washington filed a response to the Court's December 1 order. In that response, Mr. Washington's counsel asserts that he first learned that Mr. Washington had left his employment with the District in "early December." *Id*. at 1. The response also states that Mr. Washington's counsel notified Plaintiff's counsel "of the fact that the Office of the General Counsel at the D.C. Department of Corrections erroneously purposed to accept service for Mr. Washington." *Id*. at 2.[2] Upon learning that Mr. Washington intended to contest the effectiveness of service, Plaintiff's counsel sought to learn Mr. Washington's current address, both by conducting an independent investigation using Internet sources, and by requesting it from Mr. Washington's counsel. On January 8, 2006—ten days before the expiration of the 120-day period established in Fed. R. Civ. P. 4(m)—Mr. Washington's attorney supplied Plaintiff's counsel with his client's current business address in the State of Utah. Plaintiff's counsel submitted to the Clerk of the Court a request for a new Summons for Mr. Washington on January 25, 2006, and a new Summons was issued on January

_____

[2] Notwithstanding the fact that the Court ordered Mr. Washington to respond to the Complaint on December 20, Mr. Washington failed properly to file a response recognized by Fed. R. Civ. P. 7. Mr. Washington's "response" is neither an Answer, nor a motion. The "response" asserts that because Mr. Washington "has not been served . . . no response is due from him." [R. Doc. 17] at 2. Mr. Washington may be relying on the Court's Rule 4(m) authority to dismiss an action without prejudice once notice has been provided to the plaintiff, but that reliance is misplaced. It is well-settled that a defense that service of process is insufficient or ineffective is waived when the defendant fails to assert the defense either in a timely Answer or a pre-Answer motion. *See, e.g.*, *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 194-95 (3d Cir. 1998) (collecting cases). By failing to respond to the Complaint, either through an Answer or a motion, Mr. Washington should be deemed to have waived this defense, and may, in fact, be in default. *See* Fed. R. Civ. P. 55(a).

27.  Plaintiff's counsel has also identified a process server in the State of Utah who will

personally serve Mr. Washington.  Plaintiff now seeks a brief extension of 45 days to effect

service on Mr. Washington.

**II.  RULE 4(m) REQUIRES THAT THE TIME FOR SERVICE BE EXTENDED IF THE PLAINTIFF SHOWS GOOD CAUSE FOR FAILING TO EFFECT SERVICE WITHIN THE 120-DAY TIME PERIOD.**

The plain language of Fed. R. Civ. P. 4(m) requires a court to extend the time for service

if good cause is shown for the plaintiff's failure to effect service within the 120 days specified in

Rule 4(m).  *See Gipson v. Wells Fargo Corp.*, 382 F. Supp. 2d 116, 122 (D.D.C. 2005).  The rule

states, in relevant part:

> If service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint, the
> court, upon motion or on its own initiative after notice to the
> plaintiff, shall dismiss the action without prejudice as to that
> defendant or direct that service be effected within a specified time;
> *provided that if the plaintiff shows good cause for the failure, the
> court shall extend the time for service for an appropriate period*.

Fed. R. Civ. P. 4(m) (emphasis added).

Courts have found good cause under many circumstances, such as where "the plaintiff has

acted diligently in trying to effect service or there are understandable mitigating circumstances . .

. ."  Wright & Miller, Federal Practice & Procedure: Civil 3d § 1137.  Courts also consider

whether the defendant will be prejudiced by the lack of timely service, and whether the plaintiff

has moved for an enlargement of time to effect service.  *See*, *e.g.*, *MCI Telecommunications

Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).[3]  "Good cause" under Rule 4(m)

---

[3] This last factor is most relevant in the context of a motion to dismiss for ineffective or insufficient service, where the plaintiff may argue in response that she sought additional time to effect service.  *See*, *e.g.*, *U.S. v. Nutall*, 122 F.R.D. 163, 167 (D. Del. 1988).  In the present situation, where Plaintiff is moving for additional time to effect service, the Court may simply

may be equated with the standard for "excusable neglect" in Rule 6(b)(2), which applies where, as here, the motion for an enlargement of time is being made after the expiration of the specified time. *See*, *e.g.*, *id*.; *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).

In *Moore v. Agency for Intern. Development*, 994 F.2d 874 (D.C. Cir. 1993), the Court of Appeals for the District of Columbia Circuit found good cause where the plaintiff had attempted to serve defendants who had notice of the suit and had appeared through counsel to request additional time to respond to the suit. *Id*. at 877. The Court additionally noted that defense counsel had delayed responding to the Complaint by seeking extensions of time from the court, which led the plaintiff to "no doubt believe[] the defendants had been properly served." *Id*. By the time the defendants moved to dismiss the action, 118 days had passed since the complaint had been filed, and the plaintiff had only two remaining days to effect service absent additional time from the court.

In this case, Plaintiff acted diligently both in obtaining a Summons from the Clerk of the Court on the day the Complaint was filed, and in delivering the Summons and Complaint to the General's Counsel's Office for the D.C. Department of Corrections. As Mr. Washington's counsel notes in his December 20 filing with the Court, the Summons and Complaint were *accepted* by that office. Mr. Washington's own attorney did not know he had left his employment with the Department of Corrections until "early December", long after the Complaint was filed in this action, and the Summons and Complaint were delivered to, and accepted by, the General Counsel's Office. Like the plaintiff in *Moore*, Plaintiff's belief that

_____

view this motion as additional evidence of her continuing efforts to act diligently.

service had been perfected was further cemented when Mr. Washington's counsel moved for additional time to respond to the Complaint, and did not raise the issue of service.

Upon learning that Mr. Washington was contesting service, Plaintiff's counsel approached his attorney to obtain a current location for Mr. Washington, and conducted their own investigation of Mr. Washington's whereabouts. Mr. Washington's current business address was disclosed to Plaintiff's counsel on January 8, 2006, a mere ten days before service had to be effected pursuant to Rule 4(m). On January 25, Plaintiff's counsel contacted Mr. Washington's attorney to obtain his consent to an extension of time to effect service, and simultaneously requested a new Summons from the Clerk of the Court. The Clerk issued a new Summons for Mr. Washington on January 27, and Plaintiff has identified a professional process server in Utah to perfect service on Mr. Washington.

Plaintiff has acted diligently throughout the 120-day period, and is currently in the process of perfecting service on Mr. Washington. Plaintiff's delay was the result of a reasonable belief that Mr. Washington had been properly served—or at least did not intend to contest service—followed by a reasonable delay in obtaining a current address for Mr. Washington. Mr. Washington is represented by counsel in this action, and has had actual notice of this action since, at latest, December 2005 when he spoke with his attorney about the case. [R. Doc. 17] at 1-2. The Court should therefore extend the time for service for an appropriate period, pursuant to Rule 4(m).

## III.  EVEN WITHOUT A SHOWING OF GOOD CAUSE, RULE 4(m) GRANTS DISTRICT COURTS DISCRETION TO EXTEND THE TIME FOR SERVICE.

Although Rule 4(m) *requires* a court to extend the time for service where good cause is

shown, the Rule also grants courts discretion"to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. U.S.*, 517 U.S. 654, 662-63 (1996) (quoting Fed. R. Civ. P. 4 advisory committee's note). *See also Gipson*, 382 F. Supp. 2d at 122 (same). In *Thompson v. Jasas Corp.*, 212 F. Supp. 2d 21 (D.D.C. 2002), this Court recognized its authority, pursuant to Rule 4(m), "to direct that proper service be accomplished within a specified time" even in the absence of good cause. *Id*. at 29. In the District of Columbia, it may be an abuse of discretion for a court to dismiss a complaint where "a reasonable prospect that proper service can be obtained exists." *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 18 (D.D.C. 2002) (citing *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983)).

Outside of this Circuit, courts consider various factors in determining whether to extend the time for service in the absence of good cause. In *Coleman v. Milwaukee Bd. of School Directors*, Judge Posner of the United States Court of Appeals for the Seventh Circuit considered (1) whether the defendant can demonstrate "actual harm to its ability to defend the suit as a consequence of the delay in service . . . ."; (2) whether the defendant "received actual notice of the suit within a short time after the attempted service"; and (3) whether "dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit . . . ." *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002). Other courts employ a "harmless error" analysis under Fed. R. Civ. P. 61 to determine whether deficiencies in the method of service are to be ignored. *See*, *e.g.*, *Richardson v. Downing*, 209 F.R.D. 283, 284 (D. Mass. 2002) ("Deficiencies in the method of service are harmless error under Fed. R. Civ. P. 61 when the party asserting deficient service had actual knowledge of the action and no prejudice results from the deficiency.") (citations omitted).

In this case, Mr. Washington has not asserted that he will be prejudiced by accepting

service beyond the 120-day period.  Given that Mr. Washington has appeared in this action, and

has been represented since, at latest, November 22, 2005, when he moved for additional time to

respond to the Complaint, any claim of prejudice would be implausible.

Mr. Washington's participation in this action to date also demonstrates that he has

received actual notice of the lawsuit.  Indeed, his December 20 response to the Court evidences

the fact that he has notified his attorney that he has not been personally served, that he did not

authorize the General Counsel's Office to accept service on his behalf, and that he is unwilling to

waive service. [R. Doc. 17] at 1-2.

Finally, courts treat the running of the statute of limitations as a factor favoring the

plaintiff.  *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) (collecting cases); *U.S. v. 2,164*

*Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th

Cir. 2004) (citing *Boley*).  The basis for this approach is that a dismissal without prejudice that

has the effect of extinguishing potentially meritorious claims prevents those claims from being

heard on their merits.  *See AIG Managed Market Neutral Fund v. Askin Capital*, 197 F.R.D. 104,

109-110 (S.D.N.Y. 2000).  In this case, dismissing Plaintiff's claims against Mr. Washington

without prejudice would actually have the result of dismissing Plaintiff's wrongful death claim

against Mr. Washington with prejudice, because the D.C. statute of limitations for a wrongful

death action is one year from the date of death.  *See* D.C. Code § 16-2702; *Nelson v. American*

*Nat. Red Cross*, 26 F.3d 193, 198-99 (D.C. Cir. 1994).  "Because Plaintiff['s] suit will be

time-barred if refiled, an extension of time to effect service of process is clearly contemplated by

Rule 4(m)."  *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).  And

here, as in *Slenzka*, "[t]wo additional reasons justify a modest extension of time for Plaintiffs to perfect service. First, Defendant cannot claim unfair surprise at the prospect of defending this suit as [he] had notice of the lawsuit prior to the expiration of the 120-day period for service. . . . Second, granting Plaintiff an extension of time to re-serve the summons and complaint here would be in keeping with the overall policy in this Circuit of resolving disputes on their merits, rather than disposing of them on procedural or technical grounds." *Id*. (internal quotations omitted).

## IV.  CONCLUSION

Plaintiff's attorneys are in the process of perfecting service, and have already obtained voluntarily from Mr. Washington his business address precisely for the purpose of serving him with the Summons and Complaint. There is no danger that granting additional time will be fruitless and lead only to delay. Plaintiff has no interest in delaying this action, and has been acting promptly at each stage of the proceeding.

For the aforementioned reasons, Plaintiff's motion for additional time to effect service should be granted.

A proposed order is filed herewith.

Respectfully submitted,

        *s/ Donald M. Temple*
Donald M. Temple, D.C. Bar No. 408749
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
202-628-1101

Edward J. Connor, D.C. Bar No. 321505
5210 Auth Road, Suite 304
Camp Springs, MD 20746
301-899-7801

Elizabeth Alexander, D.C. Bar No. 412904
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005
202-393-4930

Arthur B. Spitzer, D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
202-457-0800

Counsel for Plaintiff

February 2, 2006

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MARY R. SCOTT,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        No. 05-cv-1853 (RWR)
                                        )
DISTRICT OF COLUMBIA, *et al.*,         )
                                        )
                Defendants.             )
_____)

**ORDER**

Upon consideration of the Plaintiff's motion for additional time within which to effect

service on Defendant Odie Washington, and any response thereto, it is hereby

ORDERED that the motion is GRANTED; and it is further

ORDERED that Plaintiff shall cause Defendant Odie Washington to be served no later

than March 20, 2006.


Dated: _____, 2006


                                        _____
                                        Richard W. Roberts
                                        United States District Judge

Copies to:
Donald M. Temple, Esq.
1229 15th Street, NW
Washington, DC 20005

Edward J. Connor, Esq.
5210 Auth Road, Suite 304

1

Camp Springs, MD 20746

Elizabeth Alexander
915 15th Street, NW, 7th Floor
Washington, DC 20005

Arthur B. Spitzer
1400 20th Street, NW, Suite 119
Washington, DC 20036

Robert J. Spagnoletti, AG
George C. Valentine, DAG
Holly M. Johnson
Steven J. Anderson, AAG
441 4th Street, NW, Suite 6S61
Washington, DC 20001