IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARY R. SCOTT, Individually an as Personal Representative of the Estate of JONATHAN MAGBIE, Deceased, | ) ) ) ) |  |
| Plaintiff | ) ) | Civil Action 1:05-cv-01853-RWR |
| v. | ) ) |  |
| DISTRICT OF COLUMBIA *et al.*, | ) ) |  |
| Defendants. | ) ) ) |  |

## MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT OF DEFENDANT PATRICIA SINGLEY

COMES NOW Defendant Patricia Singley ("Officer Singley"), by counsel, and for her Motion to Quash Service of Summons and Complaint states as follows:

1.      Plaintiff Mary R. Scott filed the Complaint in this action on September 20, 2005.

2.      On January 19, 2006, 121 days after the Complaint was filed, this Court issued an order for the plaintiff to show cause why the action should not be dismissed as to Officer Singley due to Plaintiff's failure to obtain service on Officer Singley within the 120-day period prescribed by Federal Rule of Civil Procedure 4(m).

3.      On January 23, 2006, a return of service affidavit ("Return") was filed with this Court by a certain M.M. Shapiro, process server.  (A copy of the Return is attached hereto as Exhibit 1).  In the Return, Shapiro asserts that he delivered the Summons and Complaint to Officer Singley's home on October 27, 2005—nearly three months ago.  The Return further states that "Def. is bedridden & advised thru [sic] door & via phone to place papers in door."

4.      On January 23, 2006, Plaintiff filed a response to the show-cause order, asserting that the events recited in the Return constituted effective service.  She gives no explanation for the delay in the filing of the Return.

5.      This Court should quash the service of Summons and Complaint because the events recited in the Return did not occur.

6.      As made plain in the accompanying affidavit of Officer Singley (attached hereto as Exhibit 2), although Officer Singley recalls speaking to a process server by telephone toward the end of October, 2005, she did **not** instruct any process server—either through the door or via telephone—to leave the Summons and Complaint in her door.

7.      Furthermore, even if the events were as recited by Shapiro, they do not constitute "personal delivery" under either Federal Rule of Civil Procedure 4(e)(2) or District of Columbia Superior Court Rule 4(e)(2).

8.      The cases cited by Plaintiff are inapposite.  In Novak v. World Bank, 703 F.2d 1305, 1310 n.14 (D.C. Cir. 1983), the court chastised the U.S. Marshall's Service for its failure even to attempt service of process on the World Bank (the World Bank claimed immunity).  It noted—in passing, in a footnote, and in *dicta*—that if a person refuses to accept service, service can be effected by leaving the papers "near the person."  Here, by contrast, there is no claim that the papers were left "near" Officer Singley.

9.      In Mobern Electric Corporation v. Walsh, the Court specifically noted that "the process server personally served the papers on [the defendant] by handing him the papers, and informing him of the nature of the documents."  197 F.R.D. 196, 198 (D.D.C. 2000).  The defendant, however, let the papers fall to his feet.  By contrast, there are no indications in the

present case that Shapiro ever handed Officer Singley the Complaint and Summons or that he apprised her of the nature of the documents.

10.     Furthermore, the court in <u>Mobern</u> found it significant that the process server was able to confirm the identity of the defendant:

> the process server confirmed that the person he was serving it on was Mr. Walsh in several ways: (a) he addressed the individual as Mr. Walsh, and did not receive a denial; (b) he observed the individual enter Mr. Walsh's residence; (c) he confirmed with a marina employee that Mr. Walsh matched the description of the individual served, and (d) the process server provided a description of the individual served, which Mr. Walsh was free to rebut by proving that, at the time of service, he was not around 43 years of age, did not weigh 190 pounds, and was not approximately 5'9".

<u>Id.</u> at 198.  Here, by contrast, there is nothing in the Return showing that Shapiro was able to—or even attempted to—ascertain the identity the of the person with whom he allegedly spoke.

11.     In essence, Plaintiff is urging this Court to adopt a rule of "posted" service—a mode of service recognized under neither the Federal Rules of Civil Procedure nor the District of Columbia Superior Court Rules.  <u>Cf.</u> D.C. Code § 16-1502 (permitting posted service in unlawful detainer actions, but requiring landlord to mail summons within three days thereafter); <u>Jones v. Hersh</u>, 845 A.2d 541 (D.C. 2004) (noting that in unlawful detainer actions, posted service is a "last resort" to be utilized only after "diligent and conscientious" efforts to effect personal delivery of summons have failed).  This Court should decline the invitation.

12.     Finally, there was no need to resort to the unconventional mode of service attempted by Plaintiff.  Under the District of Columbia Superior Court Rules, Plaintiff could have effected proper service simply by mailing the Summons and Complaint, via certified or registered mail, to Officer Singley.  She did not do so.

13.     Because Officer Singley was never served in the manner described in the Return, or in any other manner, and because—in any event—the Return is on its face insufficient to

establish that proper service ever was made, process has not been served within the 120 days prescribed by Federal Rule of Civil Procedure 4(m).

WHEREFORE, Defendant Patricia Singley respectfully requests that this Court quash Plaintiff's purported service of process and enter an order dismissing this matter without prejudice for failure to serve within the 120 days required by Federal Rule of Civil Procedure 4(m).

Respectfully submitted,

_____s/ Rebecca E. Kuehn_____

Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811

Kevin L. Newsome (D.C. Bar No. 439206)
Rebecca E. Kuehn (D.C. Bar No. 447481)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Filed Electronically this 2nd day of February, 2006.