UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT,<br><br>        Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 05-cv-1853 (RWR)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT PATRICIA SINGLEY'S
MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT**

**I. INTRODUCTION**

Plaintiff hereby respectfully opposes Defendant Patricia Singley's Motion to Quash Service of Summons and Complaint. On September 20, 2005, Plaintiff filed her Complaint. On that date, Plaintiff also obtained a Summons for Defendant Singley, who is alleged to have been a correctional officer in charge of custody at the Correctional Treatment Facility (the "CTF") infirmary at all times relevant to the Complaint. Complaint, Sept. 20, 2005, ¶ 13.

On October 27, 2005, process server M.M. Shapiro declared, under penalty of perjury, that he delivered the Summons and Complaint to Officer Singley's door at 3:00pm on October 27. *See* Return of Service for Officer Singley, Oct. 27, 2005, Exh. 1. Specifically, Mr. Shapiro wrote in the Return of Service: "Def. is bedridden & advised thru [sic] door & via phone to place papers in door." *Id.* On January 19, 2006, the Court issued an order to show cause why this action should not be dismissed as to Officer Singley because no proof of timely service had been filed. Plaintiff filed proof of timely service on January 23, and subsequently responded in writing

to the order to show cause on January 25, 2006. The Court discharged the order to show cause on January 30, 2006.

On February 2, 2006, Officer Singley moved to quash service of the summons and complaint. Officer Singley contends: (1) that she never instructed Mr. Shapiro–either through the door or via telephone–to leave the Summons and Complaint in her door, Mot. to Quash Service of Summons and Complaint of Def. Patricia Singley ("Mot. to Quash"), Feb. 2, 2006, ¶¶ 5-6; and (2) that even if she did, service was insufficient to constitute "personal delivery" under either Fed. R. Civ. P. 4(e)(2) or Dist. of Columbia Superior Court Rule 4(e)(2). *Id.* at ¶¶ 7-12.[1]

## II. OFFICER SINGLEY HAS FAILED TO DEFEAT THE PRESUMPTION OF VALIDITY GIVEN TO THE RETURN OF SERVICE.

Courts have held that "the return of service is strong evidence of the facts stated therein . . . ." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1130 (3d ed. 2002). *See also O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) ("A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" (quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955)). Because the return of service is presumptively valid, a defendant must do more than simply deny the facts stated in the return. *See, e.g., Republic Credit Corp. I v. Rance*, 172 F. Supp. 2d 1178, 1181 (S.D. Iowa 2001) ("Some courts have held that a defendant's counter affidavit concerning service, standing alone, is insufficient to rebut the prima facie effect of the process server's certified return of service) (citing *Greater St. Louis Const. Laborers Welfare*

---

[1] Officer Singley also states that Plaintiff failed to explain her delay in filing the Return of Service. Mot. to Quash, ¶ 4. Because "[f]ailure to make proof of service does not affect the validity of the service," Fed. R. Civ. P. 4(l), Plaintiff's lack of explanation is immaterial.

*Fund v. Little*, 182 F.R.D. 592, 595-96 (E.D. Mo. 1998)).

But this is precisely what Officer Singley does in her Motion to Quash. Officer Singley submits a brief affidavit admitting that she spoke with a process server over the telephone near the end of October, 2005. *See* Affidavit of Patricia Singley, Feb. 2, 2006, ¶ 3. Significantly, she does not deny that she was in her apartment on October 27, 2005 at 3:00pm. She does not deny that she was bedridden at that time. Nor does she deny that she received the summons and complaint that Mr. Shapiro left in her door on that date. All she says is that she "did *not* instruct any process server–either through the door or via telephone–to leave the Summons and Complaint in my door." *Id.* (emphasis in original). But Officer Singley's failure to deny any of the other facts in Mr. Shapiro's Return of Service tends to confirm that the events took place as he attested. Her bare denial regarding her "instruct[ions]" is insufficient to overcome the presumption that service was effected as affirmed by the process server.

Although it is unnecessary, Mr. Shapiro has supplemented the Return of Service with a more detailed declaration, again sworn under penalty of perjury. *See* Declaration of M.M. Shapiro ("Shapiro Dec."), Feb. 13, 2006, Exh. 2. Mr. Shapiro's declaration is consistent with the statement he provided in the Return of Service, and elaborates upon the efforts he undertook to serve Officer Singley. *See Greater St. Louis Const. Laborers Welfare Fund*, 182 F.R.D. at 596 (concluding that the defendants were properly served, and taking note of the affidavit provided by the process server to supplement the returns of service he had previously supplied). Because Officer Singley has not presented sufficient evidence to defeat the prima facie evidence of valid service, the Court should find that she was served as evidenced by the Return of Service.

### III. OFFICER SINGLEY WAS PROPERLY SERVED WHEN MR. SHAPIRO FOLLOWED HER INSTRUCTIONS TO LEAVE THE SUMMONS AND COMPLAINT IN HER DOOR.

Officer Singley does not contest the general rule that if a defendant "attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server to touch the party to be served . . . or, if a touching is impossible, simply to leave them in the defendant's physical proximity." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1096 (3d ed. 2002). *See also Novak v. World Bank*, 703 F.2d 1305, 1310 n.14 (D.C. Cir. 1983) (when a defendant refuses to accept service, service may be effected by leaving the papers at a location near the defendant). Rather, she argues first that the papers were not left "near" her, Mot. to Quash, ¶ 8, and second that she was never apprised of the nature of the documents, *id.* at ¶ 9.

Mr. Shapiro affirms in the Return of Service that Officer Singley is bedridden, and that she advised him through the door and by phone to place the summons and complaint in the door of her residence. Mr. Shapiro elaborates upon these events in his declaration, stating that an employee at CTF first informed him that Officer Singley was on extended sick leave. *See* Shapiro Dec. at ¶ 5. Mr. Shapiro then obtained a telephone number for Officer Singley, at which point he called her and confirmed that the person on the phone was the same correctional officer who was on sick leave from CTF (*i.e.*, that he was speaking with Officer Singley). *Id.* at ¶ 6. Mr. Shapiro informed Officer Singley that he had papers to serve on her related to the performance of her duties at CTF, and she informed him that he could come to her house, but that she would not be able to answer the door. *Id.* When Mr. Shapiro arrived at her apartment, he knocked on the door and could hear Officer Singley inside of the apartment. *Id.* at ¶ 7.

4

Because she was not close enough for them to speak, he telephoned her and advised her that he was outside of the apartment, and that he was there to serve her with the papers he had previously described to her. *Id.* at ¶¶ 7-8. She instructed him to leave the papers in the door, because she was unable to answer the door, and Mr. Shapiro complied with those instructions. *Id.* at ¶ 8.

In light of the fact that Officer Singley was bedridden and could not come to the door, and that she instructed Mr. Shapiro to leave the papers in the door, it is clear that the summons and complaint were left near enough to the Defendant for service to be effective. In *Errion v. Connell*, service was effective where the sheriff pitched the papers through a hole in the defendant's screen door, after speaking with her and notifying *her brother* that he was serving her with papers. *Errion v. Connell*, 236 F.2d 447, 457 (9th Cir. 1956). Service in this District has even been found effective where the process server left the summons and complaint inside of the defendant's screen door after several failed attempts to contact the defendant. *See Williams v. Harris*, Civ. A. No. 88-0586-OG, 1988 WL 78849, *1 (D.D.C. July 21, 1988).

## IV. IF THE COURT FINDS THAT SERVICE WAS INEFFECTIVE, THE COURT SHOULD GRANT PLAINTIFF ADDITIONAL TIME TO EFFECT SERVICE ON OFFICER SINGLEY.

The Court should find that Officer Singley was properly served, and should therefore deny her Motion to Quash. However, if the Court concludes that service was not effective, the Court should grant Plaintiff additional time to effect service on Officer Singley.

### A. Rule 4(m) Requires that the Time for Service be Extended if the Plaintiff Shows Good Cause for Failing to Effect Service within the 120-Day Time Period.

The plain language of Fed. R. Civ. P. 4(m) requires a court to extend the time for service if good cause is shown for the plaintiff's failure to effect service within the 120 days specified in

Rule 4(m). *See Gipson v. Wells Fargo Corp.*, 382 F. Supp. 2d 116, 122 (D.D.C. 2005). The rule states, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; *provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added).

Courts have found good cause under many circumstances, such as where "the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances . . . ." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002). Courts also consider whether the defendant will be prejudiced by the lack of timely service. *See, e.g., MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

In this case, Plaintiff acted diligently both in obtaining a Summons from the Clerk of the Court on the day the Complaint was filed, and in personally delivering the Summons and Complaint to Defendant Singley's residence. Mr. Shapiro first attempted to effect service on Officer Singley at her place of employment, but was turned away when he learned that she was on extended sick leave and was not expected to return. *See* Shapiro Dec. at ¶ 5. Mr. Shapiro then contacted Officer Singley by telephone, and went to her apartment to personally serve her as instructed. *Id.* at ¶¶ 6-7. When he arrived at her apartment, Mr. Shapiro knocked on Officer Singley's door, and he only left the papers wedged between the door knob and the door frame when Officer Singley told him to do just that. *Id.* at ¶¶ 7-8. Plaintiff has acted on the good faith

belief that service was effective. Officer Singley is represented by counsel in this action, and has never denied having actual knowledge of the nature of this suit. In fact, Officer Singley never even denies having received the Summons and Complaint; she simply denies having instructed Mr. Shapiro to leave the Summons and Complaint in her door.

B. Even Without a Showing of Good Cause, Rule 4(m) Grants District Courts Discretion to Extend the Time for Service.

Although Rule 4(m) *requires* a court to extend the time for service where good cause is shown, the Rule also grants courts discretion"to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. U.S.*, 517 U.S. 654, 662-63 (1996) (quoting Fed. R. Civ. P. 4 advisory committee's note). *See also Gipson*, 382 F. Supp. 2d at 122 (same). In *Thompson v. Jasas Corp.*, 212 F. Supp. 2d 21 (D.D.C. 2002), this Court recognized its authority, pursuant to Rule 4(m), "to direct that proper service be accomplished within a specified time" even in the absence of good cause. *Id.* at 29. In the District of Columbia, it may be an abuse of discretion for a court to dismiss a complaint where "a reasonable prospect that proper service can be obtained exists." *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 18 (D.D.C. 2002) (citing *Novak*, 703 F.2d at 1310).

Outside of this Circuit, courts consider various factors in determining whether to extend the time for service in the absence of good cause. In *Coleman v. Milwaukee Bd. of School Directors*, Judge Posner of the United States Court of Appeals for the Seventh Circuit considered (1) whether the defendant can demonstrate "actual harm to its ability to defend the suit as a consequence of the delay in service . . . ."; (2) whether the defendant "received actual notice of the suit within a short time after the attempted service"; and (3) whether "dismissal without

7

prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit . . . ." *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002). Other courts employ a "harmless error" analysis under Fed. R. Civ. P. 61 to determine whether deficiencies in the method of service are to be ignored. *See, e.g., Richardson v. Downing*, 209 F.R.D. 283, 284 (D. Mass. 2002) ("Deficiencies in the method of service are harmless error under Fed. R. Civ. P. 61 when the party asserting deficient service had actual knowledge of the action and no prejudice results from the deficiency.") (citations omitted).

In this case, Officer Singley has not asserted that she will be prejudiced by accepting service beyond the 120-day period. She has also not denied having received actual notice of this action within the 120-day period, nor has she denied receiving the summons and complaint that were left in her door by Mr. Shapiro.

Additionally, courts treat the running of the statute of limitations as a factor favoring the plaintiff. *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) (collecting cases); *U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004) (citing *Boley*). The basis for this approach is that a dismissal without prejudice that has the effect of extinguishing potentially meritorious claims prevents those claims from being heard on their merits. *See AIG Managed Market Neutral Fund v. Askin Capital*, 197 F.R.D. 104, 109-110 (S.D.N.Y. 2000). In this case, dismissing Plaintiff's claims against Officer Singley without prejudice would actually have the result of dismissing Plaintiff's wrongful death claim against her with prejudice, because the D.C. statute of limitations for a wrongful death action is one year from the date of death. *See* D.C. Code § 16-2702; *Nelson v. American Nat. Red Cross*, 26 F.3d 193, 198-99 (D.C. Cir. 1994). "Because Plaintiff['s] suit will be time-barred if refiled,

an extension of time to effect service of process is clearly contemplated by Rule 4(m)." *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

## V. CONCLUSION

A process server's sworn statement attesting to service of process is strong evidence of the facts state therein. In order to defeat the presumption of validity created by the return of service, a defendant must do more than simply deny the process server's sworn statement of the facts. Officer Singley's affidavit, without more, is insufficient to sustain her Motion to Quash. Mr. Shapiro's Return of Service, along with the sworn Declaration offered to supplement his Return, demonstrate that he confirmed Officer Singley's identity, informed her that he intended to serve her with papers related her the performance of her duties as an officer at CTF, and left the papers in her door as she specifically instructed him to do. The Court should find that service was effective, and should deny Officer Singley's Motion to Quash. Even if the Court concludes that service was not effective, the Court should grant Plaintiff additional time to effect service on Officer Singley.

For the aforementioned reasons, the Court should deny the Motion to Quash Service of Summons and Complaint of Defendant Patricia Singley.

A proposed order is filed herewith.

Respectfully submitted,

*s/ Donald M. Temple*
Donald M. Temple, D.C. Bar No. 408749
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
202-628-1101

<div style="margin-left: 40%;">

Edward J. Connor, D.C. Bar No. 321505
5210 Auth Road, Suite 304
Camp Springs, MD 20746
301-899-7801

Elizabeth Alexander, D.C. Bar No. 412904
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005
202-393-4930

Arthur B. Spitzer, D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
202-457-0800

Counsel for Plaintiff

</div>

February 14, 2006