IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY SCOTT, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | Civil No.  05-CV-1853(RWR) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
|        Defendants. ) | |
| _____) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL TIME WITHIN WHICH TO EFFECT SERVICE ON DEFENDANT ODIE WASHINGTON**

Defendants District of Columbia and Odie Washington (the "District"), by and through undersigned counsel hereby responds to the Plaintiff's Motion for Additional Time to serve Odie Washington ("Motion"), as follows:

**I.  PLAINTIFF'S MOTION DOES NOT SHOW "GOOD CAUSE" FOR FAILING TO EFFECT SERVICE WITHIN THE 120-DAY TIME PERIOD.**

Plaintiff bears the burden of showing "good cause" for her failure to effect service within the 120-day period allowed by Fed.R.Civ.P. 4, to avoid dismissal of her complaint, by motion, or upon the court's own initiative. *Whitehead v. CBS/VIACOM, Inc. et al.*, 221 F.R.D. 1, 3 (D.C. 2004). In her motion, Plaintiff contends that there are circumstances in this case that are similar to others where courts have found "good cause" to grant an extension of time.  Yet, Plaintiff fails to cite to any case remotely related to the facts at hand and within the D.C. Circuit. Furthermore, Plaintiff's excessive editorializing of court precedent in the cases she does cite could mislead the Court.

In support of Plaintiff's contention that she has shown "good cause" for the extension of time to effect service, Plaintiff relies on *Moore v. Agency for Intern. Dev.*, 994 F. 2d 874 (D.C.

Cir. 1993). In that case, the court held that, "two attempts to serve the defendant, who had notice of the suits, and were represented by counsel … constitute good cause to satisfy Rule 4(j)." *Id*. at 877. *Moore* was a case involving a *pro se* plaintiff, unlike the instant matter where four lawyers have noted appearance on behalf of Plaintiff. The Court's ruling in *Moore* was in the context of a lengthy analysis regarding the leniency extended to *pro se* litigants generally, and in particular in the context of defective service. *Id*. at 876. *Moore* is not applicable here, because, as the Court explained "*Pro se* litigants are allowed more latitude than *litigants represented by counsel* to correct defects in service of process and pleadings." *Id*. (Emphasis Added). In *Moore*, the court applied the appropriate standard for non *pro se* litigants; not the standard that must be applied here. *Moore* can also be distinguished from the instant matter because there plaintiff demonstrated that he made *two* attempts to effect service within the 120 period allowed. Here, Plaintiff made only one attempt to serve Mr. Washington. Plaintiff here falls short of the mark even in comparison to Mr. Moore who was acting *pro se*.

In *Henderson v. U.S.*, 517 U.S. 654 (1996), the Supreme Court deals with the question of improper service under Fed. R. Civ. P. 4(m) in the context of an Admiralty case. The Court states that the underlying message of the Federal Rules, as supported by the Advisory Committee Notes on Fed. R. Civ. P. 4, 28 U.S.C App, supports the conclusion that, "complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow," but fails to provide clear indication as to whether "good cause" is a requirement. *Id*. In fact, the Court does state that Rule 4 must be looked at within its historical context, thereby addressing the Advisory Committee Notes, which in and of themselves are not dispositive authority, as a means to emphasize that, " the core function of service is to supply notice of the pendancy of legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the

complaint." *Id*. at 671.

The language of the holding in *Henderson* makes clear that Plaintiff has misinterpreted this Supreme Court decision. There are no cases in this jurisdiction where an extension has been granted under Rule 4(m) without a showing of "good cause." See *National Union Fire Insurance Company of Pittsburgh, P.A., v. Mona Sun, et al.*, No. 93 Civ.7170, 1994 U.S. Dist. LEXIS 11934, at *8 (S.D.N.Y. Aug. 25, 1994). Despite Plaintiff's contention that extensions for time may be granted by a court *even in the absence of a showing of "good cause"*; the court in *National Union* notes that the dominant view among courts [of Rule 4(m)] is that the 120-day time limit should be strictly enforced and that the waiver granted only in circumstances of a showing of "good cause" or "excusable neglect," despite the *Fed. R. Civ. P*. 4(m) Advisory Committee note. *Id*.

Plaintiff also relies on *Thompson v. Jasa Corp.*, 212 F. Supp 2d. 21 (D.D.C. 2002) arguing that "this Court recognized its authority, pursuant to Rule 4(m), to direct that proper service be accomplished within a specified time, *even in the absence of good cause*." Motion at 8. (Emphasis added, internal quotations omitted.). Unfortunately, the conclusion that the Court can direct proper service in the "absence of good cause" is not supported by *Thompson*. To the contrary, the *Thompson* Court acknowledges that extensions shall be granted only upon the showing of cause. *Thompson v. Jasa Corp.*, 212 F. Supp 2d. 21, 29 (D.D.C. 2002).

Plaintiff's reliance on *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 18 (D.D.C. 2002) on page 6 of the Motion is similarly misplaced and misleading. The court in *James* was dealing with a *pro se* plaintiff attempting service upon a corporation. *Id*. The court makes it clear that the statute distinguishes "corporations" from "individuals" and places different service burdens with respect to each. *Id*. Furthermore, Plaintiff's contention that "in the District of

3

Columbia, it may be an abuse of discretion for a court to dismiss [a case when it is reasonable for the process to be obtained]" is a far-fetched conclusion not supported by the actual language of the case. The *James* case involved *pro se* defendant who effected service *within* the 120-day period allowed by Rule 4 in a case involving improper service by the service agent.

Plaintiff's motion cites no other cases from the D.C. Circuit. The Plaintiff has failed to meet his burden of showing good cause for the delay in serving Defendant Washington.[1] As a non *pro se* litigant, Plaintiff had the expertise and resources available to experienced attorneys for serving summons on Defendant Washington, but failed to do. Regardless of how much time remained in the 120-day period allowed by Rule 4, which is not Defendant's concern; once the Office of the Attorney General was notified that Plaintiff had failed to find Defendant, it willingly provided the information requested regarding Defendant's current address, without delay.[2]

Contrary to Plaintiff's contention, other jurisdictions have taken the "good cause" requirement to mean, "exceptional circumstances where plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *National Union Fire Insurance Company of Pittsburgh, P.A., v. Mona Sun, et al.*, No. 93 Civ.7170, 1994 U.S. Dist. LEXIS 11934, at *8 (S.D.N.Y. Aug. 25, 1994). These include circumstances of "avoiding service with a "peregrinatory penchant,"[3] actions that "lulled plaintiff into believing that service had been accomplished,"[4] or intentional concealment of a defect in service.[5] The court in *National Union Fire Insurance* distinguishes these cases from those where, "an attorney's

---

1 Rule 4 changes made operative in 1983 completed a shift in responsibility for service from the Unites States Marshals to the plaintiff. *Henderson v. U.S.*, 517 U.S. 654, 662 (1996)
2 The information was provided the next day after receiving request.
3 *United States v. Ayer*, 857 F. 2d 881, 886 (1st Cir. 1988).
4 *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987).
5 *Tilman v. New York State Department of Mental Health*, 776 F.Supp. 841, 843 (S.D.N.Y. 1991).

4

ignorance, inadvertence or misplaced reliance promulgated the failure to serve process" and refused to find "good cause" for the service delay. [6] In the instant matter, it was Plaintiff's failure to properly service Mr. Washington by leaving a summons and complaint at the D.C. Department of Corrections. This mistake was compounded by Plaintiff's failure to timely file a proof of service. Plaintiff's missteps shifted the burden to defense counsel to investigate the merits of Plaintiff's claim to have served Mr. Washington. Plaintiff should not be heard to complain that defense counsel did not investigate this matter quickly enough, because it is Plaintiff's responsibility to make timely service of the summons and complaint, not Defendant's.

In the case at bar, Plaintiff has nothing more to offer than a misleading application of precedent and the basic reality that he simply waited too long to make the proper efforts required to obtain service of Defendant. Defendant vigorously opposes the granting of extended time to the Plaintiff.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        HOLLY JOHNSON
        Chief, General Litigation Section III

        STEVEN J. ANDERSON
        Assistant Attorney General
        Bar no. 334480

---

6 *See Klein v. Williams*, 144 F.R.D. 16, 19-20 (E.D.N.Y. 1992); *Delicata v. Bowen*, 116 F.R.D. 564, 566 (S.D.N.Y. 1987).

Suite 600S  
441 Fourth Street, N.W.  
Washington, D.C. 20001  
(202) 724-6607  
(202) 727-3625 (fax)  
E-mail:  Steve.anderson@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY SCOTT,               ) | |
|           Plaintiff,     ) | |
|                          ) | Civil No. 05-CV-1853(RWR) |
| v.                               ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
|           Defendants.  ) | |
| _____) | |

### ORDER

Upon consideration of Defendant District of Columbia's, the memorandum in support thereof, and the lack of opposition thereto, it is by the Court, this _____ day of _____ , 2006,

    ORDERED: that Plaintiff's motion be, and the same hereby is, DENIED.

_____
JUDGE ROBERTS
UNITED STATES DISTRICT FOR THE
DISTRICT OF COLUMBIA

Copies to:

**Steven J. Anderson, AAG**
441-4th Street, NW, 6th Floor South
Washington, D.C. 20001

**Donald M. Temple**
TEMPLE LAW OFFICE
1229 15th Street, NW
Washington, DC 20005

**Elizabeth Alexander**
NATIONAL PRISON PROJECT OF THE ACLU FOUNDATION
733 15th Street, NW
Washington, DC 20005-2112

**Edward J. Connor**
5210 Auth Road
Suite 304
Camp Springs, MD 20746-4341

**Arthur B. Spitzer**
AMERICAN CIVIL LIBERTIES UNION
1400 20th Street, NW
Suite 119
Washington, DC 20036

**Andrew J. Spence**
HAMILTON ALTMAN CANALE & DILLON, LLC
10306 Eaton Place
Suite 100
Fairfax, VA 22030

**Daniel P. Struck**
JONES, SKELTON & HOCHULI
2901 North Central Avenue
Suite 800
Phoenix, AZ 85012

**Rebecca Everett Kuehn**
LECLAIR RYAN
225 Reinekers Lane
Suite 700
Alexandria, VA 22314

**Catherine A. Hanrahan**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
1341 G Street, NW
Washington, DC 20005

**Alan Janoske Rumsey**
JORDAN COYNE & SAVITS, LLP
1100 Connecticut Avenue, NW
Suite 600
Washington, DC 20036

**D'Ana E. Johnson**
BONNER KIERNAN TREBACH & CROCIATA
1250 Eye Street, NW
Suite 600
Washington, DC 20005

Case 1:05-cv-01853-RWR   Document 38   Filed 02/15/2006   Page 9 of 9