IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, Individually an as<br>Personal Representative of the Estate of<br>JONATHAN MAGBIE, Deceased,<br><br>    Plaintiff<br><br>v.<br><br>DISTRICT OF COLUMBIA *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action 1:05-cv-01853-RWR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION
TO QUASH SERVICE OF SUMMONS AND COMPLAINT**

COMES NOW Defendant Patricia Singley ("Patricia Singley"), by counsel, and submits this Reply Memorandum in Support of Motion to Quash Service of Summons and Complaint.

PRELIMINARY STATEMENT

Presently before the Court is Patricia Singley's Motion to Quash Service of Summons and Complaint ("Motion to Quash"). Plaintiff has filed a brief in response, and filed an additional declaration of process server M.M. Shapiro ("Shapiro"). In her brief, Plaintiff argues that Patricia Singley's affidavit denying certain of the events alleged to have taken place on October 27, 2005 is somehow inadequate to rebut Shapiro's countering affidavit and declaration. Plaintiff's argument fails because process servers are entitled to no special deference in establishing the facts regarding service of process. Moreover, even if the Court accepts Shapiro's version of events, the described mode of telephonic/posted service is insufficient as a matter of law to establish "personal delivery" of the Summons and Complaint on Patricia Singley. Because there was no personal delivery—or any other kind of service—on Patricia Singley, this Court should grant the instant Motion to Quash.

ARGUMENT

I. THIS COURT NEED NOT DEFER TO THE AFFIDAVITS
OF SHAPIRO, A PRIVATE PROCESS SERVER.

Plaintiff first argues that Patricia Singley's affidavit somehow is not competent to rebut the assertions of Shapiro in his Return of Service.  She implies that it is the law of this District that the affidavits of process servers are afforded greater deference than the sworn statements of others with knowledge of the facts regarding the attempted service.[1]  As Judge Lamberth noted in <u>Mobern Electric Corp. v. Walsh</u>, 197 F.R.D. 196, 198 (D.D.C. 2000), however, "[c]ourts are divided on the issue of how much evidence is necessary to rebut the affidavit of a process server."  Although some jurisdictions have adopted the rule that Plaintiff proposes, others have not—treating the service affidavit as simply a rebuttable presumption.  <u>See, e.g.</u>, <u>Tse-Teng Lin v. Pennsylvania Mach. Works</u>, 1998 U.S. Dist. LEXIS 2767, at *6 (E.D. Pa. 1998) ("The process server's return, completed by someone other than a Deputy U.S. Marshal, establishes a rebuttable presumption that proper service was made.  However, it is only that—a rebuttable presumption.") (citing <u>FROF, Inc. v. Harris</u>, 695 F. Supp. 827, 829 (E.D. Pa. 1988)).  The <u>Mobern Electric Corp.</u> case did not resolve this split.  Thus, the only certain requirement in this District is that defendant provide "something more than nothing" to rebut the claims in the service affidavit, which Patricia Singley indisputably has done.  <u>Id.</u>

---

[1] This rule, followed in some districts, appears to be an artifact of the era when only US Marshals could serve process in federal cases.  The 1983 amendments to the Federal Rules of Civil Procedure changed this, permitting service of summonses and complaints by any nonparty adults.  <u>See</u> <u>Frof, Inc. v. Harris</u>, 695 F. Supp. 827, 828-29 (E.D. Pa. 1988) (discussing possible effect of 1983 amendments on deference to be accorded service affidavits).

2

### II. EVEN ACCEPTING SHAPIRO'S VERSION OF EVENTS AS TRUE, THERE WAS NO PROPER SERVICE ON PATRICIA SINGLEY.

This Court need not reconcile the conflict in authorities regarding the deference to be accorded affidavits of process servers, however, because **even assuming that events occurred exactly as Shapiro states, there was not proper service of process**.

As in her response to this Court's show cause Order, Plaintiff cites cases illustrating circumstances where courts have found adequate personal service on defendants who had made efforts to avoid being served. These cases are distinguishable on two grounds. First, there is no allegation in the present case that Patricia Singley was evading service of process. At most, Plaintiff alleges that Patricia Singley was bedridden, which prevented her from answering her door. Thus, the rule permitting service by placement of papers "in the defendant's physical proximity" where the defendant attempts to evade service simply does not apply. Absent a claim of evasion, there is no need to give private process servers a shortcut to proper service. In-hand delivery is required.

Second, and more to the point, all of the cases that Plaintiff cites are ones in which the process server actually **lays eyes on the defendant**—confirming that he is leaving the materials with the correct person—during the attempts to effect service. In Mobern Electric Corporation v. Walsh, 197 F.R.D. 196, 198 (D.D.C. 2000), for example, the court specifically noted the various ways in which the process server confirmed the identity of the person he served:

> the process server confirmed that the person he was serving it on was Mr. Walsh in several ways: (a) he addressed the individual as Mr. Walsh, and did not receive a denial; (b) he observed the individual enter Mr. Walsh's residence; (c) he confirmed with a marina employee that Mr. Walsh matched the description of the individual served, and (d) the process server provided a description of the individual served, which Mr. Walsh was free to rebut by proving that, at the time of service, he was not around 43 years of age, did not weigh 190 pounds, and was not approximately 5'9".

3

Id. at 198.  Likewise, in Errion v. Connell, 236 F.2d 447 (9th Cir. 1956), cited by Plaintiff in her response to the instant Motion to Quash, the process server saw the defendant, spoke with her, and then—when the defendant ducked behind the door—handed the papers to her brother (who was standing nearby) declaring that he thereby was making service on the defendant.  Id. at 457.  Finally, in Williams v. Harris, 1988 WL 78849 (D.D.C. July 21, 1988) (a copy of which is attached hereto), the process server—after leaving a copy of the summons and complaint in the screen door—stayed in the area to confirm that the defendant actually received the documents:

> A copy of the summons and complaint was left in the screen door after which the process server surveilled the house continuously until 9:15 a.m.  At that time, the process server observed a woman fitting defendant's description approach the house, grasp the summons and complaint, review them, and enter the house.  Inquiry at the house immediately after these events was futile.[2]

Id. at *1.  In all of these cases, in-person physical identification permitted the process server to confirm that the summons and complaint had been left with the defendant.

In the present case, by contrast, Shapiro does not claim that he has ever seen Patricia Singley.  He simply alleges that he confirmed her identity over the telephone.[3]  Defendant submits that this sort of identification-by-telephone is inadequate as a matter of law to effect proper service on a defendant, particularly where there is no allegation of prior attempts to evade service.  A positive physical identification would avoid precisely the kinds of "he said, she said" battle of the affidavits that the instant case presents.  It would ensure that the right person gets

---

[2] Again, this occurred only after several failed attempts by the plaintiff to effect service.

[3] Plaintiff makes much of the fact that Plaintiff does not deny receiving the summons and complaint.  It is settled law, however, that mere notice of a pending complaint does not obviate the need for the plaintiff to obtain proper service.  See, e.g., Ransom v. Brennan, 437 F.2d 513 (5th Cir. 1971) ("[W]henever a defendant comes into court to challenge the service of process he, of necessity, has received notice of the suit, but, clearly mere 'notice' is not a sufficient ground upon which a court can sustain the validity of service of process . . . .").

the right documents at the right time. And in-person delivery would impress upon the recipient the gravity of the event, giving them notice of the need to prepare a formal response.

The failure to deliver the summons and complaint to Patricia Singley's person is all the more egregious in the present case because alternate modes of service were so readily available. As noted in Defendant's Motion to Quash, Plaintiff could have effected proper service in this case simply by sending the Summons and Complaint to Patricia Singley via registered mail. Plaintiff's hybrid telephonic/posted service, by contrast, is an invitation to endless service disputes at the threshold of a case. This Court should refuse Plaintiff's invitation to adopt such a rule for this District.

### III.  IN THE EVENT THAT THIS COURT FINDS THAT THERE WAS ADEQUATE SERVICE, DEFENDANT REQUESTS ADDITIONAL TIME WITHIN WHICH TO ANSWER THE COMPLAINT.

Finally, in the event this Court deems Plaintiff's method of telephonic/posted service to constitute sufficient "personal delivery"—under either the Federal Rules or the District of Columbia Rules—Patricia Singley respectfully requests additional time to answer the Complaint. This is **not** a case where the defendant willfully refuses to answer a complaint. Patricia Singley had—and has—a good-faith belief that the service attempted by Shapiro was insufficient.[4] Furthermore, Plaintiff would not be prejudiced by allowing Patricia Singley to answer—this case is still in its early stages. Finally, Patricia Singley will assert a defense on the merits. Her answer will deny that she engaged in any of the alleged wrongdoing alleged and will deny that her conduct caused any of the alleged injuries. For all these reasons, it would be inappropriate to

---

[4] Defendant notes that it was not until this Court issued its show cause order on January 19, 2006, that the proof of service vis-à-vis Patricia Singley was filed. Thus, it was not until then that Patricia Singley was put on notice that Plaintiff considered service to have been properly effected. Plaintiff promptly thereafter filed the instant Motion to Quash.

refuse to allow Patricia Singley to interpose an answer and to defend this case on the merits.  See Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980) (holding that court, in evaluating motion for default judgment, should consider (1) whether defendant's lack of response was willful, (2) whether not entering a default would prejudice the plaintiff, and (3) whether the defendant will assert a defense on the merits) (cited by James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15, 18 (D.D.C. 2002)).

    WHEREFORE, Defendant Patricia Singley respectfully requests that this Court quash Plaintiff's purported service of process and enter an order dismissing this matter without prejudice for failure to serve within the 120 days required by Federal Rule of Civil Procedure 4(m).

Respectfully submitted,

_____/s/ Rebecca E. Kuehn_____

Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811

Kevin L. Newsome (D.C. Bar No. 439206)
Rebecca E. Kuehn (D.C. Bar No. 447481)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Filed Electronically this 22nd day of February, 2006.