Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1988 WL 78849 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
Gladys L. WILLIAMS, Plaintiffs,
v.
Koula T. HARRIS, Defendants.
**CIV. A. No. 88-0586-OG.**

July 21, 1988.

MEMORANDUM-ORDER

GASCH, District Judge.

**\*1** This wrongful death and survival action is brought by the personal representative of the estate of Terry Lynn Williams who died in a fire on January 26, 1986. Gladys Williams is also the guardian of the decedent's daughter, Denise Renee Williams. The action is brought on behalf of the estate and the daughter of the decedent. Plaintiffs claim that the owner of the building, the defendant Koula Harris, was negligent in failing to maintain properly the furnace and to install smoke detectors.

The action was originally filed nearly one year ago as *Williams v. Harris,* Civil Action No. 87-1648 (D.D.C.). After several attempts at serving the defendant, plaintiffs' action was dismissed pursuant to Federal Rule of Civil Procedure 4(j). On March 4, 1988, plaintiffs again filed their lawsuit. Since that time, they have repeatedly attempted to serve the defendant.

The affidavit of an authorized process server states that on four separate occasions between April 12, 1988 and June 25, 1988, the defendant's house was surveilled but that inquiries at the door to the house were not answered. A similar affidavit filed in the prior case indicates that repeated attempts at service were made in August and September 1987 but that personal service could not be effected. On June 26, 1988 at 8:30 a.m., the process server approached the defendant's house and discovered the screen door unsecured. A copy of the summons and complaint was left in the screen door after which the process server surveilled the house continuously until 9:15 a.m. At that time, the process server observed a woman fitting defendant's description approach the house, grasp the summons and complaint, review them, and enter the house. Inquiry at the house immediately after these events was futile.

Defendant now moves to quash this service because the summons and complaint were not personally delivered to her. She argues that rule 4(d) does not permit service by such indirect delivery as was accomplished on June 26. Plaintiff responds that in-hand service is not required by the rule and that the continuous surveillance of defendant's residence after the summons and complaint were left in the door is sufficient to satisfy the purpose of the rules of service.

Rule 4(d) states that service may be made upon an individual:

by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agency authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(d). The rule "is primarily concerned with effectuating notice." *F.T.C. v. Compagnie de Saint-Gobain-Pont-A-Mousson,* 636 F.2d 1300, 1312 n. 61 (D.C.Cir.1980); *see* 4A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1095, at 71 (2d ed. 1987) [hereinafter WRIGHT & MILLER]. Thus, the rule is construed liberally, and service may be deemed personal though the summons and complaint are not handed directly to the defendant. *See Novak v. World Bank,* 703 F.2d 1305, 1310 n. 14 (D.C.Cir.1983). Moreover, it appears obvious that the defendant purposely evaded service though fully aware that this lawsuit and its predecessor had been filed.

Therefore, upon consideration of defendant's Motion to Quash Service of Process, the opposition thereto, and the record herein, it is by the Court this 20th day of July, 1988

**\*2** ORDERED that defendant's Motion be, and hereby is, denied; and it is further

ORDERED that the costs incurred by plaintiff in effecting service shall be paid by defendant.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1988 WL 78849 (D.D.C.)  
**(Cite as: Not Reported in F.Supp.)**

D.D.C.,1988.  
Williams v. Harris  
Not Reported in F.Supp., 1988 WL 78849 (D.D.C.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.