UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-cv-1853 (RWR) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ADDITIONAL TIME WITHIN WHICH TO EFFECT SERVICE ON
DEFENDANT ODIE WASHINGTON**

**INTRODUCTION**

On February 2, 2006, Plaintiff moved for additional time within which to effect service on Defendant Odie Washington. [R. Doc. 32]. Mr. Washington, along with the District of Columbia, opposed that motion on February 15, 2006. [R. Doc. 38]. In Plaintiff's opening memorandum of points and authorities, Plaintiff demonstrated that an extension of time to effect service is in order. Plaintiff showed that if the Court finds "good cause" for Plaintiff's failure to timely serve Mr. Washington, Fed. R. Civ. P. 4(m) requires the Court to grant Plaintiff additional time to effect service.[1] Plaintiff also demonstrated that even in the absence of "good cause," Fed. R. Civ. P. 4(m) grants the Court authority to extend the time for service.

---

[1] At the time that Plaintiff moved for additional time, Plaintiff was in the process of re-serving Mr. Washington. On February 6, 2006, Mr. Washington was personally served with a copy of the Complaint and re-issued Summons. The return of that service has been filed. [R. Doc. 41].

1

In their opposition to Plaintiff's motion, Defendants argue (1) that Plaintiff has failed to demonstrate "good cause" for granting an extension, and (2) that no extension may be granted without a showing of "good cause." Neither argument has merit.

## I. PLAINTIFF HAS SHOWN "GOOD CAUSE" FOR HER FAILURE TO TIMELY SERVE MR. WASHINGTON.

Defendants do not dispute that if Plaintiff has shown "good cause" for her failure to timely serve Mr. Washington, the Court must grant her an extension of time to effect service. There is no one factor–or set of factors–that a court must find in order to conclude that "good cause" exists. Rather, courts weigh a variety of factors, such as whether "the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances . . . ." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002), whether the defendant will be prejudiced by the lack of timely service, *see, e.g.*, *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995), and whether the defendant is represented by counsel, has had actual notice of the suit, and has taken steps that would justifiably lead the plaintiff to believe that service had been proper, *see, e.g.*, *Moore v. Agency for Intern. Development*, 994 F.2d 874, 876-77 (D.C. Cir. 1993).

Naturally, there are countless other possible factors that can justify a finding of "good cause," and not all of them must be present for such a finding to be made. The cases cited by Defendants say nothing different. For instance, in *United States v. Ayer*, the United States Court of Appeals for the First Circuit found "good cause" *in part* because one of the defendants there acted with a "peregrinatory penchant." *United States v. Ayer*, 857 F.2d 881, 886 (1st Cir. 1988). However, this was only *one of four* enumerated factors cited by the court in support of its

2

decision. The court also cited the plaintiff's effort to effect service within the 120-day period, and the fact that the defendant was not prejudiced by the delay in service. *Id.* at 886. The *Ayer* court actually refused to enforce the 120-day rule "harshly and inflexibly," and stated its belief that Congress intended the rule "to be a useful tool for docket management, not an instrument of oppression." *Id.* at 885-86. In *Ditkof v. Owens-Illinois, Inc.*, the court found "good cause" because the defendant's decision to join a removal petition early in the action "understandably lulled plaintiff into believing that service had been accomplished." *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987). This is no different from the court's reasoning in *Moore*, which found that the defendants' requests for extensions of time led the plaintiff to "no doubt believe[] the defendants had been properly served." *Moore*, 994 F.2d at 877.[2]

*Moore* is instructive, because although it is true that the plaintiff there was appearing *pro se*, it is also true that the Court cited a variety of specific factors that justified its decision to find "good cause." *Id.* at 876-77. The court noted that the plaintiff there had twice attempted to serve the defendants, that the defendants had notice of the suit and were represented by counsel, and that the defendants' actions led the plaintiff to "no doubt believe[] the defendants had been properly served." *Id.* at 877. Similarly, Plaintiff here attempted to serve Mr. Washington in a

---

[2] *Tillman v. New York State Dept. of Mental Health*, 776 F. Supp. 841 (S.D.N.Y. 1991), cited by Defendants for the proposition that "good cause" might exist where the defendant intentionally conceals a defect in the service of process, is particularly unenlightening. Plaintiff does not quibble with that legal principle, although it certainly does not come from *Tillman*. Rather, in *Tillman* the plaintiff "conceded at Oral Argument that the only explanation for the untimely service is the inadvertence or mistake of plaintiff's former counsel. This explanation does not constitute a good cause justifying a failure to comply with Rule 4(j)." *Id.* at 844. Plaintiff here makes no such concession. Likewise, *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Sun*, No. 93 Civ. 7170 (LAP), 1994 WL 463009 (S.D.N.Y. Aug. 25, 1994), stands for the simple proposition that where the plaintiff "makes *no attempt* to establish 'good cause' or 'excusable neglect,'" the court will find no "good cause." *Id.* at *3 (emphasis added).

3

timely manner, and Mr. Washington admits that the General Counsel's Office for the D.C. Department of Corrections *accepted* service on his behalf. Def. Odie Washington's Resp. to the Ct.'s Dec. 1, 2005, Order, Dec. 20, 2005 [R. Doc. 17] at 2. Mr. Washington, like the defendants in *Moore*, is represented by counsel, and does not dispute that he had timely notice of this action. Mr. Washington has also not explained how he has been prejudiced by the lack of timely service. Lastly, his attorney moved for additional time to respond to the Complaint without raising the issue of service, further lulling Plaintiff into believing that service had been properly accomplished. By the time Plaintiff obtained a current address for Mr. Washington, on January 8, 2006, a mere ten days remained to effect service pursuant to Rule 4(m). *Cf. Moore*, 994 F.2d at 877 (noting that after obtaining extensions of time to respond to the complaint, the defendants moved to dismiss with only two days remaining for service to be perfected). The Court should therefore extend the time for service on Defendant Odie Washington for an appropriate period, pursuant to Rule 4(m).

## II. EVEN IF PLAINTIFF HAS NOT SHOWN "GOOD CAUSE," THE COURT SHOULD EXERCISE ITS DISCRETION TO EXTEND THE TIME FOR SERVICE.

A. The Court has Discretion to Grant Plaintiff Additional Time, Even Without a Showing of "Good Cause."

Defendants also appear to argue that Rule 4(m) authorizes courts to grant extensions only upon a showing of "good cause." Defendants base this argument on a misreading of two cases. First, Defendants cite this Court's opinion in *Thompson v. Jasas Corp.*, 212 F. Supp. 2d 21 (D.D.C. 2002) for the proposition that "extensions shall be granted only upon the showing of cause." Defs.' Opp. to Pl.'s Mot. for Additional Time within which to Effect Service on Def. Odie Washington, Feb. 15, 2006 [R. Doc. 38] at 3. Defendants fundamentally misunderstand

4

this Court's opinion in *Thompson*. The Court in *Thompson* explained that upon a showing of "good cause," Rule 4(m) provides that "the court *shall* extend the time for service for an appropriate period." *Thompson*, 212 F. Supp. 2d at 29 (citing Fed. R. Civ. P. 4(m)) (emphasis added). The Court went on to say: "Additionally, if the Court were to conclude that service were improper, the Court would have the option to direct that proper service be accomplished within a specified time." *Id.* The Court thus correctly acknowledged that where "good cause" is demonstrated, Rule 4(m) *commands* a court to extend the time for service, but that in any event, where service is improper, Rule 4(m) grants the Court "*the option* to direct that proper service be accomplished within a specified time." *Id.* (emphasis added).

Defendants also cite a twelve-year-old, unpublished opinion from the United States District Court from the Southern District of New York for the proposition that "the dominant view among courts is that the 120-day time limit should be strictly enforced and that waiver should be granted only where delay has resulted from good cause or excusable neglect." *National Union Fire Ins. Co. of Pittsburgh, Pa.*, 1994 WL 463009, at *4. Defendants fail to mention that the very next sentence of that court's opinion acknowledged that "courts are authorized to waive the time limit even where good cause has not been shown." *Id.* (citing Fed. R. Civ. P. 4 advisory committee's note). Moreover, that court's assessment of the "dominant view among courts" included no references whatsoever to cases post-dating the 1993 amendments to the Federal Rules of Civil Procedure, *see id.* at *3-4; "in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (quoting Fed. R.

Civ. P. 4 advisory committee's note).[3]

Indeed, it is not an extraordinary proposition to state that Rule 4(m) grants courts discretion to extend the 120-day period, even in the absence of "good cause." In addition to the Supreme Court's statements in *Henderson*, every Court of Appeals that has considered the issue

---

[3] Defendants argue that Plaintiff misinterprets the Supreme Court's decision in *Henderson*. Although it is true that the question presented in *Henderson* did not require the Court to hold that extensions may be granted in the absence of "good cause," it is disingenuous–at best–for Defendants to state that the Court "fails to provide clear indication as to whether 'good cause' is a requirement." Defs.' Opp. to Pl.'s Mot. for Additional Time within which to Effect Service on Def. Odie Washington, Feb. 15, 2006 [R. Doc. 38] at 2. In Note 5 of the Court's opinion, Justice Ginsburg writes:
> Federal Rule of Civil Procedure 4(j), then in force, provided for service of the summons and complaint within 120 days after the filing of the complaint, a time limit subject to extension for good cause. The substance of this provision is retained in current Rule 4(m), which permits a district court to enlarge the time for service "even if there is no good cause shown." Advisory Committee's Notes on 1993 Amendments to Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654.

*Henderson*, 517 U.S. at 658 n.5. The Court revisits this issue a second time when it reviews the history of the 120-day time limit. The Court explains that the 120-day time limit was introduced by amendment in 1983, and that "Congress relaxed the rule change by authorizing an extension of the 120-day period if the party responsible for service showed 'good cause.'" *Id.* at 662. The Court goes on to state: "Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Id.* at 662-63 (quoting Fed. R. Civ. P. 4 advisory committee's note). Ultimately, the Court observes, "[t]he Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow." *Id.* at 663.

Defendants quote the *Henderson* Court's statement that "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Id.* at 672. But Mr. Washington has not argued that he was without timely notice of the pendency of this action, nor can he argue that he had insufficient time to answer the complaint or present defenses and objections. On the contrary, Mr. Washington received from the Court an extension of time to respond to the Complaint, and he actually *failed* to file a response recognized by Fed. R. Civ. P. 7 (*e.g.*, an Answer or a motion). *See* Mem. of P. & A. in Supp. of Pl.'s Mot. for Additional Time within which to Effect Service on Def. Odie Washington, Feb. 2, 2006 [R. Doc. 32] at 2 n.2.

since the 1993 amendments to Rule 4 has found that Rule 4(m) grants courts that authority. *See Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298 (3d Cir. 1995); *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996); *Panares v. Liquid Carbonic Industries Corp.*, 94 F.3d 338 (7th Cir. 1996); *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882 (8th Cir. 1996); *In re Sheehan*, 253 F.3d 507 (9th Cir. 2001); *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995); *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129 (11th Cir. 2005).[4]

Although the United States Court of Appeals for the District of Columbia Circuit has not yet decided this issue, Plaintiff previously showed that this very Court acknowledged its discretionary authority under Rule 4(m) in the *Thompson* decision. Moreover, in Plaintiff's opening memorandum of points and authorities, she cited the district court's opinion in *Gipson v. Wells Fargo Corp.*, 382 F. Supp. 2d 116 (D.D.C. 2005). The *Gipson* court acknowledged that Rule 4(m) grants courts the discretion to enlarge a plaintiff's time to effect service, even without a finding of "good cause." *Id.* at 122. Although the court found that the plaintiff had demonstrated "good cause," the court went on to state that "[e]ven if plaintiff's failure to serve

---

[4] A 1995 decision of the Fourth Circuit applied the rule "that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995). But that case involved a service of process that was due by August 24, 1993, before the December 1, 1993, effective date of the 1993 amendments, *see id.* at 77, and the court relied on two pre-amendment cases for its statement of the law, *see id.* at 78-79. Noting the then-recent amendment, the court stated that "Rule 4(j) was edited without a change in substance and renumbered as Rule 4(m), effective December 1, 1993." *Id.* at 78. That, however, was flat wrong, as the Supreme Court recognized in Henderson ("in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown'"). *Henderson*, 517 U.S. at 662. More recently, the Fourth Circuit has recognized, albeit in an unpublished opinion, that an extension may be granted even absent a showing of "good cause." *See Scruggs v. Spartanburg Reg'l Med. Ctr.*, No. 98-2364, 198 F.3d 237 (Table), 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999) (attached hereto).

7

the proper defendant does not rise to the level of 'good cause,' plaintiff has shown that she has been prosecuting this case in a diligent manner and should be granted an extension." *Id.*

B. The Court Should Exercise its Authority to Grant Plaintiff Additional Time to Effect Service.

Plaintiff's opening memorandum of points and authorities demonstrated why the Court should exercise its discretion to grant Plaintiff additional time to effect service on Mr. Washington. Mem. of P. & A. in Supp. of Pl.'s Mot. for Additional Time within which to Effect Service on Def. Odie Washington, Feb. 2, 2006 [R. Doc. 32] at 6-8.[5] Plaintiff also noted that in the District of Columbia, it may be an abuse of discretion for a court to dismiss a complaint where "a reasonable prospect that proper service can be obtained exists." *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 18 (D.D.C. 2002) (Urbina, J.) (citing *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983)). Defendants call this a "far-fetched conclusion," and attempt to distinguish *James* based on the fact that the *pro se* plaintiff in that case was attempting service on a corporation, and that different procedures exist for serving individuals and corporations. Defs.' Opp. to Pl.'s Mot. for Additional Time within which to Effect Service on Def. Odie Washington, Feb. 15, 2006 [R. Doc. 38] at 3-4. In fact, however, the plaintiff in *James* was not *pro se* at the time of the disputed service. *See James*, 206 F.R.D. at 16 (noting that Mr. James filed a Notice on February 6, 2001, "indicat[ing] that he had retained counsel to represent him in

---

[5] Defendants do not respond to Plaintiff's argument that dismissing Plaintiff's claims against Mr. Washington *without* prejudice would have the effect of dismissing Plaintiff's wrongful death claim against Mr. Washington *with* prejudice. Plaintiff demonstrated in her opening memorandum of points and authorities that courts treat this factor as favoring the plaintiff, because courts generally prefer to adjudicate potentially meritorious claims on their merits. It is worth remembering that this case involves, *inter alia*, the wrongful death of a 27-year-old man who was entrusted to the care of the D.C. Department of Corrections; Mr. Washington is alleged to have been the Director of the D.C. Department of Corrections at all times relevant to this action.

the matter," and that the disputed service of process was allegedly made on February 12, 2001, after he had counsel). But even if that distinction were true, it would be immaterial, because it was relevant only to the *James* court's assessment of whether the attempt at service had been effective. Once the court decided that service had not been effective, the court had to make the additional decision of whether to dismiss the complaint, or to quash service and grant the plaintiff additional time to effect service.[6] The court stated:

> Although this court has broad discretion to dismiss a complaint when the plaintiff has failed to properly effect service, dismissal is not appropriate when a reasonable prospect that proper service can be obtained exists. *See Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983) (reversing the district court's dismissal of a complaint when it was likely that service could be obtained). Here, there is no reason to believe that the plaintiff will be unable to serve the defendant with a copy of the summons and complaint, if service were to be attempted again. Therefore, this court will not dismiss the case, but will instead quash the plaintiff's service of process on the defendant. The plaintiff shall have 30 days from the date of this Memorandum Opinion and the supplemental order to effect proper service of process on the defendant.

*James*, 206 F.R.D. at 18. Thus, Plaintiff's argument that a district court ought not exercise its discretion to dismiss a case where service is likely to be effected within a reasonable time is far from "far-fetched." Rather, it is the precise holding of the court in *James*, which relied on the D.C. Circuit's opinion in *Novak*.

---

[6] Defendants also attempt to distinguish *James* by arguing that it "involved *pro se* defendant who effected service *within* the 120-day period allowed by Rule 4 in a case involving improper service by the service agent." Defs.' Opp. to Pl.'s Mot. for Additional Time within which to Effect Service on Def. Odie Washington, Feb. 15, 2006 [R. Doc. 38] at 4. Plaintiff does not understand Defendants' argument here. The defendant in *James* was neither *pro se*, nor attempting to effect service. Assuming Defendants meant to write that *James* involved a "*pro se* [plaintiff] who effected service *within* the 120-day period" that would also be incorrect, because the whole point of the first portion of the court's opinion was that service had not, in fact, been effective.

## CONCLUSION

For these reasons, and the reasons stated in Plaintiff's opening memorandum of points and authorities, Plaintiff's Motion for Additional Time within which to Effect Service on Defendant Odie Washington should be granted.

                                        Respectfully submitted,

                                        *s/ Donald M. Temple*
                                        Donald M. Temple, D.C. Bar No. 408749
                                        Temple Law Office
                                        1229 15th Street, NW
                                        Washington, DC 20005
                                        202-628-1101

                                        Edward J. Connor, D.C. Bar No. 321505
                                        5210 Auth Road, Suite 304
                                        Camp Springs, MD 20746
                                        301-899-7801

                                        Elizabeth Alexander, D.C. Bar No. 412904
                                        National Prison Project of the ACLU Foundation
                                        915 15th Street, NW, 7th Floor
                                        Washington, DC 20005
                                        202-393-4930

                                        Arthur B. Spitzer, D.C. Bar No. 235960
                                        American Civil Liberties Union
                                          of the National Capital Area
                                        1400 20th Street, NW, Suite 119
                                        Washington, DC 20036
                                        202-457-0800

                                        Counsel for Plaintiff

February 24, 2006