UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 05-cv-1853 (RWR) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO DISMISS**

Count Four of Plaintiff's Complaint charges the District of Columbia with having violated Mr. Magbie's rights pursuant to the District of Columbia Human Rights Act (the "DCHRA"), D.C. Code §§ 2-1402.67, 2-1402.73 & 2-1403.16. Complaint, Sept. 20, 2005, ¶ 71. Section 2-1402.73 of the DCHRA states, in relevant part:

> Except as otherwise provided for by District law or when otherwise lawfully and reasonably permitted, it shall be an unlawful discriminatory practice for a District government agency or office to limit or refuse to provide any facility, service, program, or benefit to any individual on the basis of an individual's actual or perceived . . . disability . . . .

D.C. Code § 2-1402.73.

The plain language of this provision makes it an unlawful discriminatory practice for the District to limit or refuse to provide facilities, services, programs or benefits to an individual on the basis of his disability. The Central Detention Facility (*i.e.*, the "D.C. Jail") clearly qualifies as a "facility," and the services, programs and benefits provided to prisoners by the District and its Department of Corrections are similarly covered by this provision.

1

The District ignores the plain language of this provision, and instead argues without citation that this section does nothing more than "extend[] the protections found in other parts of the DCHRA to District facilities." Def. Dist. of Columbia's Reply to Pl.'s Opp. to its Mot. to Dismiss, Feb. 1, 2006, 16 [R. Doc. 31]. The District then attempts to rewrite Plaintiff's DCHRA claim against the District as arising under the public accommodations part of the DCHRA, and contends that the claim must be dismissed because the D.C. Jail is not a "place of public accommodation" under the DCHRA.

The District's argument is a red herring. It is immaterial whether the D.C. Jail is a place of public accommodation under the DCHRA, and *Adams v. Hitt Contracting, Inc.*, No. Civ.A. 04-1026(HHK), 2005 WL 1903547 (D.D.C. July 11, 2005) is therefore inapposite.[1] Plaintiff's claim against the District does not arise under the Part D of the DCHRA, which pertains to Public Accommodations. D.C. Code § 2-1402.31. Rather, it arises under Part H, Miscellaneous Provisions, which creates an independent prohibition on discrimination by the District in its provision of facilities, services, programs and benefits, *see* D.C. Code § 2-1402.73, just as it creates an independent prohibition on discrimination in the issuance, renewal, and cancellation of motor vehicle insurance policies. *Id*. § 2-1402.71.[2]

---

[1] Plaintiff's DCHRA claim against Greater Southeast Community Hospital does, however, arise under the public accommodations section of the DCHRA. *See* Complaint, ¶ 72. Hospitals are explicitly included in the DCHRA definition of "place of public accommodation." *See* D.C. Code § 2-1401.02.

[2] In addition to Plaintiff's claim under Section 2-1402.73, Plaintiff also brings a claim pursuant to Section 2-1402.67. Plaintiff has alleged that various co-defendants of the District operate pursuant to contracts with the District. Section 2-1402.67 states that "[a]ll permits, licenses, franchises, benefits, exemptions, or advantages issued by or on behalf of the government of the District of Columbia, shall specifically require and be conditioned upon full compliance with the provisions of [the DCHRA]." D.C. Code § 2-1402.67. Section 2-1402.67

For the above reasons, and the reasons stated in Plaintiff's Opposition to Defendant District of Columbia's Motion to Dismiss, Plaintiff requests that the District of Columbia's motion be denied in all respects.

        Respectfully submitted,

        *s/ Donald M. Temple*
        Donald M. Temple, D.C. Bar No. 408749
        Temple Law Office
        1229 15th Street, NW
        Washington, DC 20005
        202-628-1101

        Edward J. Connor, D.C. Bar No. 321505
        5210 Auth Road, Suite 304
        Camp Springs, MD 20746
        301-899-7801

        Elizabeth Alexander, D.C. Bar No. 412904
        National Prison Project of the ACLU Foundation
        915 15th Street, NW, 7th Floor
        Washington, DC 20005
        202-393-4930

        Arthur B. Spitzer, D.C. Bar No. 235960
        American Civil Liberties Union
          of the National Capital Area
        1400 20th Street, NW, Suite 119
        Washington, DC 20036
        202-457-0800

        Counsel for Plaintiff

February 6, 2006

---

also mandates "that the failure or refusal to comply with any provision of [the DCHRA] shall be a proper basis for revocation of such permit, license, franchise, benefit, exemption, or advantage." *Id*. The District presents no argument for dismissal of Plaintiff's claim under this section of the DCHRA in either its Second Amended Motion to Dismiss, or its Reply brief.