IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARY SCOTT, ET AL.** | * | |
|     Plaintiffs, | * | |
| v. | * | Case No. 1:05-cv-01853-RWR |
| **DISTRICT OF COLUMBIA, ET AL.** | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**LOCAL CIVIL RULE 16.3(d) REPORT AND PROPOSED SCHEDULING ORDER**[1]

Plaintiffs, Mary Scott, et al. and Defendants, by their undersigned attorneys and pursuant to Local Civil Rule 16.3(d) of this Court, hereby file this Report and Proposed Scheduling Order and state as follows:

1. **Dispositive Motions**

Prior to engaging in discovery it is unlikely that this case can be disposed of by motion.

2. **Joinder of Other Parties/Amendment of the Pleadings/Narrowing of Issues**

The parties agree that the deadline by which other parties must be joined and the pleadings amended should occur within three (3) months after the court decides the District's motion to dismiss. At this time, there are no factual or legal issues that can be agreed upon or narrowed.

3. **Assignment to a Magistrate Judge**

The parties have agreed that a Magistrate Judge should be assigned to this matter for discovery purposes only.

---

[1] Defendant District of Columbia has not participated in the discussions regarding the 16.3 statement. Hence, any reference herein to Defendants does not include the District of Columbia. because of their pending motion to dismiss.

4.      **Whether There is a Realistic Possibility of Settlement**

Certain parties, including the Plaintiff, agree that there is a realistic possibility of settling this case. Other parties believe that settlement is unlikely until discovery is completed.

5.      **Whether the Case Could Benefit From ADR**

The parties are in agreement that this case is appropriate for alternative dispute resolution and would consider mediation by either a magistrate or an independent mediator.

6.      **Dispositive Motions**

The parties agree that the dispositive motions deadline should be set for sixty (60) days from the date of the close of discovery.  The parties agree that any response or opposition to dispositive motions should be set for thirty (30) days after the dispositive motions deadline and replies must be filed twenty (20) days thereafter.

7.      **Rule 26(a)(1) Initial Disclosures**

Plaintiffs prefer the exchange of initial disclosures, consistent with Rule 26(a)(1).   All other Defendants, except CCA, propose making required initial disclosures sixty (60) days after Plaintiff's required disclosures.  CCA proposes to dispense with initial disclosures.

8.      **Discovery Matters**

A.      **Commencement of Discovery**

The parties (other than the District of Columbia) agree to commence discovery immediately. Plaintiffs note that the District of Columbia's Motion to Dismiss does not automatically stay its obligation to participate in discovery.  Accordingly, Plaintiffs request that the scheduling order require the District to do so pending the court's resolution of its motion to dismiss.

### B. Extent of Discovery

The parties believe that the case should involve exchange of interrogatories, request for production of documents, requests for admission and depositions, consistent with applicable federal and local Rules.

### C. Length of Discovery

Plaintiffs propose that the discovery deadline in this case should be set for six (6) months from the entry of the scheduling order. All Defendants propose nine (9) month from the entry of the scheduling order.

### D. Limits on Discovery

The parties do not currently see the need to impose any limit on discovery other than that which is contained in the Federal Rules of Civil Procedure and this court's local Rules.

### 9. Expert Designations

(a) Plaintiffs propose to designate their experts within sixty (60) days of the scheduling order. Plaintiffs propose designation of any experts relative to any pending claims against the District of Columbia within sixty (60) days of this court's order on the District's pending motion to dismiss;

(b) Plaintiffs propose that Defendants designate their expert(s) within thirty (30) days after Plaintiffs' designation(s) and that the District of Columbia designate its expert within thirty (30) days of Plaintiffs' designation of an expert relative to the District. Defendants propose to designate their expert(s) within sixty (60) days after Plaintiffs' designations; and

( c ) Plaintiffs propose to identify rebuttal experts within thirty (30) days after Defendants' designations. Defendant CCA does not oppose rebuttal designation of

experts, so long as such rebuttal designations are limited to any evidence that is solely contradictory or rebuttal evidence to Defendants' designations. All other Defendants object to the allowance of Plaintiffs' rebuttal expert report.

**10.    Class Certification**

This case does not involve class certification.

**11.    Bifurcation of Trial**

Plaintiffs do not wish to bifurcate the trial for any reason. Defendant CCA proposes bifurcation on the issue of punitive damages.

**12.    Pretrial Conference**

The parties propose that the court schedule the Pre-trial within thirty (30) days after rulings on dispositive motions and that joint pretrial statements be submitted consistent therewith.

**13.    Trial**

The parties believe that the court should set a trial date at the Pre-trial.

**14.    Other Matters**

The parties agree that the court should schedule a status hearing in this case within ninety (90) days of this court's 16.3 order to ascertain discovery progress and whether ADR or mediation would be appropriate.

A proposed scheduling order is attached hereto and incorporated herein by reference.

WHEREFORE, Plaintiffs and Defendants respectfully submit this report and the proposed Scheduling Order for the court's review and consideration.

Respectfully submitted,

_____/s/_____
Donald M. Temple, Esq.
DC Bar No. 408749
Temple Law Offices
1229 15th Street, N.W.
Washington, D.C. 20005
202-628-1101

Edward J. Connor, Esq.
5210 Auth Road, Suite 304
Washington, D.C. 20747
301-899-7801

Elizabeth Alexander, Esq.
National Prison Project of the
ACLU Foundation
1400 20th Street, N.W. Suite 119
Washington, D.C. 20036
202-457-0800

Arthur B. Apitzer
American Civil Liberties Union
1400 20th Street, NW, Suite 119
Washington, D.C. 20036
**Counsel for Plaintiffs**

Andrew J. Spence, Esq.
10306 Eaton Place, Suite 100
Fairfax, VA 22030
**Counsel for Defendant Center for Correctional Health and Policy Studies**
**Paluline Ojelfo, LPN**
**Gbenga Ogundipe**, **LPN**

Daniel P. Struck, Esq.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012
**Counsel for Defendant Corrections Corporation Of America**

5

Rebbeca Everett Kuehn
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
**Counsel for Defendant Corrections Corporation Of America**

Catherine A. Hanrahan
1341 G Street, N.W.
Washington, D.C. 20005
**Counsel for Defendant Greater Southeast Community Hospital**

Alan Janoske Rumsey, Esq.
1100 Connecticut Avenue, N.W. Suite 600
Washington, D.C. 20036
**Counsel for Defendant Greater Southeast Community Hospital**

D'Ana E. Johnson, Esq.
1250 Eye Street, N.W. Suite 600
Washington, D.C. 20005
**Counsel for Defendants
William S. Vaughn, MD
Rotimi A. Iluyomade, MD**

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARY SCOTT, ET AL.** | * | |
|     **Plaintiffs,** | * | Case No. 1:05-cv-01853-RWR |
| **v.** | * | |
| | * | |
| **DISTRICT OF COLUMBIA, ET AL.** | * | |
|     **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### [PROPOSED] SCHEDULING ORDER

Upon consideration of the Report and Proposed Scheduling Order filed by the parties pursuant to Local Civil Rule 16.3(d), it is this _____ day of _____, 200__, hereby

ORDERED that discovery shall commence immediately by and against all parties, including the District of Columbia;

ORDERED that the deadline for amendment to the pleadings and for joining additional parties shall be ninety (90) days from the date of this order;

ORDERED that Plaintiffs and Defendants will make the required Fed. R. Civ. P. 26(a)(2) disclosures by _____;

ORDERED that Plaintiffs will designate experts within sixty (60) days of this court's order. Defendants will designate experts within _____ days thereafter; Plaintiffs will make any rebuttal designations within thirty (30) days of Defendants' designations; and

ORDERED that Plaintiffs will be required to designate any experts relative to any pending claims against the District of Columbia within ____ days of the court's order on the District's pending motion to dismiss and that the District of Columbia designate its expert within thirty (30) days of Plaintiffs' designation of an expert relative to the District;

ORDERED that the deadline for the completion of all discovery be, and the same hereby is, _____;

7

ORDERED that the deadline for the filing of dispositive motions shall be sixty (60) days after close of discovery;

ORDERED that any oppositions to dispositive motions shall be filed thirty (30) days thereafter and any replies shall be filed twenty (20) days after the deadline for the opposition briefs; and it is further

ORDERED that the parties shall appear on the _____ day of _____, 2006 in courtroom _____ at _____ am/pm for a status conference and on_____ for a Pre-trial conference.


Dated: _____                     _____

Richard Roberts,

Judge

United States District Court