**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARY R. SCOTT, Individually an as )<br>Personal Representative of the Estate of )<br>JONATHAN MAGBIE, Deceased, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>DISTRICT OF COLUMBIA )<br>ODIE WASHINGTON )<br>JOSEPH BASTIEN, M.D. )<br> )<br>T. WILKINS DAVIS, M.D. )<br>CENTER FOR CORRECTIONAL HEALTH )<br>AND POLICY STUDIES, INC. )<br>CORRECTIONS CORPORATION OF AMERICA )<br>MALEK MALEKGHASEMI, M.D. )<br>SUNDAY NWOSU, M.D. )<br>PAULINE OJELFO, L.P.N. )<br>GBENGA OGUNDIPE, L.P.N. )<br>OFFICER SINGLEY )<br>GREATER SOUTHEAST COMMUNITY )<br>  HOSPITAL CORPORATION, d/b/a/ GREATER )<br>  SOUTHEASTER COMMUNITY HOSPITAL )<br>WILLIAM S. VAUGHN, M.D. )<br>ROTIMI A. ILUYOMADE, M.D. )<br> )<br>Defendants. )<br>_____) | Civil Action 1:05-cv-01853-RWR<br><br><br>ANSWER OF OFFICER<br>PATRICIA SINGLEY<br>TO PLAINTIFF'S COMPLAINT |

**ANSWER OF OFFICER PATRICIA SINGLEY**
**TO PLAINTIFF'S COMPLAINT**

    Defendant Patricia Singley ("Officer Singley"), through counsel, hereby responds to

Plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

    The allegations contained in the preliminary statement are characterizations of plaintiff's

claims to which no response is required.  To the extent that a response is required, Officer

Singley denies the allegations contained therein.

## JURISDICTION

1.    The allegations contained in Paragraph 1 are conclusions of law to which no response is required.  To the extent that a response is required, Officer Singley denies the allegations contained therein.

## VENUE

2.    The allegations contained in Paragraph 2 are conclusions of law to which no response is required.  To the extent that a response is required, Officer Singley denies the allegations contained therein.

## PARTIES

3.    Officer Singley is without sufficient knowledge or information to admit or deny whether plaintiff, Mary Scott, is the mother of Jonathan Magbie, and therefore denies the same. The remaining allegations contained in Paragraph 3 are conclusions of law to which no response is required.  To the extent that a response is required, Officer Singley denies the allegations contained therein.

4.    The allegations of paragraph 4 are asserted solely against the District of Columbia, and do not pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley denies the allegations.

5.    The allegations of paragraph 5 are asserted solely against Odie Washington, and do not pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley denies the allegations.

6.    Officer Singley admits the allegations of paragraph 6.

2

7.      The allegations of paragraph 7 are asserted solely against Joseph Bastien, M.D., and do not pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley denies the allegations.

8.      The allegations of paragraph 8 are asserted solely against T. Wilkins Davis, M.D., and do not pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley denies the allegations.

9.      Responding to the allegations of paragraph 9, Officer Singley admits that Defendant Corrections Corporation of America ("CCA") is a corporation and that it operates a facility known as the "Correctional Treatment Facility" in Washington, D.C. pursuant to a contract with the District of Columbia.  Officer Singley denies the remaining allegations of paragraph 9.

10.      The allegations of paragraph 10 are asserted solely against Malek Malekghasemi, M.D., and do not pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley denies the allegations.

11.      The allegations of paragraph 11 are asserted solely against Sunday Nwosu, M.D., and do not pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley denies the allegations.

12.      The allegations of paragraph 12 are asserted solely against Pauline Ojelfo and Gbenga Ogundipe, and do not pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley denies the allegations.

13.      Responding to the allegations of paragraph 13, Officer Singley avers that she was a Corrections Officer at the Correctional Treatment Facility ("CTF"), and denies the remaining

allegations.

14.     The allegations of paragraph 14 are asserted solely against Greater Southeast Community Hospital Corporation, and do not pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley denies the allegations.

15.     The allegations of paragraph 15 are asserted solely against William S. Vaughn, M.D., and do not pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley denies the allegations.

16.     The allegations of paragraph 16 are asserted solely against Rotimi A. Iluyomade, M.D., and do not pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley denies the allegations

17.     The allegations of Paragraph 17 are conclusions of law to which no response is required.  To the extent that a response is required, Officer Singley denies the allegations contained therein.

18.     The allegations of Paragraph 18 are conclusions of law to which no response is required.  To the extent that a response is required, Officer Singley denies the allegations contained therein.

## FACTS COMMON TO ALL CLAIMS

19.     Officer Singley admits that Jonathan Magbie was ordered to serve a ten (10) day sentence of imprisonment for possession of a marijuana cigarette and that such sentence commenced on September 20, 2004.  As to the remaining allegations of Paragraph 19, Officer Singley is without sufficient knowledge or information to admit or deny those allegations and therefore, denies the same.

20.     Officer Singley admits that Mr. Magbie was 27 years old, paralyzed from the neck down, had a tracheotomy tube and an indwelling catheter.   As to the remaining allegations of Paragraph 20, Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained therein and therefore, denies the same.

21.     Officer Singley is without sufficient knowledge or information to admit or deny allegations contained in Paragraph 21 and therefore, denies the same.

**A. Magbie's first confinement in the jail.**

22.     Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 and therefore, denies the same.

23.     Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 and therefore, denies the same.

24.     Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 and therefore, denies the same.

**B.  The first hospitalization.**

25.     Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 and therefore, denies the same.

26.     Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 and therefore, denies the same.

27.     Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 and therefore, denies the same.

**C.  Confinement in the infirmary at CTF**

28.     Officer Singley is without sufficient knowledge or information to admit or deny

the allegations contained in Paragraph 28 and therefore, denies the same.

29.    Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 and therefore, denies the same.

30.    Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 and therefore, denies the same.

31.    Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 and therefore, denies the same.

32.    Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 and therefore, denies the same.

33.    Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 and therefore, denies the same.

34.    Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 and therefore, denies the same.

35.    Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 35 and therefore, denies the same.

36.    Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 and therefore, denies the same.

37.    Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37 and therefore, denies the same.

38.    Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 and therefore, denies the same.

39.    Officer Singley admits only that the rooms in the CTF infirmary could be locked.

6

Officer Singley affirmatively asserts, however, that at no time was Mr. Magbie's door shut

and/or locked, therefore Mr. Magbie could, at all times, communicate with the staff.   Officer

Singley is without sufficient knowledge or information to admit or deny the allegations regarding

whether the room had a panic button.  Officer Singley denies all remaining allegations of

Paragraph 39.

        40.    Officer Singley is without sufficient knowledge or information to admit or deny

the allegations contained in Paragraph 40 and therefore, denies the same.

        41.    Officer Singley denies the allegations of Paragraph 41.

        42.    Responding to the allegations of paragraph 42, Officer Singley admits only that

on the morning of September 24, 2004, Mr. Magbie was noted as having respiratory issues and

was subsequently transferred back to the Hospital, and denies the remaining allegations.

### D.  The second hospitalization.

        43.    The allegations of paragraph 43 are asserted solely against the Hospital and do not

pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley is

without sufficient knowledge or information to admit or deny the allegations contained in

Paragraph 43 and therefore, denies the same.

        44.    The allegations of paragraph 44 are asserted solely against the Hospital and do not

pertain to Officer Singley.  To the extent that a response is deemed necessary, Officer Singley is

without sufficient knowledge or information to admit or deny the allegations contained in

Paragraph 44 and therefore, denies the same.

        45.    Officer Singley, upon information and belief, admits that Mr. Magbie passed

away at approximately 6:40 a.m. on September 24, 2004.  The remaining allegations of

paragraph 45 are not directed to Officer Singley.  To the extent that a response is deemed

necessary, Officer Singley is without sufficient knowledge or information to admit or deny the

remaining allegations contained in Paragraph 45 and therefore, denies the same.

### E.  Jonathan Magbie's disabilities.

46.    Officer Singley admits that Mr. Magbie was paralyzed from the neck down.

Officer Singley denies the remaining allegations contained in Paragraph 46.

47.    The allegations contained in Paragraph 47 are asserted against the District of

Columbia and defendant Odie Washington and they do not pertain to Officer Singley.  To the

extent a response is deemed necessary, Officer Singley denies the allegations.

48.    The allegations contained in Paragraph 48 are asserted against the District of

Columbia and defendant Odie Washington and they do not pertain to Officer Singley.  To the

extent a response is deemed necessary, Officer Singley denies the allegations.

49.    The allegations contained in Paragraph 49 are asserted solely against the Hospital

and do not pertain to Officer Singley.  To the extent a response is deemed necessary, Officer

Singley denies the allegations.

50.    The allegations contained in Paragraph 50 are asserted solely against the Hospital

and do not pertain to Officer Singley.  To the extent a response is deemed necessary, Officer

Singley denies the allegations.

### F.  Other.

51.    Officer Singley denies the allegations contained in Paragraph 51 of Plaintiff's

Complaint.

8

52.     Officer Singley denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Officer Singley denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     The allegations contained in Paragraph 54 are conclusions of law to which no response is required.  To the extent that a response is required, Officer Singley denies the allegations contained therein.

55.     The allegations contained in Paragraph 55 are asserted solely against the defendant Hospital and do not pertain to Officer Singley.  To the extent that a response is required, Officer Singley denies the allegations contained therein.

56.     Officer Singley denies the allegations of paragraph 56.

57.     Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57 and therefore, denies the same.

58.     Officer Singley is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 58 and therefore, denies the same.

## CLAIMS FOR RELIEF

### COUNT I
( 42 U.S.C. §1983 8th Amendment)

59.     Officer Singley incorporates her answer to Paragraphs 1 thru 58 as if fully set forth herein.

60.     Officer Singley denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Officer Singley denies the allegations contained in Paragraph 61 of Plaintiff's

Complaint.

62.     Officer Singley denies the allegations contained in Paragraph 62 of Plaintiff's

Complaint.

## COUNT II
### (American with Disabilities Act)

63.     Officer Singley incorporates her answers to Paragraphs 1 thru 62 as is fully set

forth herein.

64.     The allegations contained in Paragraph 64 are asserted solely against defendant

District of Columbia and do not pertain to Officer Singley.  To the extent a response is deemed

necessary, Officer Singley denies the allegations contained therein.

65.     The allegations contained in Paragraph 65 are asserted solely against defendant

Hospital and do not pertain to Officer Singley.  To the extent a response is deemed necessary,

Officer Singley denies the allegations contained therein.

## COUNT III
### (Medical Negligence)

66.     Officer Singley incorporates her answers to Paragraph 1 thru 65 as is fully set

forth herein.

67.     Officer Singley affirmatively asserts that the allegations contained in Paragraph

67 go to the medical care received by Mr. Magbie and as such should be directed to defendant

District of Columbia.  To the extent a response is necessary from Officer Singley, she denies the

allegations of Paragraph 67.

68.     Officer Singley affirmatively asserts that the allegations contained in Paragraph

68 go to the medical care received by Mr. Magbie and as such should be directed to defendant

10

District of Columbia.  To the extent a response is necessary from Officer Singley, she denies the allegations of Paragraph 68.

69.    Officer Singley affirmatively asserts that the allegations contained in Paragraph 69 go to the medical care received by Mr. Magbie and as such should be directed to defendant District of Columbia.  To the extent a response is necessary from Officer Singley, she denies the allegations of Paragraph 69.

## COUNT IV
### (District of Columbia Human Rights)

70.    Officer Singley incorporates her answers to Paragraph 1 thru 69 as is fully set forth herein.

71.    The allegations of Paragraph 71 are directed solely to defendant District of Columbia and do not pertain to Officer Singley.  To the extent a response is deemed necessary, Officer Singley denies the allegations contained therein.

72.    The allegations of Paragraph 72 are directed solely to defendant Hospital and do not pertain to Officer Singley.  To the extent a response is deemed necessary, Officer Singley denies the allegations contained therein.

## RELIEF REQUESTED

Officer Singley denies that plaintiff is entitled to any of the relief he seeks.

## DENIAL OF MATTERS NOT SPECIFICALLY ADMITTED

Officer Singley denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.  Officer Singley further denies that it is not liable to plaintiff under any theory of law or fact.

11

## AFFIRMATIVE AND ADDITIONAL DEFENSES

73. As a separate defense or in the alternative, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

74. As a separate defense or in the alternative, Officer Singley states that she violated no duties owed to Plaintiff's decedent.

75. As a separate defense or in the alternative, Officer Singley states that she neither caused nor contributed to the death of Plaintiff's decedent.

76. As a separate defense or in the alternative, Officer Singley states that plaintiff's losses and damages, if any, were the result of the negligence of someone other than herself, thereby reducing or eliminating any damages owed by Officer Singley.

77. As a separate defense, or in the alternative, Officer Singley alleges that she acted in good faith and without malice at all times and her actions were objectively reasonable under all the circumstances.

78. As a separate defense, or in the alternative, Officer Singley alleges that plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this claim.

79. As a separate defense, or in the alternative, Officer Singley alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of plaintiff, thereby precluding punitive damages.

80. As a separate defense, or in the alternative, Officer Singley alleges that pursuant to CCA's contract with the District of Columbia, she is not responsible for medical treatment of inmates housed at CTF and has assumed no duty with respect to medical treatment of inmates at

CTF and therefore cannot be held liable for such.

81.    To the extent supported by the evidence, Officer Singley will rely on the following affirmative defenses should subsequent discovery reveal these defenses are appropriate.  Specifically, Officer Singley asserts the following affirmative defenses set forth in Rule 8(c), Fed.R.Civ.P. and Rule 12, including but not limited to: assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, release, *res judicata*, waiver, collateral estoppel, claim preclusion and/or issue preclusion, insufficiency of process and insufficiency or service of process.

82.    Officer Singley reserves the right to amend her Answer to Plaintiff's Complaint, to assert additional defenses, or delete or withdraw defenses, and to add counterclaims as may become necessary after reasonable opportunity for discovery has occurred, up through and including the trial in this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, Officer Singley requests that the claims against her be dismissed, that judgment be entered in her favor, that she be awarded her reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, and for such other and further relief as the Court deems just and proper.

Officer Singley demands a jury trial as to all triable issues.

Respectfully submitted,

  /s/ Megan S. Ben'Ary

Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811

Kevin L. Newsome (D.C. Bar No. 439206)
Rebecca E. Kuehn (D.C. Bar No. 447481)
Megan S. Ben'Ary (D.C. Bar No. 493415)
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Filed Electronically this 7th day of April, 2006.

14