UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY SCOTT, Individually and                        :
as Personal Representative of the Estate of    :
JONATHAN MAGBIE,                                      :
                                                                        :
    Plaintiff,                                              :
                                                                        :
        v.                                                  :          Civil Action No. 1: 05CV01853
                                                                        :          (RWR)
ODIE WASHINGTON,                                      :
*et. al,*                                                           :
    Defendants.                                          :

## DEFENDANT ODIE WASHINGTON'S REPLY TO PLAINTIFF'S OPPOSITION TO THIS DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff's Opposition fails to rebut Defendant Washington's showing that plaintiff's complaint should be dismissed as it does not state a claim against this defendant.  Plaintiff claims that Mr. Washington "inflicted cruel and unusual punishment" upon Mr. Mabgie in violation of his rights under the 8th Amendment to the Constitution.  According to plaintiff's reading of constitutional jurisprudence, the fact that Mr. Washington was Director of the Department of Correction and that he failed to foresee the unfortunate circumstances that lead to Mr. Mabgie's death is all that is required to hold him personally liable under the 8th Amendment.

There are four paragraphs in the Complaint that refer to Mr. Washington by name -- Paragraph 5, where it is alleged that Mr. Washington had a duty to ensure inmates were provided medical care and are not discriminated against based on disability; Paragraph 47, where it is alleged  "Defendant Odie Washington failed to provide reasonable policies for assuring medical care, basic needs and reasonably safe housing for persons suffering from paralysis and related disabilities;"  Paragraph 48, where it is alleged that Mr. Washington failed to make reasonable

accommodations for Mr. Magbie; and paragraph 51, where it alleged that Mr. Washington should have made policies to ensure that  prisoners were kept by the Department of Corrections had "safe and appropriate medical services." Based on these allegations, Plaintiff's Opposition argues that the Complaint states an 8th Amendment cause of action against Mr. Washington.

According to Plaintiff's Opposition, it does not matter that Mr. Washington had no knowledge of Mr. Magbie or his medical problems while he was in the custody of the Department of Correction.  Likewise, knowledge of specific pervious incidents similar to those that lead to Mr. Magbie's demise apparently is not required.  Rather, plaintiff seeks to hold Mr. Washington vicariously liable for the constitutional violations of independent contractors of the District, by alleging that Mr. Washington had "a duty to formulate … policies… that were consistent with the civil right of prisoners" and that he failed in this duty.   Apparently, plaintiff contends prison officials violate the constitution by sending an inmate in need of medical care to the hospital, or to a specialized correctional medical facility like CTF, unless there are special policies in place that address possible missteps by the subcontractors to the government.

Essentially, plaintiff would have this Court hold Mr. Washington liable for Mr. Magbie's medical care, provided by independent contractors, because Mr. Washington failed to forecast their misconduct before Mr. Magbie arrived at the D.C. Jail and implement prophylactic policies.

Plaintiff's Opposition argues it is enough to allege that "despite knowledge that adequate polices were required to assure that no prisoners were kept in custody for whom the Department of Corrections lacked safe and appropriate medical services and facilities, (Defendant Washington) failed to promulgate or implement such policies."  Pl Op. at 1-2.  What policy Mr. Washington should have implemented is not described by plaintiff.  Should the DOC reject some

inmates it cannot care for; should additional facilities be located; or should GSCH and CTF be required to have different services?

The plaintiff's arguments are not supportable under any legal framework. There is no law to suggest that Mr. Washington is required to foresee the very peculiar circumstances that befell Mr. Magbie. Plaintiff's argument is based on a flawed syllogism: Plaintiff argues that the Constitution requires that prisoners be provided *some* medical care. From this, plaintiff reasons that, since Mr. Magbie allegedly died from poor medical care, Mr. Washington knew or was deliberately indifferent to Mr. Magbie plight. The flaw in plaintiff's reasoning is that Mr. Magbie's impairment was unusual as was the medically negligent treatment he allegedly received at GSCH and CTF. The flaw in plaintiff's complaint is that there are no facts to suggest that Mr. Washington was aware of Mr. Magbie or his unusual medical needs.

Plaintiff argument begs the question by glossing over the fact that the circumstances that lead to Mr. Magbie's injury are rare. Plaintiff apparently claims that Mr. Washington had a duty to make policies for subcontracts that address "persons who, because of disabilities and medical needs, could not be safely confined at the Central Detention Facility or the CTF." Pl. Opp. at 2. This assumes that Mr. Magbie could not be cared for at GSCH or CTF. There is no factual support for conclusion alleged. Plaintiff merely alleges that certain providers at each facility breached the standard of care and caused Mr. Magbie's injury. This does not mean it was improper to send him to the hospital or to CTF. It is illogical to try to hold Mr. Washington liable because he did not foresee the shortcomings of employees of independent contractor's employees.

Plaintiff claims that *Farmer v. Brennan*, 511 U.S. 825, 844 (1996) supports imposition of 8th Amendment liability on Defendant Washington. However, the language plaintiff cites comes

3

from a section of the opinion which concerns prospective injunctive relief.  Elsewhere in

*Farmer*, the Supreme Court holds that "a prison official cannot be found liable under the Eighth

Amendment for denying an inmate humane conditions of confinement unless the official knows

of and disregards an excessive risk to inmate health or safety; the official must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and

he must also draw the inference." *Farmer*,  511 U.S. at 837.

Here, plaintiff has not alleged adequate facts to satisfy the subjective component of an 8th

Amendment claim.  The Supreme Court has limited liability under the 8th Amendment to

situations where prison officials' attitudes and conduct evince "deliberate indifference to the

unreasonable risk posed [to] the inmates . . . Deliberate indifference is the equivalent of

subjective recklessness, conscious disregard of a substantial risk of serious harm."  *Farmer v.*

*Brennan*, 511 U.S. 825, 844 (1994).

According to plaintiff's complaint, the missteps which lead to Mr. Magbie's death

occurred while he was a patient at the Greater Southeast Community Hospital  ("GSCH") or

while he was being held at the Correctional Treatment Facility ("CTF").  The Correctional

Treatment Facility is a privately run, specialized facility for inmates who have medical problems.

GSCH is an acute care hospital that treats members of the public as well as inmates.  Both of

these facilities are independent contractors of the District and are reasonable placements for a

medically needy inmate.

Even assuming that Mr. Washington approved Mr. Magbie's transfer from the D.C. Jail

to GSCH  (which is not alleged), there was no way for Mr. Washington to predict that the

hospital would mishandle his care, as is alleged.  Sending an inmate, such as Mr. Magbie, who

claims to need medical care, to the hospital, is objectively reasonable. As such, this Court should find that plaintiff's allegation to the contrary is without merit.

Likewise, even assuming that Mr. Washington approved Mr. Magbie's transfer to CTF, because of the specialized care available there, this does not show that Mr. Washington knew that Mr. Magbie's would be mistreated at CTF, or that he was deliberately indifferent to his needs.   As the Supreme Court explained in *Farmer,* "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer,* 511 U.S. at  838.

Plaintiff's opposition evinces a misunderstanding of this last quotation.  Plaintiff's opposition seeks to avoid the Supreme Court's intent requirement for 8th Amendment claims by claiming that Mr. Washington was "deliberately indifferent" to the "need for adequate policies to address the risk" to persons who because of disability could not be safely confined at the D.C. Jail or CTF.

A violation of the 8th Amendment requires more than the abstract and indefinite risk cited by plaintiff's opposition. "Deliberate indifference … does not require the city to take reasonable care to discover and prevent constitutional violations. It simply means that, faced with actual or constructive knowledge that its agents will probably violate constitutional rights, the city may not adopt a policy of inaction." *Warren v. D.C.* 353 F.3d 36 (D.C. Cir. 2004).   Mr. Washington had no way of knowing that GSCH or CTF would probably subject Mr. Magbie to cruel and unusual punishment.  The Complaint contains no allegations from such knowledge can be inferred.

Plaintiff's Opposition argues that her Complaint states an 8th Amendment claim against Mr. Washington, because it alleges in vague and conculsionary terms all District employees

"acted pursuant to an (unconstitutional) policy or custom" which Mr. Washington must have "necessarily" known of. Pl Opp. at 5. And the alleged policy was "of accepting custody of persons, who, because of disability and medical needs, could not be safely confined at the Jail or CTF." Complaint ¶ 51.

Plaintiff's Opposition also points to the D.C. Circuit's holding in *Warren v. D.C.* as support for the proposition that Mr. Washington may be liable for constitutional violations committed by the employees of subcontractors. However the situation in *Warren* is different from the instant case for several reasons: First, that case involved municipal liability rather than individual laiblity of a government official. Government officials enjoy qualified immunity for discretionary decisions which are reasonable. Second, the plaintiff in *Warren* alleged facts in his complaint from which it was fairly inferred that the District had notice that it was sending Inmate Warren to a prison where cruel and unusual punishment would be meted out. Specifically, the *Warren* Court noted,

> Warren claims the District "knew or should have known" about his mistreatment yet did not act to stop it. He describes several ways in which the District learned or should have learned about his situation: his own complaints to the mayor and to Department of Corrections Director Odie Washington, his wife's telephone calls, newspaper articles describing the mistreatment of prisoners at Youngstown, and the activities of a contract monitor appointed pursuant to the settlement of a class action brought by the Youngstown prisoners against the District and the Corrections Corporation.

*Warren*, 353 F.3d at 38. There is no such factual basis for plaintiff's claim in this Complaint. Plaintiff's Opposition claims that *Int'l Action Ctr. v. US*, 365 F.3d 20 (D.C. Cir. 2004) is not applicable because that case deals with police misconduct; where as the instant case arises under the 8th Amendment. Plaintiff argues that there is an affirmative obligation to provide medical care upon government officials whereas the 4th Amendment prohibits the use of excessive force.

However, *Int'l Action Ctr.* is important because it deals with the circumstances under which government officials may be held liable for the constitutional torts of subordinates. The 8th Amendment duty to provide minimal medical care is not significant because it is not alleged that the District provided inmates generally, or Mr. Magbie specifically, with *no* medical care. Rather, the allegation is that the medical care provided at GSCH and CTF was so poor that Mr. Washington should have known that it would likely violate the 8th Amendment. Under the *Int'l Action Ctr.* theory some from of notice is required. Plaintiff alleges none.

Moreover, the circumstances in *Int'l Action Ctr.* involve subordinate employees whereas here the injury was caused by employees of independent contracts. Therefore, a higher level of proof should be required.

Finally, Plaintiff's Opposition does not dispute the District's showing that the common law claims against Mr. Washington must be dismissed. Accordingly, this part of defendant's motion should be granted as uncontested. See n. 11 Pl. Op. at 16.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____

HOLLY JOHNSON
Chief, General Litigation Section III

_____

STEVEN J. ANDERSON
Assistant Attorney General
Bar no. 334480
Suite 600S
441 Fourth Street, N.W.

7

Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail:  Steve.anderson@dc.gov