UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MARY R. SCOTT,**

    **Plaintiff,**

v.            No. 05-cv-1853 (RWR)

**DISTRICT OF COLUMBIA,** *et al.*,

    **Defendants.**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S CONSENT MOTION TO DEPOSE PRISONERS**

This case involves the death of Jonathan Magbie, a prisoner who died shortly after transfer to an outside hospital from the infirmary in the Correctional Treatment Facility. Plaintiff desires to depose two witnesses to the events involving Mr. Magbie in the days immediately preceding his death. The proposed witnesses are two prisoners under sentences to the Bureau of Prisons who, during the time of Mr. Magbie's stay at the infirmary, served as porters in the infirmary and accordingly were in a position to observe his condition and many aspects of his treatment. Plaintiff believes that their testimony will be highly relevant to this case.

Fed. R. Civ. P. 30(a)(2) requires that leave of court be obtained to depose any witness confined in prison, but also provides that such leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Federal Rule 26(b)(2), in turn, provides that discovery in any case may be limited if it exceeds court-imposed limits, is unreasonably cumulative or duplicative, or otherwise overly burdensome. On the face of Plaintiff's

representations as to the relevance of the proposed testimony, and in light of the lack of opposition from any Defendant, it is apparent that the requested testimony easily meets the relevancy standard of Fed. R. Civ. P. 26(b)(2).  *Cf. Miller v. Bluff,* 131 F.R.D. 698, 700 (M.D. Pa. 1990) (*sua sponte* granting leave to depose prisoner to avoid delaying progress of litigation).

In addition, the Federal Rules provide that a party may introduce a deposition at trial, in lieu of live testimony, if a witness is unable to attend the trial because of imprisonment.  Fed. R. Civ. P. 32(a)(2)(B).  The need to introduce testimony of a prisoner through deposition is another circumstance supporting the grant of leave to depose a prisoner.  *See Charles v. Wade,* 663 F.2d 661, 664 (5th Cir. 1982) (reversing trial court for refusing to grant leave to depose prisoner on the ground that discovery had closed when purpose of deposition was to perpetuate testimony for trial).

Mr. Carter is currently at the District of Columbia Central Detention Facility on a writ of habeas corpus *ad prosequendum*.  Jason Foster is confined at FCI-Butner in Butner, North Carolina.  All counsel for Defendants orally indicated consent to this motion in a telephone conference call on May 17, 2006. For the above reasons, Plaintiff requests that the Court grant permission to depose Daryl Carter (D.C. No. 229346 and BOP No. 11844016) and Jason Foster (D.C. No. 288633 and BOP No. 04919007).

Respectfully submitted,

*s/ Donald M Temple*
Donald M. Temple, D.C. Bar No. 408749
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
202-628-1101

Edward J. Connor, D.C. Bar No. 321505
5210 Auth Road, Suite 304

        Camp Springs, MD 20746
        301-899-7801

        Elizabeth Alexander, D.C. Bar No. 412904
        National Prison Project of the ACLU Foundation
        915 15th Street, NW, 7th Floor
        Washington, DC 20005
        202-393-4930

        Arthur B. Spitzer, D.C. Bar No. 235960
        American Civil Liberties Union
          of the National Capital Area
        1400 20th Street, NW, Suite 119
        Washington, DC 20036
        202-457-0800

        Counsel for Plaintiff

Dated: May 18, 2006