UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
MARY R. SCOTT,                                    )
                                                               )
              Plaintiff,                              )
                                                               )
       v.                                                   )          Civil Action No. 05-1853 (RWR)
                                                               )
DISTRICT OF COLUMBIA et al.,       )
                                                               )
              Defendants.                         )
_____ )

MEMORANDUM OPINION AND ORDER

        Defendants Odie Washington and the District of Columbia
("the District") each filed a motion to dismiss pursuant to
Federal Rule of Civil Procedure 12(b)(6).  Plaintiff Mary R.
Scott opposed the District's motion and opposed defendant
Washington's motion in part only.  Because the complaint serves
adequate notice under Federal Rule of Civil Procedure 8 of the
claims asserted against the defendants and they have not shown
beyond doubt that there is no set of facts in support of
plaintiff's claims which would entitle plaintiff to relief, the
motion by the District has been denied, and the motion by
Washington has been granted in part and denied in part.
Washington's motion to dismiss the medical negligence claim has
been granted, his motion to dismiss claims against him in his

-2-

official capacity will be granted, and his motion to dismiss has been denied in all other respects.[1]

<u>BACKGROUND</u>

Scott is the mother of Jonathan Magbie, who was a 27-year-old paraplegic with serious systemic infections when he began serving a 10-day jail term for possession of marijuana. Magbie died while serving his jail term. Scott filed suit against Washington and the District, among others, asserting claims under 42 U.S.C. § 1983 (2000) for Eighth Amendment violations, and claims for common law medical negligence. In addition, she asserts claims for violations of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 and 12182, and the D.C. Human Rights Act ("DCHRA"), D.C. Code §§ 2-1402.67, 2-1402.73, and 2-1402.16 (2001 & 2005 Supp.), against the District.

The District moved to dismiss the complaint. First, the District argued that <u>Monell v. Dep't of Social Servs. of the City of New York</u>, 436 U.S. 658 (1978), requires Scott to establish municipal liability by showing that the District had either a policy or custom that violated Magbie's civil rights, or that it showed deliberate indifference to his civil rights, and contended that Scott's complaint fails to allege facts sufficient to plead municipal liability under <u>Monell</u>. (District's Mot. to Dismiss

---

[1]  The ruling on the District's motion, and a partial ruling on Washington's motion were announced from the bench.

-3-

("District's Mot.") at 1, 6-18.) Second, the District argued
that Scott's ADA and DCHRA claims should be dismissed because she
has not alleged facts to suggest either that the District failed
to provide reasonable accommodations to Magbie or acted with ill
will toward Magbie. (Id. at 1, 19-22.) Third, the District
argued that Scott's medical negligence claim should be dismissed
because Scott's factual allegations implicate only the standard
of care given by those directly providing the care. (Id. at 1,
23-33.) Scott opposed the District's motion, arguing that her
complaint provides the notice pleading required by Rule 8 of the
Federal Rules of Civil Procedure and that the District's motion
implicitly attempts to impose a heightened standard of pleading.

Washington, the District's former Director of the Department
of Corrections, who was sued in both his official and personal
capacities, also filed a motion to dismiss. Washington sought to
dismiss all claims against him in his official capacity.
(Washington's Motion to Dismiss ("Washington's Mot.") at 1 n.1.)
In addition, Washington argued that the constitutional claim
against him in his personal capacity should be dismissed because
Scott has not alleged facts to show that Washington was
personally involved in the events that led to the death of Magbie
or that he had the requisite mental intent. (Washington's Mot.
at 6-10.) He also argued that he is entitled to qualified
immunity for discretionary acts taken within the scope of his

-4-

official duties.  (Id. at 10-14.)[2]  Scott countered that
Washington's conduct could have been a proximate cause of
Magbie's death without Washington having had any direct
interaction with Magbie, and that personal liability could attach
if Washington's conduct demonstrated deliberate indifference to
known risks to persons in Magbie's situation.  (Id. at 2-15.)

DISCUSSION

"A Rule 12(b)(6) motion is intended to test the legal
sufficiency of the complaint.  But the complaint need only set
forth 'a short and plain statement of the claim, . . . giving the
defendant fair notice of the claim and the grounds upon which it
rests.  . . .  'Such simplified "notice pleading" is made
possible by the liberal opportunity for discovery and the other
pretrial procedures established by the Rules to disclose more
precisely the basis of both claim and defense and to define more
narrowly the disputed facts and issues.'  . . .  In light of
these liberal pleading requirements, 'a complaint should not be
dismissed for failure to state a claim unless it appears beyond
doubt that the plaintiff can prove no set of facts in support of
his claim which would entitle him to relief.'"  Kingman Park

---

[2]  Washington argued that he has absolute immunity for the
medical negligence claim, and also that the medical negligence
claim is barred by sovereign immunity.  (Washington's Mot. at 14-
16.)  However, Scott did not oppose dismissing her medical
negligence claim against Washington.  (Response to Washington's
Mot. at 16 n.11.)

-5-

Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003)
(citations omitted).

In considering a Rule 12(b)(6) motion, a court must accept
all the allegations in a plaintiff's complaint as true and
construe them in the light most favorable to the plaintiff.
Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020,
1027 (D.C. Cir. 1997). "Rule 12(b)(6) is not a device for
testing the truth of what is asserted or for determining whether
a plaintiff has any evidence to back up what is in the complaint.
. . . The issue is not whether a plaintiff will ultimately
prevail but whether the claimant is entitled to offer evidence to
support the claims. Indeed it may appear on the face of the
pleadings that a recovery is very remote and unlikely but that is
not the test. . . . Rule 12(b)(6) does not countenance . . .
dismissals based on a judge's disbelief of a complainant's
factual allegations . . . or, we add, a judge's belief that the
plaintiff cannot prove what the complaint asserts." ACLU
Foundation of So. Cal. v. Barr, 952 F.2d 457, 467 (D.C. Cir.
1992) (quotations and citations omitted). "Dismissal under Rule
12(b)(6) is proper when, taking the material allegations of the
complaint as admitted, and construing them in plaintiff's favor,
the court finds that the plaintiff has failed to allege all the
material elements of his cause of action." Weyrich v. The New

-6-

Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001) (internal citations omitted).

I.   LEGAL SUFFICIENCY OF CLAIMS AGAINST THE DISTRICT

To state her § 1983 claim against the District for the actions of its agents, Scott had to "allege not only a violation of [Magbie's] rights under the Constitution . . . but also that the municipality's custom or policy caused the violation." Warren v. District of Columbia, 353 F.3d 36, 38 (D.C. Cir. 2004) (citing Collins v. City of Harker Heights, 503 U.S. 115, 123-24 (1992)).  Scott's complaint describes in detail acts and omissions by District employees that she faults as leading to Magbie's death, and alleges both that these were the product of the District's policies and customs and that they violated his Eighth Amendment rights.  (Compl. ¶¶ 4, 22-24, 28-29, 38-39, 47-48, 51-52, 60-62.)  Scott has met Rule 8 standards for stating a claim against the District under § 1983.

To state a medical negligence claim against the District, Scott was required to allege that the District owed a duty of medical care to Magbie, that the care provided fell short of the prevailing standard existing at the time of the events, and that the substandard care was the proximate cause of the injury.  Eibl v. Kogan, 494 A.2d 640, 642 (D.C. 1985).  In her complaint, Scott asserts that the District owed a duty of medical care to Magbie, details several instances where medical care was required but not

-7-

provided, and alleges that the District's negligence or failure
to act was a proximate cause of Magbie's death.  (Compl. ¶¶ 22-
24, 28-42, 51-52, 60, 68-69.)  Thus, the complaint states a claim
for medical negligence against the District.

   With respect to the ADA and DCHRA claims against the
District, Scott was required to allege that Magbie was disabled,
that the District knew or should have known that Magbie was
disabled, and that Magbie was denied reasonable accommodations
that would enable him to more fully participate in the services,
programs and activities provided prisoners.  42 U.S.C. § 12132;
Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210
(1998) (applying the ADA to state prisoners and expressly finding
that medical services, as well as other programs and activities,
are benefits within the act); cf. Sampson v. Citibank, 53 F.
Supp. 2d 13, 17 (D.D.C. 1997) (stating elements in disability
discrimination in employment setting); see also Regan v. Grill
Concepts-DC, Inc., 388 F. Supp. 2d 131, 134 (D.D.C. 2004)
(explaining that the requirements for pleading violations of the
DCHRA are flexible and vary depending on the facts and
circumstances involved, and that the DCHRA follows the ADA and
its jurisprudence with respect to disability discrimination);
Mitchell v. Nat'l R.R. Passenger Corp., 407 F. Supp. 2d 213, 240-
41 (D.D.C. 2005) (discussing borrowing, where appropriate,
jurisprudence relating to analogous federal claims when applying

-8-

the DCHRA).  Scott's complaint alleges that Magbie was disabled, that the District knew he was disabled, and that he was denied reasonable accommodations that would have permitted him to participate fully in the public services available to other inmates.  (Compl. ¶¶ 20-21, 24, 28-29, 46-48, 51-52, 60, 64, 71.)[3]  Scott has adequately stated claims for violations of the ADA and the DCHRA.

## II.  LEGAL SUFFICIENCY OF CLAIMS AGAINST WASHINGTON

Claims brought against government employees in their official capacity are treated as claims against the employing government and serve no independent purpose when the government is also sued.  Kentucky v. Graham, 473 U.S. 159, 166 (1985); Arnold v. Moore, 980 F. Supp. 28, 36 (D.D.C. 1997); Cooke-Seals v. District of Columbia, 973 F. Supp. 184, 187 (D.D.C. 1997) ("[A]n official capacity suit against an individual is the functional equivalent of a suit against the employer[.]").  Because Scott makes claims against the District of Columbia, the same claims against Washington in his official capacity are redundant and will be dismissed.

For the Eighth Amendment claim against Washington in his personal capacity, Scott was required to allege that Washington "failed to act despite his knowledge of a substantial risk of

_____

[3]  Contrary to the District's assertions (District's Mot. at 19-22), Scott also alleges that the District acted with willful disregard for Magbie's rights.  (Compl. ¶¶ 62, 63, 70.)

-9-

serious harm." <u>Farmer v. Brennan</u>, 511 U.S. 825, 842 (1994).
Scott's complaint has done so.  It alleges that Washington knew
that the Corrections Department needed adequate policies to
assure that it housed at the jail no disabled inmates for whom
appropriate medical services and facilities were lacking, that
Washington had a duty to implement such policies, and that he
failed to do so.  (Compl. ¶¶ 5, 22-24, 28-29, 38-39, 41-42 in
conjunction with ¶¶ 47-48, 51-52, 60-62.)

Washington argues that he is entitled to qualified immunity
from personal liability for violation of Magbie's Eighth
Amendment rights.  (Washington Mot. at 10-13.)  Qualified
immunity "protects government officials 'from [personal]
liability for civil damages insofar as their conduct does not
violate clearly established statutory or constitutional rights of
which a reasonable person would have known.'"  <u>International
Action Center v. United States</u>, 365 F.3d 20, 24 (D.C. Cir. 2004)
(quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)); <u>Owen v.
City of Independence, Mo.</u>, 445 U.S. 622, 652-54 (1980)
(discussing qualified immunity as protecting public officials
from personal liability).  A qualified immunity inquiry is
concerned with "whether the plaintiff has alleged the deprivation
of an actual constitutional right," and "whether that right was
clearly established at the time of the alleged violations."
<u>Int'l Action</u>, 365 F.3d at 24 (quotations and citations omitted).

-10-

Magbie had an actual constitutional right under the Eighth
Amendment to medical care that was clearly established at the
time he was received into custody by the Department of
Corrections.  The Eighth Amendment obligates a government "to
provide medical care for those whom it is punishing by
incarceration."  Estelle v. Gamble, 429 U.S. 97, 103 (1976).
"[D]eliberate indifference to serious medical needs of prisoners
constitutes the unnecessary and wanton infliction of pain . . .
proscribed by the Eighth Amendment."  Id. at 104 (quotations and
citations omitted).  Here, Scott alleged that Washington's acts
and omissions were in wilful disregard of Magbie's constitutional
rights, and deprived Magbie of appropriate medical care during
his penal detention in violation of his Eighth Amendment rights.
(Compl. ¶ 51, 60-62.)  These allegations -- at this juncture, at
least -- defeat Washington's claim of qualified immunity.  ACLU
Foundation, 952 F.2d at 467 ("The Federal Rules of Civil
Procedure 'do not require a claimant to set out [in the
complaint] the precise facts on which the claim is based.'")
(citation omitted).

    Washington's reliance on International Action to support his
claim of qualified immunity is misplaced.  (Washington's Opp'n
11-12.)  The issue in International Action was whether police
supervisors could be held liable for failing to actively
supervise certain officers in the absence of any allegations that

-11-

the supervisors were on notice of deficient training that
inevitably created a substantial risk of serious harm in
violation of constitutional rights.  365 F.3d at 27-28
(concluding that without some allegations that the violation was
foreshadowed, holding a supervisor responsible for the acts of a
subordinate could not be distinguished from respondeat superior
or vicarious liability, which is barred under § 1983).  Unlike
the plaintiffs in International Action, Scott alleges that
Washington had actual knowledge of the substantial risk of
serious harm when Magbie was admitted into Corrections Department
custody in the first instance.  (Compl. ¶ 60 (Washington "had
actual knowledge of substantial risks of serious harm to Mr.
Magbie").)  Thus, International Action is inapposite.

III. FACTS THAT COULD ENTITLE PLAINTIFF TO RELIEF

     In their motions to dismiss, Washington and the District
argued that because certain facts are not pled, the complaint is
fatally flawed and should be dismissed.  These arguments depend
on several facts yet to be developed and not reasonably knowable
to plaintiff prior to discovery.  For example, proximate cause
liability for the two defendants may depend in part on the
precise nature of the relationship -- defined not only
contractually but factually in specific respect to decisions made
regarding Magbie -- between each defendant and the persons who
were expected to or did make decisions about Magbie and provide

-12-

care to him.  Further, proximate liability may depend in part on a variety of other factors such as what each defendant knew or should have known at the time, what preceding actions were or should have been taken based on foreseeable events, and the foreseeability of a medical situation such as the one presented by Magbie.  These facts are likely to be complex and nuanced, and some may depend on medical expert testimony.  They are not the sort of facts that a plaintiff reasonably could be expected to know at this point, prior to an opportunity to conduct discovery. Defendants' arguments implicitly imposed a standard of pleading that the law does not require and will not be imposed here. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (holding that § 1983 claims are subject not to a heightened pleading standard, but only to Rule 8(a)'s requirement of a "short and plain statement"); accord Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions[,]" which do not include § 1983 actions).  Defendants have shown only that plaintiff has not pled all facts she will have to prove if she is ultimately to prevail on her claims.  They have not shown, though, that there exists no set of facts which would entitle plaintiff to relief.

-13-

CONCLUSION AND ORDER

Because Scott's complaint gives adequate notice by stating the elements of the claims asserted against the District and the Eighth Amendment claim against Washington in his personal capacity, and because defendants have not shown that there is no set of facts which would entitle plaintiff to relief on these claims, the District of Columbia's motion to dismiss [Dkt. 25] has been denied and Washington's motion to dismiss [Dkt. 46] has been granted in part and denied in part. The medical negligence claim against defendant Washington has been dismissed, and his motion to dismiss has been denied in all other respects, except that it is hereby

ORDERED that Washington's motion to dismiss claims against him in his official capacity be, and hereby is, GRANTED.

SIGNED this 23rd day of May, 2006.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge