**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
MARY R. SCOTT,                )
                              )
        Plaintiff,            )
                              )
    v.                        )    Civil Action No. 05-1853 (RWR)
                              )
DISTRICT OF COLUMBIA et al.,  )
                              )
        Defendants.           )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Defendants Odie Washington and the District of Columbia ("the District") each filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Mary R. Scott opposed the District's motion and opposed defendant Washington's motion in part only. Because the complaint serves adequate notice under Federal Rule of Civil Procedure 8 of the claims asserted against the defendants and they have not shown beyond doubt that there is no set of facts in support of plaintiff's claims which would entitle plaintiff to relief, the motion by the District has been denied, and the motion by Washington has been granted in part and denied in part. Washington's motion to dismiss the medical negligence claim has been granted, his motion to dismiss claims against him in his

-2-

official capacity will be granted, and his motion to dismiss has been denied in all other respects.[1]

BACKGROUND

Scott is the mother of Jonathan Magbie, who was a 27-year-old paraplegic with serious systemic infections when he began serving a 10-day jail term for possession of marijuana. Magbie died while serving his jail term. Scott filed suit against Washington and the District, among others, asserting claims under 42 U.S.C. § 1983 (2000) for Eighth Amendment violations, and claims for common law medical negligence. In addition, she asserts claims for violations of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 and 12182, and the D.C. Human Rights Act ("DCHRA"), D.C. Code §§ 2-1402.67, 2-1402.73, and 2-1402.16 (2001 & 2005 Supp.), against the District.

The District moved to dismiss the complaint. First, the District argued that Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658 (1978), requires Scott to establish municipal liability by showing that the District had either a policy or custom that violated Magbie's civil rights, or that it showed deliberate indifference to his civil rights, and contended that Scott's complaint fails to allege facts sufficient to plead municipal liability under Monell. (District's Mot. to Dismiss

---

[1] The ruling on the District's motion, and a partial ruling on Washington's motion were announced from the bench.

-3-

("District's Mot.") at 1, 6-18.)  Second, the District argued that Scott's ADA and DCHRA claims should be dismissed because she has not alleged facts to suggest either that the District failed to provide reasonable accommodations to Magbie or acted with ill will toward Magbie.  (Id. at 1, 19-22.)  Third, the District argued that Scott's medical negligence claim should be dismissed because Scott's factual allegations implicate only the standard of care given by those directly providing the care.  (Id. at 1, 23-33.)  Scott opposed the District's motion, arguing that her complaint provides the notice pleading required by Rule 8 of the Federal Rules of Civil Procedure and that the District's motion implicitly attempts to impose a heightened standard of pleading.

    Washington, the District's former Director of the Department of Corrections, who was sued in both his official and personal capacities, also filed a motion to dismiss.  Washington sought to dismiss all claims against him in his official capacity.  (Washington's Motion to Dismiss ("Washington's Mot.") at 1 n.1.)  In addition, Washington argued that the constitutional claim against him in his personal capacity should be dismissed because Scott has not alleged facts to show that Washington was personally involved in the events that led to the death of Magbie or that he had the requisite mental intent.  (Washington's Mot. at 6-10.)  He also argued that he is entitled to qualified immunity for discretionary acts taken within the scope of his

-4-

official duties. (Id. at 10-14.)[2]  Scott countered that Washington's conduct could have been a proximate cause of Magbie's death without Washington having had any direct interaction with Magbie, and that personal liability could attach if Washington's conduct demonstrated deliberate indifference to known risks to persons in Magbie's situation. (Id. at 2-15.)

## DISCUSSION

"A Rule 12(b)(6) motion is intended to test the legal sufficiency of the complaint.  But the complaint need only set forth 'a short and plain statement of the claim, . . . giving the defendant fair notice of the claim and the grounds upon which it rests. . . . 'Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.' . . . In light of these liberal pleading requirements, 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Kingman Park

---

[2] Washington argued that he has absolute immunity for the medical negligence claim, and also that the medical negligence claim is barred by sovereign immunity. (Washington's Mot. at 14-16.)  However, Scott did not oppose dismissing her medical negligence claim against Washington. (Response to Washington's Mot. at 16 n.11.)

-5-

Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citations omitted).

In considering a Rule 12(b)(6) motion, a court must accept all the allegations in a plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1027 (D.C. Cir. 1997).  "Rule 12(b)(6) is not a device for testing the truth of what is asserted or for determining whether a plaintiff has any evidence to back up what is in the complaint. . . . The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.  . . .  Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complainant's factual allegations . . . or, we add, a judge's belief that the plaintiff cannot prove what the complaint asserts."  ACLU Foundation of So. Cal. v. Barr, 952 F.2d 457, 467 (D.C. Cir. 1992) (quotations and citations omitted).  "Dismissal under Rule 12(b)(6) is proper when, taking the material allegations of the complaint as admitted, and construing them in plaintiff's favor, the court finds that the plaintiff has failed to allege all the material elements of his cause of action."  Weyrich v. The New

-6-

Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001) (internal citations omitted).

I.  LEGAL SUFFICIENCY OF CLAIMS AGAINST THE DISTRICT

To state her § 1983 claim against the District for the actions of its agents, Scott had to "allege not only a violation of [Magbie's] rights under the Constitution . . . but also that the municipality's custom or policy caused the violation." Warren v. District of Columbia, 353 F.3d 36, 38 (D.C. Cir. 2004) (citing Collins v. City of Harker Heights, 503 U.S. 115, 123-24 (1992)).  Scott's complaint describes in detail acts and omissions by District employees that she faults as leading to Magbie's death, and alleges both that these were the product of the District's policies and customs and that they violated his Eighth Amendment rights.  (Compl. ¶¶ 4, 22-24, 28-29, 38-39, 47-48, 51-52, 60-62.)  Scott has met Rule 8 standards for stating a claim against the District under § 1983.

To state a medical negligence claim against the District, Scott was required to allege that the District owed a duty of medical care to Magbie, that the care provided fell short of the prevailing standard existing at the time of the events, and that the substandard care was the proximate cause of the injury.  Eibl v. Kogan, 494 A.2d 640, 642 (D.C. 1985).  In her complaint, Scott asserts that the District owed a duty of medical care to Magbie, details several instances where medical care was required but not

-7-

provided, and alleges that the District's negligence or failure to act was a proximate cause of Magbie's death.  (Compl. ¶¶ 22-24, 28-42, 51-52, 60, 68-69.)  Thus, the complaint states a claim for medical negligence against the District.

With respect to the ADA and DCHRA claims against the District, Scott was required to allege that Magbie was disabled, that the District knew or should have known that Magbie was disabled, and that Magbie was denied reasonable accommodations that would enable him to more fully participate in the services, programs and activities provided prisoners.  42 U.S.C. § 12132; Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) (applying the ADA to state prisoners and expressly finding that medical services, as well as other programs and activities, are benefits within the act); cf. Sampson v. Citibank, 53 F. Supp. 2d 13, 17 (D.D.C. 1997) (stating elements in disability discrimination in employment setting); see also Regan v. Grill Concepts-DC, Inc., 388 F. Supp. 2d 131, 134 (D.D.C. 2004) (explaining that the requirements for pleading violations of the DCHRA are flexible and vary depending on the facts and circumstances involved, and that the DCHRA follows the ADA and its jurisprudence with respect to disability discrimination); Mitchell v. Nat'l R.R. Passenger Corp., 407 F. Supp. 2d 213, 240-41 (D.D.C. 2005) (discussing borrowing, where appropriate, jurisprudence relating to analogous federal claims when applying

-8-

the DCHRA). Scott's complaint alleges that Magbie was disabled, that the District knew he was disabled, and that he was denied reasonable accommodations that would have permitted him to participate fully in the public services available to other inmates. (Compl. ¶¶ 20-21, 24, 28-29, 46-48, 51-52, 60, 64, 71.)[3] Scott has adequately stated claims for violations of the ADA and the DCHRA.

II.  LEGAL SUFFICIENCY OF CLAIMS AGAINST WASHINGTON

Claims brought against government employees in their official capacity are treated as claims against the employing government and serve no independent purpose when the government is also sued. Kentucky v. Graham, 473 U.S. 159, 166 (1985); Arnold v. Moore, 980 F. Supp. 28, 36 (D.D.C. 1997); Cooke-Seals v. District of Columbia, 973 F. Supp. 184, 187 (D.D.C. 1997) ("[A]n official capacity suit against an individual is the functional equivalent of a suit against the employer[.]"). Because Scott makes claims against the District of Columbia, the same claims against Washington in his official capacity are redundant and will be dismissed.

For the Eighth Amendment claim against Washington in his personal capacity, Scott was required to allege that Washington "failed to act despite his knowledge of a substantial risk of

---

[3] Contrary to the District's assertions (District's Mot. at 19-22), Scott also alleges that the District acted with willful disregard for Magbie's rights. (Compl. ¶¶ 62, 63, 70.)

-9-

serious harm." <u>Farmer v. Brennan</u>, 511 U.S. 825, 842 (1994). Scott's complaint has done so. It alleges that Washington knew that the Corrections Department needed adequate policies to assure that it housed at the jail no disabled inmates for whom appropriate medical services and facilities were lacking, that Washington had a duty to implement such policies, and that he failed to do so. (Compl. ¶¶ 5, 22-24, 28-29, 38-39, 41-42 in conjunction with ¶¶ 47-48, 51-52, 60-62.)

Washington argues that he is entitled to qualified immunity from personal liability for violation of Magbie's Eighth Amendment rights. (Washington Mot. at 10-13.) Qualified immunity "protects government officials 'from [personal] liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>International Action Center v. United States</u>, 365 F.3d 20, 24 (D.C. Cir. 2004) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)); <u>Owen v. City of Independence, Mo.</u>, 445 U.S. 622, 652-54 (1980) (discussing qualified immunity as protecting public officials from personal liability). A qualified immunity inquiry is concerned with "whether the plaintiff has alleged the deprivation of an actual constitutional right," and "whether that right was clearly established at the time of the alleged violations." <u>Int'l Action</u>, 365 F.3d at 24 (quotations and citations omitted).

Magbie had an actual constitutional right under the Eighth Amendment to medical care that was clearly established at the time he was received into custody by the Department of Corrections.  The Eighth Amendment obligates a government "to provide medical care for those whom it is punishing by incarceration."  Estelle v. Gamble, 429 U.S. 97, 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment."  Id. at 104 (quotations and citations omitted).  Here, Scott alleged that Washington's acts and omissions were in wilful disregard of Magbie's constitutional rights, and deprived Magbie of appropriate medical care during his penal detention in violation of his Eighth Amendment rights. (Compl. ¶ 51, 60-62.)  These allegations -- at this juncture, at least -- defeat Washington's claim of qualified immunity.  ACLU Foundation, 952 F.2d at 467 ("The Federal Rules of Civil Procedure 'do not require a claimant to set out [in the complaint] the precise facts on which the claim is based.'") (citation omitted).

Washington's reliance on International Action to support his claim of qualified immunity is misplaced.  (Washington's Opp'n 11-12.)  The issue in International Action was whether police supervisors could be held liable for failing to actively supervise certain officers in the absence of any allegations that

-11-

the supervisors were on notice of deficient training that inevitably created a substantial risk of serious harm in violation of constitutional rights.  365 F.3d at 27-28 (concluding that without some allegations that the violation was foreshadowed, holding a supervisor responsible for the acts of a subordinate could not be distinguished from respondeat superior or vicarious liability, which is barred under § 1983).  Unlike the plaintiffs in <u>International Action</u>, Scott alleges that Washington had actual knowledge of the substantial risk of serious harm when Magbie was admitted into Corrections Department custody in the first instance.  (Compl. ¶ 60 (Washington "had actual knowledge of substantial risks of serious harm to Mr. Magbie").)  Thus, <u>International Action</u> is inapposite.

III. FACTS THAT COULD ENTITLE PLAINTIFF TO RELIEF

In their motions to dismiss, Washington and the District argued that because certain facts are not pled, the complaint is fatally flawed and should be dismissed.  These arguments depend on several facts yet to be developed and not reasonably knowable to plaintiff prior to discovery.  For example, proximate cause liability for the two defendants may depend in part on the precise nature of the relationship -- defined not only contractually but factually in specific respect to decisions made regarding Magbie -- between each defendant and the persons who were expected to or did make decisions about Magbie and provide

care to him.  Further, proximate liability may depend in part on a variety of other factors such as what each defendant knew or should have known at the time, what preceding actions were or should have been taken based on foreseeable events, and the foreseeability of a medical situation such as the one presented by Magbie.  These facts are likely to be complex and nuanced, and some may depend on medical expert testimony.  They are not the sort of facts that a plaintiff reasonably could be expected to know at this point, prior to an opportunity to conduct discovery.  Defendants' arguments implicitly imposed a standard of pleading that the law does not require and will not be imposed here. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (holding that § 1983 claims are subject not to a heightened pleading standard, but only to Rule 8(a)'s requirement of a "short and plain statement"); accord Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions[,]" which do not include § 1983 actions).  Defendants have shown only that plaintiff has not pled all facts she will have to prove if she is ultimately to prevail on her claims.  They have not shown, though, that there exists no set of facts which would entitle plaintiff to relief.

-13-

<u>CONCLUSION AND ORDER</u>

Because Scott's complaint gives adequate notice by stating the elements of the claims asserted against the District and the Eighth Amendment claim against Washington in his personal capacity, and because defendants have not shown that there is no set of facts which would entitle plaintiff to relief on these claims, the District of Columbia's motion to dismiss [Dkt. 25] has been denied and Washington's motion to dismiss [Dkt. 46] has been granted in part and denied in part.  The medical negligence claim against defendant Washington has been dismissed, and his motion to dismiss has been denied in all other respects, except that it is hereby

ORDERED that Washington's motion to dismiss claims against him in his official capacity be, and hereby is, GRANTED.

SIGNED this 23rd day of May, 2006.

                                                 /s/
                                       RICHARD W. ROBERTS
                                       United States District Judge