Case 1:05-cv-01853-RWR   Document 67-2   Filed 06/23/2006   Page 1 of 15

# EXHIBIT A

Case 1:05-cv-01853-RWR   Document 67-2   Filed 06/23/2006   Page 1 of 15

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, individually and as Personal Representative of the Estate of JONATHAN MAGBIE, <br><br> Plaintiff. <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.* <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 05-1853 (RWR) |

### DISTRICT OF COLUMBIA'S AND ODIE WASHINGTON'S ANSWER TO THE COMPLAINT AND CROSS-CLAIMS AGAINST CO-DEFENDANTS[1]

Defendants District of Columbia (District) and Odie Washington ("defendants"), by and through undersigned counsel, hereby answer the complaint in the above-captioned matter. The defendants assert that anything not specifically admitted herein is denied, and answer the complaint as follows:

### First Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Defense

**(Medical Negligence-42 U.S.C. § 1983 Eighth Amendment-Americans with Disabilities Act-District of Columbia Human Rights Law)**

In relation to the paragraph entitled "Preliminary Statement," the defendants state the following: The defendants admit that Jonathan Magbie was 27 years old in September 2004 and

---

[1] This cross-claim excludes claims brought by the plaintiff against CCA for any claims arising out of medical care.

that he received a 10-day sentence for possession of marijuana. The defendants also admit that Mr. Magbie died on September 24, 2004 and that his mother, the plaintiff, is seeking monetary damages. The remaining allegations in the Preliminary Statement are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

The defendants state the following in response to the individually numbered paragraphs in the complaint:

## JURISDICTION

1. The defendants acknowledge the statutory authority cited in the first unnumbered paragraph of the Amended Complaint, but deny that jurisdiction is necessarily conferred therefrom.

## VENUE

2. The defendants acknowledge the statutory authority cited in the first unnumbered paragraph of the Amended Complaint, but deny that venue is necessarily conferred therefrom.

## PARTIES

3. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint.

4. The defendants admit that the District operates the Central Detention Facility. The remaining allegations in Paragraph 4 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

5. The defendants admit that Odie Washington was the director of the D.C. Department of Corrections. The allegation that this was the case "at all times relevant to this Complaint" is vague and is therefore denied. The remaining allegations in Paragraph 5 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

6. The defendants admit the allegations in paragraph 6, as they relate to the times referenced in the complaint.

7. The defendants are without sufficient information to admit or deny the allegations in paragraph 7.

8. The defendants are without sufficient information to admit or deny the allegations in paragraph 8.

9. The defendants admit the allegations in paragraph 9.

10. The defendants are without sufficient information to admit or deny the allegations in paragraph 10.

11. The defendants are without sufficient information to admit or deny the allegations in paragraph 11.

12. The defendants are without sufficient information to admit or deny the allegations in paragraph 12.

13. The defendants are without sufficient information to admit or deny the allegations in paragraph 13.

14. The defendants admit the allegations in paragraph 14.

15. The defendants are without sufficient information to admit or deny the allegations in paragraph 15.

16. The defendants are without sufficient information to admit or deny the allegations in paragraph 16.

17. The allegations in paragraph 17 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

18. The allegations in paragraph 18 are the legal conclusions of and by the pleader to which no response is required.

## FACTS COMMON TO ALL CLAIMS

19. The defendants admit the allegations in paragraph 19.

20. The defendants are without sufficient information to admit or deny the allegations in paragraph 20.

21. The defendants are without sufficient information to admit or deny the allegations in paragraph 21.

### A.   Magbie's First Confinement in the Jail

22. The defendants are without sufficient information to admit or deny the allegations in paragraph 22.

23. The allegations in paragraph 23 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

24. The defendants are without sufficient information to admit or deny the allegations in paragraph 24.

### B. The First Hospitalization

25. The defendants are without sufficient information to admit or deny the allegations in paragraph 25.

26. The defendants are without sufficient information to admit or deny the allegations in paragraph 26.

27. The defendants are without sufficient information to admit or deny the allegations in paragraph 27.

### C. Confinement in the Infirmary at CTF

28. The defendants are without sufficient information to admit or deny the allegations in paragraph 28.

29. The defendants are without sufficient information to admit or deny the allegations in paragraph 29.

30. The defendants are without sufficient information to admit or deny the allegations in paragraph 30.

31. The defendants are without sufficient information to admit or deny the allegations in paragraph 31.

32. The defendants are without sufficient information to admit or deny the allegations in paragraph 32.

33. The defendants are without sufficient information to admit or deny the allegations in paragraph 33.

34. The defendants are without sufficient information to admit or deny the allegations in paragraph 34.

35. The defendants are without sufficient information to admit or deny the allegations in paragraph 35.

36. The defendants are without sufficient information to admit or deny the allegations in paragraph 36.

37. The defendants are without sufficient information to admit or deny the allegations in paragraph 37.

38. The defendants are without sufficient information to admit or deny the allegations in paragraph 38.

39. The defendants are without sufficient information to admit or deny the allegations in paragraph 39.

40. The defendants are without sufficient information to admit or deny the allegations in paragraph 40.

41. The defendants are without sufficient information to admit or deny the allegations in paragraph 41.

42. The defendants are without sufficient information to admit or deny the allegations in paragraph 42.

### D. The Second Hospitalization

43. The defendants are without sufficient information to admit or deny the allegations in paragraph 43.

44. The defendants are without sufficient information to admit or deny the allegations in paragraph 44.

45. The defendants are without sufficient information to admit or deny the allegations in paragraph 45.

### E. Jonathan Magbie's Disabilities

46. The allegations in paragraph 46 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

47. The allegations in paragraph 47 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

48. The allegations in paragraph 48 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

49. The allegations in paragraph 49 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required, the defendants are without sufficient information to admit or deny the allegations in paragraph 49.

50. The allegations in paragraph 50 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required, the defendants are without sufficient information to admit or deny the allegations in paragraph 50.

### F. Other

51. The allegations in paragraph 51 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

52. The allegations in paragraph 52 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

53. The allegations in paragraph 53 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required, the defendants are without sufficient information to admit or deny the allegations in paragraph 53.

54. The allegations in paragraph 54 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants reserve their defense that the plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309.

55. The allegations in paragraph 55 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required, the defendants are without sufficient information to admit or deny the allegations in paragraph 55.

56. The allegations in paragraph 56 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

57. The defendants are without sufficient information to admit or deny the allegations in paragraph 57.

58. The allegations in paragraph 58 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants are without sufficient information to admit or deny the allegations in paragraph 58.

## CLAIMS FOR RELIEF

### COUNT ONE

### (42 U.S.C. § 1983 Eighth Amendment)

59. The defendants incorporate their responses to paragraphs 1-58 above.

60. The allegations in paragraph 60 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

61. The allegations in paragraph 61 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

62. The allegations in paragraph 62 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

## COUNT TWO

### (Americans with Disabilities Act)

63. The defendants incorporate their responses to paragraphs 1-62 above.

64. The allegations in paragraph 64 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

65. The allegations in paragraph 65 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants are without sufficient information to admit or deny the allegations in paragraph 65.

## COUNT THREE

### (Medical Negligence)

66. The defendants incorporate their responses to paragraphs 1-65 above.

67. The allegations in paragraph 67 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

68. The allegations in paragraph 68 are the legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

69. The allegations in paragraph 69 are a statement of claims and legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

## COUNT FOUR

### (D.C. Human Rights Act)

70. The defendants incorporate their responses to paragraphs 1-69 above.

71. The allegations in paragraph 71 are a statement of claims and legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

72. The allegations in paragraph 72 are a statement of claims and legal conclusions of and by the pleader to which no response is required. However, if a response is required defendants deny the allegations and demand strict proof thereof at trial.

### Third Defense

If plaintiff was injured and damaged as alleged in the Complaint, such injuries and damages were the result of the sole or concurring negligence and/or intentional conduct of a person or persons other than these defendants, its employees, agents and/or servants acting within the scope of their employment.

### Fourth Defense

If the plaintiff was injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than these defendants, its agents, employees or servants acting within the scope of employment.

### Fifth Defense

Plaintiff's claim might be barred by the applicable statute of limitations.

### Sixth Defense

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

### Seventh Defense

Plaintiff has failed to mitigate any damages that she may have incurred.

### Eighth Defense

The defendants may be able to assert the defenses of absolute immunity, qualified immunity and discretionary function immunity.

### Ninth Defense

The defendants deny all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Tenth Defense

All actions of defendants, its agents, servants and employees, were acting within the scope of their employment, were taken in good faith and reasonable belief in their lawfulness.

**Eleventh Defense**

Plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309.

**Twelfth Defense**

The injury that plaintiff suffered is the result of a superceding and/or intervening cause.

**Set-off**

Defendants assert a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

WHEREFORE, the defendants pray the Court dismiss the complaint and award them the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

## DEFENDANTS' CROSS-CLAIM AGAINST ALL CO-DEFENDANTS NAMED IN THE COMPLAINT[2] FOR INDEMNIFICATION AND CONTRIBUTION

Defendants, District of Columbia and Odie Washington, file this cross-claim against all of the co-defendants named in the Complaint, alleging that:

1. This cross-claim arises out of the occurrence which is the subject matter of the plaintiff's Complaint. The plaintiff filed a lawsuit seeking damages for the injuries allegedly sustained by the plaintiff's decedent, Jonathan Magbie, which resulted in his death. The plaintiff's Complaint alleges that all of the co-defendants are liable to the plaintiff for each of the causes of action.

---

[2] This cross-claim excludes claims brought by the plaintiff against CCA for any claims arising out of medical care.

2. Co-defendants breached their contractual obligations to the District and therefore should be required to contribute to, or indemnify, the District or Mr. Washington for any judgment entered against them.

3. If plaintiff's decedent was injured as described in the Complaint, those injuries were solely and primarily the result of acts of omission or commission by co-defendant or its employees constituting negligence or intentional violations of plaintiff's common law and constitutional rights.

4. In the event that the plaintiff obtains a judgment against defendant District of Columbia or Mr. Washington, then each and all co-defendants are liable for contribution or indemnification to defendants in the amount of the recovery, as defendants have in no way caused or contributed to the occurrence alleged by plaintiff in the Complaint.

WHEREFORE, the defendants demand indemnification and/or contribution from all co-defendants, except as noted, toward all sums that may be adjudged against either or both of these defendants in favor of the plaintiff.

>   Respectfully submitted,
>
>   ROBERT J. SPAGNOLETTI
>   Attorney General for the District of Columbia
>
>   GEORGE C. VALENTINE
>   Deputy Attorney General, Civil Litigation Division
>
>   */s/ Holly M. Johnson /s/*
>   HOLLY M. JOHNSON [476331]
>   Section Chief
>   General Litigation Section III

/s/ Steven Anderson /s/
STEVEN J. ANDERSON
Assistant Attorney General
Bar no. 334480
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail: Steve.anderson@dc.gov

/s/ Dana K. DeLorenzo /s/
DANA K. DELORENZO [468306]
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov