UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

MARY R. SCOTT,

       Plaintiff,

v.   No. 05-cv-1853 (RWR)

DISTRICT OF COLUMBIA, *et al.*,

       Defendants.

_____

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS CORRECTIONS CORPORATION OF AMERICA'S AND PATRICIA SINGLEY'S CROSS-CLAIM AGAINST CO-DEFENDANTS AND ANSWER OF DEFENDANTS JOSEPH BASTIEN, M.D., T. WILKINS DAVIS, M.D., CENTER FOR CORRECTIONAL HEALTH AND POLICY STUDIES, INC., MALEK MALEKGHASEMI, M.D, SUNDAY NWOSU, M.D., PAULINE OJELFO, LPN, AND GBENGA OGUNDIPE, LPN**

    Defendants Corrections Corporation of America (CCA) and Patricia Singley have filed a document that they have a labeled a cross-claim against several of the other defendants. The Court should strike this pleading, both because it is inconsistent with the Federal Rules of Civil Procedure and because it fails to state a claim upon which relief may be granted. Further, because the other defendants' answer responds to an invalid pleading, it should be stricken as well.

**A.    Defendants Have Failed to Comply with Fed. R. Civ. P. 15.**

    Like a complaint or a counterclaim, a cross-claim is a request for affirmative relief, and as such it should be included as part of the defendant's answer. 3 James Wm. Moore et al., *Moore's Federal Practice*, § 13.92, at 13-88 (3d ed. 2000). Thus, where a defendant seeks to assert a

cross-claim after the answer has already been filed, it must first request leave of the court as would be necessary for amending any other pleading.  Fed. R. Civ. P. 15(a); *Building Industry Ass'n of Superior California v. Babbitt*, No. CIV.A. 95-0726(PLF), 1999 WL 33326722, *3 (D.D.C.1999).  Before a court may permit an amended pleading, the party must show that it is timely filed and will not prejudice the other parties.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) *(quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants CCA and Singley have not even attempted to show that they have satisfied the requirements of Rule 15(a), as they did not file a motion seeking leave to amend their answer.  Instead, they simply filed the cross-claim in isolation.  The complaint in this case was filed on September 20, 2005.  Defendant CCA filed its answer on November 14, 2005; Defendant Singley filed her answer on April 7, 2006.  At the very least, Defendants CCA and Singley should be required to show that their failure to include the cross-claim in their answers was the result of excusable neglect.  *See Puller Mortg. Associates, Inc. v. Keegan*, 829 F.Supp. 1507, 1510 n.3 (S.D. Ind.1993) (denying leave to amend for untimeliness where party failed to show that delay was caused by excusable neglect).  In any event, because Defendants CCA and Singley have made no showing that amendment is proper, the Court should strike their cross-claim.

**B.    Defendants' Cross-Claim Does Not State a Claim upon Which Relief May Granted.**

More fundamentally, Defendants CCA's and Singley's cross-claim must be stricken because it fails to state a claim upon which relief may be granted.  Even if a proposed amendment is timely and does not unfairly prejudice the other parties, a court should deny leave to amend where doing so would be futile because the amended pleading would be subject to dismissal.  *Firestone*, 76 F.3d at1208.

Defendants' cross-claim states only that any damages sustained by Plaintiffs "were sustained as a result of the . . . negligence" of the other defendants and therefore, CCA and Singley are "not responsible or liable to the Plaintiff for the claims set forth in the Complaint." Dfts. CCA's and Singley's Cross-Claim Against Co-Dfts, Dkt. #68, at ¶3. They repeat in the next paragraph that "Defendants CCA and Officer Singley have in no way caused or contributed to the occurrence alleged by the Plaintiff in the Complaint." *Id.* at ¶4.

To constitute a proper cross-claim under Fed. R. Civ. P. 13(g), the pleading must assert a claim for affirmative relief; a party cannot simply deny that it is liable. *Washington Building Realty Corp. v. Peoples Drug Stores, Inc.*, 161 F.2d 879 (D.C.Cir.1947); 6 Charles Alan Wright, et al., *Federal Practice and Procedure*, § 1431, at 231 (2d ed. 1990) ("A cross-claim that does not assert a plea for affirmative relief but merely alleges a complete defense against the opposing party's claim does not fall within Rule 13(g).") However, this is exactly what the cross-claim does. Essentially, Defendants are saying: "It wasn't us, but maybe it was them."

It is true that Defendants CCA and Singley have included a request for "contribution or indemnification" and these are both appropriate bases for a cross-claim. *Answering Service, Inc. v. Egan*, 728 F.2d 1500, 1504 (D.C. Cir. 1984). However, Defendants have pleaded no facts suggesting any basis for indemnification or contribution. As with any other pleading, Defendants must provide notice of the basis of the claim. "[T]he pleading must contain more than a conclusory statement that the pleading party is entitled to relief from another party; it must state how and why the claimant is entitled to such relief." *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.*, 49 F. Supp. 2d 728, 740 (D.N.J.,1999) (rejecting claim for contribution). Simply stating a legal conclusion like indemnification is no more

3

sufficient than if Plaintiff had simply alleged, "Defendants are liable because they violated the Eighth Amendment and the Americans with Disabilities Act."

This case is indistinguishable from *Rainbow Trucking, Inc. v. Ennia Ins. Co.*, 88 F.R.D. 596, 597 (E.D. Pa. 1980), in which the court held that a cross-claim was insufficient because it "includes only the conclusion that [the defendant] is entitled to contribution and/or indemnity from the other defendants. Stating that '(i)f the plaintiffs are entitled to a verdict' and incorporating plaintiffs' allegations into the crossclaim do not really show how or why the crossclaimant is entitled to the requested relief from the other defendants."

## CONCLUSION

The cross-claim filed by Defendants CCA and Singley must be stricken because they neither sought leave of this Court before amending their answer nor demonstrated that they have satisfied the requirements of Rule 15. Alternatively, the Court should deny Defendants' leave to amend their answer because their cross-claim fails to state a claim upon which relief may be granted. Further, because a party cannot respond to an invalid pleading, the other defendants' answer to the cross-claim should be stricken as well.

Respectfully submitted,

   *s/ Donald M Temple*
Donald M. Temple, D.C. Bar No. 408749
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
202-628-1101

Edward J. Connor, D.C. Bar No. 321505
5210 Auth Road, Suite 304
Camp Springs, MD 20746
301-899-7801

        Elizabeth Alexander, D.C. Bar No. 412904
        National Prison Project of the ACLU Foundation
        915 15th Street, NW, 7th Floor
        Washington, DC 20005
        202-393-4930

        Arthur B. Spitzer, D.C. Bar No. 235960
        American Civil Liberties Union
          of the National Capital Area
        1400 20th Street, NW, Suite 119
        Washington, DC 20036
        202-457-0800

        Counsel for Plaintiff

July 7, 2006