IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, Individually and as<br>Personal Representative of the Estate of<br>JONATHAN MAGBIE, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA *et al.*,<br><br>    Defendants. | Civil Action 1:05-cv-01853-RWR |

### OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS CORRECTIONS CORPORATION OF AMERICA'S AND PATRICIA SINGLEY'S CROSS-CLAIM AGAINST CO-DEFENDANTS

COME NOW Defendants Corrections Corporation of American ("CCA") and Patricia Singley ("Officer Singley"), by counsel, and in Opposition to Plaintiff's Motion to Strike Defendants' Cross-Claim Against Joseph Bastien, MD, T. Wilkins Davis, MD, Center for Correctional Health and Policy Studies, Inc., Malek Malekghasemi, MD, Sunday Nwosu, MD, Pauline Ojelfo, LPN, Gbenga Ogundipe, LPN, Greater Southeast Community Hospital Corporation d/b/a Greater Southeast Community Hospital, William S. Vaughn, MD and Rotimi A. Iluyomade, MD (hereinafter "Co-Defendants"), state as follows:

**A.     Plaintiff Lacks Standing to Move to Strike Defendants' Cross-Claim.**

Plaintiff filed the instant motion seeking to strike the Cross-Claim filed by Defendants CCA and Singley against the above-referenced Co-Defendants and the Answers filed by said Co-Defendants. Plaintiff's Motion must be denied because Plaintiff has no standing to challenge a pleading asserted against the Co-Defendants. In short, Plaintiff lacks standing to challenge Defendants' Cross-Claim because Plaintiff does not have a personal stake in the Cross-Claim asserted against the Co-Defendants. *See generally Allen v. Wright,* 468 U.S. 737, 750-51 (1984)

(quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)) (recognizing that "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."); *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.,* 749 A.2d 724, 731 (D.C. 2000) (quoting ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 2.3, at 56 (3d ed. 1999)) (recognizing standing as "the determination of whether a specific person is the proper party to bring a matter to the Court for adjudication."). Notably, none of the Defendants who have responded to the Cross-Claim have stated an objection thereto, and all such Defendants have filed an Answer.[1] Accordingly, as Plaintiff is without standing to assert the objections set forth in the Motion to Strike Defendants' Cross-Claim, Plaintiff's Motion should be denied.

### B. Defendants' Cross-Claim is Properly Before this Court.

Rule 13(g) of the Federal Rules of Civil Procedure governs the filing of a cross-claim by one party against a co-party, and imposes no limitation upon the time period in which a cross-claim may be filed. *See* Fed. R. Civ. P. 13(g). Defendants could locate no authority from this Circuit which requires the filing of a cross-claim within a specific time period, nor the filing of a cross-claim as a part of a defendant's answer.[2] In fact, the express language of Rule 13(g) plainly indicates that a cross-claim may be filed at any time during which such pleadings are otherwise permitted. *See* Fed. R. Civ. P. 13(g) ("A pleading *may* state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter…of the original action…"); *compare with* Fed. R. Civ. P. 13(a) ("A pleading *shall* state

---

[1] On July 6, 2006, Defendants Bastien, Davis, Malekghasemi, Nwosu, Ojelfo, Ogundipe and Center for Correctional Health and Policy Studies, Inc. filed an Answer to the Cross-Claim. On July 12, 2006, Defendants Vaughn and Iluyomade filed their Answers. To date, Greater Southeast Community Hospital has not responded to the Cross-Claim.

[2] To the extent this Court determines that Defendants' Cross-Claim is deficient in any way, Defendants will move for leave to amend prior to August 3, 2006, the deadline by which the pleadings must be amended as set forth in the Scheduling Order.

Case 1:05-cv-01853-RWR    Document 78    Filed 07/19/2006    Page 3 of 4

as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim…") (emphasis added).[3] On this basis, Defendants' Cross-Claim, as filed, is properly before this Court.[4]

### C.    The Cross-Claim States a Claim upon Which Relief May be Granted.

Defendants CCA and Singley assert this Cross-Claim for contribution or indemnification against Co-Defendants, for any and all sums adjudged against Defendants and in favor of the Plaintiff in the instant lawsuit. Cross-Claim ¶ 4. Defendants' Cross-Claim, by its very nature, is based upon Defendants' potential liability under the Plaintiff's Complaint. Defendants seek, through the principles of contribution and indemnification, to have Co-Defendants pay their share of any judgment resulting from a determination that CCA and Singley are joint tortfeasors with said Co-Defendants or that CCA and Singley are secondarily liable for the actions or inactions of said Co-Defendants. Such a request for contribution and indemnification is the proper basis for a cross-claim, as conceded by Plaintiff in the Motion to Strike, and it is implicit in seeking such relief that the finder of fact necessarily must conclude that all Defendants were joint tortfeasors and/or that Defendants CCA and Singley were secondarily liable for the actions or inactions of the Co-Defendants.

Further, the express language of the Cross-Claim places Co-Defendants on notice of the claims asserted against them, and such notice is sufficient under the liberal pleading standard set

---

[3] If the intent was to require that a third-party plaintiff assert cross-claim against third-party defendant at the time they filed their original answer, Rule 13 would have explicitly articulated this requirement, as it did with respect to mandatory counterclaims. *See* Fed. R. Civ. P. 13(a). Instead, the use of the word "may" with respect to cross-claims plainly indicates that a third-party plaintiff may file a cross-claim at any time during which such pleadings are otherwise permitted.

[4] To the extent this Court disagrees with Defendants' analysis, Defendants will seek leave of Court to file an Amended Answer and Cross-Claim as one pleading.

3

forth in Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief."); *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (noting that under Rule 8(a), a complaint must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."). In the instant matter, the fact that Co-Defendants have been given fair notice of the claims stated against them is confirmed by the fact that all Co-Defendants who have filed an Answer to the Cross-Claim have done so without objection. On these bases, Plaintiff's Motion to Strike should be denied.[5]

WHEREFORE, Defendants Corrections Corporation of America and Patricia Singley respectfully request that this Court deny Plaintiff' Motion to Strike Defendants' Cross-Claim Against Co-Defendants and the Answers of Co-Defendants herein.

                                      Respectfully submitted,

                                         /s/ Kelvin L. Newsome

                                      Daniel P. Struck (D.C. Bar No. CO0037)
                                      JONES, SKELTON & HOCHULI, P.L.C.
                                      2901 North Central Avenue, Suite 800
                                      Phoenix, Arizona 85012
                                      Telephone: (602) 263-7323
                                      Facsimile: (602) 200-7811

                                      Kevin L. Newsome (D.C. Bar No. 439206)
                                      Megan S. Ben'Ary (D.C. Bar No. 493415)
                                      LECLAIR RYAN, A PROFESSIONAL CORPORATION
                                      225 Reinekers Lane, Suite 700
                                      Alexandria, Virginia 22314
                                      Telephone: (703) 684-8007
                                      Facsimile: (703) 684-8075

Filed Electronically this 19th day of July, 2006.

---

[5] To the extent this Court disagrees with Defendants' analysis, and concludes that allegations of joint and/or secondary liability are required to state a claim for contribution and/or indemnification against Co-Defendants, Defendants will seek leave to amend the Cross-Claim to expressly state these allegations.