UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

M<small>ARY</small> R. SCOTT,

      Plaintiff,

v.                                                              No. 05-cv-1853 (RWR)

DISTRICT OF COLUMBIA, et al.,

      Defendants.

_____

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD PARTIES**

**I. INTRODUCTION**

    In this case, Mary Scott seeks damages for the wrongful death of her son as a result of his ten-day sentence to the District of Columbia Central Detention Center in September 2004. Mr. Magbie, a 27-year old man who was quadriplegic and tracheostomy-dependent, with an implanted phrenic nerve stimulator to assist in his breathing, entered the Central Detention Center on September 20 and died on September 24 at Greater Southeast Community Hospital, after a tragic series of events at three locations that denied him proper medical care, failed to provide him with services needed as a result of his disabilities, and even denied him enough food and water.

    As a result of initial discovery, Plaintiff now seeks to amend her complaint and add parties. In particular, Plaintiff seeks to add certain defendants whose role in the death of Mr. Magbie was brought to light by that discovery. Those defendants include Beverly Hillard, a registered nurse employed by the District of Columbia; Captain Johnson, a supervisory officer at

1

the Correctional Treatment Facility; Fred Figueroa, at the relevant times the Warden of the Correctional Treatment Facility; Parham Haghighi, Dr. Nunoi, and Christopher J. Ackerman, all physicians in the Emergency Room at Greater Southeast Community Hospital; Monica James, a respiratory therapist employed by Greater Southeast Community Hospital; and National Emergency Services District of Columbia, Inc., which by contract provided physician services to Greater Southeast Community Hospital.  In addition, the proposed amended complaint clarifies and expands certain factual allegations in the original complaint and adds a claim of intentional infliction of emotional distress against Defendants Singley and Corrections Corporation of America.  *See* Attach. 1, Proposed Amended Complaint.

The scheduling order established August 3, 2006 as the deadline for amending the complaint or adding parties, so this proposed amended complaint complies with the dates established under the scheduling order of May 8, 2006.[1]

## II. ARGUMENT

The standards applicable to a motion to amend a complaint under Fed. R. Civ. P. 15 have long been settled:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be followed.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."  Of course, the grant

---

[1] Plaintiff contacted all parties requesting consent to this motion.  Corrections Corporation of America consented.  Some additional Defendants have taken no position, and others have not responded.

> or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 173, 182 (1962); *see also Caribbean Broadcasting Sys. v. Cable & Wireless PLC.,* 148 F.3d 1080, 1084 (D.C. Cir. 1998) (reversing district court's refusal to allow amendment of complaint; noting that Statute of Limitations had not run and that Rule 15 does not prescribe any time limit within which a party must apply to a court for leave to amend; in most cases delay alone is not a sufficient reason to deny leave to amend; case had been going on for more than three years at time of attempted amendment); *Material Supply Int'l, Inc. v. Sunmatch Indus. Co., Ltd.,* 146 F.3d 983, 991 (D.C. Cir. 1998) (approving district court's allowance of amendment of answer to add a Statute of Limitations defense that was requested after the close of discovery; motion was granted approximately three weeks before trial began).

     Plaintiff's proposed amended complaint is filed within the time set by the scheduling order for amendment and the joinder of parties. The amended and clarified allegations, the new claim of intentional infliction of emotional distress, and the newly-named parties, are based on discovery that was, of course, only possible after this case was filed. This is a complex case, involving Defendants from the Central Detention Center, Greater Southeast Community Hospital, and the Correctional Treatment Facility, and the various medical provider Defendants have a variety of different contractual relationships with the institutional Defendants. It is thus to be expected that Plaintiff would need to clarify and expand her allegations with the assistance of the discovery that has now occurred. Nor is there any palpable prejudice to Defendants in adding allegations based on the fruits of discovery, since by definition this information was already

available to them.

      For the same reasons, Plaintiff should be permitted to add Defendants pursuant to Fed. R. Civ. P. 21. Rule 21 allows parties to be added on such terms "as are just" and "at any stage in the action." The standards for allowing amendment pursuant to Rule 21 are indistinguishable from the standards for amendment pursuant to Rule 15. *See, e.g., Wright v. Herman,* 230 F.R.D. 1, 4 n.4 (D.D.C. 2005) (once a responsive pleading has been served, the standard for allowing amendment under Rule 15 is the same as the standard for allowing the addition of parties under Rule 21); *Wiggins v. District Cablevision, Inc.,* 853 F. Supp. 484, 499 & n.4 (D.C. C. 1994) (stating that the standards for adding a party are the same under Rule 15 and Rule 21; deciding motion to amend complaint and add party under Rule 15 standard); *Health Research Group v. Kennedy,* 82 F.R.D. 21, 29 (D.D.C. 1979) (noting that Rule 15(c)(3) applies to a claim changing the party against whom a claim is asserted, thus indicating that the Rule encompasses adding parties; "there is no practical difference in application or effect" between the two rules for purposes of adding parties, aside from the right to amend without leave of court prior to the filing of a responsive pleading provided in Rule 15).

      There is no significant likelihood of prejudice or delay to any Defendant from adding these parties, as discovery is still open. Indeed Defendants District of Columbia and Odie Washington have just requested, for other reasons, that the time for discovery under the scheduling order be extended for 90 days. Plaintiff does not oppose that motion,[2] and the District's motion indicates that Greater Southeast Community Hospital and Corrections

---

[2] On August 1, Plaintiff's counsel left a message on Mr. Anderson's voice mail indicating that Plaintiff did not oppose the request by the District and Mr. Washington.

4

Corporation of America have also consented to the District's motion, so in context of the entire case, any minor delays occasioned by adding parties or amendment of the complaint will be of no significant consequence in the litigation.

**CONCLUSION**

For the above reasons, Plaintiff requests that her motion to amend the complaint and add parties be granted, and that the Court allow the filing of the proposed amended complaint attached to this motion.

                    Respectfully submitted,

                            /s/DONALD M. TEMPLE
                    Donald M. Temple, D.C. Bar No. 408749
                    Temple Law Office
                    1229 15th Street, NW
                    Washington, DC 20005
                    202-628-1101

                    Edward J. Connor, D.C. Bar No. 321505
                    5210 Auth Road, Suite 304
                    Camp Springs, MD 20746
                    301-899-7801

                    Elizabeth Alexander, D.C. Bar No. 412904
                    National Prison Project of the ACLU Foundation
                    915 15th Street, NW, 7th Floor
                    Washington, DC 20005
                    202-393-4930

                    Arthur B. Spitzer, D.C. Bar No. 235960
                    American Civil Liberties Union
                      of the National Capital Area
                    1400 20th Street, NW, Suite 119
                    Washington, DC 20036
                    202-457-0800

Dated: August 3, 2006