UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY R. SCOTT, Individually and as )
Personal Representative of the Estate of )
JONATHAN MAGBIE, Deceased, )
)
       Plaintiffs, )
)
v. )   Case Number: 1:-05cv01853 (RWR)
)
DISTRICT OF COLUMBIA, et al. )
)
       Defendants. )
                                       )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
GREATER SOUTHEAST'S MOTION TO PARTIALLY DISMISS CROSS-CLAIM
OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

**I.   INTRODUCTION**

Paragraph 2 of the Cross-Claim filed by Odie Washington and the District of Columbia does not contain the factual predicate necessary to sustain a valid claim for breach of contract. Even under the liberalized rules of notice pleading, the Cross-Claim is fundamentally deficient in that it fails to identify the date and/or terms of the alleged contract, the parties and/or signatories to the alleged contract, the date and/or location of the alleged breach, and the manner of the alleged breach.

**II.   APPLICABLE CASE LAW**

Rule 12(e) of the Federal Rules of Civil Procedure allows for a more definite statement if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). In that regard, the Rule expressly provides:

> (e) **Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a

238780.1

6

> responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The Motion shall point out the defects complained of and the details desired. If the Motion is granted and the order of the Court is not obeyed within 10 days after notice of the order or within such other time as the Court may fix, the Court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e). *See also Barnett v. Bailey*, 956 F.2d 1036, 1043-44 (11th Cir. 1992)(if complaint is ambiguous or contains insufficient information to frame responsive pleading, proper remedy is Fed. R. Civ. P 12(e) motion, rather than dismissal); *American Nurses Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986)("when a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course is not to move to dismiss, but to move for a more definite statement").

Where a party may have some information generally within its knowledge, but needs more specificity to determine the precise basis for the pleader's claim, courts are receptive to a Rule 12(e) motion for more definite statement. In that regard, proper pleading under Rule 8 requires an enumeration of allegations of each element of the claim. If it does not, and if the deficiency is not so material that the pleading should be dismissed under Rule 12(b)(6), a more definite statement is appropriate. Volume 2, *Moore's Federal Practice*, § 12.36[1] (Matthew Bender, 3d ed.). *See e.g .Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)(copyright infringement claim complaint must allege four basic elements).

In addition, a motion for more definite statement can assist the court in "the cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses." Volume 2, *Moore's Federal Practice*, § 12.36[1] (Matthew Bender, 3d ed.), citing *Anderson v. Board of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996); *Fikes v. City of Daphne*, 79 F.3d 1079, 1082-1083 (11th Cir. 1996)(more definite statement can tighten complaint and may eliminate some of plaintiff's claims).

238780.1

7

### III. FULL TEXT OF CROSS-CLAIM

The full text of the Cross-Claim filed by the Cross-Plaintiffs is submitted below:

> "Defendants, District of Columbia and Odie Washington, file this cross-claim against all of the co-defendants named in the Complaint, alleging that:
> 1. This cross-claim arises out of the occurrence which is the subject matter of the plaintiff's Complaint. The plaintiff filed a lawsuit seeking damages for the injuries allegedly sustained by the plaintiff's decedent, Jonathan Magbie, which resulted in his death. The plaintiff's Complaint alleges that all of the co-defendants are liable to the plaintiff for each of the causes of action.
> 2. Co-defendants breached their contractual obligations to the District and therefore should be required to contribute to, or indemnify, the District or Mr. Washington for any judgment entered against them.
> 3. If plaintiff's decedent was injured as described in the Complaint, those injuries were solely and primarily the result of acts of omission or commission by co-defendant or its employees constituting negligence or intentional violations of plaintiff's common law and constitutional rights.
> 4. In the event that the plaintiff obtains a judgment against defendant District of Columbia or Mr. Washington, then each and all co-defendants are liable for contribution or indemnification to defendants in the amount of the recovery, as defendants have in no way caused or contributed to the occurrence alleged by plaintiff in the Complaint.
> Wherefore, the defendants demand indemnification and/or contribution from all co-defendants, except as noted, toward all sums that may be adjudged against either or both of these defendants in favor of the plaintiff."

### IV. ARGUMENT

Cross-Plaintiffs' claim for breach of contract should be dismissed for failure to state a claim upon which relief may be granted. Simply stated, paragraph 2 of the Cross-Claim is completely devoid of any specifics to support a claim for breach of contract against Greater Southeast. Even under the liberalized rules of notice pleading, the Cross-Claim is fundamentally deficient in that it fails to identify: (a) the date of the alleged contract; (b) the terms of the alleged contract; (c) the parties to the alleged contract; (d) the signatories to the alleged contract; (e) the date of the alleged breach; (f) the location of the alleged breach; or (g) the manner of the alleged breach.

In the alternative, Cross-Plaintiffs should be required to provide a more definite statement as to the alleged breach of contract. At the very least, Cross-Plaintiffs should be required to identify the precise terms, dates, and signatories to any alleged contract, including the

manner and date of breach thereof and identity of breaching party. Without this information, Greater Southeast cannot be expected to frame a responsive pleading to the factual allegations and/or to provide an intelligent response to potential jurisdictional and/or statute of limitations issues.

## V.   CONCLUSION

For all of the above reasons, Greater Southeast requests a 12(b)(6) dismissal of the Cross-Plaintiffs' claim for breach of contract for failure to state a claim upon which relief may be granted. In the alternative, Greater Southeast requests that Cross-Plaintiffs be required to amend their Cross-Claim to set forth sufficient factual detail to enable each of the co-defendants to ascertain the nature of the claims against them and to prepare a responsive pleading.