IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, Individually and as Personal Representative of the Estate of Jonathan Magbie, Deceased,<br><br>     Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA<br>ODIE WASHINGTON<br>JOSEPH BASTIEN, M.D.<br>T. WILKINS DAVIS, M.D.<br>CENTER FOR CORRECTIONAL HEALTH AND POLICY STUDIES, INC.<br>CORRECTIONS CORPORATION OF AMERICA<br>MALEK MALEKGHASEMI, M.D.<br>SUNDAY NWOSU, M.D.<br>PAULINE OJELFO, L.P.N.<br>GBENGA OGUNDIPE, L.P.N.<br>OFFICER SINGLEY<br>GREATER SOUTHEAST COMMUNITY HOSPITAL CORPORATION, d/b/a GREATER SOUTHEASTERN COMMUNITY HOSPITAL<br>WILLIAM S. VAGHAN, M.D.<br>ROTIMI A. ILUYOMADE, M.D.,<br><br>     Defendants. | Civil Action: 1:05-CV-01853-RWR |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO AMEND COMPLAINT**

Defendants Corrections Corporation of America and Officer Patricia Singley ("CCA Defendants"), through counsel respond and oppose Plaintiffs' Motion to Amend the Complaint with respect to Plaintiff's addition of Captain Johnson and Warden Figueroa as named defendants and a cause of action for intentional infliction of emotional distress as to CCA and

Patricia Singley.[1]  Plaintiff has failed to meet the requirements of Rule 15, Fed. R. Civ. Proc. with respect to these proposed amendments and as such her motion should be denied.  This Motion is supported by the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff argues that as a result of discovery, she now seeks to amend her Complaint to include two additional CCA employees as named defendants and a fifth cause of action against CCA and Officer Singley.[2]  Plaintiff has failed to meet the threshold requirements of Rule 15 as it relates to these proposed amendments.

First, contrary to Plaintiff's avowal that CCA consented to the proposed amended complaint, no such consent was ever given.  No consent would have been given because none of the discovery has provided a basis upon which to name either Warden Figueroa or Captain Johnson or support an intentional infliction of emotional distress claim.  Consequently, discovery has not provided the Plaintiff with additional facts or circumstances that constitute a proper subject of relief, as necessary pursuant to Rule 15.  *See* **Foman v. Davis**, 371 U. S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed.2d 222 (1962); Fed. R. Civ. Proc. 15.   In fact, the proposed amendment would be futile and would result in undue prejudice to the CCA defendants.

**A.     Discovery does not support the proposed amendments**

Plaintiff's addition of Warden Figueroa apparently is based upon her incorrect belief that the Warden is responsible for implementing policies involving medical care and medical needs for those inmates who suffer from a medical disability.  Neither the record nor the discovery to

---

[1] CCA and Officer Singley have no objection as it relates to Plaintiff adding Beverly Hillard, Parham Haghighi, Dr. Nunoi, Christopher J. Ackerman, Monica James and National Emergency Services District of Columbia, Inc. as additional defendants.

[2] While Plaintiff's Proposed Amended Complaint adds numerous other named defendants and supplementary facts, the CCA Defendant's Response only addresses Plaintiff's failure to satisfy Rule 15 requirements as it relates to the newly named CCA employees and claims.

date supports this contention. Rather, the documents that have been produced very clearly indicate that the contracted medical provider and the District of Columbia are responsible for implementing medically related policies and ensuring that they are carried out. The only types of policies that CCA and/or the Warden are responsible for are those that address and involve custody, care and control of inmates. Officer Singley testified that the only instruction she was given about Mr. Magbie's medical condition was that his door could not be closed. This "policy" was one that was determined by the medical staff. She further testified that as a result, she never closed his door. There is simply no support for Plaintiff's position that any policy of CCA's or the Warden's caused harm to Mr. Magbie. The only policies related to Mr. Magbie were medically issued and complied with by the custody staff.

Plaintiff's addition of Captain Johnson appears to result from Officer Singley's testimony that Captain Johnson conducted a "post check" during her shift to ensure that everything and everyone was in order. Plaintiff has not obtained any evidence through discovery or otherwise that indicates when Captain Johnson did her post check during Officer Singley's shift, there was anything improper occurring. There is simply no support for Plaintiff's new proposition that Captain Johnson failed to supervise.

Finally, Plaintiff's addition of an intentional infliction of emotional distress claim would be futile and prejudice the CCA defendants in that they would have to expend time and money defending a claim that is entirely unsupported by the evidence. "An amendment is futile if it would not survive a motion to dismiss or for judgment on the pleadings." ***Stith v. Chadbourne and Parke, LLP***, 160 F.Supp.2d 1, 6 (DC D.C. 2001). At no point during the discovery process has there been any evidence that CCA or Officer Singley intentionally did anything to Mr. Magbie knowing that it would cause him harm. To the contrary, Officer Singley testified that

she permitted Mr. Magbie to loiter at her desk and converse with her during her shift. Such conduct is clearly not proof of intentional infliction of emotional distress.

**B.     Plaintiff has failed to satisfy Rule 15(c)(3)**

Before Plaintiff can add new defendants she must satisfy the requirements set forth in Rule 15(c)(3). *See Stuart v. District of Columbia*, 694 A.2d 49, 52 (D.C. Ct. App. 1997). Rule 15(c)(3) is only satisfied if the new party to be named has received sufficient notice of the lawsuit and is not prejudiced. Fed. R. Civ. Proc. 15(c)(3). The notice requirements will be met only where: 1) the claim arose from conduct detailed in pleading; 2) the new party knew or should have known that, but for mistake concerning identity, action would have been brought against it; and 4) second and third requirements were met during applicable statute of limitations period. *Stuart, Id.* Here, neither the Warden nor Captain Johnson knew or should have known the action would have been brought against them. The only policies at issue are those related to medical care and are not implemented by the Warden. Captain Johnson had minimal contact with Mr. Magbie and was not involved in any way with either his medical care or custody related issues. Neither the Warden nor Captain Johnson could ever have expected they would be named in this lawsuit. Indeed, given the record and the discovery to date, it is unknown why Officer Singley is a defendant or how her conduct caused any of Mr. Magbie's injuries.

In sum, Plaintiff has failed to satisfy the requirements of Rule 15. It is within the Court's discretion to deny Plaintiff's Motion to Amend if such an amendment is not warranted. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. This case is exactly the type of case wherein the Court should exercise that discretion and deny Plaintiff's motion.

Dated: this 17th day of August, 2006.   By   s/ Daniel P. Struck
                  Daniel P. Struck, Bar No. CO0037
                  JONES, SKELTON & HOCHULI, P.L.C.
                  2901 North Central Avenue, Suite 800
                  Phoenix, Arizona 85012
                  Telephone: (602) 263-1700
                  Facsimile: (602) 263-1784

                  Kelvin L. Newsome (D.C. Bar No. 439206)
                  Megan Starace Ben'Ary (D.C. Bar No. 493415)
                  LECLAIR RYAN, A PROFESSIONAL CORPORATION
                  225 Reinekers Lane
                  Suite 700
                  Alexandria, Virginia 22314
                  Telephone: (703) 647-5933
                  Facsimile: (703) 647-5983
                  Attorneys for Defendants

                  Attorneys for Defendants, *Corrections Corporation of America and Officer Singley*

Filed Electronically this 17th day of August, 2006.

Copy of the foregoing mailed even date to:

Donald M. Temple, Esq.
TEMPLE LAW OFFICE
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101

Edward J. Connor, Esq.
5210 Auth Road
Suite 304
Camp Springs, MD 20746-4321
(301) 899-7801

Elizabeth Alexander
NATIONAL PRISON PROJECT OF THE ACLU FOUNDATION
733 15th Street, N.W.
Washington, D.C. 20005-2112
(202) 393-4930

Arthur B. Spitzer, Esq.
AMERICAN CIVIL LIBERTIES UNION
1400 20th Street, N.W.
Suite 119
Washington, D.C. 20036
(202) 457-0800

Steven J. Anderson, Esq.
OFFICE OF CORPORATION COUNSEL
441 4th Street, N.W.
Suite 600 S
Washington, D.C. 20001
(202) 724-6601

Dana K. DeLorenzo, Esq.
OFFICE OF THE ATTORNEY GENERAL FOR D.C.
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6515

Catherine A. Hanrahan, Esq.
Alan Janoske Rumsey, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
1341 G Street, N.W.
Suite 500
Washington, D.C. 20005
(202) 626-7660

D'Ana E. Johnson, Esq.
BONNER KIERNAN TREBACH & CROCIATA
1250 Eye Street, N.W.
Suite 600
Washington, D.C. 20005
(202) 712-7055

Andrew J. Spence, Esq.
HAMILTON ALTMAN CANALE & DILLON, LLC
10306 Eaton Place
Suite 100
Fairfax, VA 22030
(703) 591-9700

 s/  Daniel P. Struck