UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, individually and as Personal Representative of the Estate of JONATHAN MAGBIE,<br><br>   Plaintiff.<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-1853 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

### DISTRICT OF COLUMBIA'S PARTIAL CONSENT MOTION FOR A PROTECTIVE ORDER

Now comes the defendant, the District of Columbia, by and through undersigned counsel, and moves this Honorable Court to enter the attached protective order for documents produced by the District of Columbia that were compiled by the Office of the Inspector General, as part of its investigation of the circumstances surrounding Mr. Magbie's death. A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, are attached hereto.

Undersigned counsel has sought the consent of the parties via email on August 18, 2006. As of the time the instant Motion was filed, undersigned counsel has received the following responses: Plaintiff, Dr. Rotimi Iluyomade and Dr. William S. Vaughn consent to the relief requested herein. Corrections Corporation of America ("CCA"), Patricia Singley and Greater Southeast Community Hospital do not object to the relief requested herein.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ Steven Anderson /s/*
STEVEN J. ANDERSON
Assistant Attorney General
Bar no. 334480
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail: Steve.anderson@dc.gov

*/s/ Dana K. DeLorenzo /s/*
DANA K. DELORENZO [468306]
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY R. SCOTT**, individually and as Personal Representative of the Estate of **JONATHAN MAGBIE**, </br></br>Plaintiff. </br></br>v. </br></br>**DISTRICT OF COLUMBIA**, *et al.* </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  </br></br> Civil Action No. 05-1853 (RWR) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISTRICT OF COLUMBIA'S PARTIAL CONSENT MOTION FOR A PROTECTIVE ORDER

Now comes the District of Columbia ("the District"), by and through undersigned counsel, and moves this Honorable Court to enter a protective order restricting the use of documents produced by the District that were compiled by the Office of the Inspector General ("OIG") as part of its investigation into the circumstances surrounding Mr. Magbie's death. In support of this Motion, the District states as follows:

The parties have commenced discovery. The District is working to respond to the other parties' discovery requests. In addition to the voluminous documents already produced to the parties, the District has made available for copying four boxes of documents that were compiled by the Office of the Inspector General. The documents include hand-written notes of in-person and/or telephone interviews with District employees and other defendants' employees, memoranda, records (medical and otherwise) and other information that identifies non-party witnesses and may contain sensitive and/or confidential information about District employees, other defendants' employees and/or non-parties. Accordingly, to protect the privacy of these

individuals, the District requests that the Court issue the attached protective order before the OIG documents are copied and obtained by counsel.

*Argument*

The District requests that certain restrictions be placed upon the use and dissemination of the documents compiled by the Office of the Inspector General and produced by the District in its discovery responses. Therefore, the District requests that the Court issue a Protective Order that:

1) mandates that any documents produced by the District that were part of the OIG investigation file shall be used for this litigation only; and

2) requires that all copies of the documents produced shall be returned to the District's counsel upon the conclusion of all proceedings and/or after any settlement of the case or that counsel certifies that said documents have been destroyed; and

3) prohibits the parties, counsel, staff, experts and/or agents from showing, disclosing, discussing, or otherwise revealing, in any way, the contents of these records or documents with anyone who is not a party, counsel, staff, witness, expert and/or agent; provided that nothing in this order shall preclude any party from introducing any document into evidence at a deposition in this case or at the trial of this case.

4) The protection of this order may be removed from any document by a letter from counsel for the District of Columbia to counsel the other parties or by an order of the Court. This order is without prejudice to the right of any party to move the Court to lift the protection of this order from any document.

5) The language of the protective order is not intended to bar the use of documents obtained from a non-OIG source.

Wherefore, the District respectfully requests that the Court issue the attached protective order.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Holly M. Johnson /s/*
        HOLLY M. JOHNSON [476331]
        Section Chief
        General Litigation Section III

        */s/ Steven Anderson /s/*
        STEVEN J. ANDERSON
        Assistant Attorney General
        Bar no. 334480
        Suite 600S
        441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6607
        (202) 727-3625 (fax)
        E-mail: Steve.anderson@dc.gov

        */s/ Dana K. DeLorenzo /s/*
        DANA K. DELORENZO [468306]
        Assistant Attorney General
        441 4th Street, N.W., 6S61
        Washington, D.C. 20001
        (202) 724-6515
        (202) 727-3625 (fax)
        Dana.delorenzo@dc.gov

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY R. SCOTT**, individually and as Personal Representative of the Estate of JONATHAN MAGBIE,  Plaintiff. | )<br>)<br>)<br>)<br>)<br>) |
| v. | ) Civil Action No. 05-1853 (RWR) |
| **DISTRICT OF COLUMBIA**, *et al.*  Defendants. | )<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING DISTRICT OF COLUMBIA'S PARTIAL CONSENT
MOTION FOR A PROTECTIVE ORDER**

Upon consideration of the District's Partial Consent Motion for a Protective Order, any opposition thereto, and the record herein, it is by the Court this _____ day of _____, 2006,

**ORDERED** that the Partial Consent Motion for a Protective Order is GRANTED. It is

**FURTHER ORDERED** that the following restrictions shall be placed on the OIG documents released by the District:

1) any documents produced by the District that were part of the OIG investigation file shall be used for this litigation only; and

2) all copies of the documents produced shall be returned to the District's counsel upon the conclusion of all proceedings and/or after any settlement of the case or that counsel certifies that said documents have been destroyed; and

3) the parties, counsel, staff, experts and/or agents are prohibited from showing, disclosing, discussing, or otherwise revealing, in any way, the contents of these records or documents with anyone who is not a party, counsel, staff, witness, expert and/or agent;

provided that nothing in this order shall preclude any party from introducing any document into evidence at a deposition in this case or at the trial of this case.

4) The protection of this order may be removed from any document by a letter from counsel for the District of Columbia to counsel the other parties or by an order of the Court. This order is without prejudice to the right of any party to move the Court to lift the protection of this order from any document.

5) The language of the protective order is not intended to bar the use of documents obtained from a non-OIG source.

_____
Richard W. Roberts
United States District Judge