UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY SCOTT, Individually and :
as Personal Representative of the Estate of :
JONATHAN MAGBIE, :
                                                        :
        Plaintiff, :
                                                        :
                v. :            Civil Action No. 1: 05CV01853
                                                        :            (RWR)
DISTRICT OF COLUMBIA :
et. al, :
        Defendants :

## OPPOSITION OF DEFENDANT DISTRICT OF COLUMBIA TO GREATER SOUTHEAST'S MOTION TO DISMISS OR THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

Co-defendant/cross-claim defendant Greater Southeast Community Hospital ("Hospital") has moved to dismiss or for a more definite statement of the District of Columbia's cross-claim. In its cross-claim, the District sought contribution and/or indemnifications from the Hospital in the event it is found liable in this case. Below, the District demonstrates that the Hospital's motion is without merit and therefore, must be denied.

In its cross-claim the District made it clear that "This cross-claim arises out of the occurrence which is the subject matter of the plaintiff's Complaint." Cross-claim ¶ 1. This is a medical malpractice/constitutional case where plaintiff is seeking to recover for the death of her son. In her complaint, the plaintiff alleges that her decedent died at Greater Southeast Community Hospital due to its medical malpractice and/or the Hospital violation of decedent's constitutional rights. Specifically, Plaintiff alleges that on the morning of September 24 Mr. Magbie "developed an acute respiratory crisis" and that the "level of oxygen in his blood fell to dangerous levels." Compl. ¶ 42. Plaintiff states that Mr. Magbie "was unable to speak

intelligibly and was subsequently transferred back to the [Greater Southeast] Hospital." *Id.*
Plaintiff also alleges that, Greater Southeast, "[a]n order for a 'tracheal toilet' procedure was given and noted, but no further suctioning or other respiratory treatment was given, other than oxygen saturation readings." *Id.* ¶ 43.  Hospital staff allegedly noted that Mr. Magbie's oxygen saturation levels were falling, but did not notify a physician until almost eight hours after Mr. Magbie was admitted.  *Id.*  Plaintiff claims that at 5:40 p.m., Dr. Iluyomade reasserted Mr. Magbie's tracheostomy tube, "but failed to assess the patient's respiratory status.  Suctioning was not performed, saline was not given.  An inner canula, if present, was not removed.  The protruding tracheostomy tube was neither removed nor replaced with a smaller tube." *Id.* ¶ 44. Mr. Magbie died at 6:40 p.m. on September 24 at Greater Southeast Community Hospital.  *Id.* ¶ 45.

Plaintiff alleges that the District and its Director of the Department of Corrections are vicariously liable for the Hospital's torts because "failed to provide reasonable policies for assuring medical care, basic needs and reasonably safe housing for persons suffering from paralysis and related disabilities."  Compl. ¶ 47. Greater Southeast Community Hospital is a private corporation according to plaintiff's complaint and the District is named as a defendant. Compl. ¶ 14.

Plaintiff also alleges that her decedent was improperly discharged from the Hospital on September 21, 2004, to a prison where proper medical care was not available.  Compl. ¶¶ 24, 26.

Hence, it is clear that the complaint alleges that the Hospital's "active" negligence or misconduct actually caused the death of plaintiff's decedent and that the District's negligent failure to implement policies to insure that that the Hospital provided adequate medical care was a "passive" cause of the death of plaintiff's decedent.  The factual basis for these allegations are

adequately set forth in the plaintiff's complaint which is incorporated by reference into the District's cross-claim. The Hospital's argument that the District's claim against the Hospital is "devoid of any specifics" lacks merit. Mt. at 8.

The District also alleges that medical care provided to its inmate by the Hospital breached its contract with the Hospital. Cross-claim paragraph 2. This is a "short and plain statement" of the alternate basis of the District's cross-claim which allows the Hospital an adequate amount of information to answer. Indeed, the contract was produced in the District's initial disclosures.

In the alternative, the Hospital's motion should be denied in that it fails to conform with the requirements of Local Civil Rule 7(m), in that the movant did not consult with the District before filing its motion as required by this rule. Had this occurred, the District could have explained the basis of its cross-claim and possibly avoided unnecessary litigation.

Accordingly, the Hospital motion for a more definite statement of the District's cross-claim for indemnification and/or contribution must be denied.

.Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____
HOLLY M. JOHNSON
Chief, General Litigation Section III

_____
STEVEN J. ANDERSON
Assistant Attorney General
Bar no. 334480
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607

(202) 727-3625 (fax)
E-mail:  Steve.anderson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY SCOTT, Individually and            :
as Personal Representative of the Estate of   :
JONATHAN MAGBIE,                        :
                                        :
    Plaintiffs                      :
                                        :
      v.                        :      Civil Action No. 1: 05CV01853
                                        :      (RWR)
DISTRICT OF COLUMBIA                    :
et. al,                                 :
Defendants                              :

<u>ORDER</u>

    Upon consideration of  Motion of cross-claim defendant Greater Southeast Community

Hospital to dismiss the District of Columbia cross-claim or for an order requiring a more definite

statement, the District's opposition, the record herein, and for the reasons in the District's

opposition, it is by the Court,  this _____ day of _____, 2006,

    ORDERED: that Greater South defendant's motion be and the same hereby is, **DENIED.**

                            _____
                            RICHARD W. ROBERTS
                            Judge, United States District Court for the
                            District of Columbia

Copies to:

**Steven J. Anderson, AAG**
441-4[th] Street, NW
Washington, D.C. 20001

**Donald M. Temple, Esquire**
1220 15th Street, NW
Washington, D.C. 20005.

**Arthur Spitzer**

AMERICAN CIVIL LIBERTIES UNION
1400 20th Street, NW
Suite 119
Washington, DC 20036

**Elizabeth Alexander**
NATIONAL PRISON PROJECT OF THE ACLU FOUNDATION
733 15th Street, NW
Washington, DC 20005-2112

**Edward J. Connor**
5210 Auth Road
Suite 304
Camp Springs, MD 20746-4341

**Andrew J. Spence**
HAMILTON ALTMAN CANALE & DILLON, LLC
10306 Eaton Place
Suite 200
Fairfax, VA 22030

**Daniel P. Struck**
JONES, SKELTON & HOCHULI
2901 North Central Avenue
Suite 800
Phoeniz, AZ 85012

**Eugenia Vroustouris**
LECLAIR RYAN
225 Reinekers Lane
Suite 700
Alexandria, VA 22314

**E. Louise Phillips**
OFFICE OF THE ATTORNEY GENERAL
441 4th Street, NW Sixth Floor South
Washington, DC 20001

**D'Ana E. Johnson**
BONNER KIERNAN TREBACH & CROCIATA
1233 20th Street, NW
8th Floor
Washington, DC 20036

**Catherine A. Hanrahan**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
1341 G Street, NW
Suite 500
Washington, DC 20005