UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**MARY R. SCOTT,**

    **Plaintiff,**

v.                                                                              No. 05-cv-1853 (RWR)

**DISTRICT OF COLUMBIA, et al.,**

    **Defendants.**

---

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD PARTIES

### I. THE PROPOSED AMENDMENTS WOULD NOT BE FUTILE

Defendants Corrections Corporation of America ("CCA") and Patricia Singley make several arguments in opposition to Plaintiff's Motion for Leave to Amend the Complaint and Add Parties, Aug. 4, 2006 (Dkt. No. 87). The first is that amendment is futile. In order to establish that amendment would be futile, Defendants would have to establish that the allegations of the amended complaint do not state a claim, so that they could not survive a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000) (reversing district court's denial of leave to amend because it considered matters outside the pleadings). In undertaking the analysis of whether proposed amendments would survive a motion to dismiss, the court must assume the truth of the allegations made and construe them in favor of the plaintiff. *Carribean Broadcasting Sys., Ltd v. Cable & Wireless PLC*, 148 F.3d 1080, 1085-86 (D.C. Cir. 1998) (reversing district court's denial of leave to amend on the ground that amendment would not be futile; complaint contained allegations that if proven might justify

relief; complaint is sufficient to state a claim for relief "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.") (citations omitted).

Here, Defendants' unsupported factual claims are thus not relevant in the context of Plaintiff's motion. If Plaintiff establishes the facts claimed in the amended complaint, Plaintiff will be entitled to relief, and Defendants CCA and Singley do not argue to the contrary. For example, Defendants do not argue that Plaintiff fails to state a claim for intentional infliction of emotional distress by reason of Defendant Singley's alleged conduct, in violation of specific orders from a physician, of lock Mr. Magbie, a completely helpless quadriplegic, into a cell where he was unable to communicate his serious medical needs to others. *See* Proposed Amended Complaint, ¶¶ 49-51, 96-98. It is obvious that a reasonable jury could find this conduct, if proven, was extreme and outrageous, and that it intentionally or recklessly caused severe emotional distress. *See Larijani v. Georgetown Univ.,* 791 A.2d 41, 44 (D.C. 2002) (reversing trial court's dismissal of claim that plaintiff had been knowingly subjected to unbearable noise).

Similarly, the allegations that Defendants Figueroa and Johnson negligently failed to supervise staff to assure that custody staff refrained from interfering with medical orders, with the result that Mr. Magbie suffered injury, clearly state a cause of action under District of Columbia law. *See* Proposed Amended Complaint, ¶¶ 49-53, 73-75; *see also O'Neil v. Bergan,* 452 A.2d 337, 341 (D.C. 1982) (uniform standard of care applies in actions for negligence, and that standard is reasonable care under the circumstances); *Richardson v. United States,* 193 F.3d 545, 549-50 (D.C. Cir. 1999) (complaint met standards for pleading negligence by alleging

plaintiff was injured by exposure to a defectively produced vaccine; citing Fed. R. Civ. P. Form 9 ("defendant negligently drove a motor vehicle against plaintiff")).

Because the non-movant generally bears the burden of persuasion that a motion to amend a pleading should be denied,[1] and Defendants have not even attempted to argue that the allegations of the amended complaint, if proven, fail to state a cause of action, Plaintiff should be given leave to file the amended complaint.

## II. PLAINTIFF'S MOTION TO AMEND IS APPROPRIATE UNDER THE STANDARDS OF RULE 15(a).

Defendants argue that Plaintiff has failed to satisfy the requirements of Fed. R. Civ. P. 15(c). *See* Defs.' Opp'n at 4. That claim may be true, but it is also irrelevant. Rule 15(c) governs the standard for finding that a claim "relates back" to the time of the initial complaint for purposes of the Statute of Limitations. Plaintiff here is not arguing that the proposed amendments "relate back" under Rule 15(c), because all of the claims added in the proposed amended complaint are timely under the applicable three-year Statute of Limitations. *See* 3 James W. Moore, *Moore's Federal Practice* § 15.19 (Daniel Coquillette, et al., eds. 3d ed. 1997).

The claims against the added Defendants all involve negligence; the one new claim (asserted against existing Defendants) is based on intentional infliction of emotional distress. Both negligence and intentional infliction of emotional distress claims have a three-year Statute of Limitations in the District of Columbia. *See* D.C. Code §§ 12-301. Because Plaintiff's proposed amended complaint was filed prior to the expiration of three years from the time of the

---

[1] *Nurriddin v. Goldin,* 382 F. Supp. 2d 79 (D.D.C. 2005) (allowing requested amendment and citing cases for principle that non-movant generally has the burden of persuasion).

3

accrual of Plaintiff's claim,[2] there is no Statute of Limitations issue, and Rule 15(c) is not involved.

Further, Defendants make no argument, other than the argument discussed in Section I, *supra,* that could support denying relief under the applicable standard for amendments pursuant to Rule 15(a), which requires that leave "be freely given when justice so requires."  Accordingly, there is no merit to Defendants' argument opposing Plaintiff's motion.[3]

CONCLUSION

For the above reasons, Plaintiff requests that her motion for leave to amend her complaint and add parties be granted.

                Respectfully Submitted,

                s/DONALD TEMPLE
Donald M. Temple, D.C. Bar No. 408749
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
202-628-1101

Edward J. Connor, D.C. Bar No. 321505
5210 Auth Road, Suite 304
Camp Springs, MD 20746
301-899-7801

Elizabeth Alexander, D.C. Bar No. 412904
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005
202-393-4930

---

[2] Plaintiff's decedent Jonathan Magbie entered the jail on September 20, 2004 and died on September 24, 2004.

[3] Plaintiff regrets the mistake in misstating that CCA had agreed to the filing of the amended complaint.

4

                                      Arthur B. Spitzer, D.C. Bar No. 235960
                                      American Civil Liberties Union
                                        of the National Capital Area
                                      1400 20th Street, NW, Suite 119
                                      Washington, DC 20036
                                      202-457-0800

Dated: August 22, 2006