UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY R. SCOTT, Individually and as )
Personal Representative of the Estate of )
JONATHAN MAGBIE, Deceased, )
)
    Plaintiffs, )
)
v. ) Case Number: 1:-05cv01853 (RWR)
)
DISTRICT OF COLUMBIA, et al. )
)
    Defendants. )
)

## GREATER SOUTHEAST'S CONSENT MOTION
## TO MODIFY THE SCHEDULING ORDER

The defendant, Greater Southeast Community Hospital Corporation I (hereinafter "Greater Southeast"), by and through counsel, and with the consent of all parties, joins the District of Columbia in its pending Motion to Expand the Scheduling Order (Document 82) and respecfully requests a ninety (90) day extension of all deadlines in the Scheduling Order. As more fully detailed in the attached Memorandum of Points and Authorities, the parties have diligently moved forward with initial disclosures, writtten discovery, and several depositions of fact witnesses. In addition, the parties have voluntarily participated in mediation, and continue to do so. By modifying the Scheduling Order the proposed ninety (90) days, the parties will be able to continue to focus their time and resources on a potential disposition of the case.

                                         Respectfully submitted,

                                         WILSON, ELSER, MOSKOWITZ,
                                         EDELMAN & DICKER LLP

240934.1

By: /s/ Alan J. Rumsey
Catherine A. Hanrahan, Esq. #441775
Alan J. Rumsey, Esq. #468047
1341 G Street, N.W., Suite 500
Washington, DC 20005
Tel: (202) 626-7660
Attorneys for Greater Southeast
Community Hospital Corporation I

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing **Greater Southeast's Consent Motion to Modify the Scheduling Order** was served, via electronic mail, this 5th day of September, 2006 to:

Donald M. Temple, Esq.
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
*Counsel for Plaintiff*

Arthur B. Spitzer, Esq.
American Civil Liberties Union
1400 20th Street, NW, Suite 119
Washington, DC 20036
*Counsel for Plaintiff*

Edward J. Connor, Esq.
5210 Auth Road, Suite 304
Camp Springs, MD 20746-4341
*Counsel for Plaintiff*

Elizabeth Alexander, Director
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005-2302
*Counsel for Plaintiff*

Megan S. Ben'Ary, Esq.
Kevin L. Newson, Esq.
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700

240934.1

2

Alexandria, VA 22314
*Counsel for Defendant CCA and Patricia Singley*

Steven J. Anderson, Esq.
Office of Corporation Counsel
441 4th Street, N.W., Sixth Floor South
Washington, DC 20001
*Counsel for Defendant District of Columbia and Odie Washington*

Dana K. DeLorenzo, Esq.
Office of the Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, DC 20001
*Counsel for Defendant District of Columbia*

Steve Altman, Esq.
Andrew J. Spence, Esq.
Hamilton, Altman, Canale & Dillon, LLC
10306 Eaton Place, Suite 100
Fairfax, VA 22030
*Counsel for CCHPS, Joseph Bastien, T. Wilkins Davis, Malek Malekghasemi, Sunday Nwosu*

E. Louise R. Phillips, Esq.
441 4th Street, N.W., Sixth Floor South
Washington, DC 20001
*Counsel for CCA*

D'Ana E. Johnson, Esq.
Juan M. Anderson, Esq.
Bonner, Kiernan, Trebach & Crociata
1250 Eye Street, N.W., Suite 600
Washington, DC 20005
*Counsel for William S. Vaughn and Rotimi Iloyomade*

Daniel P. Struck, Esq.
Jones, Skelton & Hochulli, PLC
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
*Counsel for Defendant CCA and Patricia Singley*

                                                */s/ Alan J. Rumsey*
                                                Alan J. Rumsey

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY R. SCOTT, Individually and as )
Personal Representative of the Estate of )
JONATHAN MAGBIE, Deceased, )
)
      Plaintiffs, )
)
vi. ) Case Number: 1:-05cv01853 (RWR)
)
DISTRICT OF COLUMBIA, et al. )
)
      Defendants. )
)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
GREATER SOUTHEAST'S CONSENT MOTION
TO MODIFY THE SCHEDULING ORDER**

    The defendant, Greater Southeast Community Hospital Corporation I (hereinafter "Greater Southeast"), with the consent of all parties, respectfully requests a ninety (90) day extension of all deadlines in the Scheduling Order and, as grounds, states the following:

    1.    This lawsuit arises out of the death of Jonathan Magbie, who died in the custody of the District of Columbia while serving a ten (10) day jail sentence. Plaintiff filed suit against the following fourteen (14) defendants: District of Columbia, Odie Washington, Joseph Bastien, T. Wilkins Davis, Center for Correctional Health and Policy Studies, Inc., Corrections Corporation of America, Malek Malekghasemi, Sunday Nwosu, Pauline Ojelfo, Gbenga Ogundipe, Officer Singley, Greater Southeast Community Hospital Corporation, William Vaughn, Rotimi Uluyomade.

    2.    This Motion seeks a ninety (90) day extension of all deadlines in the Scheduling Order. A copy of the Scheduling Order is attached as Exhibit A.

240934.1

4

3.      The relief sought in this Motion mirrors the relief requested in the District's Motion to Expand the Scheduling Order (Document 82), which was filed on August 3, 2006, and is pending before this Court. As such, the reasons set forth in the District's Motion to Expand the Scheduling Order are adopted and incorporated herein by reference.

4.      In addition to the reasons set forth in the District's Motion to Expand the Scheduling Order, Greater Southeast submits the following reasons to grant the requested extension of the deadlines in the scheduling order:

A.      Although the parties have diligently worked to comply with the deadlines in the Scheduling Order[1], a significant amount of discovery remains to be taken, including the deposition of Plaintiff and several fact witnesses. Additionally, the District of Columbia recently supplemented its initial disclosures with thousands of pages of documents that identify numerous fact witnesses.

B.      The requested modification of existing deadlines will provide the parties with the opportunity to continue to focus their time and resources on voluntary mediation which has been ongoing for the last two months, with a third mediation date scheduled in early September. By minimizing significant litigation expenses, to include the fees of experts, resources can be dedicated to address a potential resoution of the matter.

C.      Additional time is required to evaluate the numerous Cross-Claims that have been filed in this case.

D.      Finally, on August 3, 2006, Plaintiff filed a Motion for Leave to Amend Complaint and Add Parties (Document 84), which seeks to add the following eight (8) defendants: Beverly Hilliard, Captain Johnson, Warden Fred Figueroa, Parham Haghighi,

Dr. Nunoi, Christopher Ackerman, Monica James, and National Emergency Services District of Columbia, Inc. The proposed Amended Complaint not only adds parties, but expands the scope of services at issue. If this Court were to allow the Amended Complaint, a modification of the existing deadlines would likely be required to accommodate the new parties and theories of liability.

5. The requested modification of the Scheduling Order is appropriate under the existing circumstances and would not prejudice any party or otherwise interfere with the administration of justice.

6. All parties have consented to the relief sought in this Motion.

7. There have been no prior modifications of the Scheduling Order.

WHEREFORE, the defendant, Greater Southeast Community Hospital Corporation I, respecfully requests a ninety (90) day extension of all deadlines in the Scheduling Order.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ Alan J. Rumsey
Catherine A. Hanrahan, Esq. #441775
Alan J. Rumsey, Esq. #468047
1341 G Street, N.W., Suite 500
Washington, DC 20005
Tel: (202) 626-7660
*Attorneys for Greater Southeast
Community Hospital Corporation I*

---

[1] The parties have exchanged initial disclosures, written discovery, and have completed the depositions of Dr. Vaughn, Dr. Iluyomade, Dr. Malekghasemi, Odie Washington, and Officer Singley.

240934.1

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY R. SCOTT, Individually and as )
Personal Representative of the Estate of )
JONATHAN MAGBIE, Deceased, )
)
      Plaintiffs, )
)
v. )   Case Number: 1:-05cv01853 (RWR)
)
DISTRICT OF COLUMBIA, et al. )
)
      Defendants. )
                                        )

## ORDER GRANTING GREATER SOUTHEAST'S
## CONSENT MOTION TO MODIFY THE SCHEDULING ORDER

Upon consideration of *Greater Southeast's Consent Motion To Modify the Scheudling Order*, it is this _____ day of _____, 2006,

**ORDERED**, that *Greater Southeast's Consent Motion To Modify the Scheudling Order* is hereby GRANTED, and it is further,

**ORDERED**, that the Scheduling Order is modified as follows:

    a)    Amended Complaint; Joinder of Parties ............ November 1, 2006
    c)    Joint Status Report re: Mediation ................. November 1, 2006
    d)    Defendants' Expert Witness Designations ....... December 4, 2006
    e)    Plaintiff's Rebuttal Experts ........................ January 2, 2007
    f)    Discovery Closed ................................... February 28, 2007
    g)    Dispositive Motions ................................ April 30, 2007

and it is futher

**ORDERED**, that the Status Conference, which is currently scheduled for December 1, 2006, be continued to _____.

                                                                      _____
                                                                      UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARY R. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1853 (RWR) |
| ) | |
| DISTRICT OF COLUMBIA et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### SCHEDULING ORDER

Upon consideration of the representations made in court by the parties at the May 5, 2006 initial scheduling conference, it is hereby

ORDERED that:

1. This case shall proceed with the following deadlines:

| | |
|---|---|
| Initial disclosures | July 5, 2006 |
| Plaintiff's expert witness designations | July 5, 2006 |
| Joinder of parties; amended complaint | August 3, 2006 |
| Joint status report about mediation | August 3, 2006 |
| Defendants' expert witness designations | September 5, 2006 |
| Plaintiff's rebuttal expert witness designations | October 2, 2006 |
| <u>All</u> discovery closed | November 30, 2006 |
| Dispositive motions | January 30, 2007 |

2. Each side is limited to a maximum of 15 non-expert depositions and each side is limited to a maximum of 50 interrogatories.

3. The post-discovery status conference is scheduled for December 1, 2006 at 9:15 a.m. Parties must bring full settlement authority to this conference. If settlement is not reached, a pretrial conference and trial date will be selected. Parties



DEFENDANT'S EXHIBIT A

-2-

must be prepared at the status conference to advise the Court of the expected length of trial and of the number of fact and expert witnesses that each party will present, and whether the electronic courtroom will ne needed.  Trial counsel themselves must appear at all hearings, unless excused by the Court in advance of the hearing date.

    4.   **Court dates and the deadline for the close of discovery may be continued only by leave of the undersigned.**  A motion for a continuance of a court date must include alternative dates that have been agreed to by all parties.  Failure to provide such information may result in denial of the motion.

    5.   **Deadlines (other than the deadline for the close of discovery) and discovery limits may be altered, when all parties consent, by the filing of a Consent Notice specifying the altered deadlines or limits and stating all parties' consent.  The altered deadlines or limits shall be effective upon the filing of the Consent Notice; no court Order shall be required.**

    6.   Any motion that does not comply with Local Civil Rule 7(c) or 7(m) may be, *sua sponte*, denied.  Every motion for summary judgment and opposition to such a motion must comply with Local Civil Rule 56.1.  If an opposition fails to include either a separate concise statement of genuine disputed issues, or specific references to the parts of the record relied upon to support the statement, or both, the court may treat as conceded any facts asserted in the movant's statement of genuine issues.

    7.   The parties and their counsel are expected to evaluate their respective cases for settlement purposes.  Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court at any time, as is a settlement conference before a magistrate judge.  If the case settles in whole or in part, plaintiff shall advise the Court by promptly filing a stipulation.

-3-

8. All discovery disputes shall be referred to a Magistrate Judge. Before bringing a discovery dispute to the Magistrate Judge, the parties shall confer in good faith in an effort to resolve the discovery dispute, and parties are warned that failure to do so will result in sanctions. Moreover, if any judicial officer is called upon to resolve a discovery-related **motion**, the losing party's **attorney** (or the losing party if *pro se*) shall be sanctioned pursuant to Federal Rule of Civil Procedure 37(a)(4).

9. There shall be a Pretrial Conference set at the post-discovery status conference. **Three weeks** in advance of the Pretrial Conference, parties are required to meet and prepare a Joint Pretrial Statement that must be submitted not less than **eleven days** prior to the Pretrial Conference in accordance with Local Civil Rule 16.5(d)(5) and 16.5(a)(2). At the meeting, parties must discuss and attempt to resolve all objections to exhibits (including as to authenticity) and all motions in limine. The form for the Joint Pretrial Statement is attached to this Order as Appendix A. Separate Pretrial Statements may be struck, *sua sponte*.

10. Parties' written communication with the Court is to be by motion, opposition, and reply, rather than by letter. Oral inquiries concerning the status or scheduling of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Linda Romero, (202) 354-3166, rather than to chambers. If Ms. Romero is unavailable, such inquiries shall be directed to the staff person in the Clerk's Office designated as her substitute. In an emergency, however, chambers can be reached at (202) 354-3400.

SIGNED this 5th day of May, 2006.

                                           /s/
                              RICHARD W. ROBERTS
                              United States District Judge

-4-

## APPENDIX A

*[Form of Joint Pretrial Statement to be Filed **Eleven Days before Pretrial Conference**]*

[**CASE CAPTION**]

JOINT PRETRIAL STATEMENT

1. **Parties and Counsel:**  List names, addresses, and telephone numbers of all parties and counsel on whose behalf this Statement is filed.

2. **Nature of the Case:**  Give a brief statement describing the nature of the case, the identities of the parties, and the basis of the Court's jurisdiction.  The statement of the case should be sufficiently brief, clear, and non-argumentative to be suitable for reading to the jury.

3. **Claims and/or Defenses:**  Give a statement of claims setting forth, concisely, each party's claims against any other party (*including counter-, cross-, and third-party claims*) and the party or parties against whom the claim is made.  The statement of defenses shall set forth each defense a party interposes to a claim asserted against it by any other party, including defenses raised by way of general denial, without regard to which party has the burden of persuasion.

4. **Undisputed Issues/Stipulations:**  List all issues not in dispute or facts to which the parties have stipulated.

5. **Witness Schedule:**  List the name, address, and telephone number of each witness scheduled to be called by a party, including rebuttal witnesses.  The schedule shall also set forth a brief description of the testimony to be given by the witness, and an estimate of the time necessary for direct examination.  Opinion witnesses shall be designated by an asterisk.  Witnesses called for impeachment purposes only need not be listed.  However, no party may call at trial any witness not listed (*except for impeachment purposes*) on their Pretrial Statement.

6. **Exhibit List:**  Describe each exhibit to be offered in evidence, including (*if possible*) rebuttal exhibits, with each exhibit identified by number, title, and date (*if applicable*).  No exhibit will be admitted at trial unless it is listed on the Pretrial Statement.  Each exhibit listed will be deemed authentic

-5-

and admitted at trial unless an objection is made in the Joint Pretrial Statement and its basis is articulated. **If there are objections to an exhibit in the Joint Pretrial Statement, the exhibit should be produced at the Pretrial Conference for the Court's review.**

7. **Deposition Testimony:** Identify each deposition or portion thereof (*by page and line numbers*) the party intends to offer in evidence. **All** cross-designations under Federal Rule of Evidence 106 must be identified as well.

8. **Relief Sought:** Set forth separately each element of damages and the monetary amount claimed, including prejudgment interest, punitive damages, and attorneys' fees. Do not include amounts claimed for intangible damages. Set forth all other types of relief sought against any party.

9. **Pending Motions:** List all pending motions showing title and filing date. List any motions to be decided at commencement of trial.

10. **Trial Brief:** A trial brief addressing any unusual issues of fact or evidence not already submitted to the Court shall be filed with the pretrial statement.

11. **Motions in Limine:** Motions in limine shall be filed with the Court and served on opposing counsel no later than twenty calendar days before the date of the pretrial conference; oppositions shall be due not later than fifteen calendar days before the pretrial conference. All evidence that a party offers at trial under Federal Rule of Evidence 404(b) must be disclosed to all other parties no later than 30 days prior to the deadline for filing motions in limine.

12. **Demonstrative Evidence:** Describe all such items to be used at trial. Any objections must be made in the Joint Pretrial Statement.

13. **Jury Cases:** Submit list of requested voir dire questions, showing those agreed upon and not agreed upon; submit list of standard instructions showing those agreed upon and not agreed upon; submit complete text of non-standard instructions with authorities relied upon showing those agreed upon and not agreed upon; submit text of verdict form, including any special interrogatories. **Submit all of the items identified in this paragraph on a 3½ inch 1.44 MB high density computer diskette compatible with Word Perfect Version 9.0 or via e-mail to**

-6-

roberts_chambers@dcd.uscourts.gov. Counsel are admonished NOT to use this e-mail address for ANY other purpose.

**14. Non-Jury Cases:** Submit detailed proposed findings of fact and conclusions of law with supporting authorities. **Submit all of these proposed findings and conclusions on a 3½ inch 1.44 MB high density computer diskette compatible with Word Perfect Version 9.0 or via e-mail to roberts_chambers@dcd.uscourts.gov. Counsel are admonished NOT to use this e-mail address for ANY other purpose.**

**15. Estimated Length of Trial:** List number of days, and any scheduling problems with witnesses.

**16. Miscellaneous Matters:**

The following text and signature line shall be included after the signatures of counsel:

The foregoing Joint Pretrial Statement, as revised at the Pretrial Conference in the presence of counsel, shall stand as the Pretrial Order in this case.

_____          _____
DATE                             RICHARD W. ROBERTS
                                 United States District Judge