UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
                             )
**MARY R. SCOTT,**           )
                             )
      **Plaintiff,**      )
                             )
  v.                        )   Civil Action No. 05-1853 (RWR)
                             )
**DISTRICT OF COLUMBIA et al.,** )
                             )
      **Defendants.**     )
_____  )

## MEMORANDUM ORDER

    Plaintiff Scott has filed a motion seeking leave to amend her complaint to add parties, which no defendant opposes. Scott's motion also seeks to add one count of intentional infliction of emotional distress against defendants Singley and the Corrections Corporation of American ("CCA"), which Singley and CCA oppose by arguing that discovery does not support the amendment, that amendment would be futile since it would not survive a motion to dismiss, and that Scott has not satisfied Fed. R. Civ. P. 15(c)(3).

    Leave to amend should be freely granted when justice requires it. Fed. R. Civ. P. 15(a). Where an amendment would be futile because it would not survive a motion to dismiss, leave to amend may properly be denied. Stith v. Chadbourne & Parke, LLP, 160 F. Supp. 2d 1, 6 (D.D.C. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962). Singley and CCA rely on facts that are in

-2-

dispute to argue that discovery does not support the amendment and that amendment would be futile.  However, facts in dispute do not provide a basis to grant a motion to dismiss, since in considering a Rule 12(b)(6) motion, a court must accept all the allegations in a plaintiff's complaint as true and construe them in the light most favorable to the plaintiff.  Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1027 (D.C. Cir. 1997).

Singley and CCA's argument that Scott has not satisfied the demands of Fed. R. Civ. P. 15(c)(3) is inapposite.  That rule applies to amendments that would otherwise be barred by the statute of limitations, which is not the case here because the 3-year statute of limitations has not run on the September 2004 cause of action plaintiff seeks to add.

Because leave to amend should be freely granted when justice requires it, Fed. R. Civ. P. 15(a), and Singley and CCA have shown no reason why justice would not be served by allowing the amendment, Scott's motion will be granted.  Accordingly, it is hereby

ORDERED that Scott's motion [84/87] for leave to amend her complaint to add defendants and to add one count against Singley and CCA be, and hereby is, GRANTED.

-3-

SIGNED this 21st day of September, 2006.

```
                         /s/
            RICHARD W. ROBERTS
            United States District Judge
```