```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|                              |   |                              |
|------------------------------|---|------------------------------|
| **MARY R. SCOTT,**           | ) |                              |
|                              | ) |                              |
|     Plaintiff, | ) |                        |
|                              | ) |                              |
|   v.               | ) | Civil Action No. 05-1853 (RWR) |
|                              | ) |                              |
| **DISTRICT OF COLUMBIA et al.,** | ) |                          |
|                              | ) |                              |
|     Defendants. | ) |                       |

## MEMORANDUM ORDER

Defendants Corrections Corporation of America ("CCA") and Patricia Singley filed a document labeled as a cross-claim alleging entitlement to contribution or indemnification as to all co-defendants who may be found negligent. Plaintiff Scott has filed a motion to strike that cross-claim and all answers to it, arguing that CCA and Singley failed to comply with the requirements of Fed. R. Civ. P. 15(a), and that in any case, the cross-claim fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). CCA and Singley have responded that Rule 15(a) does not apply to them, and that Scott has no standing to file this motion because the cross-claim is not filed against her.

Failure to state a claim is a defense that "may at the option of the pleader be made in a motion." Scott is not a defendant to the cross-claim, and therefore has no defense to

-2-

interpose to it.  No party entitled to file a Rule 12(b) motion to dismiss CCA and Singley's cross-claim has done so.

Asserting a cross-claim is governed by Fed. R. Civ. P. 13(g), which provides that "[a] pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action."  Fed. R. Civ. P. 13(g).  Thus, by its own terms, Rule 13(g) requires that a cross-claim be contained within a pleading.  Rule 7(a) identifies and delimits pleadings.  See Fed. R. Civ. P. 7(a).  Rule 7(a) does not countenance a stand-alone cross-claim, but mentions only an "answer contain[ing] a cross-claim."  Id.; see also Langer v. Monarch, 966 F.2d 786, 793 (3d Cir. 1992) (quoting district court saying that party's attempt to file a cross-claim other than as a part of an answer "'probably had no legal basis under the Federal Rules of Civil Procedure'" and called for Rule 11 sanctions).  When a party wants to amend its answer by adding to it a cross-claim, it must first seek leave to amend its answer, as is required by Rule 15(a).  Other defendants in this action have followed this same improper procedure for filing cross-claims.  Because an attempt to file a stand-alone cross-claim is improper under the Federal Rules of Civil

-3-

Procedure, all such filings and all answers to them will be stricken, *sua sponte*.

Accordingly, it is hereby

ORDERED that Scott's motion [72] to strike CCA and Singley's cross-claims for failure to state a claim or for improper procedure under the Federal Rules of Civil Procedure be, and hereby is, DENIED.  It is further

ORDERED that the two documents identified as cross-claims filed by CCA and Singley [68, 88], and all answers to them, be, and hereby are, STRICKEN.  It is further

ORDERED that the document labeled a cross-claim filed by Greater Southeast Community Hospital Corporation [83], and all answers to it, be, and hereby are, STRICKEN.  It is further

ORDERED that the document labeled a cross-claim filed by William S. Vaughn, M.D. and Rotimi A. Iluyomade, M.D. [89], and all answers to it, be, and hereby are, STRICKEN.

SIGNED this 21st day of September, 2006.

                                        _____/s/_____
                                        RICHARD W. ROBERTS
                                        United States District Judge