UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY R. SCOTT, Individually and as )
Personal Representative of the Estate of )
JONATHAN MAGBIE, Deceased, )
 )
      Plaintiffs )
 )
v. ) Case Number: 1:-05cv01853 (RWR)
 )
GREATER SOUTHEAST COMMUNITY )
HOSPITAL CORPORATION, d/b/a Greater )
Southeast Community Hospital, et al. )
 )
      Defendants )

## AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIM

The Defendant, Greater Southeast Community Hospital Corporation I (incorrectly sued as "Greater Southeast Community Hospital Corporation"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, respectfully submits the following Answer to Plaintiffs' Complaint:

### PRELIMINARY STATEMENT – MOTION TO STRIKE

The Preliminary Statement set forth by Plaintiffs in their Complaint is not in conformance with Fed. R. Civ. P. 8, which dictates that a claim shall contain a short and plain statement of the Court's jurisdiction, a short and plain statement of the claim, and a demand for judgment. There is no provision for a "Preliminary Statement" as set forth by the Plaintiffs. Accordingly, pursuant to Fed. R. Civ. P. 12(f), the Court should strike the "Preliminary Statement". Further, the allegations set forth in the Preliminary Statement as to this Defendant are denied.



## FIRST DEFENSE

In answering the separately numbered paragraphs of the Complaint, Defendant states as follows:

## JURISDICTION

1.     The allegations set forth in paragraph 1 of the Complaint are jurisdictional in nature to which no response is required.

## VENUE

2.     The allegations set forth in paragraph 2 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, it is admitted that the District of Columbia has venue over this matter.

## PARTIES

3.     Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 3 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

4.     Defendant admits that the District of Columbia operates the Central Detention Facility. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 4 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

5-13.     Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 5-13 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

14-16.     Defendant admits the allegations set forth in paragraphs 14-16 of the Complaint.

17.     Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint sets forth a legal contention that requires no averment from this defendant. To the extent a response is required, Defendant denies the allegations contained in paragraph 18 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

19.     Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 19 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

20.     Defendant admits that Mr. Magbie was 27 years-old quadriplegic, who had a tracheotomy tube to facilitate breathing and a diaphragm pacemaker. It is also admitted that the medical records identify he may use a ventilator at night. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 20 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

21.     Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 21 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

### A. Magbie's First Confinement in the Jail

22-24.  Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 22-24 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

### B. The First Hospitalization

25.     Defendant admits that Mr. Magbie was taken to Greater Southeast Community Hospital on September 20, 2004 with shortness of breath being a complaint. Defendant further

3

242455.1

admits that Mr. Magbie was noted to be a tracheotomy dependent patient. It is also admitted that the medical records identify he may use a ventilator at night. It is also admitted that an exam was done, but the characterization of the medical findings, equipment, and medical diagnoses are denied as phrased.

26.     Defendant admits that Mr. Magbie was scheduled for admission to Greater Southeast and admits that Mr. Magbie was discharged. It is also admitted that instructions were given to provide Mr. Magbie with oxygen via canula if needed. The remaining allegations set forth in paragraph 26 are denied as phrased.

27.     Defendant admits that Mr. Magbie was treated in the emergency room and given dextrose via IV. Defendant denies the remaining allegations contained in paragraph 27 of the Complaint.

### C. Confinement In The Infirmary At CTF

28-41.  Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 28-41 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

42.     Defendant admits Mr. Magbie was transferred to the hospital. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 42 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

### D. The Second Hospitalization

43.     Defendant admits that Mr. Magbie was unresponsive and in respiratory distress when taken to Greater Southeast Community Hospital on September 24, 2004. It is also

4

242455.1

admitted that the medical records reflect the pulse oxygenations, in part, as set forth herein. The remaining allegations of paragraph 43 are denied as phrased.

44. Defendant admits that Mr. Magbie's tracheotomy tube was noted to be protruding at 5:40 p.m. and that Dr. Iluyomade pushed the tube back in. Defendant denies the remaining allegations set forth in paragraph 44 of the Complaint.

45. Defendant admits that Mr. Magbie expired at 6:40 p.m. Defendant denies the remaining allegations of paragraph 45 of the Complaint.

### E. Jonathan Magbie's Disabilities

46. Defendant admits that Mr. Magbie was paralyzed and had associated problems. Defendant denies the remaining allegations of paragraph 46 of the Complaint.

47-48. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 47-48 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

49-50. Defendant denies the allegations set forth in paragraphs 49-50 of the Complaint.

### F. Other

51-54. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 51-54 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

55. The allegations contained in paragraph 55 are vague, ambiguous, and overbroad. To the extent paragraph 55 alleges that all staff members at the hospital were agents, servants, or employees of this Defendant acting within the scope of their agency, servantship or employment, this allegation is denied.

56. Defendant denies the allegations set forth in paragraph 56 of the Complaint.

242455.1

57-58. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 57-58 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

## CLAIMS FOR RELIEF

### COUNT ONE

### (42 U.S.C. § 1983 Eighth Amendment)

59.     Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-58 of this Answer.

60-62. Defendant denies the allegations set forth in paragraphs 60-62 of the Complaint.

### COUNT TWO

### (Americans With Disabilities Act)

63.     Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-62 of this Answer.

64.     Defendant need not respond to the allegations set forth in paragraph 64 of the Complaint since they are not directed against this Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 64 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

65.     Defendant denies the allegations set forth in paragraph 65 of the Complaint.

### COUNT THREE

### (Medical Negligence)

66.     Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-65 of this Answer.

242455.1

67.     Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 67 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

68.     The "allegation" set forth in paragraph 68 of the Complaint is a statement of law to which no response is required. It is admitted, nonetheless, that a defendant health care provider owes a duty as described.

69.     Defendant denies the allegations set forth in paragraph 69 of the Complaint.

## COUNT FOUR

### (District Of Columbia Human Rights Law)

70.     Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-69 of this Answer.

71.     Defendant need not respond to the allegations set forth in paragraph 64 of the Complaint since they are not directed against this Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 64 of the Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

72.     Defendant denies the allegations set forth in paragraph 72 of the Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The injuries, losses, and damages sustained by Plaintiffs and/or decedent may be barred by the principles of negligence and/or contributory negligence.

7

242455.1

## FOURTH DEFENSE

The injuries, losses, and damages sustained by Plaintiffs and/or decedent may be the result of the intentional or negligent acts of others, including the parties in this case, over whom this defendant had no control and no right of control.

## FIFTH DEFENSE

The Plaintiffs' damages may be due to a naturally occurring disease process over which this Defendant had no control or right to control.

## SIXTH DEFENSE

Defendant reserves the right to supplement and/or amend its defenses throughout the litigation.

WHEREFORE, Plaintiff's Complaint having been fully answered, Defendant respectfully requests that the Complaint be dismissed with prejudice, that costs be awarded to this Defendant, and for other such relief as this Court deems appropriate.

242455.1

## GREATER SOUTHEAST COMMUNITY HOSPITAL
## CORPORATION I'S CROSS-CLAIM AGAINST CO-DEFENDANTS

The Defendant/Cross-Plaintiff, Greater Southeast Community Hospital Corporation I (hereinafter "Greater Southeast"), by and through counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and pursuant to Rule 13 of the Federal Rules of Civil Procedure, hereby files its Cross-Claim against the Co-Defendants/Cross-Defendants Corrections Corporation of America, Patricia Singley, Joseph Bastien, M.D., T. Wilkins Davis, M.D., Center for Correctional Health and Policy Studies, Inc., Malek Malekghasemi, M.D., Sunday Nwosu, M.D., Pauline Ojelfo, LPN, Gbenga Ogundipe, LPN, William S. Vaughn, M.D., Rotimi A. Iluyomade, M.D., District of Columbia, and Odie Washington on the following grounds:

1. This Cross-Claim is brought pursuant Rule 13(g) of the Federal Rules of Civil Procedure in that the Cross-Claim arises out of the same occurrence that is the subject matter of the Plaintiff's Complaint.

2. The Plaintiff filed the instant lawsuit seeking damages for injuries allegedly sustained by the Plaintiff's decedent, Jonathan Magbie, which resulted in his death. The Plaintiff's Complaint alleges violations of 42 U.S.C. § 1983, the Americans with Disability Act, the District of Columbia Human Rights Law, and negligence.

3. If Plaintiff's decedent sustained injuries, losses and damages as alleged in the Complaint, then said injuries, losses and damages, if any, were sustained as a result of the sole or concurrent, active and primary negligence of the Co-Defendants/Cross-Defendants. Greater Southeast exercised no control over the actions or omissions of said Co-Defendants/Cross-Defendants and, therefore, Greater Southeast is not responsible or liable to the Plaintiff for the claims set forth in the Complaint.

9

242455.1

4.      If Plaintiff obtains a judgment against Greater Southeast, then the Co-Defendants/ Cross-Defendants are liable for contribution and indemnification for any and all sums adjudged against Greater Southeast in favor of the Plaintiff, as Greater Southeast has in no way caused or contributed to the occurrence alleged by the Plaintiff in the Complaint.

WHEREFORE, the Defendant/Cross-Plaintiff, Greater Southeast Community Hospital Corporation I, demands judgment against the Co-Defendants/Cross-Defendants for contribution and indemnification for any and all sums adjudged against Greater Southeast in favor of the Plaintiff herein, together with the costs of this action as provided by law.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:   /s/ Catherine A. Hanrahan
        Catherine A. Hanrahan, Esq. #441775
        Alan J. Rumsey, Esq. #468047
        1341 G Street, N.W., Suite 500
        Washington, DC 20005
        Tel: (202) 626-7660
        Fax: (202) 628-3606

        *Attorneys for Greater Southeast
        Community Hospital Corporation*

242455.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing **Amended Answer to Complaint and Cross-Claim** was served, via electronic mail, this 25th day of September, 2006 to:

Donald M. Temple, Esq.
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
*Counsel for Plaintiff*

Arthur B. Spitzer, Esq.
American Civil Liberties Union
1400 20th Street, NW, Suite 119
Washington, DC 20036
*Counsel for Plaintiff*

Edward J. Connor, Esq.
5210 Auth Road, Suite 304
Camp Springs, MD 20746-4341
*Counsel for Plaintiff*

Elizabeth Alexander, Director
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005-2302
*Counsel for Plaintiff*

Megan S. Ben'Ary, Esq.
Kevin L. Newson, Esq.
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
*Counsel for Defendant CCA and Patricia Singley*

Steven J. Anderson, Esq.
Office of Corporation Counsel
441 4th Street, N.W., Sixth Floor South
Washington, DC 20001
*Counsel for Defendant District of Columbia and Odie Washington*

Dana K. DeLorenzo, Esq.
Office of the Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, DC 20001
*Counsel for Defendant District of Columbia*

Steve Altman, Esq.
Andrew J. Spence, Esq.
Hamilton, Altman, Canale & Dillon, LLC
10306 Eaton Place, Suite 100
Fairfax, VA 22030
*Counsel for CCHPS, Joseph Bastien, T. Wilkins Davis, Malek Malekghasemi, Sunday Nwosu*

E. Louise R. Phillips, Esq.
441 4th Street, N.W., Sixth Floor South
Washington, DC 20001
*Counsel for CCA*

D'Ana E. Johnson, Esq.
Juan M. Anderson, Esq.
Bonner, Kiernan, Trebach & Crociata
1250 Eye Street, N.W., Suite 600
Washington, DC 20005
*Counsel for William S. Vaughn and Rotimi Iloyomade*

Daniel P. Struck, Esq.
Jones, Skelton & Hochulli, PLC
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
*Counsel for Defendant CCA and Patricia Singley*

                                                          */s/ Alan J. Rumsey*
                                                          Alan J. Rumsey