UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. SCOTT, Individually and as Personal Representative of the Estate of JONATHAN MAGBIE, Deceased,<br><br>         Plaintiffs,<br><br>v.<br><br>GREATER SOUTHEAST COMMUNITY HOSPITAL CORPORATION, d/b/a Greater Southeast Community Hospital, et al.<br><br>         Defendants. | Case Number: 1:-05cv01853 (RWR) |

## ANSWER TO AMENDED COMPLAINT AND CROSS-CLAIM

The Defendant, Greater Southeast Community Hospital Corporation I (incorrectly sued as "Greater Southeast Community Hospital Corporation"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, respectfully submits the following Answer to Plaintiffs' Amended Complaint:

### PRELIMINARY STATEMENT – MOTION TO STRIKE

The Preliminary Statement set forth by Plaintiffs in their Amended Complaint is not in conformance with Fed. R. Civ. P. 8, which dictates that a claim shall contain a short and plain statement of the Court's jurisdiction, a short and plain statement of the claim, and a demand for judgment. There is no provision for a "Preliminary Statement" as set forth by the Plaintiffs. Accordingly, pursuant to Fed. R. Civ. P. 12(f), the Court should strike the "Preliminary Statement". Further, the allegations set forth in the Preliminary Statement as to this Defendant are denied.

1

243493.1

## FIRST DEFENSE

In answering the separately numbered paragraphs of the Amended Complaint, Defendant states as follows:

## JURISDICTION

1. The allegations set forth in paragraph 1 of the Amended Complaint are jurisdictional in nature to which no response is required.

## VENUE

2. The allegations set forth in paragraph 2 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, it is admitted that the District of Columbia has venue over this matter.

## PARTIES

3. Defendant admits the plaintiff brings the actions pursuant to the District of Columbia acts.

4. Defendant admits that the District of Columbia operates the Central Detention Facility. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 4 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

5-16. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 5-16 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

17-18. Defendant admits the allegations set forth in paragraphs 17-18 of the Amended Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Amended Complaint and demands strict proof thereof.

20-21. Defendant admits the allegations set forth in paragraphs 20-21 of the Amended Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the Amended Complaint and demands strict proof thereof.

23-24. Defendant admits the allegations set forth in paragraphs 23-24 of the Amended Complaint.

25. The allegations set forth in paragraph 25 of the Amended Complaint are legal conclusion to which no response is required. To the extent a response is required, the defendant denies the allegations set forth in paragraph 25 of the Amended Complaint.

26. Paragraph 26 of the Amended Complaint sets forth a legal contention that requires no averment from this defendant. To the extent a response is required, Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

## FACTS COMMON TO ALL CLAIMS

27. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 27 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

28. Defendant admits that Mr. Magbie was 27 years-old quadriplegic who had a phrenic nerve stimulator, tracheotomy tube and indwelling catheter. The remaining allegations are denied and the defendant demands strict proof thereof.

29.     Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 29 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

### A. Magbie's First Confinement in the Jail

30-32.  Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 30-32 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

### B. The First Hospitalization

33.     Defendant admits that Mr. Magbie was taken to Greater Southeast Community Hospital on September 20, 2004 with shortness of breath being a complaint, that Mr. Magbie was noted to be a tracheotomy dependent patient, and that Mr. Magbie was given dextrose via IV.  It is also admitted that the medical records identify he may use a ventilator at night.  It is also admitted that an exam was done, but the characterization of the medical findings, equipment, and medical diagnoses are denied as phrased.

34.     Defendant denies the allegations set forth in paragraph 34 of the Amended Complaint and demands proof thereof.

35.     Defendant admits that Dr. Vaughn approved discharge to the CTF at the Jail, with instructions to provide nasal oxygen via cannula.  The remaining allegations set forth in paragraph 35 of the Amended Complaint are denied as phrased and the defendant demands strict proof thereof.

36-37.  Defendant admits that Mr. Magbie was discharged on September 21, 2004.  The remaining allegations set forth in paragraphs 36-37 of the Amended Complaint are denied as phrased and the defendant demands strict proof thereof.

243493.1

### C. Confinement In The Infirmary At CTF

38-53.   Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 38-53 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

54.   Defendant admits Mr. Magbie was transferred to the hospital. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 54 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

### D. The Second Hospitalization

55.   Defendant admits that Mr. Magbie was unresponsive and in respiratory distress when taken to Greater Southeast Community Hospital on September 24, 2004. The remaining allegations are denied and the defendant demands strict proof thereof.

56.   Defendant admits that Mr. Magbie's tracheotomy tube was noted to be protruding at 5:40 p.m. and that Dr. Iluyomade pushed the tube back in. Defendant denies the remaining allegations set forth in paragraph 56 of the Amended Complaint.

57.   Defendant denies the allegations set forth in paragraph 57 of the Amended Complaint and the defendant demands strict proof thereof.

58-60.   Defendant denies the allegations set forth in paragraphs 58-60 of the Amended Complaint and the defendant demands strict proof thereof.

61.   Defendant is without sufficient knowledge or information to form a belief as to the allegations concerning defendants Hilliard and Malekghasemi set forth in paragraph 61 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands

243493.1

strict proof thereof. Defendant denies the allegation concerning Mr. Magbie's admission to the hospital and demands strict proof thereof.

   62. Defendant admits that Mr. Magbie expired at 6:40 p.m. Defendant denies the remaining allegations of paragraph 62 of the Amended Complaint and demands strict proof thereof.

### E. Jonathan Magbie's Disabilities

   63. Defendant admits that Mr. Magbie was paralyzed and had associated problems. Defendant denies the remaining allegations of paragraph 63 of the Amended Complaint and demands strict proof thereof.

  64-65. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 64-65 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

  66-67. Defendant denies the allegations set forth in paragraphs 66-67 of the Amended Complaint and demands strict proof thereof.

### F. Other

  68-75. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 68-75 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

   76. The allegations contained in paragraph 76 of the Amended Complaint are vague, ambiguous, and overbroad. To the extent paragraph 76 alleges that all staff members at the hospital were agents, servants, or employees of this Defendant acting within the scope of their agency, servantship or employment, this allegation is denied.

243493.1

77. Defendant admits that NES was required to properly staff the emergency room at the hospital with competent staff. The remaining allegation is denied and defendant demands strict proof thereof.

78. Defendant denies the allegations set forth in paragraph 78 of the Amended Complaint and demands strict proof thereof.

79-81. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 79-81 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

## CLAIMS FOR RELIEF

## COUNT ONE

### (42 U.S.C. § 1983 Eighth Amendment)

82. Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-81 of this Answer.

83-85. Defendant denies the allegations set forth in paragraphs 83-85 of the Amended Complaint.

## COUNT TWO

### (Americans With Disabilities Act)

86. Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-85 of this Answer.

87. Defendant need not respond to the allegations set forth in paragraph 87 of the Amended Complaint since they are not directed against this Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the

allegations set forth in paragraph 87 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

88. Defendant denies the allegations set forth in paragraph 88 of the Amended Complaint and demands strict proof thereof.

## COUNT THREE

### (Medical Negligence)

89. Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-88 of this Answer.

90. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 90 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

91. The "allegation" set forth in paragraph 91 of the Amended Complaint is a statement of law to which no response is required. It is admitted, nonetheless, that a defendant health care provider owes a duty as described.

92. Defendant denies the allegations set forth in paragraph 92 of the Amended Complaint and demands strict proof thereof.

## COUNT FOUR

### (District Of Columbia Human Rights Law)

93. Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-92 of this Answer.

94. Defendant need not respond to the allegations set forth in paragraph 94 of the Amended Complaint since they are not directed against this Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the

243493.1

allegations set forth in paragraph 94 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

95. Defendant denies the allegations set forth in paragraph 95 of the Amended Complaint and demands strict proof thereof.

## COUNT FIVE

### (<u>Intentional Infliction of Emotional Distress</u>)

96. Defendant incorporates herein by reference each and every averment set forth in paragraphs 1-95 of this Answer.

97-98. Defendant need not respond to the allegations set forth in paragraphs 97-98 of the Amended Complaint since they are not directed against this Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraphs 97-98 of the Amended Complaint and, therefore, pursuant to the rules of procedure, denies same and demands strict proof thereof.

## <u>SECOND DEFENSE</u>

The Amended Complaint fails to state a claim upon which relief can be granted.

## <u>THIRD DEFENSE</u>

The injuries, losses, and damages sustained by Plaintiffs and/or decedent may be barred by the principles of negligence and/or contributory negligence.

## <u>FOURTH DEFENSE</u>

The injuries, losses, and damages sustained by Plaintiffs and/or decedent may be the result of the intentional or negligent acts of others, including the parties in this case, over whom this defendant had no control and no right of control.

## FIFTH DEFENSE

The Plaintiffs' damages may be due to a naturally occurring disease process over which this Defendant had no control or right to control.

## SIXTH DEFENSE

Defendant reserves the right to supplement and/or amend its defenses throughout the litigation.

WHEREFORE, Plaintiff's Amended Complaint having been fully answered, Defendant respectfully requests that the Amended Complaint be dismissed with prejudice, that costs be awarded to this Defendant, and for other such relief as this Court deems appropriate.

## GREATER SOUTHEAST COMMUNITY HOSPITAL CORPORATION I'S CROSS-CLAIM AGAINST CO-DEFENDANTS

The Defendant/Cross-Plaintiff, Greater Southeast Community Hospital Corporation I (hereinafter "Greater Southeast"), by and through counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and pursuant to Rule 13 of the Federal Rules of Civil Procedure, hereby files its Cross-Claim against the Co-Defendants/Cross-Defendants Corrections Corporation of America, Patricia Singley, Joseph Bastien, M.D., T. Wilkins Davis, M.D., Center for Correctional Health and Policy Studies, Inc., Malek Malekghasemi, M.D., Sunday Nwosu, M.D., Pauline Ojelfo, LPN, Gbenga Ogundipe, LPN, William S. Vaughn, M.D., Rotimi A. Iluyomade, M.D., District of Columbia, Odie Washington, Beverly Hilliard, RN, Captain Johnson, Warden Fred Figueroa, Dr. Nunoi, and National Emergency Services District of Columbia, Inc. on the following grounds:

1.     This Cross-Claim is brought pursuant Rule 13(g) of the Federal Rules of Civil Procedure in that the Cross-Claim arises out of the same occurrence that is the subject matter of the Plaintiff's Complaint.

### COUNT I – NEGLEGENCE
(All Co-Defendants/Cross-Defendants)

2.     The Plaintiff filed the instant lawsuit seeking damages for injuries allegedly sustained by the Plaintiff's decedent, Jonathan Magbie, which resulted in his death. The Plaintiff's Complaint alleges violations of 42 U.S.C. § 1983, the Americans with Disability Act, the District of Columbia Human Rights Law, and negligence.

3.     If Plaintiff's decedent sustained injuries, losses and damages as alleged in the Complaint, then said injuries, losses and damages, if any, were sustained as a result of the sole or concurrent, active and primary negligence of the Co-Defendants/Cross-Defendants. Greater

11

243493.1

Southeast exercised no control over the actions or omissions of said Co-Defendants/Cross-Defendants and, therefore, Greater Southeast is not responsible or liable to the Plaintiff for the claims set forth in the Complaint.

4. If Plaintiff obtains a judgment against Greater Southeast, then the Co-Defendants/Cross-Defendants are liable for contribution and indemnification for any and all sums adjudged against Greater Southeast in favor of the Plaintiff, as Greater Southeast has in no way caused or contributed to the occurrence alleged by the Plaintiff in the Complaint.

WHEREFORE, the Defendant/Cross-Plaintiff, Greater Southeast Community Hospital Corporation I, demands judgment against the Co-Defendants/Cross-Defendants for contribution and indemnification for any and all sums adjudged against Greater Southeast in favor of the Plaintiff herein, together with the costs of this action as provided by law.

## COUNT II – BREACH OF CONTRACT
(National Emergency Services District of Columbia, Inc.)

5. The Defendant/Cross-Plaintiff, Greater Southeast, incorporates by reference the allegations of Count I, and states as follows:

6. On or about December 1, 2002, Greater Southeast entered into an Emergency Medical Services Agreement (hereinafter "Contract") with National Emergency Services District of Columbia, Inc. (hereinafter "NES") for provision of emergency medical services of Greater Southeast.

7. At all material times, Greater Southeast performed its part of the bargain under said Contract.

8. Under the terms of the Contract, in paragraph 13 B, NES agrees to indemnify and hold Greater Southeast harmless from any and all claims, demands, suits and causes of actions

and from any and all damages, losses, costs and fees, including attorney fees, arising out of any act or omission of NES and/or its physicians.

9. In addition, in paragraph 14 A (2) of the Contract, NES agrees that each physician shall carry medical malpractice liability insurance in a specified amount.

10. NES has breached the terms of the Contract by failing to indemnify, hold harmless and defend Greater Southeast from the claims asserted by Plaintiffs in this action, despite Greater Southeast's demand that NES do so.

11. In addition, NES breached paragraph 14 A (2) of the Contract by failing to secure and maintain liability insurance as specified, despite having agreed to do so.

12. As a result of the breaches of contract as indicated above, Greater Southeast has incurred and will, in the future, continue to incur attorneys' fees, costs, damages and expenses in the defense of this action.

WHEREFORE, the Defendant/Cross-Plaintiff, Greater Southeast, demands judgment of indemnity from the Co-Defendant/Cross-Defendant, NES, for any and all sums adjudged against Greater Southeast in favor of Plaintiffs. In addition, Greater Southeast demands judgment against NES in the form of attorneys' fees, witness fees, costs, and expenses incurred in defense of this action.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: __/s/ Catherine A. Hanrahan__
 Catherine A. Hanrahan, Esq. #441775
 Alan J. Rumsey, Esq. #468047
 1341 G Street, N.W., Suite 500
 Washington, DC 20005

243493.1

Tel: (202) 626-7660 Ext. 7668
Fax: (202) 628-3606

*Attorneys for Greater Southeast
Community Hospital Corporation*

14

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing **Amended Answer to Amended Complaint and Cross-Claim** was served, via electronic mail, this 5th day of October, 2006 to:

Donald M. Temple, Esq.
Temple Law Office
1229 15th Street, NW
Washington, DC  20005
*Counsel for Plaintiff*

Arthur B. Spitzer, Esq.
American Civil Liberties Union
1400 20th Street, NW, Suite 119
Washington, DC  20036
*Counsel for Plaintiff*

Edward J. Connor, Esq.
5210 Auth Road, Suite 304
Camp Springs, MD  20746-4341
*Counsel for Plaintiff*

Elizabeth Alexander, Director
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC  20005-2302
*Counsel for Plaintiff*

Megan S. Ben'Ary, Esq.
Kevin L. Newson, Esq.
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
*Counsel for Defendant CCA and Patricia Singley*

Steven J. Anderson, Esq.
Office of Corporation Counsel
441 4th Street, N.W., Sixth Floor South
Washington, DC 20001
*Counsel for Defendant District of Columbia and Odie Washington*

243493.1

Dana K. DeLorenzo, Esq.
Office of the Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, DC 20001
*Counsel for Defendant District of Columbia*

Steve Altman, Esq.
Andrew J. Spence, Esq.
Hamilton, Altman, Canale & Dillon, LLC
10306 Eaton Place, Suite 100
Fairfax, VA 22030
*Counsel for CCHPS, Joseph Bastien, T. Wilkins Davis, Malek Malekghasemi, Sunday Nwosu*

E. Louise R. Phillips, Esq.
441 4th Street, N.W., Sixth Floor South
Washington, DC 20001
*Counsel for CCA*

D'Ana E. Johnson, Esq.
Juan M. Anderson, Esq.
Bonner, Kiernan, Trebach & Crociata
1250 Eye Street, N.W., Suite 600
Washington, DC 20005
*Counsel for William S. Vaughn and Rotimi Iloyomade*

Daniel P. Struck, Esq.
Jones, Skelton & Hochulli, PLC
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
*Counsel for Defendant CCA and Patricia Singley*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Catherine A. Hanrahan*
　　　　　　　　　　　　　　　　　　　　　　　　　Catherine A. Hanrahan