## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **MARY SCOTT, Individually and** ) | |
| **As Personal Representative of the Estate of** ) | |
| **JONATHAN MAGBIE,** ) | |
| ) | **Civil Action No. 1:05-CV-01853-RWR** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

_____

## ANSWER OF DEFENDANT WILLIAM VAUGHN, M.D.
## TO THE AMENDED COMPLAINT

### FIRST DEFENSE

The Amended Complaint fails to state a cause of action as to this Defendant upon which relief can be based.

### SECOND DEFENSE

This Defendant denies any and all allegations of any fact set forth in the Preliminary Statement contending that he was negligent in the care, treatment, or health services that were provided to the Decedent Jonathan Magbie.

**Jurisdiction**

1.    This Defendant expressly reserves upon the question pending the development of relevant facts through discovery.  This Defendant further denies that jurisdiction is conferred upon him under any of the provisions as set forth in paragraph 1 of the Complaint.

**Venue**

2.    The allegations of venue are denied as stated.

162484-1

**Parties**

3.     The allegations of paragraph 3 are denied as stated.

4.     The allegations of paragraph 4 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

5.     The allegations of paragraph 5 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

6.     The allegations of paragraph 6 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

7.     The allegations of paragraph 7 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

8.     The allegations of paragraph 8 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

9.     The allegations of paragraph 9 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

10.     The allegations of paragraph 10 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

11.     The allegations of paragraph 11 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

12.     The allegations of paragraph 12 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

13.     The allegations of paragraph 13 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

162494-1

14.    The allegations of paragraph 14 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

15.    The allegations of paragraph 15 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

16.    The allegations of paragraph 16 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

17.    The allegations of paragraph 17 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

18.    The allegations of paragraph 18 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

19.    The allegations of paragraph 18 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

20.    The allegations of paragraph 20 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

21.    The allegations of paragraph 21 are admitted.

22.    The allegations of paragraph 22 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

23.    The allegations of paragraph 23 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

24.    The allegations of paragraph 24 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

25.    The allegations of paragraph 25 are denied and insofar as they relate to otherwise concern this Defendant.

3

26.     The allegations of paragraph 26 are statements of law which are neither admitted nor denied but proof thereof is demanded.

**Facts Common to All Claims**

27.     The allegations of paragraph 27 are neither admitted nor denied but proof thereof is demanded.

28.     The allegations of paragraph 28 are neither admitted nor denied but proof thereof is demanded.

29.     The allegations of paragraph 29 are neither admitted nor denied but proof thereof is demanded.

**A.     Magbie's' First Confinement in the Jail**

30.     The allegations of paragraph 30 are neither admitted nor denied but proof thereof is demanded.

31.     The allegations of paragraph 31 are neither admitted nor denied but proof thereof is demanded.

32.     The allegations of paragraph 32 are neither admitted nor denied but proof thereof is demanded.

**B.     The First Hospitalization**

33.     The allegations of paragraph 33 are neither admitted nor denied but proof thereof is demanded.

34.     The allegations of paragraph 34 are neither admitted nor denied but proof thereof is demanded.

35.     The allegations of paragraph 35 are neither admitted nor denied but proof thereof is demanded.

4

36.     The allegations of paragraph 36 are neither admitted nor denied but proof thereof is demanded.

37.     The allegations of paragraph 37 are neither admitted nor denied but proof thereof is demanded.

**C.     Confinement in the Infirmary at CTF**

38.     The allegations of paragraph 38 are neither admitted nor denied but proof thereof is demanded.

39.     The allegations of paragraph 39 are neither admitted nor denied but proof thereof is demanded.

40.     The allegations of paragraph 40 are neither admitted nor denied but proof thereof is demanded.

41.     The allegations of paragraph 41 are neither admitted nor denied but proof thereof is demanded.

42.     The allegations of paragraph 42 are neither admitted nor denied but proof thereof is demanded.

43.     The allegations of paragraph 43 are neither admitted nor denied but proof thereof is demanded.

44.     The allegations of paragraph 44 are neither admitted nor denied but proof thereof is demanded.

45.     The allegations of paragraph 45 are neither admitted nor denied but proof thereof is demanded.

46.     The allegations of paragraph 46 are neither admitted nor denied but proof thereof is demanded.

162494-1

47.    The allegations of paragraph 47 are neither admitted nor denied but proof thereof is demanded.

48.    The allegations of paragraph 48 are neither admitted nor denied but proof thereof is demanded.

49.    The allegations of paragraph 49 are neither admitted nor denied but proof thereof is demanded.

50.    The allegations of paragraph 50 are neither admitted nor denied but proof thereof is demanded.

51.    The allegations of paragraph 51 are neither admitted nor denied but proof thereof is demanded.

52.    The allegations of paragraph 52 are neither admitted nor denied but proof thereof is demanded.

53.    The allegations of paragraph 53 are neither admitted nor denied but proof thereof is demanded.

54.    The allegations of paragraph 54 are neither admitted nor denied but proof thereof is demanded.

**D.    The Second Hospitalization**

55.    The allegations of paragraph 55 are neither admitted nor denied but proof thereof is demanded.

56.    The allegations of paragraph 56 are neither admitted nor denied but proof thereof is demanded.

57.    The allegations of paragraph 57 are neither admitted nor denied but proof thereof is demanded.

162494-1

58.    The allegations of paragraph 58 are neither admitted nor denied but proof thereof is demanded.

59.    The allegations of paragraph 59 are neither admitted nor denied but proof thereof is demanded.

60.    The allegations of paragraph 60 are neither admitted nor denied but proof thereof is demanded.

61.    The allegations of paragraph 61 are neither admitted nor denied but proof thereof is demanded.

62.    The allegations of paragraph 62 are denied as stated.

**E.    Jonathan Magbie's Disabilities**

63.    The allegations of paragraph 63 are denied as stated.

64.    The allegations of paragraph 64 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

65.    The allegations of paragraph 65 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

66.    The allegations of paragraph 66 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

67.    The allegations of paragraph 67 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

162494-1

**F.    Other**

68.    The allegations of paragraph 68 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

69.    The allegations of paragraph 69 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

70.    The allegations of paragraph 70 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

71.    The allegations of paragraph 71 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

72.    The allegations of paragraph 72 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

73.    The allegations of paragraph 73 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

74.    The allegations of paragraph 74 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

75.    The allegations of paragraph 75 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

76.    The allegations of paragraph 76 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

77.    The allegations of paragraph 77 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

78.    The allegations of paragraph 78 are denied insofar as they relate to or otherwise concern this Defendant.

162494-1

79.     The allegations of paragraph 79 are statements of law which are neither admitted nor denied but proof thereof is demanded.

80.     The allegations of paragraph 80 are neither admitted nor denied but proof thereof is demanded.

81.     The allegations of paragraph 81are neither admitted nor denied but proof thereof is demanded.

## CLAIMS FOR RELIEF

**COUNT ONE**

### (42 U.S.C. § 1983 Eighth Amendment)

82.     The Defendant adopts and incorporates by reference hereto all his admissions, denials, defenses, and responses heretofore set forth.

83.     The allegations of paragraph 83 are statements of law which are neither admitted nor denied but proof thereof is demanded.

84.     The allegations of paragraph 84 are statements of law which are neither admitted nor denied but proof thereof is demanded.

85.     The allegations of paragraph 85 are denied and insofar as they relate to otherwise concern this Defendant.

**COUNT TWO**

### (Americans with Disabilities Act)

86.     The Defendant adopts and incorporates by reference hereto all his admissions, denials, defenses, and responses heretofore set forth.

87.     The allegations of paragraph 87 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

9

162494-1

88.    The allegations of paragraph 88 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

**COUNT THREE**

**(Negligence and Medical Malpractice)**

89.    The Defendant adopts and incorporates by reference hereto all his admissions, denials, defenses, and responses heretofore set forth.

90.    The allegations of paragraph 90 are statements of law which are neither admitted nor denied but proof thereof is demanded.

91.    The allegations of paragraph 91 are statements of law which are neither admitted nor denied but proof thereof is demanded.

92.    The allegations of paragraph 92 are statements of law which are neither admitted nor denied but proof thereof is demanded.

**COUNT FOUR**

**(District of Columbia Human Rights Law)**

93.    The Defendant adopts and incorporates by reference hereto all his admissions, denials, defenses, and responses heretofore set forth.

94.    The allegations of paragraph 94 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

95.    The allegations of paragraph 95 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

162494-1

**COUNT FIVE**

**(Intentional Infliction of Emotional Distress)**

96.     The Defendant adopts and incorporates by reference hereto all his admissions, denials, defenses, and responses heretofore set forth.

97.     The allegations of paragraph 97 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

98.     The allegations of paragraph 98 neither relate to nor otherwise concern this Defendant, and therefore, proof thereof is demanded.

**THIRD DEFENSE**

Plaintiff's injuries or damages, if any, are the result of the acts, omissions, negligence, or violations of statutory provisions of another party, person, or entity over whom this Defendant had no control nor right of control.  William Vaughn, M.D., prays that the Complaint shall stand dismissed.

Dated this 21st day of December, 2006.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

_____/s/_____

D'Ana E. Johnson, #927913
Juan M. Anderson, #465404
1250 Eye Street, N.W., Suite 600
Washington, D.C.  20005
(202) 712-7000
**Attorneys for Defendant William Vaughn, M.D.**

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of December, 2006, I caused to be served a true and correct copy of **ANSWER OF DEFENDANT WILLIAM VAUGHN, M.D. TO THE AMENDED COMPLAINT**, *via* Electronic Filing to:

Donald M. Temple, Esquire
Temple Law Office
1229 1th Street, NW
Washington, DC  20005
*Counsel for Plaintiff*

Arthur B. Spitzer, Esquire
American Civil Liberties Union
1400 20th Street, NW, Suite 119
Washington, DC  20036
*Counsel for Plaintiff*

Edward J. Connor, Esquire
5210 Auth Road, Suite 304
Camp Springs, Maryland  20746-4341
*Counsel for Plaintiff*

Elizabeth Alexander, Director
National Prison Project of the ACLU
    Foundation
915 15th Street, NW, 7th Floor
Washington, DC  20005-2302
*Counsel for Plaintiff*

Megan S. Ben'Ary, Esquire
Kevin L. Newson, Esquire
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia  22314
*Counsel for Co-Defendants Corrections
    Corporation of America & Patricia
Singley*

Steven J. Anderson, Esquire
Office of Corporation Counsel
441 4th Street, NW, 6th Floor South
Washington, DC  20001
*Counsel for Defendant District of Columbia
    & Odie Washington*

Dana K. DeLorenzo, Esquire
Office of the Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC  20001
*Counsel for Defendant District of Columbia*

Steve Altman, Esquire
Andrew J. Spence, Esquire
Hamilton, Altman, Canale & Dillon, LLC
10306 Eaton Place, Suite 100
Fairfax, Virginia  22030
*Counsel for Center for Correctional
    Health and Policy Studies, Inc.,
    Joseph Bastien, T. Wilkins Davis,
    Malek Malekghasemi, and Sunday Nwosu*

E. Louise R. Phillips, Esquire
441 4th Street, NW, 6th Floor South
Washington, DC  20001
*Counsel for Corrections Corporation of
    America*

Daniel P. Struck, Esquire
Jones, Skelton & Hochulli, PLC
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012

12

162494-1

Catherine A. Hanrahan, Esquire
Alan J. Rumsey, Esquire
1341 G Street, NW, Suite 500
Washington, DC  20005
*Counsel for Greater Southeast Community*
  *Hospital Corporation I*

_____*/s/*_____
D'Ana E. Johnson

162494-1