UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

MARY R. SCOTT,

    Plaintiff,

v.                                                                                      No. 05-cv-1853 (RWR)

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

_____

PLAINTIFF'S OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS BY DEFENDANTS WILLIAM VAUGHN, M.D., ROTINI A. ILUYOMADE, M.D., AND NATIONAL EMERGENCY SERVICES DISTRICT OF COLUMBIA, INC.

    The Scheduling Order of May 8, 2006 provided that dispositive motions were to have been filed in this case by January 30, 2007. The Court subsequently amended the Scheduling Order so that the deadline for dispositive motions was April 30, 2007. *See* Order, April 23, 2007. Notwithstanding that deadline, as of the status conference in this case held on April 20, 2007, Defendants' counsel could not identify any dispositive motions that Defendants wished to file. Not until April 30, 2007, when Defendants filed the instant motion, did Defendants indicate any intention to change this previously-extended deadline again.

    Pursuant to Fed. R. Civ. P. 16(b), any change in the Scheduling Order requires a showing of good cause. In order for Defendants to make such a showing, they would have to demonstrate that the April 30, 2007 deadline could not have been met despite the diligence of the party requesting the extension. Advisory Committee to the 1983 Amendment to Rule 16; 6A Charles

1

Alan Wright *et al, Federal Practice and Procedure: Civil 2d* § 1522.1 (1990); *see also Hussain v. Nicholson,* 435 F.3d 359, 363-64 (D.C. Cir. 2006) (district court's refusal to modify discovery deadline imposed pursuant to Rule 16 was within its discretion in light of the lack of diligence on the part of counsel; party may fairly be penalized for counsel's lack of diligence in meeting deadlines).

Defendants do not attempt to demonstrate that any motion that Defendants may wish to file could not have been filed if due diligence had been exercised. Defendants Iluyomade and Vaughn have been parties in this case since the beginning and it has been more than six months since National Emergency Services was added as a Defendant. Even more significantly, prior to the recent status conference, Defendants knew of the April 30 deadline, but were not prepared during the conference to argue for any extension of the deadline. *See* Minute Order, April 3, 2007 (noting April 30 deadline for dispositive motions).

It is also important that, even now, Defendants have not identified any specific dispositive motions that they wish to file. These Defendants' actions and omissions took place at Greater Southeast Community Hospital, not at the District of Columbia Jail or at the Correctional Treatment Facility. Accordingly, the primary focus of the litigation now involves malpractice claims. Given the expert reports filed on behalf of Plaintiff and the nature of the testimony in the depositions of the two physician defendants, it is highly unlikely as a practical matter that Defendants will seek summary judgment against Plaintiff on the malpractice claims. Moreover, Defendants already possess a substantial record developed in discovery, as well as the opinions of their own designated medical experts. For these reasons, there is no merit in Defendants' contention that delay is necessary to "allow the parties to present a full and complete record of

discovery before the Court in support of the relief requested"[1] in the hypothetical dispositive motions.

      This Court has been quite reasonable in its consideration of the parties' requests for adjustment of the schedule, but this request is neither justified by Defendants nor reasonable on its face. Defendants' dilatory approach to their obligations in this case has already caused delay and required a reopening of discovery. Particularly because allowing this requested delay will further erode the insurance policy that covers these Defendants, and because Defendants have given the Court no reason to think that additional delay would result in the filing of a meritorious dispositive motion, Plaintiff asks that Defendants' motion be denied.

      Respectfully submitted,

      *s/ Elizabeth Alexander*
Elizabeth Alexander, D.C. Bar No. 412904
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005
202-393-4930

Donald M. Temple, D.C. Bar No. 408749
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
202-628-1101

Edward J. Connor, D.C. Bar No. 321505
5210 Auth Road, Suite 304
Camp Springs, MD 20746
301-899-7801

Arthur B. Spitzer, D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area

---

[1] S Defs' Mot, April 30, 2007 (Dkt. No. 149) at 2.

                                        1400 20th Street, NW, Suite 119  
                                        Washington, DC 20036  
                                        202-457-0800

May 2, 2007                                      Counsel for Plaintiff