UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

MARY R. SCOTT,

    Plaintiff,

v.                                                                                    No. 05-cv-1853 (RWR)

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

_____

**MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESSES**

Pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c), Plaintiff requests that this Court exclude testimony from the following experts proffered by Defendants in their Rule 26(a)(2) Statement filed on May 4, 2007 (Dkt. #152): Steven M. Day, Charles Betsey, Philip M. Buttaravoli, M.D., Roger Johns, M.D., and Noah Lechtzin, M.D. The grounds for this motion are set forth in the accompanying memorandum.

                                                                                       Respectfully submitted,

                                                                      *s/ Elizabeth Alexander*
                                                           Elizabeth Alexander, D.C. Bar No. 412904
                                                            National Prison Project of the ACLU Foundation
                                                           915 15th Street, NW, 7th Floor
                                                           Washington, DC 20005
                                                          202-393-4930

                                                           Donald M. Temple, D.C. Bar No. 408749
                                                          Temple Law Office
                                                          1229 15th Street, NW
                                                          Washington, DC 20005
                                                          202-628-1101

                                                          Edward J. Connor, D.C. Bar No. 321505
                                                          5210 Auth Road, Suite 304

                                           Camp Springs, MD 20746
                                           301-899-7801

                                           Arthur B. Spitzer, D.C. Bar No. 235960
                                           American Civil Liberties Union
                                             of the National Capital Area
                                           1400 20th Street, NW, Suite 119
                                           Washington, DC 20036
                                           202-457-0800

May 8, 2007                                 Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

MARY R. SCOTT,

       Plaintiff,

v.                                                                               No. 05-cv-1853 (RWR)

DISTRICT OF COLUMBIA, *et al.*,

       Defendants.

_____

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE EXPERT WITNESSES**

       Pursuant to the Court's Order of April 23, 2007 and Fed. R. Civ. P. 26(a)(2) and 37(c), Plaintiff moves to exclude testimony from the expert witnesses identified by the remaining Defendants in their Rule 26(a)(2) Statement filed on May 4, 2007 (Dkt. #152).

**I. PROCEDURAL BACKGROUND**

       This Court entered Scheduling Orders on May 5, 2006 and September 21, 2006 requiring, *inter alia,* that the parties make timely disclosures of the information about expert witnesses required by Rule 26(a)(2). Plaintiff complied with the *first* Scheduling Order of May 5, 2006, providing all required information for each proposed expert. Former Defendant Corrections Corporation of America complied fully within the extended deadlines of the second Scheduling Order. Two of its identified experts were subsequently adopted by the Plaintiff, as listed in her Rebuttal Expert Designation (Dkt. #132), filed timely on January 2, 2007.

       Former Defendant District of Columbia filed a partial Rule 26 Statement on September 5,

1

2006 (Dkt. #114), identifying Steven M. Day and Charles Betsey as experts. The District failed to serve a report from either expert, nor did it disclose Mr. Betsey's fee schedule. The current remaining defendants (Dr. Vaughn, Dr.Iluyomade and National Emergency Services), adopted these two experts in a Rule 26 Statement filed on December 22, 2006 (Dkt. #132). However, these Defendants have never provided the required reports from either expert.

Defendants' other proposed experts, Drs. Buttaravoli, Johns and Lechtzin, were identified in both Rule 26 Statements filed by the remaining Defendants. Reports from Drs. Buttaravoli and Johns were served on May 4, 2007, but no report by Dr. Lechtzin has ever been served. Contrary to Defendants' assertions, they have provided no *curriculum vitae,* disclosure of compensation arrangements, or listing of prior testimony related to these proposed experts.

## II. REQUIREMENTS OF RULE 26(a)(2)

The requirements of Rule 26(a)(2) are quite clear:

> ...this disclosure shall, with respect to a witness who is retained or specifically employed to provide expert testimony...be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed... the qualifications of the witness, including a full list of all publications authored by the witness within the preceding 10 years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding 4 years.

The Advisory Committee Notes that follow the Rule observe that :

> Since depositions of experts required to prepare a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition... the requirement of a written report...applies only to those experts who are retained or specially employed to provide such testimony...a treating physician, for example, can be deposed or called to testify at trial without any

requirement for a written report.[1]

Notes of the Advisory Committee to the 1993 Amendments.

Further, Fed. R. Civ. P. 37(c) provides that if a party, without substantial justification, fails to disclose information required by Rule 26(a), the party is not to be permitted to use that information at trial, unless the failure is harmless.

### III. ARGUMENT

On April 20, 2007 the Court, during a status conference, expressed concern with the Defendants' failure to provide timely Rule 26 disclosures for its intended experts. It ruled that full disclosures must be served no later than May 4, 2007. Not a single expert identified by Defendants has fully complied with this twice-extended deadline.

Plaintiff now has only 23 days to take up to three discovery depositions of Defendants' experts. She cannot even determine who, if anyone, should be deposed, because the full information required by Rule 26 has still not been provided. Plaintiff is prejudiced by (1) further delay of these proceedings; (2) further erosion of the liability policy covering the remaining Defendants; and (3) an uneven playing field, because she has fully disclosed all Rule 26 matters within the time limits of the *first* Scheduling Order, while her opponents have not fully complied with respect to *any* identified expert, even after multiple extensions resulting in a *third* Scheduling Order.

Given these circumstances, Defendants should not be permitted to call any of these experts at trial. *See U.S. ex rel. Mossey v. Pal-Tech, Inc.,* 231 F. Supp. 2d 94, 98 (D.D.C. 2002)

---

[1] Plaintiff has listed Peter Berkman, M.D., the decedent's personal physician, as such an expert. Dr. Berkman's deposition is scheduled for May 22, 2007.

(excluding party's expert report when it was not prepared in compliance with Rule 26(a) because it did not indicate compensation rates or provide publications nor provide a complete statement of opinions and bases for those opinions); *see also Coles v. Percy,* 217 F.R.D. 1, 3-4 (D.D.C. 2003) (striking purported supplemental expert report when critical part of expert's report was not supplied until after the deadline for expert reports); *Forman v. Pillsbury,* 131 F.R.D. 652, 653 (D.D.C. 1990) (striking expert reports proffered after discovery cut-off when trial was looming; court was unwilling to acquiesce in reopening discovery in case that had already been protracted and expensive).

These cases reflect the approach taken in other circuits. *See Carr v. Deeds,* 453 F.3d 593, 604 (4th Cir. 2006) (affirming district court decision to exclude expert report when party proffering expert did not timely provide full credentials, information about compensation, or information about other cases in which the expert had testified; "Indeed, we have previously recognized the critical importance of this type of information, particularly in cases which turn upon expert testimony."); *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 869 (7th Cir. 2005) (affirming exclusion of expert in light of failure to comply with Rule 26(a)(2); sanction for non-compliance is automatic and mandatory unless non-disclosure was justified or harmless); *Wong v. Regents of Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005) (affirming district court's refusal to allow designation of late experts; "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusion of evidence."); *Bearint ex rel. Bearint v. Dorel Juvenile Group,* 389 F.3d 1339, 1349 (11th Cir. 2004) (rejecting argument that district court erred in excluding expert whose report was untimely, despite substantial prejudice to party proffering

4

excluded expert).

## CONCLUSION

Under these circumstances, Plaintiff urges the Court to apply the mandatory provisions of Rules 26 and 37 and bar Defendants from calling the proffered experts.

Respectfully submitted,

*s/ Elizabeth Alexander*
Elizabeth Alexander, D.C. Bar No. 412904
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005
202-393-4930

Donald M. Temple, D.C. Bar No. 408749
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
202-628-1101

Edward J. Connor, D.C. Bar No. 321505
5210 Auth Road, Suite 304
Camp Springs, MD 20746
301-899-7801

Arthur B. Spitzer, D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
202-457-0800

May 8, 2007                    Counsel for Plaintiff