UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **MARY SCOTT, Individually and **<br>**As Personal Representative of the Estate of **<br>**JONATHAN MAGBIE,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**DISTRICT OF COLUMBIA, et al.,**<br><br>　　　　**Defendants.** | )<br>)<br>)<br>) Civil Action No. 1:05-CV-01853-RWR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS WILLIAM VAUGHN, M.D., ROTIMI A. ILUYOMADE, M.D. AND NATIONAL EMERGENCY SERVICES DISTRICT OF COLUMBIA, INC.'S <u>OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXPERTS</u>

COMES NOW, Defendants, William Vaughn, M.D., Rotimi A. Iluyomade, M.D., and National Emergency Services District of Columbia, by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and, by way of opposition to Plaintiff's Motion to Strike Experts respectfully state as follows:

**I.     PROCEDURAL BACKGROUND**

On December 22, 2006 Defendants filed their Preliminary Designation of Expert Witnesses.[1] (See, Defendants William S. Vaughn, M.D. and Rotimi Iluyomade, M.D.'s Preliminary Designation of Expert Witnesses, dated December 22, 2006 and attached hereto as Exhibit 1). At that time, Defendants listed Philip Buttaravoli, M.D. (Emergency Medicine); Noah Lechtzin, M.D.

---

[1] Defendant National Emergency Service District of Columbia (NES) was not named as a party in Defendants' Preliminary Designation of Expert Witnesses filed December 22, 2006 as Plaintiff had not perfected service upon them at that time. Plaintiff had filed her Amended Complaint naming NES on October 3, 2006.

(Critical Care Medicine/Pulmonary Disease)[2]; Roger Johns, M.D. (Emergency Medicine); and adopted the rebuttal experts previously identified by the District of Columbia. The adopted experts were Steven M. Day, Ph.D. (Life Expectancy) and Charles L. Betsey, Ph.D. (Economics)[3].

As to Drs. Buttaravoli, Johns, and Lechtzin, Defendants had submitted their initial designation as per a stipulation reached with Plaintiff's counsel that expert reports were not submitted at that time due to the naming of additional defendants in the Amended Complaint who were likely to be represented by undersigned counsel upon perfection of service. (*See*, Exhibit 1, footnote 1). Defendants also reserved the right to file supplemental designations as necessary.

With respect to both the adopted rebuttal experts, Steven Day, Ph.D. and Charles L. Betsey, Ph.D., co-Defendant District of Columbia had previously designated these two rebuttal experts on September 5, 2006. It was this Defendants' understanding that full compliance with FRCP 26(a)(2) had been achieved by the District of Columbia at the time of that filing.

Defendants fully intended that the *curriculum vitaes* for all their identified experts be electronically submitted as attachments to their preliminary statement. This is evidenced by the fact that the subpart for each designated expert references the attachment of that expert's *curriculum vitae*. (See Exhibit 1 at pp. 2-5). Defendants did not learn that the subject attachments, by way of inadvertent clerical and/or technological error, had not been submitted along with the statement until the filing of the instant motion. As aforestated, the *curriculum vitaes* were referenced throughout the statement as attached and Plaintiff never alerted Defendants that they were not in receipt of the

---

[2] Defendants note that Dr. Lechtzin was unable to timely submit a report in compliance with Rule 26(a)(2). Accordingly, Defendants do not object to the striking of this expert and continue to retain Dr. Lechtzin only in the capacity as a consultant.

[3] Defendants also note that Charles L. Betsey, Ph.D. was unable to timely submit a report in compliance with Rule 26(a)(2). Accordingly, Defendants do not object to the striking of this expert and continue to retain Mr. Betsey only in the capacity as a consultant.

*curriculum vitaes* and associated documents thereto. Defendants had every good faith reason to believe that they had proceeded in accordance with the applicable rule governing the subject filing.

Upon receipt of the instant motion, Defendants immediately contacted Plaintiff's counsel and alerted them to the obvious inadvertence. Undersigned counsel then forwarded correspondence which attached additional copies of the subject *curriculum vitaes* and related documents which were thought to have been attached as early as December 22, 2006. (See, letter from Juan M. Anderson, Esquire to Plaintiff's counsel(s) dated May 9, 2007 and attached hereto as Exhibit 2). As per Exhibit 2, Defendants set forth the factual predicates which explain the error and file their response herein.[4]

## II. DEFENDANTS' INADVERTENT OMISSION OF REPORTS FOR ADOPTED EXPERTS WAS HARMLESS, LACKING IN ANY BAD FAITH, AND IS NON-PREJUDICIAL TO PLAINTIFF.

With respect to the omission of written reports for Charles L. Betsey, Ph.D. and Steven Day, Ph.D., Defendants contend their inadvertence is harmless, untainted by bad faith, and does not serve to unduly prejudice Plaintiff on these facts. "Rule 26(a)(2) of the Federal Rules of Civil Procedure requires parties to disclose the name of any person the party may call to testify as an expert witness. When the potential witness is retained specifically to provide expert testimony, the disclosure must include a "written report prepared and signed by the witness." *Jenkins v. Bartlett*, No. 06-2495 (7th Cir., April 23, 2007). The *Jenkins* Court goes on to instruct that the exclusion of such evidence is conditional. "A party is barred from using evidence that it failed to disclose as required by Rule 26(a), ***unless the failure was harmless*…**" *Id.* (Emphasis added).

---

[4] Defendants note that Plaintiff failed to file a copy of her expert's report and associated documents *with this Court* as required by FRCP 26. Plaintiff's sole entry regarding her expert designations occurs on January 2, 2007 and only reflects a designation of her rebuttal expert witnesses. (See, Docket Sheet entry #132 attached hereto as Exhibit 3). While such an omission technically constitutes a violation of FRCP 26, such a defect is harmless error causing no real

In *Jenkins,* the 7th Circuit Court of Appeals ruled that where defendants identified two experts they intended to call in a case involving the alleged violation of Plaintiff's constitutional rights, the two experts were not barred from testifying upon their failure to sign or prepare their own reports. *Id.* The *Jenkins* defendants had submitted a designation in the form of a letter which described the experts' anticipated testimony and included their *curriculum vitaes*. Plaintiff contended that the experts had not complied with Rule 26. The Court ruled that the omission was harmless in the sense that the defect failed to produce any prejudice that was not curable by submitting the reports with the appropriate signatures. *Id.*

The District of Columbia also considers the inadvertent omission of 26(a)(2) reports harmless upon consideration of similar facts and recognizes the exceptions to FRCP 37(c)(1). In *Minebea Co. Ltd v. Pabst*, 231 F.R.D. 3 (D.D.C. 2005), a case actually citing Plaintiff's cited authority of *Coles v. Perry*, 217 F.R.D.1 (D.D.C. 2003), the Court held that "the purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial. *Id.* at 6. The Court notes that exclusion of evidence undisclosed pursuant to Rule 26(a) is warranted **unless the failure to disclose is harmless**, or if there was substantial justification for such failure." *Id.* While the *Minebea* Court ruled that neither exception was present in that case, it did so based upon the fact that the failure to disclose was not harmless where the report set forth completely "new and different material" than that originally anticipated *and was submitted a mere one (1) week before the start of trial*. The Court concluded that the "last-minute" disclosure effectively failed to provide the opposing party "an adequate opportunity to respond or prepare a response for trial." *Id.* (*See also*, *Phillips v. Netblue, Inc.*, 2007 WL 528722 (N.D. Cal.)

---

prejudice under applicable authority similarly as set forth regarding Defendants' reports at issue herein. (See also,

(denying Defendant's Motion to Strike Plaintiff's Expert Report and Testimony on the grounds that no defects in the subject report put defendant at a "tactical disadvantage" since defendants could depose the expert prior to trial and subject him to cross-examination at trial).

Here, Defendants' adopted the expert designation of the District of Columbia which had been filed on September 5, 2006. The designation identified Charles L. Betsey, Ph.D. (economics) and Steven Day, Ph.D. (Life Expectancy). While Defendants operated under the assumption that the District of Columbia's September 5, 2006 submission complied with FRCP 26(a)(2). Defendants contend that the erroneous assumption, on these facts, is harmless pursuant to relevant law and authority.

As aforestated, Defendants do not intend to call Charles L. Betsey, Ph.D. at the trial of this matter. However, Defendants have attached the proposed report of Steven Day, Ph.D. to the instant motion and this Court has not set a trial date in this case. (See, written report of Steven Day, Ph.D. attached hereto as Exhibit 5). Therefore, Plaintiff is not placed in the position of having an "inadequate opportunity to respond or prepare a response for trial" which was a critical component of the Court's decision in *Minebea*. (*See*, *Minebea Co., Ltd. v. Pabst*, 23 F.R.D. at 6). Defendants note that the identity and anticipated testimony of Steven Day, Ph.D. has been known by Plaintiff for eight (8) months. While Plaintiff has never intimated any interest in deposing Steven Day, Ph.D., as a continuing show of good faith, Defendants will not object to any efforts on the part of Plaintiff to depose this rebuttal witness at any time prior to trial. In this instance, the exception(s) to Rule 37(c) are present and exclusion is unwarranted.[5]

---

Plaintiff's Rebuttal Expert Witness Designation dated January 2, 2007 and attached hereto as Exhibit 4.
[5] It is noteworthy that the *Minebea* Court, "in the interest of efficiency", ultimately allowed *Minebea* to call the subject expert in its direct testimony rather than "forcing *Minebea* to wait until its rebuttal case to present such testimony." *Id.* at 7. The Court further stated that defendant would not be "surprised or prejudiced" in proceeding in that fashion. *Id.* at 7-8.

### III. CONCLUSION

Defendants have provided Plaintiff with the *curriculum vitaes* and written reports for all of the experts they intend to call at trial (Drs. Buttaravoli and Johns). In addition, Defendants have provided the proposed written report for the rebuttal witness adopted from former co-defendant District of Columbia (Steven Day, Ph.D.)[6] Defendants' inadvertent omission of the *curriculum vitae's* for Drs. Buttaravoli and Johns were the result of harmless clerical and/or technological error and have been since remedied. Defendants' omission of a written report as to Steven Day, Ph.D was also harmless under Rule 37(c) as it was not committed in bad faith and has not incurably prejudiced Plaintiff in her trial preparation. Under these circumstances, Defendants respectfully request that this Court deny Plaintiff's instant motion regarding the proferred experts.

DATED this 22nd day of May, 2007.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

*/s/ D'Ana E. Johnson*
D'Ana E. Johnson, #927913
Ronald Guziak, #233940
Juan M. Anderson, #465404
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036
(202) 712-7000
**Attorneys for Defendants**
**William S. Vaughn, M.D.**
**Rotimi Iluyomade, M.D., and**
**National Emergency Services District of Columbia**

---

[6] Plaintiff does not contend that she did not receive a *curriculum vitae* and associated documents, other than the written report, in compliance with Rule 26(a)(2) as to Steven Day, Ph.D.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2007, I caused to be served a true and correct copy of Defendants' Opposition to Plaintiff's Motion to Exclude Expert Witnesses, via Electronic Filing.

Donald M. Temple, Esquire
Temple Law Office
1229 15th Street, NW
Washington, DC  20005
*Counsel for Plaintiff*

Edward J. Connor, Esquire
5210 Auth Road, Suite 304
Camp Springs, Maryland  20746-4341
*Counsel for Plaintiff*

Elizabeth Alexander, Director
National Prison Project of the ACLU
    Foundation
915 15th Street, NW, 7th Floor
Washington, DC  20005-2302
*Counsel for Plaintiff*

/s/ D'Ana E. Johnson
D'Ana E. Johnson