UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

MARY R. SCOTT,

      Plaintiff,

v.                                                                                              No. 05-cv-1853 (RWR)

DISTRICT OF COLUMBIA, et al.,

      Defendants.

_____

## REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESSES

Defendants now concede that they have failed to comply with the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2) as to two of their proposed experts and have accordingly withdrawn their designations of Noah Lechtzin, M.D., and Charles Betsey as testifying experts. *See* Defs.' Opp'n, May 22, 2007 (Dkt. No. 154) at 2 n.2 & 3. This concession leaves in contention whether Defendants should be permitted to present the testimony of Steven M. Day, Philip M. Buttaravoli, M.D., or Roger Johns, M.D. Plaintiff continues to oppose testimony from any of these proposed witnesses as prejudicial and in conflict with the requirements of Fed. R. Civ. P. 26(a)(2) and 37(c).

First, Defendants have still failed to comply fully with the disclosure requirements with regard to Dr. Buttaravoli or Dr. Johns because the materials filed with the Court, or otherwise provided to Plaintiff, do not include information regarding prior testimony, or rates of compensation for these experts, as required by Fed. R. Civ. P. 26(a)(2)(B). The lack of these disclosures was specifically raised in Plaintiff's motion. *See* Pl.'s Mem., May 8, 2007 (Dkt. No.

153) at 2. Given this continued and knowing violation of the Federal Rules, these experts should be stricken now.[1]

Defendants argue that their failures to comply with the Rules do not "unduly prejudice" Plaintiff. Defs.' Opp'n at 3. First, this is, of course, not the applicable standard. As Defendants themselves note, the standard is not undue prejudice but any prejudice. Defs.' Opp'n at 4 ("'A party is barred from using evidence that it failed to disclose as required by Rule 26(a), *unless the failure was harmless. . .*") (citing *Minebea Co. Ltd. v. Pabst,* 231 F.R.D. 3, 6 (D.D.C. 2005)) (emphasis in Defs.' Opp'n).

Of course, the failure is not harmless, for the reasons argued in Plaintiff's original memorandum and not responded to by Defendants. *See* Pl.'s Mem. at 3. Indeed, the prejudice is of course even greater now because of the passage of time. Discovery, after repeated extensions, is now set to close on May 31, 2007. Order, April 23, 2007 (Dkt. No. 145). At the end of today, there will be five business days before discovery closes.

Nor can one ascribe this problem simply to inadvertence on the part of Defendants. Plaintiff's motion to strike experts was filed on May 8. Defendants say that it was their understanding that the report of Mr. Day had been part of the District's submission. Defs.' Opp'n at 2. If that had been the problem, Defendants would have supplied the materials to Plaintiff immediately after Plaintiff filed her motion.

In fact, the report Defendants filed with their Opposition is dated May 20, 2007, so it

---

[1] One of the cases cited in Plaintiff's memorandum in support of her motion was a case involving exclusion of experts for failure to supply full credentials, including information about compensation or previous testimony. *Id.* (citing *Carr v. Deeds,* 453 F.3d 593, 604 (4th Cir. 2006).

appears that no report by Mr. Day existed until after the cut-off of the extended time to disclose expert information.  Further, Defendants had no basis to assume that an earlier report from Mr. Day existed because the District's disclosures recite that "Defendants will provide a copy of Dr. Day's report as soon as it is available."  District of Columbia Rule 26(a)(2) Statement, Sept. 5, 2006 (Dkt. No. 114) at 1).  Accordingly, at the time that Defendants purported to adopt Mr. Day as an expert on May 4, 2007, they still had not investigated whether such a report existed.  Defs.' Supp. Designation, May 4, 2007 (Dkt. No. 152) at 1 (stating *inter alia* that these Defendants were adopting the opinions of Mr. Day set forth in the District of Columbia disclosures of September 5, 2006).  Failing to read the District's Statement that Defendants said they were adopting goes beyond mere inadvertence.

Finally, Defendants are incorrect that Plaintiff has in some respect failed to comply with applicable requirements of Rule 26(a)(2).  *See* Defs.' Opp'n at 3-4 n.4.  Edward Connor, one of Plaintiff's counsel, called the Clerk's Office to determine whether Plaintiff's Rule 26(a)(2) Statement should be filed with the Court in light of Local Rule 107, which prohibits filing of discovery.  The clerk confirmed to Mr. Connor that the Statement need not be filed with the Court.

For the above reasons, and the reasons set forth in Plaintiff's original memorandum, Plaintiff requests that Defendants be barred from presenting any testimony from proposed experts Steven M. Day, Philip Buttaravoli, or Roger Johns.

Respectfully submitted,

      /s/DONALD M. TEMPLE
Donald M. Temple, D.C. Bar No. 408749
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
202-628-1101

Edward J. Connor, D.C. Bar No. 321505
5210 Auth Road, Suite 304
Camp Springs, MD 20746
301-899-7801

Elizabeth Alexander, D.C. Bar No. 412904
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005
202-393-4930

Arthur B. Spitzer, D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
202-457-0800

Dated: May 23, 2006