## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| MARY SCOTT, Individually and<br>As Personal Representative of the Estate of<br>JONATHAN MAGBIE,<br><br>    Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>    Defendants. | )<br>)<br>)<br>) Civil Action No. 1:05-CV-01853-RWR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION FOR RECONSIDERATION
## OF THE COURT'S ORDER OF MAY 29, 2007 GRANTING
## PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESSES

COME NOW Defendants William S. Vaughn, M.D., Rotimi Iluyomade, M.D., and National Emergency Services District of Columbia ("Defendants"), by and through their undersigned counsel, Bonner Kiernan Trebach & Crociata, LLP, and pursuant to this Court's Order of May 29, 2007 and Fed. R. Civ. Proc. 60(b), request that this Court reconsider its Order granting Plaintiff's Motion to Exclude Defendant's Expert Witnesses and state as follows:

  1.  While facially deficient, the incomplete expert disclosures by Defendants constitute either mistake or excusable neglect, for which relief under Rule 60(b) is contemplated.

  2.  The events leading to Defendants' incomplete disclosures arose over a period of time, and not out of any intent or design to delay the completion of discovery.

3.    Any prejudice to Plaintiff is speculative, or at worst, harmless.

4.    The prejudice to Plaintiff, if any, may and should be cured by alternative sanctions that are less onerous.

5.    Defendants request a hearing as to all issues before the Court in the instant motion.

In further support of this Motion, Defendants refer this Court to the attached Memorandum of Points and Authorities which is incorporated herein by reference.

Dated this 31st day of May, 2007.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

D'Ana E. Johnson, Esquire
Ronald G. Guziak, Esquire
Juan M. Anderson, Esquire
1233 20th Street, N.W., Suite 800
Washington, DC  20036
Tel:    (202) 712-7000
Fax:    (202) 712-7100
*Counsel for William S. Vaughn, M.D.*
*Rotimi Iluyomade, M.D. , and*
*National Emergency Services District of Columbia*

2

171585-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY SCOTT, Individually and<br>As Personal Representative of the Estate of<br>JONATHAN MAGBIE,<br><br>          Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)  Civil Action No. 1:05-CV-01853-RWR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER OF MAY 29, 2007 GRANTING
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESSES

COME NOW Defendants William S. Vaughn, M.D., Rotimi Iluyomade, M.D., and

National Emergency Services District of Columbia, by and through counsel Bonner, Kiernan,

Trebach & Crociata, LLP, and in support of its Motion for Reconsideration, states as follows:

I.     **WHILE FACIALLY DEFICIENT, THE INCOMPLETE EXPERT DISCLOSURES BY DEFENDANTS CONSTITUTE EITHER MISTAKE OR EXCUSABLE NEGLECT, FOR WHICH RELIEF UNDER F.R.C.P. 60(B) IS CONTEMPLATED**

Rule 60 of the Federal Rules of Civil Procedure specifically allow for relief from a

Judgment or Order:

> **"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: **(1) mistake, inadvertence, surprise, or excusable neglect;"**

*See*, Fed. R. Civ. Proc. 60(b)(1)(emphasis added).

In the instant matter, Plaintiff contends that she did not receive *curriculum vitaes* ("CV's"), List of Cases and Fee Schedules as to Drs. Buttaravoli and Johns and did not timely receive the narrative report of Steven Day, Ph.D. However, Defendants contend that relief on the grounds of mistake, inadvertence, and/or excusable neglect is appropriate on these facts as provided by Rule 60.

On December 22, 2006 Defendants filed their Preliminary Designation of Expert Witnesses naming Drs Buttaravoli, Johns, and Lechtzin. Prior to the December 22, 2006 designation, Plaintiff had also filed an Amended Complaint but had not perfected service upon co-Defendant National Emergency Services District of Columbia at that time. Defendants Drs. Vaughn and Iuyomade had just filed their Answers to the Amended Complaint the previous day on December 21, 2006. (See, Defendant Iluyomade Answer to Amended Complaint, Document # 129 and Defendant Vaughn's Answer to Amended Complaint, Document #130, both dated December 21, 2006).

Therefore, based upon the uncertainty of whether additional parties would also be represented by undersigned counsel, expert reports were not included as per prior consent reached with Plaintiff. (See, Defendants William S. Vaughn, M.D. and Rotimi Iluyomade, M.D.'s Preliminary Designation of Expert Witnesses, Footnote 1, dated December 22, 2006 and attached hereto as Exhibit 1). It was believed that the CV's of Defendants' experts were attached to Defendants' electronic filing and also provided to Plaintiff's counsel *via* first class mail. It was further believed, in error, that the CV for adopted expert Steven Day, Ph.D. had been submitted in the District of Columbia's Expert Designation dated September 5, 2006. Therefore, Defendants believed, in good faith, that its experts' CV's were already in the

2

171585-1

possession of Plaintiff and that any omission associated with such failure constitutes a simple mistake and/or inadvertence of the kind remedied by relief under Rule 60. The fact that Defendants' entire Expert Designation is replete with references to the "*curriculum vitaes attached thereto*" supports Defendants' good faith belief that such materials had been provided.

In fact, as soon as Plaintiff's instant Motion placed Defendants on notice of their mistake, Defendants immediately forwarded the subject *curriculum vitaes* the same day. (See, Defendant's correspondence to Plaintiff's counsel dated May 9, 2007 and attached hereto as Exhibit 2. Accordingly, the omission of CV's as to Drs. Buttaravoli and Johns, was a mistake committed absent bad faith and as a result of excusable neglect. The deficiency was cured immediately upon receipt of notification that the error had been committed. Therefore, Defendants' contend that there is a basis for relief as per Rule 60(b)(1) as to such mistake.

Defendants' omission of Fee Schedules as to Drs. Buttaravoli and Johns was in keeping with the corresponding disclosures made by the Plaintiff, and also constituted excusable neglect under Rule 60 on these facts. Plaintiff's initial Expert Designation was not filed with this Court and Defendants did not receive any Rule 26 materials of Plaintiff's experts. To date, Fee Schedules and a List of Cases for Plaintiff's experts Drs. Baker and Berkman have not been received from Plaintiff outside of deposition testimony. While Plaintiff's similar omission does not lift Defendants obligation in this regard, the omission constitutes mistake and/or excusable neglect as set forth in Rule 60. Defendants correctly assumed that a Fee Schedule for Steven Day, Ph.D. had been previously submitted. (See, Expert Designation of Defendant District of Columbia, dated September 5, 2006 and attached

3

171585-1

hereto as Exhibit 3). However, the omission of Fee Schedules for Drs. Buttaravoli and Johns were inadvertences which were, and remain, curable without producing prejudice to Plaintiff.

With respect to the List of Cases required under Rule 26, the omission was the product of a failure to obtain the information on a timely basis, and constitutes excusable neglect under the rules. As aforestated, the List of Cases regarding Steven Day, Ph.D. had previously been produced and Plaintiff does not contend that she is not in receipt of a List of Cases for defense expert Steven Day, Ph.D. Defendants assert that they were remiss in failing to provide a List of Cases as to Drs. Buttaravoli and Johns. However, the neglect producing this omission is excusable considering the simple curative action Defendants have undertaken by providing the List of Cases for both experts well before the scheduling of any trial date.

## II.   THE EVENTS LEADING TO DEFENDANTS' INCOMPLETE DISCLOSURES AROSE OVER A LIMITED TIME AND NOT OUT OF ANY INTENT OR DESIGN TO DELAY THECOMPLETION OF DISCOVERY

The chronology of events and circumstances which precede this Court's Order of May 29, 2007 do not support the wholesale preclusion of Drs. Buttaravoli and Johns as well as Steven Day, Ph.D. On December 4, 2006 Plaintiff and Defendant stipulated and agreed that Defendants could file their expert designation on December 22, 2006. The stipulation was filed with the Court on that date and Defendants' designation was filed on December 22, 2006 as agreed. (See, Stipulation for Extension of Time for Designation of Experts as to Defendants William Vaughn, M.D. and Rotimi Iluyomade, M.D. Only dated December 4, 2006 and attached hereto as Exhibit 4).

On January 2, 2007 Plaintiff filed its Rebuttal Expert Witness Designation designating experts Drs. Kevin Cooper and Jeffrey Smith. Plaintiff adopted these experts from settling

4

171585-1

co-Defendant CCA and merely referenced that their "CV's and narrative reports had been previously provided to all counsel…" (See, Plaintiff's Rebuttal Expert Witness Designations, dated January 2, 2007 and attached hereto as Exhibit 5).

At the time of her Rebuttal Expert Witness Designation, Plaintiff did not assert that she was not in receipt of the CV's of Defendants' experts. Plaintiff referenced only that she was not in receipt of the narrative reports for Drs. Johns and Buttaravoli which was by stipulation of the parties.

On February 5, 2007, lead counsel for Defendants corresponded with Plaintiff's counsel and confirmed that another private Mediation session was appropriate and that there was agreement that "no further deposition or discovery be undertaken until after such mediation.[1] (See, letter from D'Ana E. Johnson, Esquire to Donald . Temple, Esquire dated February 5, 2007 and attached hereto as Exhibit 6). The agreed-upon imposition of mediation and the resulting halt to discovery was done so as to serve the interests of resolution by settlement and to avoid wasting of the limits of an eroding policy which could impede the meditative process. Also, all other Defendants had previously settled with Plaintiff and the issues had been narrowed without the expense of additional discovery so as to facilitate resolution.

On March 16, 2007 private mediation was conducted with The Hon. William C. Pryor (Ret.) which proved unsuccessful. Plaintiff never asserted that they were not in receipt of Defendants' CV's between the conclusion of the private mediation on March 16, 2007 and the

---

[1] Due to the nature of Defendants' eroding policy and its potential impact upon Defendants ability to effectively mediate, there was an affirmative agreement with Plaintiff that planned depositions and related discovery would be in abeyance until after private mediation efforts had concluded. As a result, Defendants did not pursue the depositions of Plaintiff's experts prior to February 28, 2007 as the next private mediation was not held until March 16, 2007. Of critical note is that by the conclusion of private mediation, discover had already closed.

Status Conference held on April 20, 2007. Nor did Plaintiff attempt to note, or request, the deposition of any of Defendants' experts prior to April 20, 2007. Defendants do not assert that mediation efforts excused them from compliance with Rule 26, however, the mutual agreement to pursue mediation in lieu of discovery was an attempt to settle the case in good faith and not intended to delay the completion of discovery or deprive Plaintiff of her ability to move the case forward.

On April 20, 2007 this Court issued an Order directing the parties to serve all required Rule 26 expert disclosures by May 4, 2007. On May 4, 2007 Defendant's filed their Supplement to Preliminary Designation of Expert Witnesses. At that time, Defendants provided the narrative reports for both Drs. Buttaravoli and Johns. As per Defendants' good faith belief that CV's for both experts had previously been submitted by either electronic filing and/or first class mail in their Preliminary Designation of December 22, 2006, Defendants did not resubmit the subject CV's a second time. This was not an attempt to further delay the proceedings or inhibit Plaintiff from full discovery. The omission of the CV's, List of Cases and Fee Schedules for Drs. Buttaravoli and Johns on May 4, 2007 was a mistake constituting excusable neglect.[2]

## III.   ANY PREJUDICE TO PLAINTIFF IS SPECULATIVE OR, AT WORST, MINOR AND THEREBY HARMLESS

Plaintiff contends that Defendants violated Fed. R. Civ. Pro. 26(a)(2) by not attaching CV's, Fee Schedules, and a List of Cases with their designations on December 22, 2006 and

---

[2] Defendants believed in good faith that the CV's had already been provided. This erroneous belief was an inadvertence. The omission of the List of Cases and Fee Schedule constituted excusable neglect under Rule 60 as Defendants failed to obtain the information on a timely basis.

May 4, 2007. However, the prejudice referenced in Plaintiff's papers does not rise to a level warranting exclusion of Defendants' experts on these facts.

The weight of applicable authority places a condition upon the failure to disclose and instructs that where the failure is *harmless*, exclusion is unwarranted. *Jenkins v. Bartlett*, No. 06-2495 (7th Cir., April 23, 2007)(emphasis added). "Rule 26(a)(2) of the Federal Rules of Civil Procedure requires parties to disclose the name of any person the party may call to testify as an expert witness. When the potential witness is retained specifically to provide expert testimony, the disclosure must include a "written report prepared and signed by the witness." *Id.* As iterated in Defendants' Opposition to Plaintiff's Motion to Exclude Defendants' Expert Witnesses, the *Jenkins* Court goes on to instruct that the exclusion of such evidence is conditional. "A party is barred from using evidence that it failed to disclose as required by Rule 26(a), *unless the failure was harmless...*" *Id.* (emphasis added).

In *Jenkins,* the 7th Circuit Court of Appeals held that where defendants identified two experts they intended to call in a case involving the alleged violation of Plaintiff's constitutional rights, the two experts were not barred from testifying upon their failure to sign or prepare their own reports. *Id.* The *Jenkins* defendants had submitted a designation in the form of a letter which described the experts' anticipated testimony and included their *curriculum vitaes*. Plaintiff contended that the experts had not complied with Rule 26. The Court ruled that **the omission was harmless in the sense that the defect failed to produce any prejudice that was not curable by submitting the reports with the appropriate signatures.** *Id.* (emphasis added).

7

171585-1

The District of Columbia also considers the inadvertent omission of Rule 26(a)(2) reports and materials harmless upon consideration of similar facts and recognizes the exceptions to Rule 37(c)(1). In *Minebea Co. Ltd v. Pabst*, 231 F.R.D. 3 (D.D.C. 2005), a case actually citing Plaintiff's cited authority of *Coles v. Perry*, 217 F.R.D.1 (D.D.C. 2003), the Court held that "the purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial. *Id.* at 6. The Court notes that exclusion of evidence undisclosed pursuant to Rule 26(a) is warranted **unless the failure to disclose is harmless**, or if there was substantial justification for such failure." *Id.* While the *Minebea* Court ruled that neither exception was present in that case, it did so based upon the fact that the failure to disclose was not harmless where the report set forth completely "new and different material" than that originally anticipated *and was submitted a mere one (1) week before the start of trial*. The Court concluded that the "last-minute" disclosure effectively failed to provide the opposing party "an adequate opportunity to respond or prepare a response for trial." *Id.* (*See also, Phillips v. Netblue, Inc.*, 2007 WL 528722 (N.D. Cal.) (denying Defendant's Motion to Strike Plaintiff's Expert Report and Testimony on the grounds that no defects in the subject report put defendant at a "tactical disadvantage" since defendants could depose the expert prior to trial and subject him to cross-examination at trial). Such close proximity to the time of trial failed to afford the aggrieved party time to cure the deficiency in that case.

In the instant matter, Plaintiff first contends that she is prejudiced by "further delays of these proceedings." However, Plaintiff fails to articulate exactly how Defendants excusable

8

171585-1

neglect in omitting Fee Schedules and a List of Cases as to Drs. Johns and Buttaravoli and/or the narrative report of Steven Day, Ph.D. has "delayed" the proceedings.

Between September 14, 2006 and March 16, 2007 Plaintiff willfully engaged in mediation sessions with these Defendants in order to explore the possibility of settlement. In fact, in February, 2007 Plaintiff affirmatively agreed to halt the progression of discovery so that the parties could focus on mediation efforts. (See, Exhibit 6). Tellingly, Plaintiff agreed to mediation on March 16, 2007 knowing that she had agreed to discontinue discovery before the deadline for discovery passed on February 28, 2007 and knowing that discovery would be closed by that time if mediation failed. At the Status Conference on April 20, 2007 Plaintiff asserted that the case had been delayed by Defendants for "over a year" and requested a Pretrial and trial date. However, the period at issue actually only spans the time between the Status Conference of April 20, 2007 and the modified close of discovery on May 31, 2007 – a period of little over one month. An examination of Plaintiff's actions during this time period serves as indicia that she has not suffered the prejudice claimed.

To date, plaintiff still has not pursued any expert discovery. There have been no delays in this matter directly associated with these Defendants which Plaintiff has not actively participated in, consented to, or stipulated to. Of critical note is that Defendants are not asking for any extensions of discovery. Indeed, Defendants are willing to allow Plaintiff to take the depositions of any of Defendants' experts at any time prior to trial if they so choose. That was Defendants' position even before this Court's Order of April 20, 2007. No trial date has been set in this case and no actions on the part of Defendants will result in a delay of the trial, thereby rendering as harmless any prejudice associated with speculative delays.

9

Second, Plaintiff contends that she is prejudiced by "further erosion of the liability policy covering the remaining Defendants." This is also not a basis for the exclusion of Defendants' entire roster of experts as it has no connection to Defendants' designation of experts under Rule 26. In fact, Plaintiff has always been prejudiced by the eroding status of Defendants' insurance policy regardless of what experts were in the case. Plaintiff was informed at the outset of this litigation that the operating policy applicable to both Drs. Vaughn and Iluyomade was an "eroding policy" which depreciated in value commensurate with legal costs. In an effort to avoid a situation where Defendants could not effectively mediate with adequate funds due to the expenditure of costs associated with actively defending the case, the parties agreed to abridge the amount of discovery conducted while simultaneously engaging efforts to settle the case. Defendants are at a loss to see how the gradual erosion of this policy is connected to perceived prejudice regarding the receipt of Fee Schedules and a List of Cases for Defendant's experts. Absent a contention that Defendants' unintentional omission of a Fee Schedule and/or List of Cases prevented Plaintiff from taking the depositions of Drs. Buttaravoli and Johns, Plaintiff has sustained no demonstrable prejudice which can be linked to such an omission. This is supported by the fact that Plaintiff has not requested or noted a deposition for any of Defendants' retained or adopted experts at any time to date. Any connection between Defendants' eroding policy and prejudice to Plaintiff s due to the omission of Rule 26 materials is questionable and therefore, harmless as a grounds for the wholesale exclusion of Defendants' experts.

Third, Plaintiff contends that she is prejudiced by "an uneven playing field, because she has fully disclosed all Rule 26 matters within the time limits…" However, Plaintiff

10

cannot claim prejudice on this issue as Plaintiff's own submissions under Rule 26 have been deficient in the same manner as claimed against Defendants. Plaintiff's initial Designation of Experts has never been filed with this Court. In fact, Defendants only received copies of the CV's and narrative reports of Drs. Baker and Berkman upon request preceding their depositions in May, 2007. To date, these Defendants have never received Fee Schedules and a List of Cases for Plaintiff's experts Drs. Baker and Berkman.[3] Plaintiff now suggests that she is prejudiced by an "uneven playing field despite the fact that she has never attempted to "play on the field".

Specifically, Plaintiff has never noted, or attempted to conduct, a deposition of any defense expert even after being allowed more time to do so by this Court's Order of April 20, 2007. Moreover, Plaintiff has never contended that she (1) unnecessarily expended funds to prepare for the depositions of defense experts but could not conduct such depositions due to the lack of a Fee Schedule or List of Cases; (2) was forced to cancel a deposition of a defense expert due to the lack of a Fee Schedule or List of Cases; or (3) that she was never afforded time to conduct any such depositions due to the lack of a Fee Schedule or List of Cases for defense experts. Such contentions would support a claim of prejudice. However, rather than attempt to note any depositions between April 20, 2007 and May 31, 2007 and/or confer with counsel as required regarding any deficiencies in their May 4, 2007 designation, Plaintiff filed her instant motion on May 9, 2007. Defendants had just filed their Supplemental Designation of Experts on May 4, 2007 as directed. Plaintiff still had three (3) weeks to freely schedule

---

[3] Defendants note that the depositions of both Drs. Baker and Berkman were noted and taken subsequent to this Court's Order of May 4, 2007. Neither a Fee Schedule nor List of Cases was made available for these depositions.

11

and conduct any depositions she wished, but chose not to proceed. Defendants assert that Plaintiff's voluntary inaction cannot now be claimed as prejudice warranting dismissal pursuant to existing law.

Accordingly, Plaintiff has failed to demonstrate to this Court that she has suffered any prejudice which supports the total exclusion of all of defendant's experts. Therefore, Defendants' request that this Court reconsider its previous Order of May 29, 2007 and allow Defendant's to call Drs. Buttaravoli and Johns as well as Steven Day, Ph.D.

## IV.    THE PREJUDICE TO PLAINTIFF, IF ANY, MAY AND SHOULD BE CURED BY SANCTIONS THAT ARELESS ONEROUS

In determining the merit of a Motion for Reconsideration under Fed. R. Civ. Proc. 60(b)(6) the standard is whether the district court has abused its discretion. *Smalls v. United States*, No. 05-5052 (D.C.Cir. July 6, 2005)(citing *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 268 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521(1978)). The Supreme Court has instructed that "[a] district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)(citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)). Specifically, review for abuse of discretion is confined to "determining whether the district court did not apply the correct legal standard or misapprehended the underlying substantive law, **and whether the district court's ruling was within the scope of permissible alternatives in light of the relevant factors and the reasons given to support it.**" *Kickapoo Tribe v. Babbitt*, 43 F.3d 1491, 1497 (D.C.Cir. 1995)(emphasis added).

12

In addition, in order to trigger the sanction of exclusion under Rule 37(c) it is required that Plaintiff's motion "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. Proc. 37(a)(2)(A). The Court may also consider less severe sanctions in lieu of exclusion.

> "(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. **In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorneys fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure."**

Fed. R. Civ. Proc. 37(c)(1)(emphasis added)..

Under this standard, Defendants contend that (1) Plaintiff's contention that she need only show mere prejudice due to Defendant's omission of a Fee Schedule and List of Cases (as to Drs. Johns and Buttaravoli) and a narrative report (as to Steven Day, Ph.D.) in order to trigger exclusion is inconsistent with the spirit of Rule 37 which contemplates a gradual progression of sanctions; and (2) that reasonable alternatives to wholesale exclusion of all of Defendants' experts were, and are, available.

In this instance, this Court's Order of May 29, 2007 excludes all components of expert testimony on behalf of Defendants both as to the standard of care and damages. The sanctions applied by the Court are, by nature, outcome-determinative. The defense against Plaintiff's claims is now bereft of any expert testimony as to the standard of care and any breach thereto.

13

171585-1

The sanction of total exclusion applied by the Court directly affects and prejudices the rights of the Defendants, and arises from errors of counsel, not Defendants. Any order for costs should be directed to Defendants' attorneys.

Defendants further contend that any prejudice to Plaintiff can be cured by extending Plaintiff time to complete any discovery of the experts she deems necessary and to reimburse Plaintiff the costs of the instant motion. Considering the questionable degree of prejudice sustained by Plaintiff, the Court's present Order imposes severe sanctions which exceed any harm actually suffered by Plaintiff and does not explore the reasonable alternatives to exclusion which could have been implemented. (*See also*, n. 4 *supra*.).

Defendants also assert that, assuming *arguendo* Plaintiff has demonstrated prejudice, she has not sustained any prejudice which is beyond cure. As to Steven Day, Ph.D., Defendants' adopted the expert designation of the District of Columbia which had been filed on September 5, 2006. The designation identified Charles L. Betsey, Ph.D. (economics) and Steven Day, Ph.D. (Life Expectancy). While Defendants operated under the assumption that the District of Columbia's September 5, 2006 submission complied with FRCP 26(a)(2), the erroneous assumption, on these facts, is harmless pursuant to relevant law and authority.

As aforestated, Defendants do not intend to call Charles L. Betsey, Ph.D. at the trial of this matter. However, Defendants attached the proposed report of Steven Day, Ph.D. to their opposition papers and this Court has not set a trial date in this case. Therefore, Plaintiff is not placed in the position of having an "inadequate opportunity to respond or prepare a response for trial" which was a critical component of the Court's decision in *Minebea*. (*See, Minebea Co., Ltd. v. Pabst*, 23 F.R.D. at 6). Defendants note that the identity and anticipated testimony

14

171585-1

of Steven Day, Ph.D. has been known by Plaintiff for eight (8) months. While Plaintiff has never intimated any interest in deposing Steven Day, Ph.D., as a continuing show of good faith, Defendants will not object to any efforts on the part of Plaintiff to depose this rebuttal witness at any time prior to trial. In this instance, the exception(s) to Rule 37(c) are present and exclusion is unwarranted.[4]

As to Drs. Johns and Buttaravoli, the omission of their Fee Schedules and List of Cases, while in error, does not warrant total exclusion and is a curable deficiency under the law. Defendants remain willing to allow Plaintiffs to conduct the depositions of their experts up until the time of trial. The fact that no trial date has been set is of critical importance to the analysis of whether total exclusion is warranted under the circumstances. Absent a trial date, there is no prejudicially abridged time within which Plaintiff is unable to conduct the depositions she finds necessary. Plaintiff has already allowed three (3) of the four (4) weeks allowed by this Court since its April 20, 2007 Order to pass without making attempts to depose defense experts. Such delay on the part of Plaintiff has produced her own prejudice separate and apart from any deficiencies caused by Defendants.

---

[4] It is noteworthy that the *Minebea* Court, "in the interest of efficiency", ultimately allowed *Minebea* to call the subject expert in its direct testimony rather than "forcing *Minebea* to wait until its rebuttal case to present such testimony." *Id.* at 7. The Court further stated that defendant would not be "surprised or prejudiced" in proceeding in that fashion. *Id.* at 7-8.

171585-1

**WHEREFORE,** the above premises considered, the Defendants request that this Court reconsider its Order of May 29, 2007 and grant their Motion for Reconsideration granting Plaintiff's Motion to Exclude Defendants' Expert Witnesses.

Dated this 31st day of May, 2007.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

D. Ana E. Johnson, Esquire
Ronald G. Guziak, Esquire
Juan M. Anderson, Esquire
1233 20th Street, N.W., Suite 800
Washington, DC  20036
Tel:    (202) 712-7000
Fax:    (202) 712-7100

*Counsel for Defendants,*
*William S. Vaughn, M.D.*
*Rotimi Iluyomade, M.D., and*
*National Emergency Services District of Columbia*

16

171585-1

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing Defendants' Motion for Reconsideration of the Court's Order of May 29, 2007 Granting Plaintiff's Motion to Exclude Defendants' Expert Witnesses, Memorandum of Points and Authorities in support thereof, and proposed Order were served this 31st day of May, 2007, *via electronic filing* and first class U.S. Mail, postage prepaid, addressed to the following:

Donald M. Temple, Esquire
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
*Counsel for Plaintiff*

Edward J. Connor, Esquire
5210 Auth Road, Suite 304
Camp Springs, Maryland 20746-4341
*Counsel for Plaintiff*

Elizabeth Alexander, Director
National Prison Project of the ACLU
    Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005-2302
*Counsel for Plaintiff*

D'Ana E. Johnson

17

171585-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY SCOTT, Individually and<br>As Personal Representative of the Estate of<br>JONATHAN MAGBIE,<br><br>        Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)  Civil Action No. 1:05-CV-01853-RWR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER</u>

Upon consideration of Defendants' Motion for Reconsideration of the Court's Order of May 29, 2007, and any opposition thereto, it is by the Court this _____ day of _____, 2007 hereby

**ORDERED**, that Defendants' Motion for Reconsideration is **GRANTED**; and it is further hereby

**ORDERED**, that Defendants' are allowed to call Philip Buttaravoli, M.D., Roger Johns, M.D., and Steven Day, Ph.D., as experts at the trial of this matter.

_____
Hon. Richard W. Roberts
United States District Court for the District of Columbia

Copies to:

D'Ana E. Johnson, Esquire
Ronald G. Guziak, Esquire
Juan M. Anderson, Esquire
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street, N.W., Suite 800
*Counsel for Defendants*

Donald M. Temple, Esquire
Temple Law Office
1229 15th Street, NW
Washington, DC  20005
*Counsel for Plaintiff*

Edward J. Connor, Esquire
5210 Auth Road, Suite 304
Camp Springs, Maryland  20746-4341
*Counsel for Plaintiff*

Elizabeth Alexander, Director
National Prison Project of the ACLU
    Foundation
915 15th Street, NW, 7th Floor
Washington, DC  20005-2302
*Counsel for Plaintiff*

2

171585-1