# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARY R. SCOTT, Individually and as | ) | |
| Personal Representative of the Estate of | ) | |
| JONATHAN MAGBIE, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05CV01853 |
| | ) | (RWR) |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF MAY 29, 2007**

The remaining Defendants in this case, citing Fed. R. Civ. P. 60(b)(1), move for reconsideration of the Court's Order of May 29, 2007 granting Plaintiff's motion to exclude Defendants' expert witnesses for multiple failures to satisfy the requirements of Fed. R. Civ. P. 26(a) despite three scheduling orders. Plaintiff opposes this motion because Defendants fail to meet the standard required for relief under Rule 60, or any other Rule that might apply to Defendants' request for relief from the May 29 Order. Indeed, Defendants have yet to comply fully with the requirements of Rule 26(a) and at the time discovery closed on May 31, they had failed to comply as to two of the three proposed experts. In contrast, Plaintiff fully disclosed to Defendants, on the date required under the first scheduling order, all information required by Rule 26(a). If this Court were to grant Defendants' motion, discovery would have to be reopened and this case would be substantially delayed, thus prejudicing Plaintiff and permitting additional erosion of Defendants' insurance policy. This prejudice cannot be cured by lesser sanctions, and

1

the Court acted appropriately and well within its sound discretion in striking Defendants' experts.

## I. THE STANDARD APPLICABLE TO DEFENDANTS' MOTION

While arguably any of several Federal Rules might be invoked as applicable to test whether Defendants' motion for reconsideration should be granted, as demonstrated below, none of these Rules in fact provides a basis for relief here. Defendants first state that their motion is filed pursuant to the requirements of Fed. R. Civ. P. 60(b)(1). Defs.' Reconsideration Mem., June 1, 2007 (Dkt. No. 156) at 1.[1] The standards for obtaining relief under Rule 60(b) are extremely high. *See, e.g., In re Pettle,* 410 F.3d 189, 191 (5th Cir. 2005) ("We have consistently held that the relief under Rule 60(b) is considered an **extraordinary** remedy[.]") (internal quotation marks and citation omitted) (emphasis in original). Indeed, the District of Columbia Circuit Court of Appeals has not even decided whether errors of law can be corrected in a Rule 60(b)(1) motion, unless the error involved an intervening change in the law. *See Center for Nuclear Responsibility v. U.S. Nuclear Regulatory Comm'n,* 781 F.2d 935, 939-40 (D.C. Cir. 1986) (clarifying that earlier circuit precedent decided only that a Rule 60(b)(1) motion could correct an error of law based on subsequent legal developments); *see also United States v. Pollard,* 290 F. Supp. 2d.

---

[1] Later Defendants imply that their motion is based instead on subsection (b)(6) of Rule 60. *See* Defs.' Reconsideration Mem. at 12 (referring to the standard applicable to motions under Rule 60(b)(6)). This subsection, which allows relief based on "any other reason justifying relief from the operation of the judgment," is not available to Defendants if they seek relief under any other section of Rule 60. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 & n.11 (stating that Rule 60(b)(6) grants federal courts authority to provide relief only when relief is not available under any other provision of Rule 60(b)). Given that Defendants have alleged that relief is available under subsection (b)(1), they thus cannot seek relief under subsection (b)(6). In any event, relief is available under Rule 60(b)(6) only in "extraordinary circumstances." *Id.* at 863-64. As noted below, there are certainly no extraordinary circumstances here. Indeed, relief under Rule 60(b)(6) is allowed only "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the original judgment to have been unjust. . . ." *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d 572, 577 (D.C. Cir. 1980).

153, 157 (D.D.C. 2003) (holding that Rule 60(b)(1) does not allow reconsideration of errors of law absent an intervening change in the law).  Accordingly, because Defendants make no new argument to the Court, but simply rehash old legal and factual arguments, there is no basis for relief under Rule 60(b)(1).[2]

Because Defendants' motion for reconsideration was filed within ten days of the order from which they seek reconsideration, they may argue in their reply that their motion is more appropriately considered under Fed. R. Civ. P. 59(e).  *See Lightfoot v. District of Columbia,* 355 F. Supp. 2d 414, 420-21 (D.D.C. 2005) ("The general rule is that a motion for reconsideration is treated as a Fed. R. Civ. P. 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter.") (citations and internal brackets omitted).  Rule 59(e) motions need not be granted in the absence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.  *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Such motions are also disfavored and similar require the moving party to show extraordinary circumstances.  *Niedermeier v. Office of Baucus,* 153 F. Supp. 2d 23, 28 (D.D.C. 2001).  Nor can such motions be used as a means of presenting theories or arguments that could have been advanced earlier.  *Kattan v. District of Columbia,* 995 F.3d 274, 276 (D.C. Cir. 1993).

Even if this motion is considered an interlocutory ruling subject to the standards of Fed. R.

---

[2] Defendants also argue that the proper standard for considering this motion is an "abuse of discretion" standard.  Defs.' Reconsideration Mem. at 12.  This description is imprecise.  The standard Defendants cite is the standard appellate courts apply in reviewing a district court's decision, not the standard applicable in this Court.  *See Browder v. Director, Ill. Dep't of Corrections,* 434 U.S. 257 n.7 (1978); *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Civ. P. 54(b), Defendants fare no better.  Reconsideration of interlocutory orders under this

provision is subject to the

> Supreme Court's admonition that courts should be loathe to do
> so in the absence of extraordinary circumstances such as where
> the initial decision was clearly erroneous and would work a
> manifest injustice.  In the interests of finality, then, the Court
> generally will grant a motion for reconsideration of an
> interlocutory order only when the movant demonstrates (1) an
> intervening change in the law; (2) the discovery of new
> evidence not previously available; or (3) a clear error of law
> in the first order.

*Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.,* 217 F.R.D. 235, 237 (D.D.C. 2003) (denying

motion to reconsider) (citations and internal brackets and quotation marks omitted); *see also*

*Virgin Atlantic Airways v. Nat. Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (holding that

interlocutory motions are subject to law of the case doctrine); *Reed v. Islamic Republic of Iran*,

__F.R.D.__, 2007 WL 1241868 at *3 (D.D.C. April 30, 2007) (denying a motion for

reconsideration of an interlocutory order except for one provision in which the court decided it

had made an error of law; arguments as to the other provisions that were "little more than a

rehash" of arguments previously made and rejected did not provide a basis for reconsideration)

(internal quotation marks omitted) (Attach 1).

Accordingly, under any of the potentially applicable Federal Rules, Defendants' motion is

insufficient to justify relief because it does no more than repeat arguments previously made.

Because Defendants show no extraordinary circumstances, such as an intervening change in the

law, or any clear error of law, Defendants' motion should be denied.

## II. THE NATURE OF DEFENDANTS' CONDUCT

Defendants' first substantive assertion is that, in December 2006, they did not provide

expert reports because Plaintiff had  had not completed service on a new Defendant, National

Emergency Services District of Columbia, Inc. ("NES").  Defs.' Reconsideration Mem. at 2.  Of

note, this assertion does not explain why Defendants Vaughn or Iluyomade had not complied with

the Court's first Scheduling Order of May 5, 2006, since disclosures were due under that order

long prior to the amended Scheduling Order of September 21, 2006.  Further, Plaintiff's

understanding in December 2006 was somewhat different from the understanding noted in

Defendants' documents; Plaintiff acquiesced  in a limited delay to allow a new form of mediation

after a previous attempt with these Defendants failed.  That second mediation attempt failed on

March 16, 2007, and the parties scheduled no subsequent mediation attempts.  Moreover, at the

time of the informal agreement, Plaintiff had no real recourse for Defendants' previous default,

but certainly she would not have agreed to any further delay had she known of these Defendants'

planned negotiating posture in the second failed mediation.  Any rationale for delay in the expert

disclosures thus ended on March 16, 2007.  Even if measured by the stipulation Defendants

claim,[3] however, NES appeared as a Defendant on April 26, 2007, and was represented by

counsel representing the previous Defendants, so the stipulation had expired by its own terms

prior to Plaintiff's motion to exclude experts.  *See*  Notice of Appearance, April 26, 2007 (Dkt.

No. 148).

      Further, Plaintiff raised the issue of non-disclosure at the status conference of April 20,

2007, and the Court established a Third Scheduling Order under which Defendants' disclosures

were due on May 4, 2007, yet Defendants failed to fully comply with that order either.  Minute

Order, April 23, 2007.  Nor is there anything new in Defendants' rationale for their non-

---

[3]  *See* Defs.' Prelim. Designation of Expert Witnesses, Dec. 22, 2006 (Dkt. No. 131).

compliance with the requirements of the Federal Rules. These same arguments related to the stipulation were previously presented by Defendants. *See* Defs.' Opp'n, May 22, 2007 (Dkt. No. 154) at 1 note 1. Accordingly, Defendants cannot seek refuge in the parties' informal agreement to justify their failure to comply with Rule 26(a).

Defendants also argue that they believed that they had complied with the Court's Order of May 4, 2007. Defs.' Reconsideration Mem. at 2-3. Again, this is an argument previously made. Defs.' Opp'n at 2-3. In addition, it fails to confront the significant circumstances. Plaintiffs' Motion to Exclude Expert Testimony noted that Defendants had failed to provide, not just a curriculum vitae for several experts, but the "compensation arrangements [and] lists of prior testimony" related to Defendants' proposed experts Philip Buttaravoli, M.D. and Roger Johns, M.D. Pls.' Mem. in Support of Mot. to Exclude Expert Witnesses, May 8, 2007 (Dkt. No. 153) at 2. While Defendants then supplied a curriculum vitae for each of these experts in their Opposition, they did not provide the compensation arrangements or listing of prior testimony for either expert, despite Plaintiff's specific reference to these missing disclosures in her motion. In fact, Defendants now admit that they knew that they were not complying with the requirements of Rule 26(a) at the time they filed their opposition to Plaintiff's motion to exclude these experts' testimony, although they did not disclose that fact in their opposition. *See* Defs.' Reconsideration Mem. at 3-4.

Defendants claim that this failure constitutes "excusable neglect." While "inadvertence, ignorance of the rules or mistakes construing the rules" may at times constitute "excusable

neglect,"[4] Defendants' actions were not inadvertent. Defendants failed to conform to the

requirements of Rule 26, not because they overlooked them, but because they decided not to

comply with them. Those failures appear to have stemmed in part because Defendants thought

(erroneously, as explained in Section III, *infra*) that Plaintiff had not complied with various

requirements of the Rule and in part because they did not acquire the information on a timely

basis. *See* Defs.' Reconsideration Mem. at 3-4. Significantly, even now Defendants have failed to

comply with respect to Dr. Buttaravoli, who has not disclosed his prior testimony. *See* Attach. 2,

letter from Anderson and Supplemental Rule 26(a) disclosures, June 4, 2007) (stating that Dr.

Buttaravoli kept no records of his prior testimony, and providing no information about any prior

testimony).[5] Defendants thus assert the right to proffer an expert for testimony despite their

failure to ever disclose his prior testimony. Whatever this claim is, it is not a claim of mistake or

inadvertence. *Carr v. Deeds,* 453 F.3d 593, 604 (4th Cir. 2006) (claimed failure of opposing side

to make proper Rule 26(a) disclosures could not justify a party's failure to make disclosures;

failure to make such disclosures after being notified of the failure could not be considered an

inadvertent failure).

    In short, Defendants have given no excuse for their failure to make any disclosures by the

July 5, 2006 deadline set by the original May 4, 2006 Scheduling Order. They have also failed to

---

    [4] *Pioneer Investment Servs. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 392 (1993).

    [5] The letter indicates that a list of cases is included for each expert, but Dr. Buttaravoli does not disclose any, stating that he has failed to keep any records of prior testimony. Neither Defendants nor Dr. Buttaravoli indicate that any attempt was made to reconstruct even partial records of such testimony. It thus appears that Dr. Buttaravoli has given testimony that is required to be disclosed by the Rule, but he has failed to do so.

give any specific excuse for their failure to comply with the May 4, 2007 deadline set by the Third

Scheduling Order, and still today they have failed to comply fully.  Nothing in this conduct

provides the slightest basis for revisiting the Court's previous order.

Finally, on this point, Defendants make an irrelevant argument that they believed that the

curriculum vitae of Steven Day, Ph.D., had been previously provided to Plaintiff.  *See* Defs.'

Reconsideration Mem. at 2-3.  Plaintiff objects to testimony from Dr. Day, not because of any

delay in obtaining his curriculum vitae, but because of Defendants' failure to supply an expert

report from him until May 22, 2007, shortly before the end of discovery and well beyond the time

set by the Third Scheduling Ortder.  As Plaintiff has previously noted, moreover, Defendants

could not have read the District of Columbia's Rule 26(a) disclosures and still believed that a

report from Dr. Day had been timely provided to Plaintiff. There is an enormous difference

between accidentally omitting an expert report in a filing and purporting to adopt an expert report

despite being told in a filing that the expert report does not in fact exist.[6]  Accordingly, there is no

basis for Defendants' claim of mistake or inadvertence in failing to comply with the  scheduling

orders.

### III. PLAINTIFF'S EXPERT DISCLOSURES

Defendants claim that they have not received full disclosures regarding Plaintiff's

proposed experts. Defs.' Reconsideration Mem. at 13.  This is simply untrue, and a claim never

previously made by Defendants.  In fact, as shown by Attachment 3, Plaintiff entirely disclosed

their expert reports and other documents to Defendants in conformity with Rule 26(a) on July 5,

---

[6]  As previously noted, the report from Dr. Day subsequently supplied by Defendants was dated May 20, 2007, significantly postdating Plaintiff's motion to exclude.

2006, as Plaintiff has previously stated.  Defendants' reference to reports received during

depositions of two of Plaintiffs' experts are in fact *supplemental* reports disclosed as required

under Rule 26.   *See* Attach. 4.

Defendants also refer to a failure to disclose with regard to Dr. Berkman, who was the

treating physician for Plaintiff's decedent Jonathan Magbie.  Treating physicians are not required

to prepare a report in conformity with the requirements of Rule 26(a) in order to testify.  *See* Fed.

R. Civ. P. 26(a)(2)(B) (requirement of report applies only to expert "specially retained" to

provide testimony); Advisory Committee Notes to the 1970 Amendments to the Federal Rules of

Civil Procedure Relating to Discovery, 48 F.R.D. 487, 503 (1969) (noting that the expert

disclosure rules do not apply to "the expert whose information was not acquired in preparation for

trial but rather because he was an actor or viewer with respect to transactions or occurrences that

are part of the subject matter of the lawsuit.  Such an expert should be treated as an ordinary

witness."); *see also Riddick v. Washington Hosp. Center,* 183 F.R.D. 327, 330 (D.D.C. 1998)

(treating physician may offer opinions regarding her treatment and diagnosis without complying

with the expert disclosure requirements of Rule 26) (collecting cases); *Carr v. Deeds,* 453 F.3d

593, 603 (4th Cir. 2006) (applying Rule to allow expert testimony of medical examiner without

requirement of expert report).  Accordingly, there is no basis for Defendants' claim that Plaintiff

has herself failed to comply with the expert disclosure requirements of the Federal Rules.

## IV. PREJUDICE TO PLAINTIFF

Defendants, under the Third Scheduling Order, were required to complete their expert

disclosures by May 4, 2007.  Had that been done, this case could now be scheduled for trial, since

the only dispositive motions that either side has expressed an intention to file have been resolved.[7]
Well over a month's worth of filings by the parties regarding Defendants' failures to comply with
the requirements of Rule 26 have not produced full expert disclosures, although they have
succeeded in eroding Defendants' insurance policy.

Again, Defendants advance no new arguments in support of their motion for
reconsideration, except perhaps to the extent that they previously argued that there was no
"undue prejudice" to Plaintiff and now apparently argue that the continued and admitted pattern
of non-compliance with Rule 26 causes no prejudice at all to Plaintiff.  *Compare* Defs.' Opp'n at
3 *to* Defs.' Reconsideration Mem. at 12.  Central to Defendants' claims that Plaintiff has suffered
no prejudice is the argument that in May, after Plaintiff filed her motion, she could have avoided
prejudice by scheduling depositions during the three weeks then remaining for discovery.  *Id*. at
11.

The obvious flaw in Defendants' arguments is that Defendants did not cure their discovery
failures three weeks before the close of discovery.  As noted above, Defendants did not provide
the report of Dr. Day, or a curriculum vitae for Dr. Johns or Dr. Buttaravoli, until May 22, 2007.
Defendants did not provide the disclosures about previous testimony and fees arrangements for
Dr. Johns, or the fees arrangements disclosures for Dr. Buttaravoli, until June 1, which was after
discovery closed.  Defendants still have not provided the previous testimony disclosures for Dr.
Buttaravoli.

In light of the eroding insurance policy, Plaintiff  must limit expensive forms of discovery

---

[7]  At the April 20, 2007 status conference, Defendants indicated that the only dispositive
motions that they intended to file related to Plaintiff's § 1983 claims, and Plaintiff indicated that
those claims would be dismissed without the necessity of a motion.

such as depositions to the extent possible and, as Plaintiff's counsel stated at the April 20 status conference, Plaintiff contemplated taking no more than two expert depositions. Given the partial information disclosed by Defendants by the time discovery closed, Plaintiff had no basis to make a fully informed decision as to which two, if any, of the proposed Defendants' experts to depose.

Obviously the curriculum vitae is a critical document to that decision because it allows a litigant to examine the apparent experience and training that attends a particular opinion. Further, the list of prior testimony is crucially important because it provides an opportunity to attempt to obtain the testimony, or obtain critically important evaluations from counsel involved in the prior litigation as to the likely strength of the witness' testimony.

Of course, discovery is now closed, so Plaintiff would again be forced to choose between *further* delay in bringing this case to trial through a reopening a discovery and additional erosion of the insurance policy, on the one hand, and making decisions about whether to conduct potentially quite expensive depositions, on the other hand, without the information that the Federal Rules guarantee to a party, including the still-missing information regarding Dr. Buttaravol's previous testimony.

In *Carr, supra*, the plaintiff, like these Defendants, argued that their failures to provide information about their proposed expert's credentials did not justify exclusion of their expert. Like these Defendants, the plaintiff also argued (erroneously) that the Defendants' own expert disclosures had been incomplete. The plaintiff in *Carr* had, well prior to the discovery deadline, served an expert report and a supplemental expert report, but had not served any of the other Rule 26(a) disclosures required for an expert witness. Four days *before* the close of discovery, Defendants therefore refused to take a previously-scheduled deposition of the expert, and

11

successfully moved to prohibit the plaintiff's expert from testifying at trial. Like Defendants here,

the *Carr* plaintiff argued that the failure to disclose information beyond the report was harmless.

The court of appeals firmly rejected that argument:

> As noted above, Dr. Cooper's reports reveal nothing more than
> that he is an independent medical examiner with California
> Autopsy and Consultation. They provide absolutely no
> information about his qualifications, any publications
> authored by him, the compensation he would be paid for his
> work and testimony, or other cases in which he had
> testified as an expert. Nor is the omitted information fairly
> characterized as "rote." Indeed, we have previously
> recognized the critical importance of this type of information,
> particularly in cases that turn upon expert testimony.
>
> ***
>
> Every litigant in federal court is plainly entitled under
> Rule 26(a)(2) to be given the information spelled out
> therein, and none shoulder the burden to independently
> investigate and ferret out information as best they can
> and at the expense of their client.

453 F.3d at 604-05.

Defendants suggest that any harm to Plaintiff can be avoided by awarded attorneys' fees

to Plaintiff's counsel. In the circumstances of this case, of course, such an award would simply

deepen the harm because it would further erode the insurance policy. Given the repeated failures

of Defendants to comply with the Rule, even after Plaintiff filed her motion to exclude, and

continuing today, there is no reason for the Court to relieve Defendants of problems of their own

making.

CONCLUSION

For the above reasons, Plaintiff requests that Defendants' motion for reconsideration be

denied.

Respectfully submitted,

_____s/ Donald M Temple_____
Donald M. Temple, D.C. Bar No. 408749
Temple Law Office
1229 15th Street, NW
Washington, DC 20005
202-628-1101

Edward J. Connor, D.C. Bar No. 321505
5210 Auth Road, Suite 304
Camp Springs, MD 20746
301-899-7801

Elizabeth Alexander, D.C. Bar No. 412904
National Prison Project of the ACLU Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005
202-393-4930

Arthur B. Spitzer, D.C. Bar No. 235960
American Civil Liberties Union
   of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
202-457-0800

Counsel for Plaintiff

June 12, 2007