UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| MARY SCOTT, Individually and ) <br> As Personal Representative of the Estate of ) <br> JONATHAN MAGBIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 1:05-CV-01853-RWR |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER OF MAY 29, 2007 GRANTING
<u>PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESSES</u>**

COME NOW Defendants William S. Vaughn, M.D., Rotimi Iluyomade, M.D., and National Emergency Services District of Columbia ("Defendants"), by and through their undersigned counsel, Bonner Kiernan Trebach & Crociata, LLP, and in reply to Plaintiff's opposition to Defendant's Motion for Reconsideration of this Court's Order of May 29, 2007 granting Plaintiff's Motion to Exclude Defendant's Expert Witnesses states as follows:

**I.     SANCTIONS IMPOSED DUE TO THE ERRORS OF DEFENSE COUNSEL SHOULD NOT PREJUDICE THE DEFENDANTS WHERE LESS ONEROUS SANCTIONS UNDER FED. R. CIV. P. 37 ARE WARRANTED.**

Plaintiff has successfully motioned this Court to exclude all of Defendants experts pursuant to the strictures of Fed. R. Civ. P. 37(c)(1). However, the specific language of Rule 37(c)(1) also considers the imposition of less severe sanctions in lieu of exclusion.

> "(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
>     (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such

> failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or **in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  In addition to requiring payment of reasonable expenses, including attorneys fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure."**

Fed. R. Civ. P. 37(c)(1) (emphasis added).

The spirit behind Rule 37, which speaks to alternative methods of sanctions, is further encapsulated in the Advisory Committee Notes which accompany the language of the Rule. "However, the rule provides the court with a wide range of other sanctions – such as declaring specified facts to be established, preventing contradictory evidence, or, like spoliation of evidence, allowing the jury to be informed of the fact of nondisclosure – that although not self-executing, can be imposed when found to be warranted after a hearing.  The failure to identify a witness or document in a disclosure statement would be admissible under the Federal Rules of Evidence under the same principle that allow a party's interrogatory answers to be offered against it."  Fed. R. Civ.  P. 37 advisory committee's note.

In the instant matter, the sanctions imposed arise solely from the errors of defense counsel, not the defendants.  However, the sanctions directly affect the individual defendant physicians' ability to defend their care and treatment at trial.  Without belaboring the point, the sanctions imposed are completely punitive to both defense counsel and their clients. Certainly, the exclusion of all defense experts in a professional malpractice matter where expert testimony is required is outcome-determinative.  The presentation of expert testimony regarding whether the applicable standard of care has been met or violated in such cases is critical and expert testimony is required to establish any violation or compliance thereto.  *See*, *Miller v. Greater*

*Southeast Hospital*, 508 A.2d 927, 930 (D.C. 1986). Absent expert testimony, the defendant physicians are unable to defend themselves against claims of the nature leveled here - namely medical malpractice. The jury will have no choice but to enter a finding against the defendant physicians if their defense of the case cannot present opposing expert opinions regarding the standard of care and proximate cause. It is in light of this exigency that Rule 37 provides a wide array of less severe sanctions that are available to this Court as alternative remedies despite the errors of counsel.

Included in, but not limited to, these alternative sanctions is Defendants' proposal that Plaintiff be awarded attorney's fees. However, Plaintiff suggests that the proposed alternative of awarding attorney's fees to Plaintiff's counsel for costs associated with the filing of these motions "deepen(s) the harm because it would further erode the insurance policy." (See, Pltf's Response Mem. at 12). Plaintiff's assertion is erroneous. The payment of attorney's fees as a sanction is not deducted from the limits of the subject insurance policy in this case. Such fees are paid by counsel as sanctions attributable to counsel's conduct. Contrary to Plaintiff's assertions, the operable insurance policy in this case will be unaffected by the imposition of attorney's fees.

Consistent with Defendant's proposed sanction, a wide variety of other jurisdictions have held that total exclusion is too great a sanction on similar facts and have demonstrated a preference for alternative punitive measures. In the matter of *Betzel v. State Farm Lloyds*, 480 F.3d 704 (Tex. 2007), the district court exercised its discretion and excluded Plaintiff's expert on the grounds that the expert was designated three (3) months after the deadline for expert

3

identification. Upon review, the Court of Appeals held that the imposed sanction was dispositive of the case and found an abuse of discretion.

> "We do not suggest that the able district judge abused his discretion in imposing a sanction. Rather, it is that the **extreme** end of the sanction spectrum was imposed against the lowest end of the prejudice spectrum. Any number of less dispositive sanctions, in conjunction with a continuance, were at hand, such as prohibiting Betzel from filing any expert supplements, denying Betzel any costs and attorney's fees associated with the deposition of the late-designated experts, denying Betzel 21.55 penalties or interest for the delay associated with the continuance, or even requiring Betzel to reimburse State Farm's costs and attorney's fees associated with the additional discovery."

*Id.* at 709.

Likewise in the matter of *Daugherty v. Fruehauf Trailer Corp.*, 146 F.R.D. 129 (E.D. Pa. 1993) the severe sanction of exclusion of the expert was avoided. In *Daugherty*, Plaintiff identified four (4) experts almost six (6) weeks after the scheduling order required. Plaintiff also failed to provide reports and *curriculum vitaes* until the next month. Defendant argued it would be prejudiced if the Plaintiff were allowed to use those experts at trial. The *Daugherty* Court reasoned that "[t]he **exclusion of critical evidence is an extreme sanction** which is not normally imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence. *Id.*(emphasis added). Absent such a finding, the *Daugherty* Court provided some guidance as to the alternative sanctions which should be imposed prior to exclusion:

> "While we find that **exclusion of testimony is too severe a sanction**, we do not wish to even hint that we consider plaintiff's behavior acceptable. Therefore, being a matter within our discretion, we will require that plaintiff make his experts available to defendant at the defendant's convenience as soon as practicable. Furthermore, plaintiff will be responsible for all costs involved in

> deposing these experts including, but not limited to, attorney's fees and costs incurred by defendant in attending the depositions. Plaintiff is also ordered to pay the attorney's fees and costs involved in obtaining this order.

*Id.*(emphasis added).

Even in instances where courts have found a failure to demonstrate good cause for an untimely disclosure, court's have still determined that "[a] court's discretion, however, is not so strictly limited to precluding untimely disclosed expert testimony." *Lorry v. General Electric Co.*, 179 F.R.D.86, 89 (N.D.N.Y. 1998). In determining whether to impose the sanction of preclusion under Rule 37, the *Lorry* Court determined that alternative and less severe sanctions were suitable. The Court instructed that "*Lorry* will be directed to reimburse General Electric for the attorney's fees actually incurred in connection with this *90 application, General Electric will be permitted to depose *Lorry's* economic loss expert with any expert fees charged in connection with that deposition to be borne by *Lorry,* and General Electric will be granted additional time to disclose any economic loss expert it may choose to retain." *Id.* at 90.

In the case at bar defense counsel has, by way of mistake, inadvertence, or excusable neglect, failed to disclose a package of expert materials consistent with the full requirements of Rule 26(a)(2). Defense counsel mistakenly and inadvertently failed to submit *curriculum vitaes* for their experts on May 4, 2007 as they believed such materials had already been submitted in a previous filing. Defense counsel failed to produce a List of Cases and Fee Schedule on May 4, 2007 as a result of excusable neglect which has been cured by supplemental submission of such materials.[1] The imposition of a sanction precluding all of Defendants' experts in a matter where

---

[1] The spirit of Rule 26 is to prevent unfair surprise at trial. Defendants' incomplete disclosures violated the Rule. However the spirit and purpose of the Rule is not violated because Defendants recent supplementations have

5

no trial or Pretrial Conference dates have been set disregards the imposition of less drastic and dispositive sanctions allowed by Rule 37 and preferred by other courts. Defendants implore this Court to reconsider the preclusive and outcome-determinative sanction imposed by its May 29, 2007 Order and in lieu of preclusion, require that Defendants' counsel cure any prejudice to Plaintiff via alternative punitive measures.

## II.     PLAINTIFF'S RELIANCE ON THE MATTER OF *CARR V. DEEDS* IS MISPLACED.

Plaintiff relies heavily on the matter of *Carr v. Deeds*, 453 F.3d 595 (4th Cir. 2006) to stand for the proposition that Defendants' failure to fully comply with Rule 26 results in prejudice to Plaintiff that is not harmless. (*See*, Pltf's Response Mem. at 9, 11-12). However, Plaintiff's reliance is misplaced as *Carr* has no real application to these facts.

In *Carr*, Plaintiff asserted two §1983 claims of excessive and deadly force against defendants. *Id.* at 596. At the close of discovery, defendants moved to exclude plaintiff's expert for failure to serve an expert report pursuant to Rule 26(a)(2)(B). *Id.* at 599. Defendant's also moved for summary judgment on unrelated grounds. The district court granted both defendant's motions to exclude expert testimony and for summary judgment. Plaintiff appealed both rulings. *Id.*

The facts in *Carr* indicate that plaintiff not only failed to file the required expert disclosure by the Scheduling Order deadline, **but never filed any Rule 26(a)(2) disclosure** as required by the Rule at all. *Id.* at 602(emphasis added). When defendant notified plaintiff of the

---

remedied all deficiencies before the scheduling of a trial date and leaves Plaintiff with adequate time to prepare. The spirit of Rule 26 and Rule 37 are also geared to allow parties to have the full benefit of a trial on the merits which would be irreparably compromised for Defendants if lesser sanctions are not reconsidered.

deficiency, the *Carr* plaintiff refused to comply with Rule 26 and "...**made no belated effort to obtain the requisite information** or serve a disclosure for Dr. Cooper." *Id* at 603(emphasis added). In response to Defendant's motion to exclude Dr. Cooper, Plaintiff "again offered no explanation, **nor made any attempt at belated compliance**." *Id.* (emphasis added). More than one year after the *Carr* plaintiff's disclosures were due, the district court entered an Order excluding plaintiff's expert and plaintiff **"still had yet to provide the information** required under the rule." *Id.* (emphasis added).

The Court of Appeals reasoned that: (1) Plaintiff's failure to file any disclosure at all without explanation was not inadvertent; (2) Plaintiff's refusal to belatedly submit the required information was not "substantially justified"; and (3) that the prejudice imposed upon defendant by plaintiff's failure to disclose was not harmless in light of plaintiff's contention that the mere identification of the expert was sufficient. *Id* at 604. Accordingly, it was held that the district court did not abuse its discretion by excluding the testimony of Plaintiff's expert on those facts. *Id*. at 604-05.

The facts of the instant matter could not be more dissimilar than those presented to the *Carr* Court. Here, Defendants have submitted a Rule 26 disclosure for its experts. Plaintiff claims only that it is deficient with respect to a List of Cases and Fee Schedule. These deficiencies have since been remedied.[2] Further, unlike the *Carr* plaintiff, Defendants

---

[2] Defendants note that on June 1, 2007 they represented that all documents in compliance with Rule 26(a)(2) were being submitted in open court. At that time, Dr. Buttaravoli had represented to defense counsel that he did not keep any records of his previous deposition or trial testimony and could not recall any such cases to reconstruct a list. The information provided to the Court and counsel on June 1, 2007 reflected Dr. Buttaravoli's averments. Defense counsel has voluntarily undertaken their own IDEX search of Dr. Buttaravoli's previous cases in the past five (5) years and submits them at this time attached as Exhibit 8.

immediately attempted to provide the omitted materials when alerted by the instant Plaintiff.[3] (See, letter from Juan M. Anderson, Esquire to Plaintiff's counsel dated May 9, 2007 and attached hereto as Exhibit 1). The *Carr* plaintiff both failed to file, then refused to file, the subject expert disclosure that was required by the Court's Order and the applicable Rule. Defendants cannot emphasize more strongly that the facts which motivated the *Carr* Court to exclude Plaintiff's expert are not present in the instant matter. Consequently, the Court's decision in *Carr* should not guide this Court to the same determination regarding the exclusion of Defendants' experts. The factual predicates between the two cases are too disparate to allow for any persuasive effect *Carr* may have on this Court.

Defendants further note that other courts have failed to follow the reasoning set forth in *Carr* when the facts are more similar to those presented in the instant matter. In the case of *Lisansky v. CPF Corp.*, 2007 WL 1229709 (E.D. Va.), the district court denied Defendants' motion to strike witnesses identified in Plaintiff's Rule 26(a)(2) disclosure where Plaintiff's disclosure contained a narrative report and *curriculum vitae* but failed to provide a Fee Schedule as required by the Rule. The *Lisansky* defendants contended that the matter of *Carr v. Deeds* imposed a "strict specificity requirement for expert opinions in order to satisfy Rule 26(a)(2)." *Id.* However, the *Lisansky* Court specifically rejected this premise. "In *Carr*, the plaintiff never filed any expert disclosure, rendering Defendant unable to prepare for the expert deposition— which occurred over one year after the expert disclosures were due. *Id.* (citing *Carr v. Deeds*, 453 F.3d at 603-04). The *Lisansky* Court goes on to further distinguish that case from *Carr* by

---

[3]   As this Court adroitly noted in its May 29, 2007 Order, had Defendants been afforded similar notification under Rule 7(m) before she filed her Motion to Exclude Defendants' Expert Witnesses in the instant case as the *Carr* plaintiff was afforded, the ensuing motions now pending before the Court may have proven unnecessary.

reasoning that "[i]n this case, Plaintiff complied with Rule 26(a) on time **and may still supplement** the expert report if new information is available." *Id.* (emphasis added).

Here, Defendants submit that the factual predicates of the instant matter are more closely associated with those found in *Lisansky* than *Carr*. Thus, the Court's decision in *Lisansky* is the more persuasive authority on these facts. As aforestated, Defendants' excusable neglect in not initially providing a Fee Schedule and List of Cases as to its experts should not result in their complete exclusion. The sanction presently imposed is a severe remedy to a slight prejudice considering the absence of a trial date and the time available for cure without harm. As in *Lisansky*, Defendants should be allowed to supplement their disclosure (as they have) before having their entire roster of experts stricken.

### III. PLAINTIFF'S CHRONOLOGY OF THIS COURT'S SCHEDULING ORDERS IS INACCURATE AND MISLEADING.

In an obvious effort to present a pattern of noncompliance by Defendants, Plaintiff has recited a chronology of the Court's Scheduling Orders and Defendants' conduct thereto which is both inaccurate and misleading. A more thorough examination of this Court's Scheduling Orders and Defendants' compliance therewith reveals a more precise accounting consistent with the relief sought under Rule 60(b).

To begin with, Defendants have not violated three (3) Scheduling Orders as Plaintiff alleges. On May 5, 2006 this Court conducted an Initial Scheduling Conference which set a date of September 5, 2006 for Defendant's Expert Witness Designations. (See, Scheduling Order, dated May 5, 2006 and attached hereto as Exhibit 2). Plaintiff's designation was due July 5, 2006. This was the first Order from this Court setting deadlines for the litigation of this matter.

9

Plaintiff contends, in error, that "…Defendants Vaughn or Iluyomade had not complied with the Court's first Scheduling Order of May 5, 2006…" (See, Pltf's Response Mem. at 5). However, Plaintiff's contention of noncompliance is critically misleading in the sense that she fails to advise the Court of important facts.

On September 5, 2006, all Defendants filed a Consent Motion to Modify the Scheduling Order. (See, Greater Southeast's Consent Motion to Modify the Scheduling Order dated September 5, 2006 and attached hereto as Exhibit 3). The Court granted this Motion on September 21, 2006 and **imposed the new deadline** for Defendant's Designation of Experts as December 4, 2006. (See, Scheduling Order dated September 21, 2006 and attached hereto as Exhibit 4). Therefore, contrary to Plaintiff's assertion, these Defendant's did not fail to comply with this Court's May 5, 2006 Order regarding the submission of expert designations, since a consent motion was filed to modify the deadline which was subsequently granted by the Court. For Plaintiff to suggest otherwise is disingenuous.

Plaintiff further contends that "[i]n short Defendant's have given no excuse for their failure to make disclosures by the July 5, 2006 deadline set by the original May 4, 2006 Scheduling Order." (See, Pltf's Response Mem. at 7). Again, Plaintiff provides inaccurate and misleading information. Closer review of the Court's May 4, 2006 Scheduling Order indicates that it was *Plaintiff's* expert designations which were due on July 5, 2006, not Defendants'. There was no deadline regarding Defendants' expert designations on July 5, 2006. Plaintiff once again erroneously suggests to this Court that Defendants have a pattern of noncompliance which does not exist.

Subsequently, even the new December 4, 2006 deadline was extended. On December 4, 2006 Plaintiff and Defendants *stipulated* that Defendants could have until December 22, 2006 to file their expert designation. (See, Stipulation for Extension of Time for Designation of Experts as to Defendants William Vaughn, M.D. and Rotimi Iluyomade, M.D.'s Only dated December 4, 2006 and attached hereto as Exhibit 5). As a result, there was no noncompliance with this Court's previous Order of September 21, 2006 by these Defendants on December 4, 2006.

On December 22, 2006 Defendant's timely filed their Preliminary Designation of Experts Witnesses **but did not include expert reports by consent and agreement with Plaintiff's counsel**. This was due to the fact that Plaintiff had filed an Amended Complaint on September 21, 2006 and had failed to perfect service on various parties which could possibly have come under the representation of undersigned counsel. (See, Defendants William S. Vaughn, M.D. and Rotimi Iluyomade, M.D.'s Preliminary Designation of Expert Witnesses dated December, 22, 2006 n.1 and attached hereto as Exhibit 6). Therefore, there was no failure to comply with this Court's Order of September 21, 2006 or the December 4, 2006 Stipulation *regarding reports* as the required submission of narrative reports was waived by the parties at that time. The only deficiency on December 22, 2006 was Defendant's mistake in believing that *curriculum vitae's* (CV's) and associated documents had been filed on that date. This was the first time Defendants had not technically complied with one of the Court's Orders (in this instance a Stipulation) and this was as a result of sheer mistake and excusable neglect unknown by Defendants until Plaintiff filed her Motion to Exclude Expert Witnesses on May 8, 2007.

As a result of ongoing private mediation efforts in March, 2006 Defendants make critical note that **between December 22, 2006 and April 23, 2007 there was no standing Order**

**providing a deadline for Defendants to supplement their expert designation with narrative reports.** In other words, due to settlement efforts, no party requested the Court to issue a new Scheduling Order after December 22, 2006 formally setting a new deadline to file all expert disclosures. Consequently, narrative expert reports had not been submitted prior to the Status Conference of April 23, 2007. At that time, the Court gave Defendants two (2) weeks within which to submit their Rule 26(a)(2) disclosures by May 4, 2007. (See, Order dated April 23, 2007 and attached hereto as Exhibit 7)[4].

Defendants timely submitted narrative reports for their experts Drs. Johns and Buttaravoli on May 4, 2007 in compliance with the Order. However, because they still believed that CV's had been previously submitted on December 22, 2006 CV's were not submitted a second time. Any failure on the part of Defendants to comply with the May 4, 2007 Order was the result of a mistake by counsel based upon a previously undiscovered mistake by counsel. Plaintiff's recitation of the facts would lead this Court to believe that Defendants have failed to comply with any of its Scheduling Orders. In fact, the only Order which Defendants have not complied with was the May 4, 2007 Order which was deficient as to the Lists of Cases and Fees Schedules for its experts.[5] The noncompliance was attributable to the excusable neglect of Defendants counsel which has been remedied as of June 1, 2007. Defendants again request this Court to

---

[4]  As set forth in defense counsel' oral representations on June 4, 2007 the major reason for any delay in not providing Rule 26 information was not Defendants' failure to comply with Court Orders as suggested by Plaintiff, but rather the ongoing efforts of all counsel to mediate and resolve this case for several months during which time it was agreed and understood that, to save expenses, no discovery would be undertaken. It was not until mediation sessions stalled on March 16, 2007 that the focus returned to the litigation and particularly the lack of a date certain for Defendants to supplement their Rule 26 disclosure. This was not brought to the Court's attention until the Status Conference of April 23, 2007 which resulted in the Court's Order for Defendants to submit their complete disclosures within just two (2) weeks.

[5]  Defendants also neglected to provide a narrative report as to Steven Day, Ph.D. as Defendants mistakenly believed such materials had been previously submitted by settling co-Defendant District of Columbia on September 5, 2006. This deficiency was remedied on May 22, 2007when Defendants filed their Opposition to Plaintiff's Motion to Strike Experts.

reconsider the severe sanction imposed on these facts in light of their previous good faith efforts at compliance with this Court's Orders.

**IV.    DEFENDANT'S MOTION IS PROPERLY CONSIDERED UNDER FRCP 60(b).**

Plaintiff contends that "[b]ecause Defendants' motion for reconsideration was filed within ten days of the order from which they seek reconsideration; they may argue in their reply that their motion is more appropriately considered under Fed. R. Civ. P. 59(e)." (*See*, Pltf's Response Mem. at 3).  Plaintiff further concludes that absent an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice, Rule 59(e) motions need not be granted.  *Id.*  However, Defendants seek relief under Rule 60(b) and the analysis presented by Plaintiff pursuant to Rule 59(e) is inapplicable both as to the specific language of the subject Rules as well as the authority interpreting those Rules.[6]

---

[6]    Defendants note that Plaintiff relies on the matter of *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 for the proposition that Rule 60(b)(6) grants federal courts authority to provide relief only when relief is not available under any other provision of Rule 60(b).  However, the distinction made between Rule 60(b)(1) and Rule 60(b)(6) is that the "extraordinary circumstances" that must be present for relief under Rule 60(b)(6) only apply to bar a party from relief for "excusable neglect" more than a year after judgment.  In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380,393, 113 S.Ct. 1489 (1993), the Court held that "…Rule 60(b)(1), which permits courts to re-open judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect," but only on motion made within one year of the judgment.  Rule 60(b)(6) goes further, however, and empowers the court to reopen a judgment even after one year has passed for "any other reason justifying relief from the operation of the judgment."  These provisions are mutually exclusive, and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after judgment by resorting to subsection (6).  *Id.*  To justify relief under subsection (6) a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay.  *Id.* (citing *Ackerman v. United States*, 340 U.S. 193, 197-200, 71 S.Ct. 209, 211-213, 95 L.Ed.2d 207 (1950).  If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable."  *Id.*  Therefore Plaintiff's contention that relief under Rule 60(b)(6) can only be given under "extraordinary circumstances" on these facts is erroneous.

Rule 60 of the Federal Rules of Civil Procedure specifically allows for relief from a Judgment **or Order**:

> "**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: **(1) mistake, inadvertence, surprise, or excusable neglect;**"

*See*, Fed. R. Civ. P. 60(b)(1) (emphasis added).

This Court has entered an Order granting Plaintiff's motion to exclude Defendants' expert witnesses. The Order of May 29, 2007 is not dispositive nor is it a judgment. The Order at issue is not disturbing the finality of a judgment. If it were, the relief would be more suited to consideration under Rule 59(e).

Rule 59(e) of the Federal Rules of Civil Procedure instruct as to when a party may move to alter or amend a judgment:

> "**(e) Motion to Alter or Amend Judgment**. Any motion to alter or amend judgment shall be filed **no more than 10 days after entry of judgment**.

*See,* Fed. R. Civ. P. 59(e) (emphasis added).

Defendants are not seeking relief from a judgment as a result of the Court's Order of May 29, 2007. Moreover, Plaintiff's argument that the timing of Defendant's motion makes it a Rule 59(e) motion as opposed to a Rule 60(b) motion is in error. The issue of timing of the motion for reconsideration is only applicable where a party is seeking relief from a final judgment. Plaintiff refers this Court to the matter of *Lightfoot v. District of Columbia*, 355 F.Supp.2d 414, 420-21 (D.D.C. 2005). However, the Order at issue in *Lightfoot* was an Order granting Partial Summary Judgment on a dispositive motion. The Order entered judgment which is applicable under Rule

59(e). While arguably outcome-determinative, this Court's Order of May 29, 2007 is not a judgment and is more suitable for relief from an Order under Rule 60(b).

Plaintiff further contends that even relief sought pursuant to Rule 60(b) is considered "an extraordinary remedy." Plaintiff cites to the matter of *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). However, Plaintiff's reliance upon this purported persuasive authority is misplaced and out of context. In *Pettle*, the case involved a previous entry of voluntary dismissal by a creditor who sought relief under Rule 60(b) **within the context of Bankruptcy Rule 9006(b)(1)**. The "extraordinary remedy" standard cited by Plaintiff is fixed in the context of a court facing the re-opening of a judgment that had been finalized by Plaintiff's own motion. Therefore, the "extraordinary" nature of the relief sought was only characterized as such because it involved re-opening a judgment. The *Pettle* Court even distinguishes between "a missed filing deadline" and a "predicament stemming from a voluntary motion to dismiss with prejudice his own adversarial action." *Id* at 192. As a result, the case turned on a consistently applied principle in federal courts "refusing to grant a party who voluntarily requests dismissal of a claim to obtain relief from that judgment under Rule 60(b)." *Id*.

The instant matter presents no such facts. Defendants are not seeking relief from a judgment nor are they attempting to re-open a previously entered judgment as a form of relief. To that end, and there being no *judgment* at issue, relief under Rule 60(b) is not the

"extraordinary remedy" that it would otherwise be if the re-opening of a judgment were the relief sought.

Dated this 15th day of June, 2007.

        Respectfully submitted,

        **BONNER KIERNAN TREBACH & CROCIATA, LLP**

        */s/ Ronald G. Guziak*
        D'Ana E. Johnson, #927913
        Ronald G. Guziak, #233940
        Juan M. Anderson, #465404
        1233 20th Street, N.W., Suite 800
        Washington, D.C. 20036
        djohnson@bktc.net
        rguziak@bktc.net
        janderson@bktc.net
        *Attorneys for Defendants William S. Vaughn, MD, Rotimi A. Ilouyomade, MD and National Emergency Services District of Columbi*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that the foregoing Defendants' Reply to Plaintiff's Response to Defendants' Motion for Reconsideration of the Court's Order of May 29, 2007 Granting Plaintiff's Motion to Exclude Defendants' Expert Witnesses, was served this 15th day of June, 2007, *via electronic filing* and first class U.S. Mail, postage prepaid, addressed to the following:

>Donald M. Temple, Esquire
>Temple Law Office
>1229 15th Street, NW
>Washington, DC 20005
>*Counsel for Plaintiff*

>Edward J. Connor, Esquire
>5210 Auth Road, Suite 304
>Camp Springs, Maryland 20746-4341
>*Counsel for Plaintiff*

>Elizabeth Alexander, Director
>National Prison Project of the ACLU
>   Foundation
>915 15th Street, NW, 7th Floor
>Washington, DC 20005-2302
>*Counsel for Plaintiff*

                                              */s/ Ronald G. Guziak*
                                              Ronald G. Guziak