UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
MARY R. SCOTT,                )
                              )
          Plaintiff,          )
                              )
     v.                       )        Civil Action No. 05-1853 (RWR)
                              )
DISTRICT OF COLUMBIA et al.,  )
                              )
          Defendants.         )
_____ )

<u>MEMORANDUM OPINION AND ORDER</u>

Defendants William S. Vaughn, M.D., Rotimi Iluyomade, M.D., and National Emergency Services District of Columbia have moved under Fed. R. Civ. P. 60(b)(1) and (b)(6) for relief from an order issued May 29, 2007, striking their experts for failure to comply with the disclosure deadlines that were three times extended at their request.  Because the defendants have not demonstrated that justice requires granting their motion for reconsideration, it will be denied.

<u>BACKGROUND</u>

The initial scheduling order in this case required the defendants to designate their experts on or before September 5, 2006, a date extended upon motion until December 4, 2006, a date further extended upon stipulation by the parties until December 22, 2006.  A revised scheduling order provided that discovery was to close February 28, 2007.

-2-

On December 22, 2006, the defendants disclosed the identities of five experts -- Drs. Betsey, Buttaravoli, Day, Johns, and Lechtzin.  The December 22 disclosures satisfied the requirements of Rule 26(a)(2)(A), but not Rule 26(a)(2)(B).  This was how things stood on February 28, 2007, when discovery closed. Immediately after discovery closed, the defendants filed a consent motion seeking to continue the post-discovery status conference because the parties had arranged to privately mediate the case on March 16, 2007.  At the post-discovery status conference, finally held on April 20, 2007 after another continuance was granted at the defendants' request, the defendants moved to re-open discovery to file their expert disclosures and conduct expert discovery.  Disapproval of the defendants' delay in making the request for extending discovery was noted, but the request was granted with specific limitations. The order, dated April 23, 2007, required the defendants to serve all required Rule 26 expert disclosures by May 4, 2007.  It also provided that discovery would close on May 31, 2007.

The defendants did not comply with the April 23 order.  Of the information required by Rule 26(a)(2)(B) by the May 4 deadline, the defendants disclosed only the narrative reports for Drs. Buttaravoli and Johns, omitting "the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be

-3-

paid for the study and testimony; and a listing of any other
cases in which the witness has testified as an expert at trial or
by deposition within the preceding four years," Fed. R. Civ.
P. 26(a)(2)(B), and disclosed none of the required information
for Drs. Betsey, Day and Lechtzin.  Plaintiff filed a motion to
strike on May 8, identifying all the disclosures she was due but
had not received.  The defendants did not oppose the exclusion of
Drs. Betsey and Lechtzin, and do not here seek to modify any
rulings with respect to them.  They did oppose the motion to
strike with respect to Drs. Buttaravoli, Day, and Johns, arguing
that their failures were harmless and not properly subject to
sanction.  (Opp'n at 3-6.)  With their opposition, nine days
before the May 31 end of the discovery period, the defendants
provided a partial cure for their deficient disclosures by
disclosing the narrative report for Dr. Day and curriculum vitae
for Drs. Buttaravoli and Johns.  On May 29, 2007, an order
granted plaintiff's motion to strike.  The defendants cured some
of the continuing deficiencies on June 1, 2007, just after the
close of discovery, and moved for reconsideration of the May 29
order.  They did not provide the remainder of the disclosures due
until June 15, 2007.

## DISCUSSION

    "Rule 54(b) governs reconsideration of orders that do not
constitute final judgments in a case."  Cobell v. Norton, 224

-4-

F.R.D. 266, 271 (D.D.C. 2004). "Reconsiderations of interlocutory orders 'are within the discretion of the trial court' and are 'therefore subject to the complete power of the court rendering them to afford such relief from them as justice requires.'" Keystone Tobacco Co., Inc. v. U.S. Tobacco Co., 217 F.R.D. 235, 237 (D.D.C. 2003) (quoting Citibank (So. Dakota), N.A. v. Fed. Deposit Ins. Corp., 857 F. Supp. 976, 981 (D.D.C. 1994)); see also Cobell, 224 F.R.D. at 272 (adhering to the "as justice requires" standard after concluding that "the precise standard" for such motions is unsettled in this circuit). Due to considerations of finality, predictability and not wasting judicial resources, "as a rule [a] court[] should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (internal quotations marks and citation omitted). Indeed, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason, permitted to battle for it again." Moore v. Hartman, 332 F. Supp. 2d 252, 257 (D.D.C. 2004). Accordingly, some courts grant a Rule 54(b) motion for reconsideration only where the court has patently misunderstood the parties or made an error of apprehension, or where the parties proffer supplemental evidence not before available or new

-5-

legal theories, or where the decision made was outside the issues presented to the court by the parties.  See Cobell, 224 F.R.D. at 272 (reviewing cases).

The defendants contend that counsel's failure to comply with the May 4 deadline for all required disclosures was the result of mistake, inadvertence, or excusable neglect.[1]  This argument is not persuasive, even when assessed under the applicable Rule 54(b) standard.  The defendants have not adequately explained how, knowing of Rule 26's requirements, counsel could inadvertently or with excusable neglect file disclosures on December 22, 2006, and supplement them on May 4, 2007, without being aware of the exact contents and deficiencies of each of those submissions.  They have not explained how inadvertence accounts for failing to detect and correct the deficiencies at three distinct trigger points -- the filing on December 22, the close of discovery on February 28, and the filing on May 4.  Nor have they explained how inadvertence explains why it took two full weeks to provide a partial cure, and six weeks to provide a full cure.  Nor have they explained why the apparent neglect, which continued for more than four months, deserves to be excused.

_____

[1]  Defendants press this argument invoking factors applicable to a motion under Federal Rule of Civil Procedure 60(b).  Rule 60(b) by its terms governs reconsideration of final orders, not interlocutory orders such as the May 29, 2007 order.

-6-

In their motion for reconsideration, the defendants repeat
the argument, first made in their opposition to plaintiff's
motion to strike, that their failure to make timely expert
disclosures is harmless.  This argument is not persuasive.
Plaintiff was forced, due to defense counsel's continuing failure
to meet their discovery obligations, to complete the discovery
process without the benefit of full disclosures regarding
experts, a benefit to which she was entitled.  As defendants have
tacitly acknowledged, the experts are pivotal to the outcome of
this litigation.  The failure to disclose the information to
which plaintiff was entitled limited plaintiff's ability to
prepare for and optimally defend her own experts in deposition,
depositions which have now occurred in the absence of the
required disclosures.  The failure also deprived plaintiff's
counsel of the information they were entitled to in order to make
a fully informed determination regarding whether to, and if so
how to, depose the defense experts during the discovery period
which had been extended multiple times at defendants' request.
In addition, plaintiff incurred additional litigation costs that
would not have otherwise been necessary but for defense counsel's
failures, including preparing and filing the motion to strike,
the reply to defendants' opposition, and the opposition to the
motion for reconsideration.

-7-

The defendants also argue that the sanction requested by
plaintiff and granted by the court is unduly harsh.  They contend
that if the plaintiff was harmed at all, the injury can be cured
"by extending Plaintiff time to complete any discovery of the
experts she deems necessary and to reimburse the costs of the
. . . motion[, for reconsideration]."  (Mot. for Recons. at 14.)
This argument is both too late and too little.  Defendants did
not raise the issue of a lesser or alternative sanction in their
opposition.  Rather, they argued only that their failure to
timely disclose was harmless.  (Opp'n at 3-6.)  If defendants
wanted a lesser sanction to be considered as an alternative to
the plaintiff's request to strike the experts, the time to argue
that point was in opposition, before the decision was made in the
first instance, not in a motion for reconsideration after a
ruling was issued.  Moreover, the defendants' suggested monetary
sanction grossly understates the amount of monetary cure that
would be required, even for those injuries that could be made
whole with monetary sanctions.  Defending expert depositions
without benefit of having the disclosures from the opposing
experts is a harm that cannot now be undone, short of a complete
do-over at defendants' expense, something defendants have not
embraced as their responsibility to cure.  Barring parties from
presenting evidence their lawyers disclosed too late can risk
visiting the sins of counsel on their clients, an action no court

-8-

favors.  The defendants here, though, simply have not demonstrated that the balance of equities favors the relief they seek.

<u>CONCLUSION AND ORDER</u>

The defendants' assertions that counsel's failure to provide all disclosures required by Fed. R. Civ. P. 26 regarding expert witnesses by the deadline imposed were harmless or amounted to either mistake, inadvertence, or excusable neglect are unpersuasive in light of the facts.  Defendants' suggestion that an alternative sanction is more appropriate is both too little and too late.  In sum, defendants have not shown that justice requires that discretion be exercised to grant them the relief they seek.  Accordingly, it is hereby

ORDERED that defendants' motion [156] for reconsideration be, and hereby is, DENIED.  It is further

ORDERED that the parties file by November 30, 2007 a joint status report accompanied by a proposed order setting forth the next steps that should be taken in this case.

SIGNED this 30th day of October, 2007.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge